**UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION**

In re: David Choate Hughes II, Debtor Case No. 25-70566 Chapter 11

David Choate Hughes II, Plaintiff,

v.

Mitchell Mims, individually, and MIMS-IPR, LLC (dissolved), and Jackson Neal, Curtis H. Seal, Blake Milner, and Emily Grace Erwin, attorneys at White Arnold & Dowd LLP, Defendants.

Adversary Proceeding No. _____

FILED TIME PM3:01
2025 JUL 17 SPR

ADRIENNE D. ATKINS
CLERK, USBC CDIL

## ADVERSARY COMPLAINT

NOW COMES Plaintiff, David Choate Hughes II, pro se, and for his Complaint against Defendants states as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 362, 541, and 542.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O).

3. Venue is proper in this Court under 28 U.S.C. § 1409.

4. Plaintiff is the Debtor in the above-captioned Chapter 11 proceeding.

5. The real property and rental income at issue constitute property of the estate under 11 U.S.C. § 541.

II. PARTIES

6. Plaintiff David Choate Hughes II is a resident of Springfield, Illinois, and the successor-in-interest to MIMS-IPR, LLC, following a lawful UCC Article 9 foreclosure and corporate dissolution.

7. Defendant Mitchell Mims is a resident of Alabama and the former principal of MIMS-IPR, LLC.

8. MIMS-IPR, LLC is a now-dissolved Alabama limited liability company, foreclosed under UCC Article 9 and dissolved on May 30, 2025.

9. Defendants Jackson Neal, Curtis H. Seal, Blake Milner, and Emily Grace Erwin are attorneys with White Arnold & Dowd LLP, based in Birmingham, Alabama. They appeared in state court proceedings filed against Plaintiff in Alabama.

## III. FACTUAL BACKGROUND

10. On February 12, 2021, Genie Investments LLC extended a secured business loan to MIMS-IPR, LLC.

11. The loan agreement included a blanket UCC-1 financing statement and irrevocable power of attorney upon default.

12. MIMS-IPR, LLC defaulted on April 15th, 2024. The plaintiff issued a Notice of Default and Right to Cure.

13. On March 11, 2025, Genie Investments LLC foreclosed under UCC Article 9, and recorded deeds conveying MIMS-IPR, LLC real estate assets in Chilton County, Alabama.

14. Genie Investments LLC was later dissolved on March 14th, 2025. Plaintiff became the successor-in-interest to its claims and assets.

15. On May 30, 2025, Plaintiff lawfully executed Articles of Dissolution for MIMS-IPR, LLC under power of attorney.

16. On or around June 6, 2025, Mims filed unauthorized paperwork reviving MIMS-IPR, LLC as "an agent" and earlier petitioned through unauthorized counsel, Clay Maddox, Esquire, to unrecord the deeds in Chilton County Probate Court without standing.

17. On July 8, 2025, Defendants obtained a TRO in Chilton County Circuit Court. Counsel later admitted no appearance was made despite the order falsely stating otherwise.

18. On July 10, 2025, Plaintiff filed for Chapter 11 bankruptcy in this Court. All Defendants received notice.

19. On July 11, 2025, Judge Booth entered an order confirming the automatic stay and declining to extend the Alabama TRO.

20. Despite notice of the bankruptcy, Defendants contacted escrow agents, tenants, and title companies to obstruct real estate closings and rent collection.

21. These actions interfered with estate property, violated the automatic stay, and caused financial harm to the estate.

## IV. SUPPLEMENTAL ALLEGATIONS

A. Judicial Bias and Ex Parte Conduct

22. In a separate bankruptcy filing in Florida (Case No. 3:24-bk-00496-BAJ, Doc. 342), Mitchell Mims admitted to meeting with Judge Jason Calhoun off the record prior to filing the petition to unrecord the deed.

23. Judge Calhoun later issued the TRO based on pleadings by White Arnold & Dowd LLP, without a hearing, and refused to recuse himself despite motions to do so.

24. These ex parte communications, conflicts of interest, and refusal to docket pleadings violate due process and judicial ethics.

B. Fraudulent Lien Termination

25. Orion Financial Group, at the direction of LoanFunder LLC and Superior Loan Servicing, filed a fraudulent UCC-3 termination of Genie Investments' lien without authorization.

26. Secured Party never consented or had any knowledge of the termination, violating UCC § 9-509(d)(1), § 9-513(d), and subjecting the parties to damages under § 9-625(b).

27. The lien was reinstated by filing a UCC-5.

C. Forum Shopping and Abuse of Process

28. Mims and his attorneys have filed duplicative lawsuits in state probate court, circuit court, and federal bankruptcy court seeking conflicting outcomes.

29. This constitutes forum shopping and abuse of judicial process. See In re Bridgestone/Firestone, 333 F.3d 763 (7th Cir. 2003).

