**UNITED STATES BANKRUPTCY COURT**

Central District Illinois, Sangamon County

FILED TIME PM12:26
2025 AUG 14 SPR

ADRIENNE D. ATKINS
CLERK, USBC CDIL

---

**In re:**
DAVID CHOATE HUGHES II,
Debtor.

---

Mitchell Mims, Lea Muse, Blake Stringer, Kristen Stegent, Nate Price, Kim Nash, Lisa Butkiewicz, Melanie Prinsloo, Rejoe Joy, Scott Mednick, Ayo Agbejimi, Lourndy St. Louis, Walter Green, Temidayo Adebayo, Nicholas Virthe, Chase Buxton, Nick Zeppetelli, Arnold Ainsley, Mike Thompson, Garrett Calaway, Christopher Lovett, Ujcich Michael, Stephen Steiner, Mark Steiner, Roberta Toomer, Pastor Ferlander Lewis, Arnold Ainsley, Shameika Amin, Chase Buxton, Carla Harrison, et al.
Plaintiff(s),

v.

DAVID CHOATE HUGHES II,
Defendant.

---

**Chapter 7 Case No. 25-70566**

Adversary Proceeding No. (N/A)

---

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT AND OBJECT TO DISCHARGE**

**(11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), 523(a)(6), and 727(a))**

---

# I. JURISDICTION AND VENUE

1. This adversary proceeding is brought pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), (a)(6), and 727(a), and Rules 4007 and 7001 of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.
3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## II. PARTIES

5. Plaintiff(s) are creditors of the Defendant in the above-captioned Chapter 11 bankruptcy case, each holding claims arising from fraudulent inducement, conversion, and unjust enrichment related to transactions with **Genie Investments NV Inc.** and affiliated entities.

6. Defendant **David Choate Hughes II** ("Hughes") is the Debtor in this case. At all relevant times, Hughes was the principal owner, controlling officer, and decision-maker for Genie Investments NV Inc., Genie Investments LLC, and related shell companies.

## III. BACKGROUND AND FACTUAL ALLEGATIONS

### A. The Fraudulent Loan Scheme

7. Hughes devised and directed a deceptive lending program marketed as a **Business Expansion Line of Credit (BELOC) through his lending platform "Zoomeral" and numerous agents**, which falsely promised borrowers loan funding in exchange for:
a. A 10% deposit on the proposed loan amount; **or**
b. A separate prepaid interest held in an Interest Credit Account ("ICA") deposit for interest prepayments.

8. Hughes and his agents represented that these funds would be held securely until the loan was funded.

9. In truth, Hughes never funded the promised loans. Instead, he diverted the deposited funds through a network of accounts, including trust accounts, Genie operating accounts, and third-party intermediaries.

### B. Misappropriation and Insider Transfers

10. Funds were **commingled, converted, and laundered** through entities controlled by Hughes, including accounts at **Morgan Stanley, Chase bank, Wells Fargo,** and other institutions.

11. Hughes personally profited from these transfers, channeling funds into insider payouts that financed both his shell companies and his personal lifestyle, including withdrawals

disguised as salary payments.

12. In the **Genie Investments NV bankruptcy case** (Case No. 3:24-bk-00496-BAJ, M.D. Fla.), Court-appointed Examiner **Maria Yip** found over **$3 million in insider transfers** pre-bankruptcy, unlawful commingling, and misuse of trust funds. These facts are undisputed. Hughes and his associates collected over $15 million dollars from borrowers and did not fund any loans borrowers requested.

13. On May 2, 2025, the Federal Bankruptcy Judge Jason Burgess of the Middle District of Florida, Jacksonville Division, entered an **order compelling return of certain transfers** to the bankruptcy estate. Hughes has failed to return insider transfers which were ordered on May 2, 2025 comply. This will be the subject topic of the hearing scheduled on August 25, 2025 with the appointed Chapter 7 Trustee Aaron Cohen.

