### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION

**FILED**

In re:
DAVID HUGHES, Debtor.
Case No. 25-70566
Chapter 11

**U.S. Bankruptcy Court
Central District of Illinois**

8/18/2025  9:31 AM

**Adrienne D. Atkins, Clerk**

### DISCLOSURE STATEMENT FOR CHAPTER 11 PLAN OF REORGANIZATION

I. Introduction

This Disclosure Statement is submitted by Debtor David Hughes in support of his Chapter 11 Plan of Reorganization. The purpose of this Statement is to provide creditors with adequate information to evaluate the Plan as required under 11 U.S.C. § 1125.

The Debtor proposes to liquidate assets in an orderly fashion and distribute proceeds to creditors in full satisfaction of all claims. This Plan provides for a 100% payout to all allowed claims.

II. Debtor's Background

The Debtor filed this personal Chapter 11 case in good faith for the purpose of reorganizing his personal financial affairs.

This case is wholly separate from any prior corporate bankruptcy proceedings involving Genie Investments NV or any other related entities that are now all dissolved. This case is strictly a personal bankruptcy per my schedules.

III. Assets and Liabilities

- Total debt (secured + unsecured): Approximately $400,000.

- Primary residence: Approximate fair market value $750,000, subject to mortgage lien.

- Other real property: Approximate fair market value $2,265,632, currently subject to pending adversary proceedings to clear title.

- Personal property: Clothing, household goods, and exempt personal effects (to be retained by Debtor).

IV. Plan of Liquidation

1. Sale of Primary Residence:
   The Debtor will list his home located at 2812 Pat Tillman Drive, Springfield, Illinois 62711 for sale. Net proceeds after satisfying the mortgage and sale costs will be applied to creditor claims.

2. Sale of Additional Properties:
   Upon resolution of adversary proceedings, Debtor will market and sell additional real estate holdings with an approximate value of $2,265,632 Net proceeds will be applied to creditor claims.

3. Distribution to Creditors:
   All allowed secured and unsecured claims will be paid in full (100%), including post-petition interest where legally required.

4. Exempt Property:
   Debtor will retain only clothing, household goods, and exempt personal effects under applicable Illinois exemption law.

V. Proposed Sale and Marketing Milestones

To demonstrate feasibility and good faith, the Debtor proposes the following timeline for marketing and sale of assets:

1. Primary Residence:

   o   Engage broker/listing agent within 14 days of plan approval.

   o   File a § 363 Motion to Approve Sale Procedures within 30 days of plan approval.

   o   Target sale closing within 120–150 days of plan approval.

2. Other Real Properties (approx. $2,265,632 value):

   o   Upon favorable resolution of adversary proceedings clearing title, engage broker/listing agent immediately as I already have an agent ready to list.

   o   File § 363 Motion for Sale Procedures within 45 days of title clearance.

   o   Target sale closings within 180 days, or earlier, of title clearance.

3. Status Reporting:

   o   Debtor will file status reports every 45 days to update the Court and the U.S. Trustee regarding listing progress, sale negotiations, and anticipated closings.

4. Distribution of Proceeds:

   o   Net sale proceeds will be deposited into the Debtor's DIP account.

   o   Distributions to creditors will be made promptly upon closing and in accordance with this Plan.

   o   In proposing this Plan, the Debtor emphasizes that retaining control of the marketing and sale process is critical to maximizing value for creditors. Appointment of a Chapter 7 or Chapter

11 trustee would likely result in a quick, forced sale of the Debtor's residence or other assets at auction, with significant commissions and professional fees deducted from the estate. Based on statutory trustee commission schedules, the estate could lose in excess of $100,000 to $200,000 in such fees. By contrast, this Plan ensures that properties will be marketed in a commercially reasonable manner to achieve fair market value, preserving maximum recovery for creditors while avoiding unnecessary depletion of the estate. This approach further demonstrates that the Plan is proposed in good faith and in the best interests of creditors.

## VI. Treatment of Claims

- Secured Creditors: Will be paid in full from sale proceeds or by assumption and payoff at closing.

- Unsecured Creditors: Will be paid in full from liquidation proceeds.

- Administrative Claims: U.S. Trustee fees and allowable professional/filing costs will be paid in cash as required by 11 U.S.C. § 1129(a)(9).

## VII. Feasibility

Because the aggregate value of assets ($3 million+) substantially exceeds total liabilities ($400,000), the Debtor's Plan is feasible under 11 U.S.C. § 1129(a)(11). Creditors will receive a greater distribution under this Plan than they would in Chapter 7, where trustee fees and commissions could reduce net recovery.

## VIII. Best Interests of Creditors

This Plan satisfies the best interest of creditors test under 11 U.S.C. § 1129(a)(7), as creditors will receive no less than they would in Chapter 7 and, in fact, will receive 100% payment of their claims.

## IX. Implementation

- Debtor will retain authority to market and sell properties subject to court approval of sales under 11 U.S.C. § 363.

- Proceeds will be deposited into a designated DIP account and distributed pursuant to this Plan.

- The case will conclude upon completion of all sales and full payment of claims.

## X. Conclusion

The Debtor respectfully submits this Plan for confirmation and urges creditors to vote in favor, as it provides a complete payout of all claims.

## CERTIFICATE OF SERVICE

I, David Hughes, certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on August 16, 2025, I caused the foregoing Disclosure Statement for Chapter 11 Plan of Reorganization (Case No. 25-70566) to be served as follows:

Via CM/ECF: On all parties receiving electronic notice through the Court's CM/ECF system in this case.

Via First-Class Mail (and courtesy copy by any email address on file), addressed to:

James A. Salinas, Trial Attorney
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602

Executed on August 16, 2025.

/s/
David Hughes
2812 Pat Tillman Drive
Springfield, IL 62711
davidchoatehughes@gmail.com
Pro Se Debtor