**UNITED STATES BANKRUPTCY COURT**

CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

**FILED**

**U.S. Bankruptcy Court**
**Central District of Illinois**

8/18/2025  10:01 AM

**Adrienne D. Atkins, Clerk**

In re:
**David C. Hughes II,**
Debtor.

Case No. **25-70566**
Chapter 11
Hon. Mary P. Gorman

**MOTION FOR PROTECTIVE ORDER LIMITING PARTICIPATION AT § 341 MEETING**

NOW COMES the Debtor, **David C. Hughes II**, pro se, and respectfully moves this Court for a protective order limiting participation at the § 341 meeting of creditors to those parties who are actual creditors of the Debtor's personal bankruptcy estate. In support, the Debtor states as follows:

**1. Background**

1. The Debtor filed this voluntary Chapter 11 petition on July 10, 2025, in order to restructure his personal obligations, consisting of credit card debt, a car loan, and a residential mortgage. The Debtor owns no companies, holds no EINs, and this case is strictly personal in nature.

2. On August 16, 2025, a § 341 meeting was held at which multiple participants appeared. Every single participant was a creditor in the separate bankruptcy of Genie Investments NV, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.), currently pending before the Honorable Judge Burgess in Jacksonville, Florida.

3. These participants have filed claims, provided testimony, and had full opportunity to be heard in the Genie Investments NV bankruptcy, where they are represented by:

    o   The U.S. Trustee: Scott Baumkamp;

    o   The Chapter 7 Trustee: Aaron Cohen; and

    o   The presiding Judge: Hon. Burgess.

**2. Improper Participation by Florida Creditors**

4. These Florida creditors admit and have testified under oath in the Jacksonville case that they never communicated with the Debtor personally, never knew who the Debtor was, and never conducted business with Genie Investments NV directly.

5.  Their dealings were with McMann Commercial Lending, a third-party reseller, not with Genie Investments NV, the Debtor, or any co-managers.

6.  Despite this, they seek to insert themselves here, not as business creditors, but as individuals, attempting to relitigate issues already addressed in Florida.

7.  After their testimony in Jacksonville, the court found the Debtor and his co-managers acted appropriately as whistleblowers who reported Velanos Capital and McMann Commercial Lending for fraudulent conduct. An examiner report was completed, and Genie Investments NV remained debtor-in-possession until conversion.

### 3. Evidence of Harassment and Forum Shopping

8.  These Florida creditors are improperly forum shopping, seeking to turn this personal Chapter 11 case into duplicate litigation of issues already under the jurisdiction of the Florida bankruptcy court.

9.  They have also engaged in malicious public attacks, including creating false online personas (e.g., "Sandra Tate") on Ripoff Report to smear the Debtor and his business partners with defamatory and false accusations of criminal conduct.

10. This abuse underscores that their participation in this Chapter 11 is not for legitimate creditor purposes, but for harassment and reputational harm.

### 4. Florida Complaint Confirms the Source of Their Claims

11. On August 14, 2025, several of these same individuals filed an adversary complaint in this Court, **Case No. 25-07014**.

12. That complaint expressly relies on the exact same set of facts, allegations, and claims arising from the Florida bankruptcy of Genie Investments NV, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.).

13. These claimants have already filed proofs of claim and participated as creditors in the Florida case, where their claims remain unresolved and subject to the jurisdiction of the Chapter 7 Trustee, Aaron Cohen, and the Honorable Judge Burgess.

14. The Florida complaint demonstrates beyond dispute that these individuals are seeking to import into this personal Chapter 11 case the same grievances they are already pursuing in Florida.

15. Because the Florida claims involve business loans to entities, not personal loans to the Debtor, and because the Debtor has no ongoing businesses and no custodian obligations, these claims have no standing in this personal case.

16. This relief is necessary on an expedited basis because another § 341 meeting is scheduled for early September 2025. Without this Court's intervention, there is a significant risk that the meeting will again be dominated by parties who are not creditors of this estate, as occurred at the

August 16, 2025 meeting, which lasted four hours and was consumed entirely with issues relating to Genie Investments NV in Florida.

### 5. Authority and Good Cause for Relief

16. Section 341 of the Bankruptcy Code provides that the meeting of creditors is limited to creditors of the debtor's estate. 11 U.S.C. § 101(10)(A) defines a "creditor" as an entity that holds a claim against the debtor. Thus, only creditors of this Debtor's personal estate may participate.

