**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
David C. Hughes II,
Debtor.

Case No. **25-70566**
Chapter 11
Hon. Mary P. Gorman

**FILED**
U.S. Bankruptcy Court
Central District of Illinois

8/18/2025  4:40 PM

Adrienne D. Atkins, Clerk

# MOTION TO SEAL CERTAIN FILINGS AND FOR PROTECTIVE ORDER

NOW COMES the Debtor, **David C. Hughes II, pro se**, and respectfully moves this Court for entry of an order sealing certain filings and exhibits in this case, and limiting public access, pursuant to **11 U.S.C. § 107(b)**, **Fed. R. Bankr. P. 9037**, and the Court's inherent authority. In support, the Debtor states as follows:

## 1. Background

1. The Debtor filed this Chapter 11 case on July 10, 2025, to address personal obligations consisting solely of a mortgage, a car loan, and certain credit card debts. The Debtor owns no companies, holds no EINs, and is not the custodian of any previously dissolved entities.
2. In the ordinary course of this case, the Debtor has filed or will file personal financial documents, including bank statements, trust termination records, and exhibits evidencing the nature of claims improperly raised by out-of-state parties.

## 2. Improper Conduct by Florida Creditors

3. A group of individuals from Florida (collectively, the "Florida Creditors"), all of whom are business, not personal creditors in the separate bankruptcy of Genie Investments NV, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.), have attempted to insert themselves into this personal Chapter 11 case. At our 341 meeting, no party to my schedules appeared however all four participants were from the separate bankruptcy og Genie Investments NV.
4. These individuals have no standing here, as their alleged claims arose solely from business loans to their companies through McMann Commercial Lending, a reseller of Genie Investments loans. The Debtor never spoke with them, never transacted with them personally, and never extended them individual loans.

5. Despite this, the Florida Creditors have attended the § 341 meeting and filed an adversary complaint (Case No. 25-07014) in this Court, seeking to re-litigate issues already pending in Florida.

### 3. Harassment and Safety Concerns

6. Beyond improper litigation tactics, these individuals have engaged in a pattern of harassment and intimidation against the Debtor, his family, his business partner, and his professional associates. All parties and their families have been threatened with both reputational and physical harm.
7. They have created defamatory postings under false personas, including "Sandra Tate," on Ripoff Report and similar websites, falsely accusing the Debtor and his associates of criminal conduct. The Debtor has never had a customer by that name, and the postings are fabricated for reputational harm.
8. They have made direct threats against the Debtor's family, including **death threats received on voicemail**, and threats directed at the Debtor's securities counsel, **Adam Walker, Esq.,** including statements about going to his home and paying him a face-to-face visit.
9. This conduct demonstrates a clear risk to the safety and security of the Debtor, his daughter, his family, and his attorneys. The damage already caused has been immeasurable, and continued public exposure of sensitive records only increases that risk.

### 4. Legal Authority for Sealing

10. Under **11 U.S.C. § 107(b)(2)**, the Court "shall protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case."
11. Under **Fed. R. Bankr. P. 9037**, the Court is authorized to limit public access to filings that contain personal identifiers or sensitive financial information.
12. Courts also possess inherent authority to enter protective orders safeguarding the integrity of proceedings and preventing abuse of the bankruptcy process. See *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).
13. Here, cause exists to seal targeted documents because the Florida Creditors have demonstrated a pattern of using court filings for harassment, intimidation, and reputational harm, rather than legitimate creditor purposes.

### 5. Pro Se Acknowledgment and Transparency

14. The Debtor recognizes that he is proceeding **pro se** and affirms his full commitment to transparency. The relief sought is not intended to conceal assets or hinder legitimate creditors. All legitimate creditors, the U.S. Trustee, and this Court will retain full access to sealed documents through CM/ECF.
15. The relief requested is solely to protect the safety and privacy of the Debtor and his family, and to ensure this case proceeds as the **personal bankruptcy** it is, rather than being hijacked by out-of-state business creditors with no standing.

## 6. Request for Disposition Without Hearing

16. The Debtor respectfully requests that this Motion be granted on the papers without oral argument or evidentiary hearing. However, if the Court determines that an evidentiary hearing is necessary, the Debtor stands ready to appear and present testimony and evidence.

**WHEREFORE, the Debtor respectfully requests that the Court enter an order:**

a. **Sealing** all filings and exhibits containing personal bank statements, trust termination records, or other sensitive financial records of the Debtor;
b. **Limiting access** to such filings to the Court, the Office of the U.S. Trustee, and legitimate creditors of this personal Chapter 11 case;
c. **Entering a protective order** to prevent the Florida Creditors from using court filings or public access for harassment, intimidation, or reputational harm; and
d. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 18th, 2025

*/s/ David C. Hughes II*

David C. Hughes II, Debtor Pro Se
2812 Pat Tillman Drive
Springfield, IL 62711
Email: davidchoatehughes@gmail.com

# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

In re:
**David C. Hughes II,**
Debtor.

Case No. 25-70566
Chapter 11
Hon. Mary P. Gorman

# (Proposed) ORDER GRANTING MOTION TO SEAL CERTAIN FILINGS AND FOR PROTECTIVE ORDER

This matter coming before the Court on the Debtor's **Motion to Seal Certain Filings and for Protective Order**, the Court having reviewed the filings and being fully advised in the premises,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED.
2. All filings and exhibits containing personal financial account statements, trust termination records, or other sensitive personal financial records of the Debtor shall be SEALED.
3. Access to such sealed filings shall be limited to the Court, the Office of the U.S. Trustee, and legitimate creditors of this personal Chapter 11 case.
4. The Court further enters a **protective order** prohibiting use of sealed documents or public docket access for purposes of harassment, intimidation, or reputational harm.
5. Nothing in this Order shall prejudice the rights of legitimate creditors of this Chapter 11 case to review relevant materials through proper channels.
6. This Court retains jurisdiction to enforce and interpret this Order.

SO ORDERED.

Dated: _____, 2025

_____

Hon. Mary P. Gorman
United States Bankruptcy Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 18th day of August, 2025, a true and correct copy of the foregoing *Motion to Seal Certain Filings and for Protective Order* and *Proposed Order* was served upon:

- James A. Salinas, U.S. Trustee, 401 Main St., Suite 1100, Peoria, IL 61602, james.a.salinas@usdoj.gov
- Megan Shaw, Trial Attorney, U.S. Trustee, megan.shaw@usdoj.gov
- All parties on the creditor mailing matrix

Respectfully submitted,

*/s/ David C. Hughes II*

David C. Hughes II, Debtor Pro Se