IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID CHOATE HUGHES II | ) | Case No.: 25-70566 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S MOTION TO SEAL AND FOR
PROTECTIVE ORDER (Doc. 28)**

NANCY J. GARGULA, the United States Trustee for Region 10, by Attorney James A. Salinas, and for her Objection to Debtor's Motion to Seal Certain Filings and for Protective Order states as follows:

Background Facts

1. David Choate Hughes II, ("Debtor") filed a Chapter 11 Voluntary Petition on July 10, 2025, (the "Commencement Date"). (Doc. 1).

2. The United States Trustee is charged with the duty of supervising the administration of Chapter 11 cases. *See* 28 U.S.C. § 586(a)(3).

3. The documents filed on the Commencement Date do not contain the required information required to be filed, such as the schedules, Statement of Financial Affairs, ("SOFA"), pre-petition credit counseling certificate, . *See* 11 U.S.C. §§ 521(a)(1); (a)(4); (b)(1).

4. On July 10, 2025, the undersigned attorney for the United States Trustee filed and provided to Debtor a copy of the Deficiency Notice (Doc. 8) indicating that required documents were still needed to be filed within 14 days, July 24, 2025, or risk dismissal.

5. On July 14, 2025, the Office of the United States Trustee provided to Debtor a copy of its "Chapter 11 Operating Guidelines" containing certain information about bankruptcy cases

and includes numerous requests for information and documents relating to the Debtor's financial condition, prior to the holding of an initial debtor interview (the "IDI"). The IDI was scheduled for Tuesday, July 29, 2025, after the date which Debtor was to file the required missing documents.

6. On July 24, 2025, Debtor filed his schedules and SOFA (Doc. 15), which contain numerous unanswered sections. The schedules and SOFA fail to answer all the questions listed or to provide all the information requested therein . *See* Doc. 15, pp. 2-3, 5, 9-12, 16-17, 21-23 (indicating numerous unanswered questions).

7. Sections which the Debtor did not complete are crucial to assessing whether the he can be successful in proposing and confirming a Plan of Reorganization, especially considering that they involve his current and prior years' income (*see* Doc. 15, p. 2, SOFA q. 4 & 5); his participation and activity in various legal proceedings and lawsuits (*see* Doc. 15, p. 5 SOFA q. 9); and his prior and current operation of any businesses, including sole-proprietorships (*see* Doc. 15, p. 11, SOFA q. 27). Nonetheless, Debtor's SOFA fails to list any legal proceedings (*see* Doc. 15, p. 9.)

8. Debtor's SOFA reveals that the Debtor willingly and knowingly left portions of the Official Forms blank and unanswered. Rather than directly answering the questions and properly completing the form, Debtor offered a "Supplemental Statement" on page 13:

> Debtor respectfully states that certain portions of this Statement of Financial Affairs (Form 107) will be supplemented as necessary, but reserves the right to file a **Motion to Seal** specific responses and attachments for cause, pursuant to 11 U.S.C. § 107(b) and applicable Local Rules. This request is made in good faith to protect the privacy and safety of the Debtor, the Debtor's minor child, and family members. The Debtor has experienced prior efforts by third parties to harass or harm them using publicly filed information and seeks to prevent further misuse of sensitive or personally identifying information. A Motion to Seal will be submitted promptly to ensure the Court retains access to complete disclosures while limiting access by the general public to sensitive information.

(Doc. 15, p. 13).

9. One day prior to the IDI, Debtor emailed United States Trustee staff requesting a two-week continuance to conducting the IDI.

10. Although the Debtor had filed the missing schedules and SOFA by that time, a review of the same indicated that those documents would likely be found deficient for failure to answer numerous portions as described in paragraphs 3 and 6 above. As a result, the undersigned attorney for the United States Trustee filed and provided to the Debtor a copy of the Second Deficiency Notice (Doc. 16) on July 29, 2025.

11. Notwithstanding that the Debtor was noncompliant with the requested provision of documents and information, the IDI was continued to Friday, August 1, 2025.

12. Debtor provided only some of the requested materials prior to the IDI As a result, the undersigned provided the Debtor with a "Compliance Checklist for Chapter 11 Debtor-in-Possession" which indicates that many of the items requested in the Chapter 11 Operating Guidelines were still outstanding and had not been provided by the Debtor.

