## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| DAVID CHOATE HUGHES II ) | Case No.: 25-70566 |
| ) | Chapter 11 |
| Debtor. ) | |

### UNITED STATES TRUSTEE'S
### OBJECTION TO DEBTOR'S
### AMENDED SCHEDULE C (Doc 122)

MONICA V. KINDT, the Acting United States Trustee for Region 10, (hereafter the "U.S. Trustee") by Attorney James A. Salinas, and for her Objection to Debtor's Amended Schedule C filed as Document No. 122 on October 23, 2025, states as follows:

1. David Choate Hughes II, ("Debtor") filed a Chapter 11 Voluntary Petition on July 10, 2025, which did not include the Official Form 106A/B & Official Form 106C ("Schedule A/B" and "Schedule C" respectively).

2. Debtor has previously filed his Schedule C and several amendments thereto. (*See* Docs. No. 98, 90, 88 & 15). The most recently filed amendment to Schedule C was filed as Document No. 122 on October 23, 2025.

3. On information and belief (based upon documents the Debtor has previously provided to the Office of the U.S. Trustee and his testimony at the Section 341 Meetings of Creditors), the Debtor's Schedule A/B remains incomplete, with the Debtor knowingly omitting checking accounts and other potential assets on the claim that the information therein should be filed under seal. (*See* Doc. 15, p. 13, and Doc. 28). No amendments to Schedule A/B have been filed, therefore the Schedule A/B filed as Document 15 is the Debtor's current Schedule A/B.

4. The U.S. Trustee objects to the Debtor's claim of exemptions on Schedule C in any asset not disclosed on the Debtor's Schedule A/B. Rather than fully and accurately completing his Schedule A/B, the Debtor instead has attached a list of his personal property and its estimated

values to the Schedule (*see* Doc. 15, pp. 26-29) and does not correlate any of the assets to the specific categories set forth on Schedule A/B, such as those for "household goods", "electronics", and so forth.

5.  Instead, the Debtor states in Schedule A/B that he does **not** have any interest in those specific categories of assets. (*See Id.* pp. 17-23).

6.  Nonetheless, the Debtor claims personal property assets as exempt under 735 ILCS 5/12-1001(b), the "wildcard exemption" of $4,000 in "any other property", in an amount over the statutory limit of $4,000 per person. For example, the Debtor's household goods' values alone total $4,220.00. (*See* Doc. 122, Any claim of exemption over $4,000 should be denied.[1]

7.  The Debtor also claims several assets as exempt under 735 ILCS 5/12-1001(c), the $2,400 exemption for a debtor's interest in a motor vehicle. However, the Debtor seems to claim this exemption in several places for non-motor vehicle assets (*see* Doc. 122, pp. 2 "Collectibles", "Equipment for Sport", "Firearms", and "Other").

8.  Even *assuming arguendo* that the assets in those non-motor vehicle categories even applies, the Debtor utilizes the entire 735 ILCS 5/12-1001(c) motor vehicle exemption of $2,400 on his "Personal Vehicle". (*See* Doc. 122, p. 2). Any claim of exemption under 735 ILCS 5/12-1001(c) over the $2,400 statutory limit should be denied, as should any claim of exemption for non-motor-vehicle assets under 735 ILCS 5/12-1001(c).

9.  The Debtor claims an exemption in various assets totaling $1,070.00 under 735 ILCS 5/12-1001(d), the "tools of the trade exemption", that allows a debtor to retain their "equity

---

[1] Debtor's usage of the wildcard exemption is inconsistent as filed. For example, the Debtor seems to claim to use the entire wildcard exemption on his household goods in the amount of $4,220 (*see* Doc. 122, p. 1) and then later readjusts the amount used to different categories totaling only $4,000 (*see Id.* at p. 5).

interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor."

    10.    The Central District of Illinois follows the Seventh Circuit decision in *Matter of Patterson* that the tools of the trade exemption enables an "artisan" to "retain tools of modest value so that he is not forced out of his trade" and that the exemption should be interpreted narrowly. *Matter of Patterson*, 825 F.2d 1140, 1146 (7th Cir. 1987).

    11.    The U.S. Trustee would further point out that the Debtor is neither an "artisan", nor engaged in any "trade" to be forced out of. Even assuming that he were engaged in a trade, the Debtor doesn't list what assets he asserts are protected under the claimed exemption. The Debtor's claim of exemption in "tools of the trade" under 735 ILCS 5-12/1001(d) should be denied.

WHEREFORE, the United States Trustee requests that the Court enter an Order denying the exemptions claimed on Debtor's Schedule C, (Doc. 122) as set forth herein, and for any further relief as this Court deems appropriate.

Dated: November 20, 2025

Respectfully submitted,

MONICA V. KINDT,
Acting United States Trustee

*/s/ James A. Salinas*

James A. Salinas
Trial Attorney

James A. Salinas,
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov

3

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing **UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED SCHEDULE C (DOC 122)** was served upon those parties in interest having entered their appearance electronically via the Clerk of the Court's CM/ECF system and by mailing a copy to the parties set forth below via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on the 20th day of November, 2025:

David Choate Hughes II
2812 Pat Tillman Dr.
Springfield, IL 62711

                         */s/ James A. Salinas*

                         James A. Salinas
                         Trial Attorney

James A. Salinas,
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov