**FILED**

U.S. Bankruptcy Court
Central District of Illinois

1.23.26 12:50 PM

**Adrienne D. Atkins, Clerk**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
In re: David Choate Hughes II, Debtor.
Case No. 25-70566

## NON-DEBTOR PROPERTY OWNER'S LIMITED APPEARANCE, OBJECTION TO MOTION TO CONVERT, AND RESERVATION OF RIGHTS

TO THE HONORABLE JUDGE MARY GORMAN, UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:

COMES NOW John Michael Cohan ("Movant"), upon limited appearance pursuant to Fed. R. Bankr. P. 9010, a non-debtor party with a direct and vested fifty percent (50%) ownership interest in real property located in Alabama that is currently titled in the name of the Debtor and is the subject of pending state-court litigation. Movant files this Objection to the United States Trustee's Motion to Convert (Doc. 177) ("Motion to Convert"), in support of the Debtor's Motion for Voluntary Dismissal, and respectfully states as follows:

## I. PRELIMINARY STATEMENT AND INTEREST

Movant is not a debtor in this bankruptcy case. He holds an undivided 50% ownership interest as a third-party non-debtor in Alabama real property (the "Property"), which is currently subject to a temporary stay and asset-freeze order in the Circuit Court of Chilton County, Alabama, Case No. CV-2025-900132.00 (the "State Court Action"). The Debtor, David Choate Hughes II, as successor-in-interest, holds legal title to the other 50% interest.

Movant appears solely for the limited purpose of objecting to the conversion of this case to Chapter 7, as such conversion would (a) improperly draw the Property and Movant's non-debtor ownership interest into this bankruptcy estate, (b) create wasteful, duplicative litigation, and (c) cause irreparable harm by disrupting the pending state-court proceeding specifically designed to adjudicate the very ownership and title issues at stake. This filing is not a submission to the general jurisdiction of this Court for any other purpose.

## II. RELEVANT PROCEDURAL TIMELINE AND PREJUDICIAL POSTURE

This objection is necessitated by a deliberate and prejudicial sequence of events. The State Court Action was actively progressing—issuing a freeze order on December 29, 2025 (**Exhibit 1**) and then setting a procedural schedule on January 5, 2026 (**Exhibit 2**). Within three (3) days of the state court's last order, the U.S. Trustee reversed its prior supportive stance on dismissal (as

evidenced by communications in **Exhibit 5**) and filed the Motion to Convert (**Exhibit 3**). This Court has scheduled a hearing on that motion for February 10, 2026—just five (5) days after the expiration of the 30-day state-court response period (**Exhibit 4**). This timing is not coincidental; it reflects a procedural strategy designed to preempt the state forum this Court authorized. Conversion now would reward this maneuver and cause direct prejudice to Movant's right to adjudicate ownership in the chosen state court.

III. OBJECTION TO CONVERSION: CAUSE AND JUDICIAL ECONOMY

Cause for Denial Under 11 U.S.C. § 1112(b). The United States Trustee seeks conversion under § 1112(b)(1). However, the Court must consider whether conversion is "in the best interests of creditors and the estate." § 1112(b)(2). Forcing this estate into Chapter 7 to administer a disputed, partial interest in property co-owned with a non-debtor is clearly detrimental to those interests.

A Chapter 7 trustee would be compelled to litigate against Movant in either this Court or the Alabama court to attempt to sell the Debtor's 50% interest.

A forced sale of a non-debtor interest typically yields a fraction of its proportional value, resulting in a net loss to the estate after accounting for administrative costs (trustee fees, legal fees) and litigation expense.

This outcome—*costly* litigation for a devalued asset—constitutes "cause" to deny conversion. See, e.g., *In re Troutman*, 630 B.R. 885, 890 (Bankr. W.D. Pa. 2021) (noting the "host of problems" and "likely diminution in value" from selling partial interests).

