**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
02/06/2026 10:30 am

**Adrienne D. Atkins, Clerk**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

In re:
**DAVID CHOATE HUGHES II**,
Debtor.

Case No. **25-70566**
Chapter 11

### DEBTOR'S MOTION TO CONTINUE HEARING ON

(1) MOTION FOR VOLUNTARY DISMISSAL AND
(2) UNITED STATES TRUSTEE'S MOTION TO CONVERT

COMES NOW the Debtor, **David Choate Hughes II**, appearing pro se, and respectfully moves this Court for a **30–40-day continuance** of the currently scheduled February 10, 2026, hearing on (a) Debtor's Motion for Voluntary Dismissal and (b) the United States Trustee's Motion to Convert this case to Chapter 7. In support thereof, Debtor states as follows:

### I. REQUESTED RELIEF

Debtor respectfully requests that the Court continue the February 10, 2026, hearing for approximately **30–40 days** to permit entry of an imminent ruling in related Alabama state-court litigation that will materially and dispositively affect the administration, value, and outcome of this Chapter 11 case.

### II. RELEVANT BACKGROUND

1. Debtor filed this Chapter 11 case in good faith and has actively participated in the case.

2. Debtor has filed a **Motion for Voluntary Dismissal**, asserting that dismissal, not conversion, is in the best interests of the estate and creditors.

3. The United States Trustee has filed a **Motion to Convert** this case to Chapter 7, which the Debtor has opposed.

4. The central dispute driving both motions concerns ownership, control, and income from certain material Alabama real-property assets.

### III. IMMINENT AND DISPOSITIVE ALABAMA RULING

5. In **Chilton County, Alabama**, a full evidentiary hearing was conducted on **December 10, 2025,** before the Honorable **Judge Joy Booth** concerning quiet title and enforcement of secured interests in real property and related assets.

6. Following that evidentiary hearing, on **December 29, 2025**, Judge Booth entered an order **freezing all assets of MIMS-IPR, LLC**, including rents and proceeds, thereby preserving the res pending final adjudication.

7. The evidentiary record is closed. The work has already been done. The Alabama court is now considering a ruling that is expected to **quiet title and confirm ownership and cash-flow rights** in favor of Debtor or Debtor-controlled interests.

8. That ruling is **imminent** and will determine:

    - ownership of income-producing properties,
    - entitlement to ongoing rental cash flow,
    - the ability to sell assets and pay creditors in full, and
    - whether dismissal of this Chapter 11 case is plainly appropriate.

## IV. IRREPARABLE HARM IF CONVERSION OCCURS BEFORE RULING

9. Conversion of this case to Chapter 7 **before entry of the Alabama ruling** would cause substantial and potentially irreparable harm, including:

    - unnecessary displacement of control to a Chapter 7 trustee,
    - risk of disruption or liquidation of assets whose ownership is about to be judicially confirmed,
    - loss of leverage and efficiency created by months of confirmatory litigation already completed, and
    - increased administrative expense with no corresponding benefit.

10. By contrast, allowing a brief continuance:

- preserves the status quo,
- avoids unnecessary costs,
- and permits this Court to decide dismissal vs. conversion based on a **complete and clarified factual record**.

## V. NO PREJUDICE TO CREDITORS OR THE ESTATE

11. Creditors will not be prejudiced by a short continuance. To the contrary, creditors stand to benefit substantially from a ruling that confirms asset ownership, unlocks rental income, and enables orderly repayment or dismissal.

12. The balance of equities strongly favors allowing the Alabama court to complete its work before this Court determines whether dismissal or conversion is appropriate.

### VI. GOOD FAITH AND NARROW REQUEST

13. This request is made in good faith, is time-limited, and is not sought for purposes of delay.

14. Debtor respectfully submits that it would be inefficient and inequitable to convert this case on February 10, 2026, only to confront materially changed facts days or weeks later.

15. Additionally, Debtor notes that depending on the outcome of the pending Alabama ruling, retention of counsel may become appropriate or necessary to efficiently administer or conclude this case, and a brief continuance will avoid unnecessary duplication of effort or expense.

### VII. CONCLUSION

The Alabama litigation has already been tried. The assets have already been frozen. A ruling is pending and expected shortly. That ruling will decisively affect this Chapter 11 case.

A brief continuance will allow this Court to rule with clarity rather than speculation.

**WHEREFORE**

Debtor respectfully requests that the Court:

1. Continue the February 10, 2026, hearing for approximately **30–40 days**;

2. Reset the hearing on the Motion for Voluntary Dismissal and Motion to Convert following entry of the Alabama ruling; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of February, 2026

**/s/ David Choate Hughes II**
David Choate Hughes II
Debtor, pro se
2812 Pat Tillman Drive
Springfield, Illinois 62711

davidchoatehughes@gmail.com

## CERTIFICATE OF SERVICE

I, David Choate Hughes II, certify that on 2/6/2026, I served a true and correct copy of the foregoing **DEBTOR'S MOTION TO CONTINUE HEARING ON** upon the following party by electronic filing through the Court's CM/ECF system:

James Salinas, Assistant United States Trustee, Central District of Illinois

I further certify that all parties entitled to notice received service through the Court's CM/ECF system.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II
Debtor, pro se
2812 Pat Tillman Drive
Springfield, Illinois 62711
Email: davidchoatehughes@gmail.com

Dated: 2/6/2026