**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

In re:
David Choate Hughes II, Debtor
Case No. 25-70566
Chapter 7

**FILED**
U.S. Bankruptcy Court
Central District of Illinois
3/2/2026  3:41 PM
Adrienne D. Atkins, Clerk

## OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR EVIDENTIARY HEARING

NOW COMES the Debtor, David Choate Hughes II, appearing pro se, respectfully objects to the Motion for Relief from the Automatic Stay filed by IHMVCU and states as follows:

### I. INTRODUCTION

1. This case was converted to Chapter 7 on February 10, 2026. The Chapter 7 Trustee, via email response to the debtor, has declined to object to the creditor's motion, citing a lack of equity.

2. Debtor hereby objects pursuant to *11 U.S.C. § 362(d)* and requests the continued protection of the automatic stay until the Debtor and creditor can complete a reaffirmation agreement under *11 U.S.C. § 524(c)*. The debtor communicated this intention of reaffirmation to IHMVCU during a conversation held on 3/2/2026 with (contact: Alexis Rodriguez, arodriguez@ihmvcu.org), and no objection was made to reaffirmation by IHMVCU.

### II. FACTUAL BACKGROUND

3. The Debtor requires the vehicle for transportation to work and for essential daily needs. The vehicle is the sole means of transportation and is necessary for income generation and post-bankruptcy rehabilitation. In addition, the Debtor will require the use of the vehicle, as his primary residence will more than likely be sold and will need maintenance and real estate agent showings. Keeping the automatic stay in place for an additional brief amount of time is certainly in the best interest of all creditors and the estate itself, as it will allow the Debtor to work and materially participate in maximizing the sales value of his primary residence, more than likely. In addition, other litigation, such as in Alabama, could affect title on estate properties amounting to as much as $2.5MM is real-estate asset's and an estimated $10K to $25K in monthly rental income.

4. The Debtor has maintained insurance coverage, as demonstrated by Exhibit A, and is willing and able to continue timely payments consistent with a reaffirmation agreement.

If other coverage is required, then the Debtor will certainly work that out with IHMVCU during the reaffirmation.

5. The Debtor has communicated with the creditor, IHMVCU (contact: Alexis Rodriguez, arodriguez@ihmvcu.org), via email communication on 3/2/2026, and expressed intent to negotiate a reaffirmation to preserve the creditor's security interest and maintain adequate protection.

III. ARGUMENT

6. The automatic stay protects estate property while the debtor seeks to reorganize or liquidate under fair conditions.

7. The creditor bears the burden of proving "cause" for stay relief or lack of adequate protection under *11 U.S.C. § 362(g)(2)* and *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365 (1988)*.

8. Here, cause does not exist, as the debtor can maintain insurance and payments consistent with reaffirmation, thereby providing adequate protection within the meaning of *11 U.S.C. § 361*. The Debtor will produce evidence to this effect by the time of any evidentiary hearing.

9. This court has discretion to continue or deny stay relief where a debtor demonstrates the vehicle for employment and willingness to maintain creditor rights. The debtor, will demonstrate a certain necessity. *See In re Miller, 10 B.R. 778 (Bankr. D. Md. 1981)*.

10. Finally, it is essential to the value of the estate and, more importantly, to all creditors that the stay remains in place briefly, allowing the Debtor to travel back and forth to Alabama as litigation finalizes, which should be imminent. Never once has the debtor been allowed to participate remotely for scheduled hearings. The honorable court has denied all requests for remote appearance every time it has been requested.

IV. REQUEST FOR EVIDENTIARY HEARING

10. Pursuant to *11 U.S.C. § 362(e)* and *Fed. R. Bankr. P. 4001(a)(2)*, Debtor requests an evidentiary hearing to present evidence of current insurance, ongoing good faith efforts to reaffirm, and the ability to maintain adequate protection payments.

