IN THE UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

SPRINGFIELD DIVISION

**FILED**

**U.S. Bankruptcy Court**
**Central District of Illinois**

5/5/2026  3:39 PM

**Adrienne D. Atkins, Clerk**

In re:

DAVID CHOATE HUGHES II,                    Case No. 25-70566

Chapter 7

Debtor.

DEBTOR'S MOTION TO RECONSIDER ORDER DENYING EXEMPTIONS

COMES NOW the Debtor, David Choate Hughes II, appearing pro se, and respectfully
moves this Court, pursuant to Federal Rule of Bankruptcy Procedure 9024 and Federal Rule
of Civil Procedure 60(b)(1), to reconsider and vacate the portion of the Order Denying
Exemptions entered on April 28, 2026, that sustained the United States Trustee's objection to
the Debtor's Amended Schedule C. In support of this Motion, the Debtor states as follows:

I. INTRODUCTION

1 On or about March 17, 2026, the Debtor filed an Amended Schedule C (Doc. 122) claiming
exemptions under Illinois law.

2 The United States Trustee filed an Objection to the Debtor's Amended Schedule C (Doc.
138).

3 The Court set the Objection for hearing on April 28, 2026.

4 On April 28, 2026, the Court entered its Order Denying Exemptions, sustaining the
Objection and denying the exemptions claimed on the Debtor's Amended Schedule C.

5 The Order further provides that, within thirty (30) days of entry, the Debtor shall file the
necessary amendments, including Amended Schedule C, and notes that nothing in the Order
changes the application of Federal Rule of Bankruptcy Procedure 1009(a)(1).

6 The Debtor respectfully seeks reconsideration because his failure to appear and respond
was the result of excusable neglect, not bad faith or willful disregard of the Court's process.

## II. GROUNDS FOR RECONSIDERATION

7 The Court may grant relief from an order based on mistake, inadvertence, surprise, or excusable neglect.

8 The Supreme Court has held that "excusable neglect" is an equitable concept that may include negligence or inadvertence, and requires consideration of all relevant circumstances, including prejudice, length of delay, reason for delay, and good faith.

9 The Debtor's failure to appear at the April 28, 2026, hearing and failure to file a written response were the result of excusable neglect for several independent reasons.

## III. EXCUSABLE NEGLECT

### A. Contemporaneous Family-Court Hearing Conflict (Exhibit A)

10 On April 28, 2026, the same date and time as the bankruptcy hearing, the Debtor had a scheduled family-court hearing before Judge Ascher in Sangamon County.

11 That conflict materially affected the Debtor's ability to appear in this Court on April 28, 2026.

12 The Debtor did not intend to ignore this Court or abandon the objection process; rather, he was simultaneously required to attend another court proceeding at the same time.

13 The existence of that conflict supports a finding that the Debtor's nonappearance was not willful and was caused by circumstances beyond his practical control.

### B. Trustee Communications Led the Debtor to Believe the Exemption Objections Would Not Be Pursued (Exhibit B)

14 The Debtor also reasonably believed that the exemption objections would not be pursued after verbal and written communications from Chapter 7 Trustee Robert E. Eggmann.

15 In email correspondence attached as Exhibit B, Trustee Eggmann stated, with respect to the Debtor's Amended Schedule C, that he had "no objections" to it.

16 The Debtor reasonably relied on that communication in concluding that the exemption issues were being resolved cooperatively and would not remain contested in the manner reflected in the Objection.

The Debtor did not act in bad faith. He acted in reliance on the Trustee's written statements and believed that the exemption dispute was no longer being actively opposed.

## C. The Debtor Was Actively Working to Update the Schedules and Administer the Estate (Primary Residence Sale).

The Debtor has been working diligently to sell his primary residence, to update the schedules, and to address the issues raised in the case.

The Debtor was not attempting to delay the proceeding or frustrate the administration of the estate.

To the contrary, the Debtor was actively trying to complete the necessary filings and to cooperate in the orderly resolution of the case, including by communicating with the Trustee concerning the amended schedules and exemptions.

The Debtor respectfully advises the Court that he is continuing to work diligently on updating the schedules and expects to complete the remaining revisions promptly.

## IV. LACK OF PREJUDICE AND GOOD FAITH

Reconsideration will not unfairly prejudice the United States Trustee or the estate.

The Order already contemplates further amendments within thirty (30) days, which confirms that the exemption issues remain capable of being addressed on the merits.

The Debtor is prepared to file a corrected Amended Schedule C that responds to the concerns raised in the Objection and to do so promptly if the Court grants relief.

