UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

**FILED**

**U.S. Bankruptcy Court**
**Central District of Illinois**

5/22/2026  1:19 PM

**Adrienne D. Atkins, Clerk**

In re:

Case No. 25-70566

DAVID CHOATE HUGHES, II, Chapter 7

Debtor.

DEBTOR'S MOTION TO COMPEL DISCLOSURE OF INSURANCE INFORMATION,
REQUIRE LIMITED ACCOUNTING, AND ENTER INTERIM PRESERVATION RELIEF
REGARDING DISPUTED ALABAMA PROPERTY PROCEEDS, WITH REQUEST
FOR EXPEDITED HEARING

Now comes the Debtor, David Choate Hughes, II, pro se, and respectfully moves this Court for entry of an order requiring limited disclosure and interim preservation relief concerning the Alabama properties and related proceeds presently under review by the Chapter 7 Trustee and special counsel. In support of this Motion, the Debtor states as follows:

## 1. Background

1.  This Motion concerns twenty-six but not limited to, parcels of real estate in Clanton, Alabama, together with related rents, proceeds, insurance, cash, deposit accounts, and other monetary value associated with those properties.

2.  The Trustee and special counsel have advised that their review of the Alabama properties is ongoing and that they have not yet completed a final determination concerning the estate's interest, in those properties and related collateral.

3.  The Debtor does not ask this Court in this Motion to make a final ruling on title, ownership, lien priority, or the ultimate extent of any estate interest. The Debtor seeks only interim relief to preserve disputed value and obtain basic information needed to avoid unnecessary loss or dissipation.

4.  On December 29, 2025, the Circuit Court of Chilton County, Alabama, entered an order in Mims-IPR, LLC v. Genie Investments, LLC et al., Case No. CV-2025-900132.00, stating that the property and assets subject to that action were frozen and not to be used, transferred, modified, or otherwise touched, and staying the matter pending bankruptcy proceedings.

5.  On April 7, 2026, this Court entered an order authorizing the Trustee to employ Jeremy L. Retherford and Balch & Bingham LLP as special counsel for the limited purpose of addressing issues related to the Alabama properties, including the estate's possible interest in those parcels and related litigation.

6.  On May 8, 2026, Trustee Robert E. Eggmann stated in email communications that the Alabama-property review was still underway and that special counsel would provide further review and an opinion regarding the estate's interest, direct or in-direct, if any.

7.  The Debtor has also provided the parties with a UCC-1 financing statement and related collateral documents referencing accounts, money, deposit accounts, contract rights, rights to payment, proceeds, rents, profits, and insurance proceeds. The Debtor references those materials here only to support the request for interim preservation and accounting relief.

## 2. Requested Relief

8.  The Debtor requests an order directing the Trustee and special counsel to take reasonable steps to obtain from MIMS IPR, LLC and Mitchell Mims, within seven days or such other time as the Court deems appropriate, the following insurance information for the Alabama properties:

a. the identity of each insurance carrier;

b. each policy number;

c. the named insureds and any additional insureds;

d. the effective dates and expiration dates of each policy;

e. premium amounts;

f. payment history for premiums;

g. any cancellation, lapse, or nonrenewal notices; and

h. any available declarations pages or equivalent policy summaries.

9.  The Debtor further requests an order requiring the Trustee, within fourteen days or such other time as the Court deems appropriate, to provide a limited accounting or status report identifying, to the extent known at that time:

a. rents received;

b. deposits and disbursements;

c. proceeds or other funds derived from the Alabama properties;

d. insurance-related payments;

e. any accounts holding such funds; and

f. the general nature of any fees or expenses incurred to date in connection with the Alabama-property review and related special counsel work.

10. The Debtor also requests an order requiring that rents, proceeds, cash, deposit account funds, and other monetary value associated with the disputed Alabama properties and related collateral be preserved and not transferred, spent, commingled, or otherwise dissipated absent further order of the Court.

