**IT IS SO ORDERED.**

**SIGNED THIS: May 26, 2026**

_____

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:      DAVID CHOATE HUGHES II,            Case No.       25-70566

                    Debtor.              Chapter 7

**ORDER**

The following having been filed:

1)      Debtor's Motion to Compel Disclosure of Insurance
        Information, Require Limited Accounting, and Enter
        Preservation Relief Regarding Disputed Alabama Property
        Proceeds, with Request for Expedited Hearing (#368)

    IT IS ORDERED THAT:

Matter      Action

1.      The Debtor's Motion to Compel Disclosure of Insurance
        Information, Require Limited Accounting, and Enter Preservation
        Relief Regarding Disputed Alabama Property Proceeds, with
        Request for Expedited Hearing (#368) ("Motion") is denied.

        On October 31, 2025, this Court dismissed an adversary
        proceeding (Adv. No. 25-07011) brought by the Debtor, as debtor-
        in-possession, relating to the Alabama properties that are the

subject of the present Motion. In dismissing the adversary proceeding, the Court abstained from hearing specific causes of action asserted "and all other matters relating to litigation in Alabama state court to which the Debtor David Choate Hughes II is a party." And in furtherance of that ruling, the Court also entered an order (#128) in the bankruptcy case *sua sponte* granting relief from the automatic stay to allow the litigation in Alabama state court to proceed. This Court having abstained from hearing matters relating to the Alabama litigation and granted relief from the automatic stay to allow the litigation to move forward there, the relief requested in the Motion filed here should be sought, if at all, from the Alabama court rather than this Court. Further, as explained below, it is only the Trustee and not the Debtor who may seek any such relief at this time.

Since the dismissal of the Debtor's adversary proceeding here, the case has converted to Chapter 7. With the conversion came the appointment of a Chapter 7 Trustee who is now the representative of the Debtor's bankruptcy estate with the capacity to sue and be sued. 11 U.S.C. §323. As the Motion notes, the Trustee has employed special counsel to evaluate and address the estate's potential interest in the Alabama properties that are the subject of the Alabama litigation. The Trustee's evaluation of such matters is underway and ongoing. If relief is warranted, the Trustee may seek appropriate relief as he deems appropriate. There is no authority for this Court to supervise or micromanage the Trustee as the Debtor requests.

Go to *www.ilcb.uscourts.gov* for information regarding
This court's mandatory electronic filing policy.
###