**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S MEMORANDUM OF LAW IN SUPPORT OF**
**AMENDED OBJECTION TO CLAIM 19-1**

COMES NOW Robert E. Eggmann ("Trustee"), chapter 7 trustee for David Choate Hughes, II, by and through the undersigned counsel, and for this *Trustee's Memorandum of Law in Support of Amended Objection to Claim 19-1* respectfully states as follows:

1.      On July 10, 2025 (the "Petition Date"), Debtor David Choate Hughes, II (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of Illinois (this "Court").  Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code pursuant to an *Order of Conversion* [Docket No. 196] entered by this Court on February 10, 2026.

2.      On February 11, 2026, Trustee was appointed trustee in Debtor's chapter 7 bankruptcy case.

3.      On June 18, 2026, Jennifer Dowd, Debtor's former spouse ("Ms. Dowd") filed Claim 19-1 seeking the immediate payment of a claim for court-ordered child support in the amount of $20,300.00. The attachment to Claim 19-1 purports to be an Order entered on June 8, 2026 by the Circuit Court for the Seventh Judicial Circuit, Sangamon County, Illinois (the "State Court") in Case No. 2015 D 9, evidencing a child support obligation owed to Ms. Dowd for

arrearages through April 2026 in the amount of $9,100.00 and additional post-petition and future child support obligations from May 2026 through August 2027 totaling $11,200.00.

4.      While Trustee has no objection to the payment of allowable pre-petition child support arrearages in the ordinary course of the administration of the bankruptcy estate, Trustee objects to Claim 19-1 to the extent that it seeks the *immediate* payment of any amount to Ms. Dowd and to the extent that it seeks the payment of post-petition child support arrearages and future child support payments as such obligations are collectible from Debtor directly and not from the bankruptcy estate.

5.      For the foregoing reasons, Trustee seeks an order of this Court denying the claim set forth by Ms. Dowd in Claim 19-1.

### **Legal Argument**

6.      The Bankruptcy Code and Bankruptcy Rules set forth a procedural mechanism for participation in the distribution of estate assets in a chapter 7 case. A claim is deemed allowed where it is valid, its priority is determined, and it has been quantified. 11 U.S.C. § 502. Timely objections to claims are resolved by the court. *Id*. Claim allowance is a core matter within the bankruptcy court's jurisdiction and essential to the administration of the bankruptcy case. 28 U.S.C. § 157(b)(2)(B).

7.      Priority status is given to allowed domestic support obligations that are owed or recoverable as of the date of the petition. 11 U.S.C. § 507(a)(1)(A). The term "domestic support obligation" ("DSO") is defined, in pertinent part, as "a debt that accrues before, on, or after the date of the order for relief . . . that is owed to or recoverable by a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative." 11 U.S.C. § 101(14A)(A)(i).

8. A DSO claim shall be disallowed to the extent that "such claim is for a debt that is unmatured on the date of the filing of the petition and that is excepted from discharge under section 523(a)(5) of this title.[1]" 11 U.S.C. § 502(b)(5).

9. Thus, while unpaid pre-petition debts for DSOs have first priority under the claims distribution scheme, the Bankruptcy Code mandates that a post-petition unmatured debt for a DSO shall be disallowed. *See Anderson v. Speaks (In re Cox)*, 200 B.R. 706, 709 (Bankr. N.D. Ga. 1996) (internal citations omitted) (the court rejected payment of a claim for unmatured future child support payments, acknowledging that "Congress clearly intended that postpetition [future] support obligations were to be paid out to the debtor's postpetition income, and not from estate property."); *White v. Bell (In re White)*, 212 B.R. 979, 984 (B.A.P. 10th Cir. 1997) (where future monthly payments of child support under a marital settlement were not yet due, the spouse's claim was disallowed to the extent it was for post-petition support); *In re Peel*, 725 F.3d 696, 701 (7th Cir. 2013) (pursuant to section 502(b)(5) of the Bankruptcy Code, an ex-wife's claim for marital settlement payments was limited to the amount due to her on the petition date); and *In re Anderson*, 62 B.R. 448, 458-59 (Bankr. D. Minn. 1986) (post-petition maintenance arrearages are not an allowable claim). The purpose of disallowance under section 502(b)(5) is "to prohibit claimants with nondischargeable domestic support obligations, which will accrue after the commencement of the bankruptcy case, from sharing in a distribution of the estate's assets as such claimants have the right to pursue the debtor personally and pursue property exempt from the bankruptcy estate and property acquired by the debtor after bankruptcy." 1 Bankr. Law Manual § 6:16 (5th ed., Dec. 2025) (citing H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 351-354, reprinted in U.S.C.C.A.N. 5963, 6307-6310).

---

[1] Section 523(a)(5) of the Bankruptcy Code applies specifically to DSOs.

10.     To the extent that Debtor has a post-petition or future DSO owed to Ms. Dowd, it is not payable through any property of the bankruptcy estate. As demonstrated by legal precedents on point, it must be paid with Debtor's post-petition income.

11.     To the extent that Debtor has a pre-petition debt arising from a DSO, it may be allowable as a priority claim; however, Ms. Dowd must provide evidence as to the amount and validity of such a claim.

12.     The State Court's attempt to dispose of property of the bankruptcy estate and not of the Debtor, is prohibited by the automatic stay. Accordingly, any State Court order seeking to distribute property of the estate is void *ab initio*. *See In re Herter*, 456 B.R. 455, 476-77 (Bankr. D. Idaho 2011); and *In re Wardrobe*, 559 F.3d 932, 934 (9th Cir. 2009).

13.     For all of the foregoing reasons, Trustee respectfully requests this Court enter its Order denying Claim 19-1 for the reasons stated herein above.

WHEREFORE, the premises considered, Trustee Robert E. Eggman prays this Court enter its Order as follows:

a.   denying Claim 19-1; and

b.   for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C

By: /s/ *Robert E. Eggmann*
ROBERT E. EGGMANN (IL Bar #6203021)
THOMAS H. RISKE (IL Bar #6301953)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 // (314) 854-8660 – FAX
ree@carmodymacdonald.com
thr@carmodymacdonald.com

ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served electronically on all parties scheduled on the Court's ECF Notice List on this 23rd day of June, 2026 as follows:

Allison Walsh on behalf of IH Mississippi Valey Credit Union at aew@brookslawfirmpc.com

Dana N. O'Brien on behalf of LendSure Mortgage Corp at dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of LendSure Mortgage Corp at kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Thomas H. Wilson on behalf of MIMS-IPR LLC and Mitchell Mims at thw@heplerbroom.com

Gregory D. Latham on behalf of Michelle Seiler Tucker at glatham@iplawconsulting.com

US Trustee at USTPRegion10.PE.ECF@usdoj.gov , james.salina@usdoj.gov

and

was served upon creditors and interested parties in the above-captioned cause by enclosing the same in an envelope addressed to each party at their addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid on the 23rd day of June, 2026 as follows:

Jennifer Dowd
57 Country Place
Springfield IL 62703

/s/ Krista Doiron

5