**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 |
| | ) | |
| Debtor. | ) | Adversary Case No. |
| | ) | |
| | ) | |
| ROBERT E. EGGMANN, | ) | |
| Solely in his Capacity as Chapter 7 Trustee | ) | |
| for David Choate Hughes II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, | ) | |
| | ) | |
| Serve: Any Officer at | ) | |
| Corporate Headquarters | ) | |
| One State Farm Plaza | ) | |
| Bloomington, IL  61710 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Serve: Registered Agent | ) | |
| Corporation Service Company | ) | |
| 801 Adlai Stevenson Drive | ) | |
| Springfield, IL 62703 | ) | |
| | ) | |
| Defendant. | ) | |

**TRUSTEE'S ADVERSARY COMPLAINT TO COMPEL TURNOVER OF PROPERTY**
**OF THE BANKRUPTCY ESTATE, PURSUANT TO 11 U.S.C. § 542(a)**

COMES NOW Plaintiff Robert E. Eggmann, trustee in bankruptcy for David Choate Hughes II, by and through the undersigned counsel, pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure, and for *Trustee's Adversary Complaint to Compel Turnover of Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 542(a)* against Defendant State Farm Fire and Casualty Company respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      The filing of this *Trustee's Adversary Complaint to Compel Turnover of Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 542(a)* (this "Complaint") commences an adversary proceeding within the meaning of Rule 7001(a) of the Federal Rules of Bankruptcy Procedure, seeking to recover property of the bankruptcy estate from Defendant State Farm Fire and Casualty Company.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as this proceeding arises in the above-captioned chapter 7 bankruptcy case of Debtor David Choate Hughes II.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408−1409 for the reason that the this bankruptcy case is pending in this judicial district.

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (E).

5.      Plaintiff Robert E. Eggmann consents to the entry of a final order or judgment by the United States Bankruptcy Court in this matter.

**PARTIES**

6.      Plaintiff Robert E. Eggmann ("Plaintiff" or "Trustee"), trustee in bankruptcy of David Choate Hughes II, is the qualified and duly-appointed successor chapter 7 trustee in this bankruptcy case.

7.      Defendant State Farm Fire and Casualty Company ("State Farm" or "Defendant") is an Illinois insurance corporation doing business in the State of Illinois and is a wholly owned subsidiary of State Farm Mutual Automobile Insurance Company. State Farm may be served with process in care of any officer at its corporate headquarters, One State Farm Plaza,

2

Bloomington, IL  61710 and in care of its registered agent, Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, IL 62703.

## BACKGROUND FACTUAL AND PROCEDURAL INFORMATION

8.    On July 10, 2025 (the "Petition Date"), Debtor David Choate Hughes, II (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of Illinois (this "Court").

9.    Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code pursuant to an Order of Conversion entered by this Court on February 10, 2026.

10.    On February 11, 2026, Trustee was appointed as successor trustee in Debtor's chapter 7 bankruptcy case.

11.    On the Petition Date, Debtor owned an interest in certain residential real property located at 2812 Pat Tillman Drive, Springfield, Illinois 62711 (the "Real Estate").

12.    On or about May 20, 2025, prior to the Petition Date, the Real Estate suffered significant hail and windstorm damage, necessitating substantial structural repairs to the roof and pool equipment located there.

13.    At the time that the damage occurred, the Real Estate was insured through State Farm.

14.    State Farm adjusted the initial loss for storm damages sustained at the Real Estate and disbursed two checks related to the damages incurred: (a) a check dated October 10, 2025 in the amount of $20,850.00; and (b) a check dated October 13, 2025 in the amount $3,910.00 (collectively, the "Initial Insurance Payout").

15.    Trustee is in possession of the proceeds of the Initial Insurance Payout.

3

16.    On or about May 4, 2026, Trustee was first informed by State Farm agent and Fire Property Specialist Fritz Ridgeway ("Mr. Ridgeway") that an additional claim had been adjusted related to the storm damages sustained at the Real Estate for roof depreciation in the amount of $9,223.90 (the "Second Insurance Payout" and collectively with the Initial Insurance Payout, the "Insurance Proceeds"). A true copy of the email evidencing the first contact between Mr. Ridgeway and Trustee regarding the Second Insurance Payout is attached hereto as Exhibit 1 and incorporated herein by this reference.

