FILED TIME PM2:17
2026 JUL 22 SPR

ADRIENNE D. ATKINS
CLERK, USBC CDIL

### RESPONSE TO TRUSTEE'S OBJECTION TO
### PROOF OF CLAIM No.21-1 of (Brooklyn Heights)

**[Creditor Brooklyn Heights]**, appearing pro se, respectfully responds to the Trustee's Objection to Proof of Claim and states as follows:

## 1. Introduction

The Trustee objects to Claimant's Proof of Claim on the basis that the claim appears to be for a debt of Genie Investments NV, Inc., rather than a debt of Debtor David C. Hughes II individually. The Trustee also asserts that the claim appears duplicative of a claim filed in the bankruptcy case of Genie Investments NV, Inc.

Claimant respectfully disagrees that the claim should be disallowed on those grounds.

## 2. Relationship to Genie Investments Bankruptcy

Claimant acknowledges that Claimant has also filed a Proof of Claim in the bankruptcy case of **Genie Investments NV, Inc.**, pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.

Claimant further acknowledges that both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc.

However, the claim filed in David C. Hughes II's personal bankruptcy is not asserted merely because Genie Investments NV, Inc. owes a debt. Rather, the claim is asserted against Debtor David C. Hughes II individually based on his alleged personal participation in, control of, benefit from, and/or involvement in the conduct that caused Claimant's loss.

## 3. Basis for Personal Liability of David C. Hughes II

Claimant alleges that Debtor David C. Hughes II was not merely a passive officer or unrelated party. Claimant alleges that Debtor personally participated in, controlled, directed, benefited from, and/or was involved in the Genie Investments loan-funding scheme.

Claimant's claim against Debtor may include, but is not limited to, claims based on:

- fraudulent inducement;
- false pretenses;
- misrepresentation;
- concealment;
- unjust enrichment;
- misuse or diversion of funds;

- insider transfers;
- participation in a fraudulent loan-funding scheme;
- personal benefit from creditor/victim funds; and/or
- other conduct causing harm to Claimant.

A single loss may give rise to claims against more than one responsible party. The fact that Genie Investments NV, Inc. may also be liable does not automatically eliminate a separate claim against David C. Hughes II individually.

## 4. Claimant's Loss

Claimant paid approximately **$[500,075.00]** in connection with the promised loan transaction involving Genie Investments NV, Inc. and/or related parties. These funds were paid in reliance on representations that loan funding had been approved, arranged, or would be provided.

The promised loan or funding transaction was never completed, and Claimant was not repaid.

Claimant's liquidated out-of-pocket loss is approximately **$[500,075.00]**, subject to amendment, supplementation, or correction based on documentation and further information.

Claimant also reserves any unliquidated, contingent, disputed, consequential, reliance-based, fraud-based, and other damages arising from the failed loan-funding transaction, to the extent permitted by law.

## 5. Claim Is Not Duplicative / No Double Recovery

Claimant does not seek duplicate recovery.

The claim filed in the Genie Investments NV, Inc. bankruptcy case is asserted against the corporate debtor. The claim filed in this case is asserted against David C. Hughes II individually based on his alleged personal participation in, control of, benefit from, and/or involvement in the conduct that caused Claimant's loss.

Any recovery received from the Genie Investments NV, Inc. bankruptcy estate, the Hughes bankruptcy estate, insiders, principals, agents, affiliates, or any responsible third party shall be credited against the same underlying loss to prevent double recovery.

## 6. Request for Relief

For these reasons, Claimant respectfully requests that the Trustee's Objection be overruled and that Claimant's Proof of Claim be allowed.

Alternatively, if the Court determines that additional clarification is necessary, Claimant respectfully requests leave to amend, clarify, or supplement the Proof of Claim to more

specifically state the basis for Debtor David C. Hughes II's individual liability and to confirm that Claimant does not seek duplicate recovery.

Respectfully submitted,

[Shameika Amin] *Shameika Amin* 7/17/2026
[307 N Lincoln Street Tallulah, LA 71282]
[702-428-7338]
[shameikaamin80@gmail.com]
Date: [07/17/2026]

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via email to all parties on this ____ 17ᵗʰ day of July, 2026 as follows:

Allison Walsh on behalf of IH Mississippi Valley Credit Union

aew@brookslawfirmpc.com

Dana N. O'Brien on behalf of LendSure Mortgage Corp

dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of Lend Sure Mortgage Corp

kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Thomas H. Wilson on behalf of MIMS-IPR LLC and Mitchell Mims

thw@heplerbroom.com

Gregory D. Latham on behalf of Michelle Seiler Tucker

glatham@iplawconsulting.com

US Trustee

USTPRegion10.PE.ECF@usdoj.gov
james.salina@usdoj.gov