V. LACK OF STANDING

30. MIMS-IPR, LLC was lawfully dissolved on May 30, 2025. Mims lacks standing to revive it or act on its behalf.

31. Mims was not the record owner of any foreclosed property and has no personal claim to them.

32. Defendants lack authority to retain counsel, challenge the foreclosure, or interfere with estate assets.

VI. CAUSES OF ACTION

Count I – Declaratory Judgment (28 U.S.C. § 2201) 33. Plaintiff seeks a declaration that: a. The UCC lien and foreclosure were valid; b. MIMS-IPR, LLC was lawfully dissolved; c. Defendants lack legal authority to interfere.

Count II – Quiet Title 34. Plaintiff seeks to quiet title to the foreclosed properties and remove any adverse claims.

Count III – Violation of the Automatic Stay (11 U.S.C. § 362) 35. Defendants knowingly violated the automatic stay post-petition through continued litigation and third-party interference.

Count IV – Injunctive Relief 36. Plaintiff seeks to permanently enjoin Defendants from: a. Filing pleadings related to the properties; b. Contacting tenants, escrow agents, or title insurers; c. Representing or acting on behalf of MIMS-IPR, LLC.

Count V – Turnover and Constructive Trust (11 U.S.C. § 542) 37. Plaintiff seeks turnover of rents collected and imposition of a constructive trust on diverted funds.

Count VI – Abuse of Process and Fraud on the Court 38. Defendants filed pleadings post-bankruptcy without standing and obtained a TRO based on false representations.

VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare Plaintiff's ownership and succession valid;
2. Quiet title to the properties in Plaintiff's name;
3. Enjoin Defendants from future interference;
4. Order turnover of rents and impose constructive trust;
5. Sanction Defendants under § 362(k) for willful stay violations;
6. Declare the Alabama TRO void ab initio;
7. Award actual and punitive damages and attorneys' fees;
8. Grant such further relief as justice requires.

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II
2812 Pat Tillman Drive
Springfield, IL 62711
davidchoatehughes@gmail.com
Pro Se Plaintiff

EXHIBIT INDEX

A. Secured Loan Agreement (Genie Investments LLC and MIMS-IPR, LLC, Feb. 12, 2021)

B. UCC-1 Financing Statement Filed with Alabama Secretary of State

C. Notice of Default and Right to Cure; Certified Mail Proof

D. Article 9 Foreclosure Notices, Affidavit, and Compliance Docs

E. Recorded Deeds in Chilton County (Mar. 11, 2025)

F. Certificate of Dissolution for Genie Investments LLC; Assignment to Plaintiff

G. Dissolution Notice of MIMS-IPR, LLC by POA (May 30, 2025)

H. Unauthorized Revival Filing by Mitchell Mims (June 6, 2025)

I. Emails from Mims and Banks Instructing Rent Withholding and Misrepresenting Ownership

J. Cancelled Sales and Escrows Post-Foreclosure

K. Title Company and Escrow Agent Correspondence

L. July 11, 2025 Email from Jackson Neal Admitting No Appearance for TRO

M. TRO Order from Chilton County Probate Court (July 11, 2025)

N. Proof of Bankruptcy Service to All Defendants (Filed July 10, 2025)

O. Law Enforcement Reports on Rent Notices and TRO Impact

P. Annotated Timeline of Key Events (Default to TRO)

Q. Declaration of David Hughes

R. Emails with White Arnold & Dowd LLP (July 8–13, 2025)

S. Judicial Conflict Evidence: Judge Calhoun Business Records, Ex Parte Admissions, Refusal to Recuse, and Insurance Ownership

T. Financial Records of Lost Sales and Clouded Title Harm

U. Successor-in-Interest Agreement Between John Michael Cohan and David Hughes

V. Schedule A/B of Bankruptcy Petition Listing Real Estate Holdings

W. TRO Filing Date vs. Bankruptcy Filing Date Timeline

X. TRO Document Stating Alleged In-Court Appearances (Contradicted)

Y. Contradictory Email from Jackson Neal Confirming No Hearing

Z. Judge Booth's July 11, 2025, Order Enforcing Bankruptcy Stay

AA. Filing Histories in Chilton County for MIMS-IPR, LLC

AB. Screenshot of Jackson Neal's Email Threats (July 11, 2025)

AC. Broker Communications Documenting Interference

AD. Business Ownership Records of Judge Calhoun (Allstate Insurance)

AE. Screenshot of MIMS' Bankruptcy Filing Admitting Meeting with Calhoun

AF. Chilton County Properties Allegedly Insured by Judge Calhoun (Pending Confirmation)

AG. Motions for Remote Appearance and Judicial Recusal Docketed or Ignored by Clerk