## C. Post-Bankruptcy Asset Concealment

14. Hughes dissolved affiliated companies to evade creditor collection and accountability.

15. As of August 12, 2025, Hughes has also reported questionable "assets" and income in his personal bankruptcy schedules and filings. On his **Schedule A/B: Property**, under perjury, he listed 26 properties as free and clear. These properties were previously determined and ruled on by the **Probate Court of Chilton County, Alabama, Case #2025-077** that they do not belong to David Hughes or his partner John Michael Cohen. The 26 properties rightfully and legally belong to Mitchell Mims, Mims-IPR, LLC.

16. His reported salary is potentially from concealed funds he has fraudulently transferred in his Genie Investments shell companies into his new shell company Tenant First Homes.

## D. Hughes's Fiduciary Role

17. By soliciting and accepting borrower funds into **Interest Credit Accounts (ICA)** under the express representation that such funds would be safeguarded until loan funding, while holding himself out as a licensed and capable lender, Hughes assumed a fiduciary duty to protect and properly manage those funds. His subsequent diversion and misuse of those funds constituted a clear breach of that fiduciary obligation, causing direct harm to creditors.

18. His misappropriation of those funds constitutes **fraud or defalcation while acting in a fiduciary capacity** under § 523(a)(4).

# IV. CLAIMS FOR RELIEF

## COUNT I – FRAUDULENT MISREPRESENTATION

**(11 U.S.C. § 523(a)(2)(A))**

19. Hughes obtained money from Plaintiffs by false pretenses, false representations, and actual fraud.

20. Hughes knew at the time that no loans would be funded and intended to deceive Plaintiffs.

21. Plaintiffs justifiably relied on Hughes's representations to their detriment.

22. The debts owed to Plaintiffs are **non-dischargeable** under § 523(a)(2)(A).

## COUNT II – FRAUD OR DEFALCATION WHILE ACTING IN A FIDUCIARY CAPACITY

**(11 U.S.C. § 523(a)(4))**

23. Hughes acted in a fiduciary capacity by controlling client funds deposited into an ICA.

24. Hughes committed fraud and defalcation by misappropriating those funds for his own benefit and for insider transfers.

25. The debts arising from these acts are **non-dischargeable** under § 523(a)(4).

## COUNT III – WILLFUL AND MALICIOUS INJURY

**(11 U.S.C. § 523(a)(6))**

26. Hughes's actions were deliberate and undertaken with knowledge that they would harm Plaintiffs.

27. The diversion of loan deposits, laundering of funds, and concealment of assets caused direct financial injury to Plaintiffs.

28. The resulting debts are **non-dischargeable** under § 523(a)(6).

---

## COUNT IV – OBJECTION TO DISCHARGE

**(11 U.S.C. § 727(a))**

29. Hughes has knowingly and fraudulently made false oaths in connection with this bankruptcy case by failing to disclose assets and transfers.

30. Hughes has concealed property of the estate with the intent to hinder, delay, or defraud creditors.

31. Hughes has failed to obey lawful orders of the court, including the May 2, 2025 turnover order.

32. Accordingly, Hughes's discharge should be **denied** under § 727(a)(2), (a)(4), and (a)(6).

---

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Determine that the debts owed by Defendant to Plaintiffs are **non-dischargeable** under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6);
b. Deny Defendant's discharge under 11 U.S.C. § 727(a);
c. **Enter judgment against Defendant in the amount of Plaintiffs' losses, plus interest, attorney's fees, and costs; and**
d. Grant such other and further relief as the Court deems just and proper.

---

**DATED:** August 14, 2025

**SUBMITTED BY:**
Mitchell Mims, Lea Muse, Blake Stringer, Kristen Stegent, Nate Price, Kim Nash, Lisa Butkiewicz, Melanie Prinsloo, Rejoe Joy, Scott Mednick, Ayo Agbejimi, Lourndy St. Louis, Walter Green, Temidayo Adebayo, Nicholas Virthe, Chase Buxton, Nick Zeppetelli, Arnold Ainsley, Mike Thompson, Garrett Calaway, Christopher Lovett, Ujcich Michael, Stephen Steiner, Mark Steiner, Roberta Toomer, Pastor Ferlander Lewis, Arnold Ainsley, Shameika Amin, Chase Buxton, Carla Harrison, et al.