17. Courts have consistently held that a party must be a creditor of the debtor to have standing to participate in the administration of the debtor's case. *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 849 (Bankr. S.D.N.Y. 1989); *In re Comcoach Corp.*, 698 F.2d 571, 573 (2d Cir. 1983).

18. It is also well established that creditors of one entity in bankruptcy have no standing in a separate case involving a different debtor or entity. *In re Refco Inc.*, 505 F.3d 109, 117 (2d Cir. 2007). Similarly, shareholders and managers are legally distinct from the corporation itself; creditors of the corporation are not creditors of its shareholders. *In re All Media Properties, Inc.*, 5 B.R. 126, 133 (Bankr. S.D. Tex. 1980), aff'd, 646 F.2d 193 (5th Cir. 1981).

19. Permitting creditors of Genie Investments NV to participate in this case would constitute impermissible forum shopping and duplicative litigation. Courts disfavor such duplicative proceedings, as they waste judicial resources and undermine orderly administration. *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Enron Corp.*, 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. Apr. 17, 2003).

20. These principles align with Fed. R. Bankr. P. 9018 and 11 U.S.C. § 107(b), which authorize protective orders to safeguard the administration of the bankruptcy case. This Court has inherent supervisory power to restrict participation by non-creditors to preserve the integrity of the proceedings.

The Debtor recognizes that he is proceeding pro se and is committed to full compliance with the Court's procedures and the Bankruptcy Code. This Motion is not intended to restrict the rights of any legitimate creditor of this Chapter 11 case, but only to prevent intrusion by parties whose claims belong exclusively in the pending Florida bankruptcy of Genie Investments NV.

### 6. Request for Disposition Without Hearing

21. The Debtor respectfully requests that this Motion be granted on the papers without oral argument or evidentiary hearing. However, if the Court determines that an evidentiary hearing is necessary, the Debtor stands ready to appear and present testimony and evidence.

**7. Requested Relief**

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

a. Limiting participation at all future § 341 meetings to creditors who hold scheduled claims or who have filed proofs of claim in this personal Chapter 11 proceeding;

b. Excluding from participation those creditors whose claims belong exclusively in the Florida bankruptcy of Genie Investments NV, Case No. 3:24-bk-00496-BAJ, including those who filed the adversary complaint in Case No. 25-07014;

c. Protecting the Debtor from duplicative litigation, harassment, and reputational harm; and

d. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: 8/18/2025

David C. Hughes II, Debtor Pro Se
2812 Pat Tillman Drive
Springfield, IL 62711
Phone: 217.416.5059
Email: davidchoatehughes@gmail.com

[PROPOSED ORDER]

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

In re:
**David C. Hughes II,**
Debtor.

Case No. **25-70566**
Chapter 11
Hon. Mary P. Gorman

### ORDER GRANTING MOTION FOR PROTECTIVE ORDER LIMITING PARTICIPATION AT § 341 MEETING

This matter coming before the Court on the Motion for Protective Order filed by the Debtor, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. Participation at future § 341 meetings of creditors in this case shall be limited to those parties who are actual creditors of the Debtor's personal estate, either scheduled in this proceeding or having filed valid proofs of claim.

2. Creditors or claimants whose claims belong exclusively in the separate bankruptcy of Genie Investments NV, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.), including those who filed the adversary complaint in Case No. 25-07014, shall not participate in the § 341 meeting in this case.

3. This Court retains jurisdiction to enforce and interpret this Order.

SO ORDERED.

Dated: _____, 2025

_____
Hon. Mary P. Gorman
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 18th day of August, 2025, a true and correct copy of the foregoing *Motion for Protective Order Limiting Participation at § 341 Meeting* and *Proposed Order* was served by [☑ Email via CM/ECF] upon the following parties:

- James A. Salinas, Office of the U.S. Trustee, 401 Main St., Suite 1100, Peoria, IL 61602, james.a.salinas@usdoj.gov

- Megan Shaw, Trial Attorney, Office of the U.S. Trustee, megan.shaw@usdoj.gov

    All parties on the creditor mailing matrix for Case No. 25-70566 (via CM/ECF or U.S. Mail as appropriate in the case of Mitchell Mims, 1627 7th Street S. Clanton, AL 35045

Respectfully submitted,

David C. Hughes II, Debtor Pro Se