13. On August 12, 2025, the Debtor filed an Amended SOFA (Doc. 17) which contains some additional entries and information, but which, on information and belief, the United States Trustee asserts still contains numerous omissions.

14 Despite not listing any ownership interest in any pre-petition bank accounts on Schedule A/B's question 17 and instead only listing the post-petition DIP accounts with Axos Bank, the Debtor nonetheless provided to the United States Trustee copies of account statements for several pre-petition bank accounts held in his name individually, with some accounts containing a "doing business as" notation- including names of several "businesses" despite asserting that he has not owned any business or had any connections to any business in the past 4 (four) years on SOFA question 27. (*See* Doc. 17, p. 11-12).

15. The Meeting of Creditors under 11 U.S.C. § 341 was scheduled for August 15, 2025, at 11:00 AM via telephone (Doc. 6). Debtor appeared on the date set and answered questions regarding his financial condition, but the United States Trustee has been unable to complete its review of the Debtor's financial condition based upon the errors, omissions, and failure of the Debtor to provide all requested information and documents.

16. As a result, the United States Trustee adjourned the Meeting of Creditors to September 8, 2025, at 2:00 PM.

17. On August 18, 2025, the Debtor filed a Motion to Seal Certain Filings and For Protective Order (hereafter "the Motion to Seal") limiting public access to the same, citing 11 U.S.C. § 107(b) and Federal Rule of Bankruptcy Procedure 9037, and a Second Circuit Court of Appeals decision from 1994, *In re Orion Pictures, Corp.*, 21 F.3d 24, 27, (2d Cir. 1994) as authority for the request. (Doc. 28).

Argument

18. Granting the Debtor's Motion to Seal would turn the plain language of the Bankruptcy Code on its head and would lead to absurd results that are plainly at odds with the language and intent of 11 U.S.C. § 107 and Federal Rules of Bankruptcy Procedure 9018 and 9037.

19. 11 U.S.C. § 107(a) provides that "except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an *entity* at reasonable times without charge" albeit, with some exceptions (emphasis added). 11 U.S.C. § 107(a); *see also In re Murphy*, 2022 WL 2288241 at *14 (Bankr. C.D.Ill. 2022).

20. Congress clearly did not limit such public access to only creditors and parties in

interest of a bankruptcy case, instead opting to use the broader, more-inclusive term "*entity*" in section 107(a); the legislative history underpinning section 107(a) repeats the general assertion that that Code section was intended to "make all papers filed in a bankruptcy case and the dockets of the bankruptcy court public and open to examination at reasonable times without charge." S.Rep. No. 989, 95th Cong., 2d Sess. 30, *reprinted in* 978 U.S.C.C.A.N. 5787, 5816.

21. Congress did, however, indicate that there are some types of information for which a bankruptcy court *shall* protect on request of a party in interest under 11 U.S.C. § 107(b):

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b); Fed. R. Bankr. Proc. 9018.

22. Although there are some exceptions, courts have "narrowly construed such exceptions thereto" due to the strong presumption favoring public access, absent compelling circumstances. *Murphy*, 2022 WL 2288241 at *14 (*citing In re Comdisco, Inc.*, 2006 WL 2375458, at *4 (N.D. Ill. Aug. 14, 2006); *In re FiberMark, Inc.*, 330 B.R. 480, 505-06 (Bankr. D. Vt. 2005)

23. As to Debtor's request for a protective order regarding proposed or pending documents to be filed, the Federal Rule of Bankruptcy Procedure 9037 already supports Debtor's efforts in conjunction with 11 U.S.C. § 107- by providing additional procedures for protecting other types of information, including personal identifier information, such as social security or taxpayer identification numbers; an individual's birth date, minor-individual's names and the financial account numbers of a party or non-party, by providing for redaction of the full number, leaving only the final four digits of any personal identifier information. Therefore, the Debtor's request for a protective order, or to seal "personal financial documents, including bank statements,

trust termination records" must be denied, as compliance with Fed. R. Bankr. Pro. 9037 would already provide sufficient relief to Debtor to protect the financial account record numbers and personal identifier information.