Judicial Economy and Comity. This Court previously granted relief from the automatic stay to allow the Alabama state court to adjudicate "ownership and quiet-title issues." That court is actively fulfilling that mandate. On December 29, 2025, it entered an order freezing the Property (**Exhibit 1**). On January 5, 2026, it set a procedural schedule for the case to move forward (**Exhibit 2**).

Conversion now would create an immediate and unnecessary jurisdictional conflict. The Chapter 7 trustee would likely seek to intervene in or remove the State Court Action, spawning litigation over litigation. Conversion now would create an immediate and unnecessary jurisdictional conflict. The Chapter 7 trustee would likely seek to intervene in or remove the State Court Action, spawning litigation over litigation.

Principles of comity and judicial economy demand that this Court not disrupt the state court proceeding it explicitly authorized. The most efficient path for all creditors is to allow the state court to resolve the Property dispute, after which the Debtor's interest (if any) can be clearly identified and addressed.

Timing and Procedural Prejudice. The sequence of events is material and prejudicial. The State Court Action was progressing toward a resolution. The UST's sudden reversal of position

(**Exhibit 5**) and Motion to Convert, filed three (3) days after the state court's January 5 order (**Exhibit 3**), creates a risk that this Court's action will preempt the state court's adjudication.

Movant's rights to due process in the chosen forum (the Alabama court) by this Honorable Court, are jeopardized if a bankruptcy trustee is inserted as a new party with different motives and powers before ownership is determined.

This procedural posture favors dismissal, which would allow the state proceeding to conclude unimpeded, providing finality and clarity for any future bankruptcy administration.

The Property subject to this dispute has an estimated value of $3,000,000 to $5,000,000. A forced partition sale of a non-debtor interest would destroy a substantial portion of this value for the estate, irrevocably harming creditors and constituting independent 'cause' to deny conversion under § 1112(b).

## IV. IRREPARABLE HARM

Any order of this Court that has the effect of transferring control of the Property to a Chapter 7 trustee, or authorizing litigation over Movant's interest, would cause immediate and irreparable harm.

Economic Harm: The threat of a forced partition sale depresses the Property's value and chills its productive use (including its role in generating income, as noted in Movant's prior filing).

Legal Harm: It would fracture a single, coherent title dispute into two (2) parallel forums, mooting the state court's orders (**Exhibits 1 & 2**) and wasting resources. This harm cannot be remedied by a later appeal, as the state court process would be irrevocably derailed.

## V. NOTICE REGARDING PRESERVATION OF THE RECORD AND PROCEDURAL INTEGRITY

The undersigned respectfully advises the United States Trustee and the Court that, due to the current procedural posture of this case and separate related proceedings (specifically but not limited to 1:25-cv-02009; 2:25-cv-00742), he is preserving a clear and complete record regarding any actions that may materially affect non-debtor property interests by an adverse party. This includes, but is not limited to, the timing, sequencing, and effect of orders that could alter control over such property prior to adjudication in the appropriate forum. This notice is provided to ensure transparency, protect the integrity of the process, and avoid any later dispute regarding whether the potential impact on non-debtor rights was foreseeable or adequately raised before the Court.

## VI. RESERVATION OF RIGHTS

Nothing herein constitutes a waiver of any of Movant's rights, claims, or defenses under state law, bankruptcy law, or the U.S. Constitution, including but not limited to his right to contest the inclusion of his property interest in any bankruptcy estate, to seek remand or abstention, or to appeal any adverse order.

## VII. PRAYER FOR RELIEF

WHEREFORE, John Michael Cohan, as a non-debtor property owner, respectfully prays that this Court enter an order:

DENYING the United States Trustee's Motion to Convert (Doc. 177);

GRANTING the Debtor's Motion for Voluntary Dismissal; or, in the alternative,

SCHEDULING AN EVIDENTIARY HEARING on the impact of conversion on non-debtor property interests before ruling on the Motion to Convert; and

GRANTING such other and further relief as the Court deems just and proper.

Dated: 01-23-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

<u>Certificate of Service</u>

I hereby certify that all related parties have been duly served a copy of the following documents by U.S. Mail and/or email.

James A. Salinas, U.S. Trustee

Office of the United States Trustee

401 Main Street, Suite 1100

Peoria, IL 61602


Megan Shaw, Trial Attorney

Office of the United States Trustee

401 Main Street, Suite 1100

Peoria, IL 61602


Credit One Bank

PO Box 98873

Las Vegas, NV 89193-8873


Mercury Card Services

PO Box 84064

Columbus, GA 31908-4064

Ally Bank

Resurgent Capital Services

Greenville, SC 29603-0368


Wells Fargo Card Services

PO Box 9187

Minneapolis, MN 55480-9920


Navy Federal

PO Box 3000

Merrifield, VA 22119-3000

Goldman Sachs Bank, Lockbox 6112

PO Box 7247

Philadelphia, PA 19170-6112


Onslow Bay Financial LLC

PO Box 65250

Salt Lake City, UT 84165-0250


David Choate Hughes II

Pro Se Debtor

2812 Pat Tillman Drive

Springfield, Illinois 62711



Illinois Department of Revenue

Bankruptcy Unit

PO Box 19035

Springfield, Illinois 627949035

Springfield

226 US Courthouse

600 E Monroe Street

Springfield, Illinois 62701-1626


Wells Fargo Card Services

PO Box 9187

Minneapolis, MN 55480-9187


American Express National Bank

c/o Becket and Lee LLP

PO Box 3001

Malvern, PA 19170-6112

Lendsure Mortgage Corp.

c/o McCalla Raymer Leibert Pierce, LLP

1N Dearborn Suite 1200

Chicago, Illinois 60602-4337

Ally

PO Box 9222

Old Bethpage, New York 11804-9222

Internal Revenue Service

PO Box 7346

Philadelphia, PA 19101-7346

Calvary SPV I, LLC and assignee of Citibank,

PO Box 4252

Greenwich, CT 06831-0405

I H Mississippi Valley Credit Union

2121 47th Street

Moline, IL 61265-3663

Selia Tucker, Inc.

400 Padras Street, Ste 1460

New Orleans, LA 70130

Quantum3 Group LLC as agent for Mercury FinancialFirst

Bank & Trust

PO Box 788

Kirkland, WA 98083-0788


Aaron Cohan in his capacity as Chapter 7 Trustee

c/o Raye Elliott, Esq.

Akerman LLP

401 East Jackson Street, Suite 1700

Tampa, FL 33602



Illinois Department of Revenue

Bankruptcy Section, PO Box 19035

Springfield, Illinois 62794-9035

## EXHIBIT LIST

**Exhibit 1**: Alabama State Court Order dated December 29, 2025, freezing certain assets and imposing a stay.

**Exhibit 2**: Alabama State Court Order dated January 5, 2026, de facto modifying the stay and requiring the frozen-corporate plaintiff (unrepresented) to respond within 30 days.

**Exhibit 3**: United States Trustee's Motion to Convert the case to a Chapter 7, filed three (3) days after the January 5, 2026 state order.

**Exhibit 4**: Court Notice of Hearing scheduled five (5) days after expiration of the 30-day period, regarding the United States Trustee's Motion to Convert versus the Debtor's Motion to Voluntarily Dismiss.

**Exhibit 5**: Prior communications or filings indicating that the United States Trustee had previously taken a posture supportive of dismissal rather than conversion

# Exhibit 1



AlaFile E-Notice

14-CV-2025-900132.00

Judge: JOY PACE BOOTH

To:  JOHN MICHAEL COHAN
iustusprocessus@outlook.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MIMS-IPR, LLC V. GENIE INVESTMENTS, LLC ET AL
14-CV-2025-900132.00

The following matter was FILED on 12/29/2025 7:00:10 AM

Notice Date:      12/29/2025 7:00:10 AM

NICK BURNETT
CIRCUIT COURT CLERK
CHILTON COUNTY, ALABAMA
500 2ND AVENUE NORTH
CLANTON, AL, 35046

205-755-4275
nick.burnett@alacourt.gov

DOCUMENT 135

ELECTRONICALLY FILED
12/29/2025 7:00 AM
14-CV-2025-900132.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
NICK BURNETT, CLERK

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MIMS-IPR, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2025-900132.00 |
| | ) |
| GENIE INVESTMENTS, LLC, | ) |
| TENANT FIRST HOMES, | ) |
| HUGHES DAVID, | ) |
| COHAN JOHN MICHAEL ET AL, | ) |
| Defendants. | ) |

## ORDER

Defendant's Motion to Strike is denied.

Upon review, the Court hereby ORDERS all property/assets subject of this cause of action are frozen and shall not be used, transferred, modified or otherwise touched in any manner.

This case is temporarily <u>STAYED</u> pending bankruptcy proceedings.

Any future action in this case on behalf of any LLC/corporate entity must have representation by a licensed attorney.

**DONE this 29th day of December, 2025.**

**/s/ JOY PACE BOOTH**
**CIRCUIT JUDGE**

# Exhibit 2



AlaFile E-Notice

14-CV-2025-900132.00

Judge: JOY PACE BOOTH

To:  JOHN MICHAEL COHAN
     iustusprocessus@outlook.com

---

# NOTICE OF COURT ACTION

---

IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

MIMS-IPR, LLC V. GENIE INVESTMENTS, LLC ET AL
14-CV-2025-900132.00

A court action was entered in the above case on 1/5/2026 12:42:28 PM

ORDER

[Filer: ]

Disposition:   OTHER
Judge:         JPB

Notice Date:   1/5/2026 12:42:28 PM

NICK BURNETT
CIRCUIT COURT CLERK
CHILTON COUNTY, ALABAMA
500 2ND AVENUE NORTH
CLANTON, AL, 35046

205-755-4275
nick.burnett@alacourt.gov

DOCUMENT 168

ELECTRONICALLY FILED
1/5/2026 12:42 PM
14-CV-2025-900132.00
CIRCUIT COURT OF
CHILTON COUNTY, ALABAMA
NICK BURNETT, CLERK

## IN THE CIRCUIT COURT OF CHILTON COUNTY, ALABAMA

| | |
|---|---|
| MIMS-IPR, LLC, | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Case No.:    CV-2025-900132.00 |
| | ) |
| GENIE INVESTMENTS, LLC, | ) |
| TENANT FIRST HOMES, | ) |
| HUGHES DAVID, | ) |
| COHAN JOHN MICHAEL ET AL, | ) |
| Defendants. | ) |

## ORDER

Plaintiff allowed thirty days to respond to Defendant's Motions.

**DONE this 5th day of January, 2026.**

**/s/ JOY PACE BOOTH** _____

**CIRCUIT JUDGE**

# Exhibit 3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID CHOATE HUGHES II, | ) | Case No.: 25-70566 |
| | ) | Chapter 11 |
| Debtor. | ) | |

**UNITED STATES TRUSTEE'S
OBJECTION TO DEBTOR'S MOTION TO DISMISS (Dkt. 163)**

MONICA V. KINDT, Acting United States Trustee for Region 10, (the "United States Trustee") by Trial Attorney James A. Salinas, objects to the Debtor's Motion for Voluntary Dismissal, filed as Dkt. No. 163, of his case on the ground that this case should instead be converted to chapter 7, as set forth more fully in the United States Trustee's Motion to Convert to Chapter 7, filed simultaneously herewith.

Respectfully submitted,

Dated: January 8, 2026.

MONICA V. KINDT,
Acting United States Trustee

By: */s/ James A. Salinas*
James A. Salinas
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov

\

1

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing <u>United States Trustee's Objection to Debtor's Motion for Voluntary Dismissal</u> and this <u>Certificate of Service</u> was served upon those parties in interest having entered their appearance electronically via the Clerk of the Court's CM/ECF system and by mailing a copy to the parties set forth below via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on January 8, 2026.

David Choate Hughes II
2812 Pat Tillman Dr.
Springfield, IL 62711

MIMS-IPR, LLC
c/o Thomas H. Wilson
4340 Acer Grove Dr. Ste. A
Springfield, IL 62711

Gregory D. Latham
Intellectual Property Consulting LLC
400 Poydras Street, Ste. 1400
New Orleans, LA 70130

…and upon all parties indicated on the mailing matrix attached hereafter via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on January 8, 2026.

<u>/s/ James A. Salinas</u>
James A. Salinas
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | | |
|---|---|---|---|
| In re: | ) | | |
| | ) | | |
| DAVID CHOATE HUGHES II, | ) | | Case No.: 25-70566 |
| | ) | | Chapter 11 |
| Debtor. | ) | | |

### UNITED STATES TRUSTEE'S MOTION TO CONVERT TO CHAPTER 7

MONICA V. KINDT, Acting United States Trustee for Region 10, (the "United States Trustee") by Trial Attorney James A. Salinas, for her Motion to Convert to Chapter 7 ("Motion to Convert") states and alleges as follows:

### FACTS

1.  David Choate Hughes, II ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), *pro se* on July 10, 2025 (the "Petition Date").

2.  Mr. Hughes was a chapter 7 debtor in bankruptcy case number 19-71781, filed with this Court in December 2019.   Mr. Hughes's chapter 7 discharge in that case was denied pursuant to a default judgment entered in adversary proceeding styled as *Gargula v. Hughes (In re Hughes)*, which alleged, in part, that Debtor filed false schedules.

3.  This case has been characterized by delays and Debtor's failure to fully answer questions, file accurate documents, and timely provide records and information relating to his financial condition, assets, and liabilities as required by the Bankruptcy Code.

4.  Debtor did not file many of the required forms along with his petition.  *See* 11 U.S.C. § 521(a)(1). As a result, the United States Trustee filed a Deficiency Notice which provided the Debtor with a list of documents required to be filed within 14 days, including his schedules

1

James A. Salinas, Trial Attorney

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing <u>Motion to Convert to Chapter 7</u> and this <u>Certificate of Service</u> was served upon those parties in interest having entered their appearance electronically via the Clerk of the Court's CM/ECF system and by mailing a copy to the parties set forth below via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on January 8, 2026.

David Choate Hughes II
2812 Pat Tillman Dr.
Springfield, IL 62711

MIMS-IPR, LLC
c/o Thomas H. Wilson
4340 Acer Grove Dr. Ste. A
Springfield, IL 62711

Gregory D. Latham
Intellectual Property Consulting, LLC
400 Poydras Street, Ste. 1400
New Orleans, LA 70130

…and upon all parties indicated on the mailing matrix attached hereafter via placing a copy in a postage prepaid envelope and depositing same in a U.S. Mail depository on January 8, 2026.

/s/ James A. Salinas
James A. Salinas
Trial Attorney, FL Bar No. 012587
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, Illinois   61602
Phone: (309) 671-7182
Email: james.salinas@usdoj.gov

9

# Exhibit 4

Form ntchrgBK

# UNITED STATES BANKRUPTCY COURT

Central District of Illinois
226 US Courthouse
600 E Monroe Street
Springfield, IL 62701

---

*In Re:* David Choate Hughes II
    *Debtor(s)*

*Case No.:* 25–70566

*Chapter:* 11

---

***PLEASE TAKE NOTICE*** that a Hearing will be held at

  US Courthouse, Room 232, 600 E Monroe St, Springfield, IL 62701

  on 2/10/26 at 09:30 AM

to consider and act upon the following:

Debtor's Motion to Dismiss Case (Doc #163) and Trustee's Motion to Convert Case to Chapter 7 (Doc #177).

**Unless the Court orders otherwise in a particular case or as to a particular attorney or party, attorneys and parties in interest participating in this hearing have the option of appearing remotely via Zoom for Government® in lieu of appearing in person. To do so, launch Zoom® through your web browser or app and enter the following credentials as prompted.**

**Meeting ID:  161 8563 5975     Passcode:  1598**

**Multiple hearings may be set at the same time. Stay connected to the Zoom® conference until your hearing(s) are concluded. Keep your camera and microphone off or muted while waiting for your case(s) to be called.**

**Video access is available only to parties in interest and their attorneys participating in the hearing. Members of the public and others interested in observing the proceedings must do so in person in the courtroom or by telephone. To listen by telephone, dial 551–285–1373 and enter the Meeting ID (followed by the # sign) and Passcode (followed by the # sign) when prompted. Participation by telephone is limited to listening only.**

**For full details and connection information, see Judge Gorman's Zoom Video Hearing Guide for Participants on the Court's website. Participants are strongly encouraged to review the Guide prior to the scheduled hearing. www.ilcb.uscourts.gov/zoom–video–hearing–guide–participants**

*Please be advised that all hearings are recorded. Participants electing to appear via Zoom® are responsible for ensuring their ability to connect to the conference and compliance with applicable rules and procedures. A continuance will be considered by the Court ONLY upon a motion establishing good cause, submitted at least two business days before the hearing.*

Dated: 1/9/26

   _/S/  Adrienne D. Atkins_
   Clerk, U.S. Bankruptcy Court

Go to ***www.ilcb.uscourts.gov*** for information regarding this court's ***mandatory*** electronic filing policy.

# Exhibit 5

                **David Choate <davidchoatehughes@gmail.com>**

---

## WCB Closed Bank Accounts I Promised To Send You
3 messages

---

**David Choate** <davidchoatehughes@gmail.com>       Tue, Dec 16, 2025 at 8:20 AM
To: "Salinas, James (USTP)" <james.salinas@usdoj.gov>

Mr. Salinas,

Please see the attached closed bank accounts I promised to send you last time we spoke. Does it make sense to have a quick call before our hearing this morning? After the soul searching and hearing in Alabama, I just do not believe that I need Chapter 11 any longer.

I will need to file my objection to Selia Tucker's attorney by the 22nd, which will not be a problem; she is a business creditor in the Florida case with a filed claim already. She has no judgment on me and has never filed an adversary against me,

So, is there any reason you would object to a voluntary dismissal?

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

---

 **WCB Closed Bank Accounts.pdf**
3400K

---

**Salinas, James (USTP)** <James.Salinas@usdoj.gov>       Tue, Dec 16, 2025 at 8:36 AM
To: David Choate <davidchoatehughes@gmail.com>

Mr. Hughes,


Unfortunately, I am unavailable for a call this morning, due to other court hearings scheduled prior to yours and preparation for those. I apologize for the inconvenience.


The United States Trustee won't object to dismissal, as we are preparing to file our own motion for the same and putting all the necessary information to the court to consider the relief requested.



Very truly,



**James A. Salinas**

Trial Attorney

US Department of Justice

Office of the United States Trustee

401 Main St., Ste. 1100

Peoria, IL 61602

Mobile: (202) 834-2812

Tel: (309) 671-7182

Email: james.salinas@usdoj.gov

[Quoted text hidden]

---

**David Choate** <davidchoatehughes@gmail.com>       Tue, Dec 16, 2025 at 9:00 AM
To: "Salinas, James (USTP)" <James.Salinas@usdoj.gov>

Okay,

No need for any apology, I know you're busy.

Just on a personal note, I appreciate how you handled this case with a high degree of patience and understanding.
My personal family situation is finalizing, and I can get back on positive, productive work

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

[Quoted text hidden]