11. Debtor timely objects and requests an evidentiary hearing pursuant to *11 U.S.C. § 362 (d)* and applicable local rules because material factual disputes exist regarding payment status, insurance coverage, and the debtor's intent to reaffirm the vehicle loan and bring current.

V. CONCLUSION

WHEREFORE, Debtor respectfully prays that this Court:

(a) Deny the Motion for Relief from the Automatic Stay;
(b) Set this matter for an evidentiary hearing;
(c) Allow continuation of the automatic stay pending reaffirmation negotiations and the conclusion of an evidentiary hearing; and
(d) Grant such further relief as is just and equitable.

Respectfully submitted,


/s/ David Choate Hughes II
Debtor, *Pro Se*
2812 Pat Tillman Drive
Springfield, Illinois 62711
(217) 416 - 5059
davidchoatehughes@gmail.com

Date: 3/2/2026

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF ILLINOIS – SPRINGFIELD DIVISION**

In Re:

DAVID CHOATE HUGHES II, Debtor.

Case No. 25-70566

Chapter 11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3rd, 2026, I caused a true and correct copy of the foregoing **OBJECTION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR EVIDENTIARY HEARING,** to be served by U.S. MAIL upon the following parties:

James A. Salinas, U.S. Trustee

Office of the United States Trustee

401 Main Street, Suite 1100

Peoria, IL 61602


Megan Shaw, Trial Attorney

Office of the United States Trustee

401 Main Street, Suite 1100

Peoria, IL 61602


Credit One Bank

PO Box 98873

Las Vegas, NV 89193-8873


Mercury Card Services

PO Box 84064

Columbus, GA 31908-4064

Ally Bank

Resurgent Capital Services

Greenville, SC 29603-0368


Wells Fargo Card Services

PO Box 9187

Minneapolis, MN 55480-9920


Navy Federal

PO Box 3000

Merrifield, VA 22119-3000


Goldman Sachs Bank, Lockbox 6112

PO Box 7247

Philadelphia, PA 19170-6112


Onslow Bay Financial LLC

PO Box 65250

Salt Lake City, UT 84165-0250


John Michael Cohan

PO Box 6693

Jacksonville, Florida 32236-6693


Illinois Department of Revenue

Bankruptcy Unit

PO Box 19035

Springfield, Illinois 627949035

Springfield

226 US Courthouse

600 E Monroe Street

Springfield, Illinois 62701-1626


Wells Fargo Card Services

PO Box 9187

Minneapolis, MN 55480-9187


American Express National Bank

c/o Becket and Lee LLP

PO Box 3001

Malvern, PA 19170-6112


Lendsure Mortgage Corp.

c/o McCalla Raymer Leibert Pierce, LLP

1N Dearborn Suite 1200

Chicago, Illinois 60602-4337


Ally

PO Box 9222

Old Bethpage, New York 11804-9222


Internal Revenue Service

PO Box 7346

Philadelphia, PA 19101-7346

Calvary SPV I, LLC and assignee of Citibank,

PO Box 4252

Greenwich, CT 06831-0405

I H Mississippi Valley Credit Union

2121 47th Street

Moline, IL 61265-3663


Selia Tucker, Inc.

400 Padras Street, Ste 1460

New Orleans, LA 70130


Quantum3 Group LLC as agent for Mercury Financial First

Bank & Trust

PO Box 788

Kirkland, WA 98083-0788


Aaron Cohan, in his capacity as Chapter 7 Trustee

c/o Raye Elliott, Esq.

Akerman LLP

401 East Jackson Street, Suite 1700

Tampa, FL 33602


Illinois Department of Revenue

Bankruptcy Section, PO Box 19035

Springfield, Illinois 62794-9035


Respectfully Submitted,

*[signature]*

3/2/2026

David Choate Hughes II

Pro Se Debtor

2812 Pat Tillman Drive

Springfield, Illinois 62711

davidchoatehughes@gmail.com

Exhibit A: Proof of Insurance