The Debtor's conduct reflects good faith, not strategic delay or disregard of the Court's authority.

## V. REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that this Court:

A. Reconsider the Order Denying Exemptions entered April 28, 2026;

B. Vacate the portion of the Order sustaining the United States Trustee's Objection and denying the exemptions claimed on the Debtor's Amended Schedule C;

C. Grant such further relief as may be just and proper, including permitting the Debtor to file a corrected Amended Schedule C consistent with the Court's April 28, 2026, Order; and

D. Decide this Motion on the papers without the necessity of a hearing unless the Court determines oral argument would assist the Court.

Respectfully submitted this 5th day of May, 2026.

/s/ David Choate Hughes II

David Choate Hughes II, Pro Se

2812 Pat Tillman Drive

Springfield, Illinois 62711 (USPS is still accepting mail at this address and holding for me until I have a new address, which at this time I do not. I will provide a new address as soon as I am able).

(217) 416-5059

davidchoatehughes@gmail.com

Exhibit A – Order Approving Child Support and Contemporaneous Court Conflict

Exhibit A is a true and correct copy of an Order Approving Child Support reflecting that the Debtor was required to appear in a separate court proceeding on the morning of April 28, 2026, at 8:00 a.m., which directly conflicted with the scheduled hearing in this matter. The Debtor provides this Exhibit to demonstrate that his failure to appear was due to a bona fide scheduling conflict and not willful disregard of this Court's proceedings. The Debtor further advises the Court that issues relating to administration of the child support obligation within the bankruptcy estate remain unresolved, as the Chapter 7 Trustee has indicated he lacks authority to disburse such funds absent further order. A separate motion addressing that issue will be filed promptly by the Debtor.



# In The Circuit Court
## For The Seventh Judicial Circuit of Illinois
## Sangamon County, Springfield, Illinois

# PROOF OF SERVICE

JENNIFER R. HUGHES

    VS.                                   Case Number: 2015-D-000009

DAVID C. HUGHES II

The undersigned certifies that service of the foregoing,
along with a copy of:

Docket Entry Dated April 28, 2026

Entry Regarding Trial

Referred to herein, was made by enclosing a true copy thereof
plainly addressed to:

DAVID C. HUGHES II
2812 PAT TILLMAN DR
SPRINGFIELD, IL

On the following date:  04/28/2026

Sent by US Mail to the address listed above:   Yes

Sent by electronic mail:

To the following e-mail address:

Sangamon County Circuit Clerk

By Deputy Clerk:   AFI

By Deputy Clerk:

Sangamon County Circuit Clerk

JOE ROESCH
SANGAMON COUNTY, CLERK OF CIRCUIT COURT
200 SOUTH 9TH STREET ROOM 405
SPRINGFIELD, IL 62701

---

Case: 2015-D-000009        Type: Dissolution Marriage      Assigned Judge: ASCHER
Filed: 01/06/2015          Status: Cause Stricken           Report: Terminated

|            | Case Participant       | Attorney           |
|------------|------------------------|--------------------|
| Plaintiff  | JENNIFER R. HUGHES     | Lead: ROLAND CROSS |
| X Deleted  | JENNIFER R. HUGHES     | Lead: ROLAND CROSS |
|            | vs.                    |                    |
| Defendant  | DAVID C. HUGHES        | Pro Se             |
| X Deleted  | DAVID HUGHES           |                    |
| Respondent | JANELLE JENNINGS       | Pro Se             |

04/28/2026 Entry Regarding Trial

Petitioner present in person, self-represented. Respondent present via telephone, self-represented. Cause comes on Petitioner's Motion to Modify Child Support. Witnesses sworn and evidence received. Respondent testified that he sold his residence for $726,000. Respondent does not have the Closing Statement. Respondent states that he owed approximately $375,000.00 on the residence. Respondent is in bankruptcy. Petitioner's Financial Affidavit is included in evidence. Commencing April 1, 2025, Respondent shall pay $700.00 per month as and for child support. The child support arrearage through April, 2026 is $9,100.00. This amount shall be paid immediately from house proceeds/bankruptcy to Petitioner. The remaining 16 months of child support ($700.00 per month) or $11,200.00, shall be paid monthly by the 1st of each month commencing May 1, 2026. These funds shall be held in trust or escrow by the bankruptcy court. Respondent shall ensure that the minor child has health insurance and shall additionally pay school lunch fees. Petitioner is awarded the minor child for all federal and state income tax purposes for all tax years. Cause stricken.
CLERK DIRECTED TO SEND A COPY OF THIS DOCKET ENTRY TO PETITIONER AND RESPONDENT
Judge: ASCHER  Clerk: AF

Exhibit B – Correspondence with Chapter 7 Trustee Demonstrating Good Faith and Cooperation

Exhibit B is a true and correct copy of written correspondence between the Debtor and Chapter 7 Trustee, Robert E. Eggmann, regarding the Debtor's financial disclosures, amended schedules, and claimed exemptions.

This correspondence is submitted to demonstrate the Debtor's good faith, transparency, and ongoing cooperation with the Chapter 7 Trustee. At the outset of the communications, the Debtor proactively notified the Trustee of a change in status regarding an anticipated IRS refund, including that the IRS had identified an error resulting in a larger refund than previously expected. The Debtor brought this matter to the Trustee's attention promptly and sought guidance as to the proper treatment of those funds, reflecting an effort to ensure full disclosure and compliance.

The correspondence further reflects that the Trustee invited the Debtor to submit draft amended schedules for review and indicated he would provide feedback to help the Debtor address concerns and avoid further objections. After reviewing the Debtor's Amended Schedule C, the Trustee stated: "I have looked at your Amended Schedule C and I do not have any objections to it."

The Debtor submits this Exhibit cautiously and does not intend to attribute any position to the Chapter 7 Trustee beyond the express statements contained in the written correspondence. The Debtor acknowledges that the Chapter 7 Trustee and the Office of the United States Trustee are separate parties.

However, based on the Trustee's written statement that he had no objections to the Amended Schedule C, together with the surrounding communications and discussions, the Debtor formed a reasonable understanding that the exemption issues had been addressed from the estate's perspective. In general discussions, the Debtor understood that where the Chapter 7 Trustee did not maintain objections, issues were often considered resolved at that level; however, the Debtor does not attribute any specific statement beyond the written record.

In reliance on that understanding, and in the absence of any indication that the matter would proceed in a contested posture, the Debtor did not anticipate that the exemption issues would be actively disputed at the scheduled hearing. The Debtor's failure to appear was an honest, good-faith mistake under the circumstances and not the result of willful disregard of this Court's proceedings.

Case 25-70566    Doc 334    Filed 05/05/26    Entered 05/05/26 16:08:25    Desc Main
Document    Page 9 of 14



**David Choate <davidchoatehughes@gmail.com>**

---

## IRS Refund and Vehicle Situation

8 messages

---

**David Choate** <davidchoatehughes@gmail.com>          Fri, Mar 13, 2026 at 11:19 AM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

Dear Mr. Eggmann,

I wanted to follow up regarding the IRS notice I received indicating that the IRS corrected my 2022 return and that a refund of approximately $15,132 will be issued. I have not received the refund check yet, but it should be here soon, according to the IRS letter.

As you know, the vehicle loan is upside down (approximately $13.5K), and the estate has already abandoned the vehicle. Unfortunately, the loan has fallen behind, and the lender has indicated that repossession will occur if the account is not brought current by the hearing on the 24th of this month.

Losing the vehicle would create significant difficulty for me in continuing to maintain the property and cooperate with the estate while the house is being prepared for sale.

If acceptable, my intent would be to use the refund to bring the vehicle loan current and preserve transportation. Any remaining funds would remain available pending further discussion regarding the estate's position.

Please let me know your thoughts. The estate benefits from the car not being repossessed.

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

---

📄 **Tax Return 2022 Child Tax Credit Error.pdf**
4583K

---

**Robert E. Eggmann** <ree@carmodymacdonald.com>          Mon, Mar 16, 2026 at 11:31 AM
To: David Choate <davidchoatehughes@gmail.com>
Cc: "Krista J. Doiron" <kxd@carmodymacdonald.com>

Mr. Hughes,

Thank you for your email and for providing copies of your 2022 tax returns along with the IRS correspondence. I appreciate you keeping me updated on the status of your refund and the vehicle situation.

After reviewing your documents, I've concluded that the full refund amount of $15,132 is exempt as Additional Child Tax Credit. However, in order to properly claim this exemption, you will need to file an amended Schedule B to reflect this asset, as well as an amended Schedule C to claim the exemption. While you are preparing your amended Schedule C, I encourage you to also address the objections previously raised by the Office of the United States Trustee.

Before you submit your amended Schedule C, please send me a draft version. This will give me the opportunity to review it and let you know whether I agree with the way you've addressed the objections, or if there are any remaining concerns. While I am unable to provide legal advice, I will share my position in an effort to help you avoid further objections to your exemptions.

Please let me know if you have any questions or need clarification on these next steps. I look forward to your draft and appreciate your efforts in resolving these matters.

Rob



**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

[Quoted text hidden]

---

**David Choate** <davidchoatehughes@gmail.com>        Mon, Mar 16, 2026 at 11:41 AM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

Mr. Eggman... I cannot possibly thank you enough for looking into the matter!!!! I am on my way to pay the filing fee of $34.00 for the expanded creditor matrix. I will get back from that and get to work immediately on the schedules for your review.

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

[Quoted text hidden]

---

**David Choate** <davidchoatehughes@gmail.com>        Tue, Mar 17, 2026 at 3:44 PM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

Robert,

I've updated my Schedule C/AB and used the Illinois wildcard exemption in two places—firearms and general personal property. I have also gone back through everything to ensure I am only citing Illinois exemption statutes.

Per your earlier email, I wanted to send this over for your review to confirm there are no issues with how the exemptions are claimed or cited.

My goal is to keep this clean and consistent, avoid any objections, and have the residence sale handle all secured/unsecured creditors and other commissions/fees for all parties, as it more than covers everything.

I still need to update the section regarding potential claims, but I wanted to get your feedback on the exemptions first.

Please let me know if anything gives you pause or needs to be corrected.

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

On Mon, Mar 16, 2026 at 11:31 AM Robert E. Eggmann <ree@carmodymacdonald.com> wrote:
[Quoted text hidden]

**2 attachments**

 **b_106c_0425-form_completed_amended_3_17_2026.pdf**
265K

 **amended form_b106ab_3_17_2026.pdf**
354K

**Robert E. Eggmann** <ree@carmodymacdonald.com>                    Wed, Mar 18, 2026 at 6:59 AM
To: David Choate <davidchoatehughes@gmail.com>
Cc: "Krista J. Doiron" <kxd@carmodymacdonald.com>

David,

I have looked at your Amended Schedule C and I do not have any objections to it.

I do have a question on your Schedule A/B, did you ever list the Alabama properties?

[Quoted text hidden]

**David Choate** <davidchoatehughes@gmail.com>                    Wed, Mar 18, 2026 at 9:09 AM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

Case 25-70566    Doc 334    Filed 05/05/26    Entered 05/05/26 16:08:25    Desc Main
Document    Page 12 of 14

Rob,

That is great news. I'll add the other broadened claims to it and get it turned in today. Your voicemail said you had court this morning. Is there a few minutes we can talk this afternoon? I have a few questions. Regarding the Alabama properties, I provided a separate attachment with my original filing. I will find it and send you a copy.

On another note, I did complete the added matrix as the judge wanted. I paid the $34.00 filling fee for it yesterday, so we should be good to go, setting a deadline.

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

[Quoted text hidden]

---

**Robert E. Eggmann** <ree@carmodymacdonald.com>        Wed, Mar 18, 2026 at 12:49 PM
To: David Choate <davidchoatehughes@gmail.com>

How about 1:30?



**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Wednesday, March 18, 2026 9:09:16 AM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
[Quoted text hidden]

[Quoted text hidden]

---

Case 25-70566    Doc 334    Filed 05/05/26    Entered 05/05/26 16:08:25    Desc Main
Document        Page 13 of 14

**David Choate** <davidchoatehughes@gmail.com>                    Wed, Mar 18, 2026 at 12:50 PM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

That works great,t and I will call you.
Thank you and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

[Quoted text hidden]

CERTIFICATE OF SERVICE

I hereby certify that on May 5th, 2026, I caused a true and correct copy of the foregoing
DEBTOR'S MOTION TO RECONSIDER ORDER DENYING EXEMPTIONS to be served
by email and/or electronic filing upon the following parties:


Chapter 7 Trustee:
Robert E. Eggmann: ree@carmodymacdonald.com
Carmody MacDonald P.C.
120 S. Central Ave., Ste. 1800
St. Louis, MO 63105

Office of the United States Trustee:
James A. Salinas: james.salinas@usdoj.gov
401 Main Street, Suite 1100
Peoria, IL 61602


Date: May 5th, 2026
/s/ David Choate Hughes II
David Choate Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711 (USPS is still accepting mail at this address and holding for me
until I have a new address, which at this time I do not. I will provide a new address as soon as
I am able).

Email: davidchoatehughes@gmail.com

Phone: (217) 416-5059
Debtor, Pro Se