11. If the Court prefers not to enter a preservation order in that form, the Debtor requests alternative relief requiring that such funds be maintained in a separate restricted account, with disbursements limited to necessary preservation expenses approved by the Court or otherwise authorized by further order.

12. The Debtor further requests that the Trustee and special counsel file a limited status report stating whether, after completion of their current review, they contend the estate has no direct or indirect interest in the Alabama properties, rents, proceeds, insurance, cash, deposit accounts, or related collateral, or whether additional issues remain under review.

13. The Debtor requests that the Court set this matter for an expedited hearing so the requested interim relief may be considered before any disputed value is lost or dissipated.

**3. Why the Requested Relief Is Appropriate**

14. The relief requested is narrow and practical. It is designed to preserve the status quo while the Trustee's and special counsel's review is pending.

15. The request for insurance information and a limited accounting is intended to prevent avoidable loss, duplication, or delay and to allow the parties and the Court to understand the current status of the disputed property-related value.

16. The request for preservation of proceeds is intended to ensure that funds potentially tied to the Alabama properties remain available until the Court can address the issues after the Trustee's review is complete. The Honorable Judge Joy Booth, issued an order freezing all assets of Mims-IPR, LLC on Dec. 29th, 2026, despite this order, the Debtor, upon belief, believes that rents and income into Mims bank accounts are being spent based on a filing by Mims-IPR LLC counsel, Laura Gibson, Esq.

17. The request for a limited fee and expense status report is intended to provide transparency concerning the cost of the ongoing review without seeking a full audit of estate administration in this Motion.

18. The Debtor does not seek final determination of the underlying disputes in this Motion. The Debtor seeks only interim relief that will maintain the value of the disputed assets and allow the Court to address the issues on a complete record.

**4. Prayer for Relief**

WHEREFORE, the Debtor respectfully requests that this Court enter an order:

A. directing the Trustee and special counsel to obtain and disclose the insurance information described above;

B. requiring the Trustee to provide the limited accounting or status report described above;

C. requiring that rents, proceeds, cash, deposit account funds, and other monetary value associated with the disputed Alabama properties and related collateral be preserved and not dissipated absent further order of the Court;

D. in the alternative, requiring that such funds be maintained in a separate restricted account subject to Court oversight;

E. requiring the Trustee and special counsel to provide a limited status report concerning the current review and any remaining issues;

F. requiring the Trustee and special counsel to provide a limited report of fees and expenses incurred to date in connection with the Alabama-property review and related special counsel work;

G. setting this matter for expedited hearing; and

H. granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2026

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II, pro se
3309 Robbins Rd PMB 160
Springfield, IL 62704
217.416.5059
davidchoatehughes@gmail.com

## CERTIFICATE OF SERVICE

I, David Choate Hughes, II, declare under penalty of perjury that on 5/22/2026, I served a true and correct copy of the following document:

DEBTOR'S MOTION TO COMPEL DISCLOSURE OF INSURANCE INFORMATION, REQUIRE LIMITED ACCOUNTING, AND ENTER INTERIM PRESERVATION RELIEF REGARDING DISPUTED ALABAMA PROPERTY PROCEEDS, WITH REQUEST FOR EXPEDITED HEARING

on the parties listed below by the methods indicated:

1.  Robert E. Eggmann, Chapter 7 Trustee
    Carmody MacDonald P.C.
    120 S. Central Avenue, Suite 1800
    St. Louis, MO 63105
    Served by email to: ree@carmodymacdonald.com on 5/12/2026 & 5/13/2026

2.  United States Trustee
    Office of the United States Trustee
    401 Main Street, Suite 1100
    Peoria, IL 61602
    Served by email to: james.salinas@usdoj.gov on 5/12/2026 & 5/13/2026


Date: 5/22/2026

/s/ David Choate Hughes II

David Choate Hughes II

3309 Robbins Rd PMB 160

Springfield, IL 62704

Debtor, Pro Se

Email: davidchoatehughes@gmail.com

Phone: (217) 416 - 5059