17.    Despite numerous conversations by and between Trustee, Mr. Ridgeway, and other agents of State Farm since May 4, 2026 regarding the bankruptcy estate's interest in the Insurance Proceeds, including but not limited to the Second Insurance Payout, State Farm has failed and refused to pay and deliver the Second Insurance Payout to Trustee.

### COUNT I

**Complaint To Compel Turnover of Property of the Bankruptcy Estate**
**(Against Defendant State Farm)**

COMES NOW Plaintiff Robert E. Eggmann and for Count I of his Complaint against Defendant State Farm respectfully states as follows:

18.    Trustee restates and realleges paragraphs 1 through 17 of this Complaint as if more fully set forth herein.

19.    Section 541 of the Bankruptcy Code provides that the bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

20.    Due to damages to his Real Estate incurred pre-petition, Debtor had an interest in the Insurance Proceeds on the Petition Date. Accordingly, it is Trustee's position that the Insurance Proceeds, including but not limited to the Second Insurance Payout, constitute

property of the bankruptcy estate within the meaning of section 541(a)(1) of the Bankruptcy

Code.

21.     Property owned by the bankruptcy estate but in the possession of a third party at

the commencement of a bankruptcy case is subject to turnover to the trustee. Pursuant to section

542 of the Bankruptcy Code:

> an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

22.     The Bankruptcy Code does not require that such property of the estate first be

recovered by the debtor, but rather:

> [s]ection 541 is intended to include in the estate any property made available to the estate by other provisions of the Bankruptcy Code. One such provision, § 542, is important for present purposes. Titled 'Turnover of property the estate,' § 542 provides, with just a few exceptions, that an entity (other than a custodian) in possession of property of the bankruptcy estate 'shall deliver to the trustee, and account for' that property.

*City of Chicago, Illinois v. Fulton*, 141 S.Ct. 585, 589, 208 L.Ed.2d 384 (2021).

23.     Because Defendant currently has possession, custody, or control of all or a portion

of the Second Insurance Payout, section 542(a) of the Bankruptcy Code requires Defendant to

turn over and deliver the same to Trustee.

24.     Trustee has made repeated demands upon Defendant, through Mr. Ridgeway and

other agents, to turn over the Second Insurance Payout to him; however, Defendant has failed

and refused to do so.

5

WHEREFORE, Plaintiff Robert E. Eggmann, trustee in bankruptcy for David Choate Hughes II, moves this Court enter judgment in his favor and against Defendant State Farm pursuant to 11 U.S.C. § 542, on Count I of this Complaint, ordering Defendant to immediately turn over to Trustee those insurance proceeds related to the roof depreciation incurred in connection with the Real Estate in the amount of $9,223.90,  and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE


By: */s/ Robert E. Eggmann*
ONE OF HIS ATTORNEYS


Robert E. Eggmann, Illinois Bar # 6203021
Thomas H. Riske, Illinois Bar # 6301953
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
thr@carmodymacdonald.com

6

<u>EXHIBIT 1</u>

**From:** Robert E. Eggmann
**Sent:** Monday, May 4, 2026 10:15 AM
**To:** 'HOME CLMS-FIRECLAIMS' <statefarmfireclaims@statefarm.com>
**Subject:** RE: 13-85F7-07G

Okay.  Please call me at 314-854-8638.

**From:** HOME CLMS-FIRECLAIMS <statefarmfireclaims@statefarm.com>
**Sent:** Monday, May 4, 2026 10:08 AM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** 13-85F7-07G

Hello,
The roof's depreciation is 9,223.90
For that to be released we need a verbal contract-over the phone since claim under 50,000
_____
Fritz Ridgeway
Fire Property Specialist
State Farm Department w:  (844-453-4300 statefarmfireclaims@statefarm.com
(Please include claim number in the subject line)