24. Fed. R. Bankr. Proc. 9037(h) provides a protocol for requesting that the Court redact or otherwise limit access to such a document by the public. Notably, Debtor's Motion to Seal does not request that any previously filed documents be sealed and does not attach any prospective unredacted or even redacted copies for the Court's review. Debtor's Motion to Seal claims that "cause exists to seal targeted documents" but has not specified what documents have been targeted, other than making vague assertions of potential harm. (Doc. 28, p.2).

25. The Debtor in *In re Murphy,* similarly to the Debtor in the present case, could not explain "how the exceptions to public access described in § 107 pertain to his bankruptcy filing or any specific paper filed therein . . . . *Murphy*, at *14

26. Debtor's Motion to Seal does not indicate that any information to be included in his Bankruptcy Petition, Schedules, or SOFA are of the types of information protectable under section 107(b): none of the information requested in the Petition, Schedules, and SOFA would be considered trade secrets, confidential research, development, or commercial information and the disclosure of information requested in the bankruptcy forms would typically work no harm at all. Nonetheless, the Debtor has not even asserted that the information he proposes to file meets any of those definitions for an exception under section 107(b).

27. Indeed, the case cited by Debtor cuts *against*, not in support of, his request for sealing certain records because that case is factually distinct from the instant matter and its reasoning does not support the Debtor's request as set forth in the Motion to Seal because the case cited by Debtor involved a request to *unseal* information that is specifically protected under section

107(b)(1) as trade secrets or commercial information. *See In re Orion Pictures Corp.*, 21 F.3d 24, 26-28 (2d Cir. 1994) (third-party VHS dealer moved to unseal all documents relating to confidential promotional materials and distribution agreement regarding feature film *Dances with Wolves*, between Chapter 11 debtor and licensee).

28. In *In re Orion Pictures Corp.,* the Court of Appeals for the Second Circuit noted that the bankruptcy court reviewed *in camera* the information requested to be sealed. *Id.* at 27. After review, the bankruptcy court concluded that it qualified as confidential commercial information and ordered the material sealed pursuant to section 107(b). *Id.* Commercial information was defined as "information which would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *Id. (citing Ad Hoc Protective Comm. For 10 ½% Debenture Holders v. Itel Corp., (In re Itel Corp.)*, 17 B.R. 942 944 (9th Cir. BAP 1982)).

29. Here, the Debtor has failed to file accurate and complete bankruptcy documents required to commence a bankruptcy case and which would allow for the efficient administration of the same. The harm he asserts is vague and speculative, leading to continued delays in the administration and review of his financial condition and bankruptcy case filing.

30. Debtor has already filed incomplete Schedules and SOFA, including an amended SOFA that still fails to disclose key information, information which he testified about at the 341-meeting, and which would indicate that the answers given in the currently filed documents is inaccurate or obfuscatory.

31. Debtor is essentially asking the Bankruptcy Court to condone his failure to accurately complete his bankruptcy documents given that he had already decided prior to filing of the case that he would not be providing the information requested on the Commencement Date,

which is confirmed by his "Supplemental Statement".

32.     Granting the Debtor's post-hoc request to seal would ultimately condone conduct that otherwise would be in contravention of Seventh Circuit precedent. *See Stamat v. Neary*, 635 F.3d 974 (7th Cir. 2011) (chapter 7 debtor's failure to disclose business interests, property transfers, and income showed a reckless disregard sufficient for a finding of fraudulent intent and denial of discharge because they were material omissions, given the debtor's level of business experience and expertise).

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order denying the Debtor's Motion to Seal (Doc. 28) and for such other and further relief as this Court deems proper.

Dated: August 20, 2025

Respectfully submitted,

NANCY J. GARGULA,
United States Trustee

 /s/ James A. Salinas

James A. Salinas
 Trial Attorney

James A. Salinas,
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO SEAL AND FOR PROTECTIVE ORDER and this Certificate of Service was served upon those parties in interest having entered their appearance electronically via the Clerk of the Court's CM/ECF system and by mailing a copy to the parties set forth below via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on the 20th day of August, 2025:

David Choate Hughes II
2812 Pat Tillman Dr.
Springfield, IL 62711


*/s/ James A. Salinas*

James A. Salinas
Trial Attorney

James A. Salinas,
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov