*In re David Choate Hughes II | Case No. 25-70566*

FILED TIME AM10:50
2026 JUL 28 SPR

ADRIENNE D. ATKINS
CLERK, USBC CDIL

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| In re: | Case No. 25-70566 |
|---|---|
| **DAVID CHOATE HUGHES II,** | **Chapter 7** |
| Debtor. | |

## RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM (DOC 452) AND NOTICE OF RELATED FLORIDA PROCEEDINGS, MOTION FOR LIMITED CONTINUANCE AND STATUS CONFERENCE, REQUEST FOR JUDICIAL NOTICE, AND RESERVATION OF RIGHTS

**PRELIMINARY STATEMENT**

**1.** Charles Blake Stringer ("Creditor Stringer"), a creditor whose claim arises from the Genie Investments NV Inc. ("Genie") lending program, submits this filing solely on his own behalf to place the Court and the Chapter 7 Trustee on formal notice of material developments in related federal proceedings in Florida, to request limited case-management relief, and to preserve his claim pending resolution of overlapping issues. This filing is not intended to delay unrelated administration. Creditor Stringer notes that numerous other creditors of Genie Investments NV Inc. face substantially similar factual and legal issues arising from the same course of conduct.

**2.** The central issue is straightforward and requires this Court's attention. The Florida bankruptcy record describes a continuous flow of creditor funds beginning with payments to Genie Investments NV Inc., continuing through transfers or purported loans to affiliated entities including Zoomeral (controlled by the Debtor), and extending to alleged loans or payments used for the Debtor's personal benefit, including mortgage and household expenses. It is on the Record In his Illinois section 341 testimony, that was conducted by US Dept of Justice attorney, Mr. James Salinas - the Debtor described paying personal obligations through "purported" loans from Zoomeral that originated from Genie Investments NV. These facts create a direct factual and legal bridge between the Florida creditor losses and this individual Chapter 7 estate.

**3.** Critically, David Choate Hughes II, the Debtor in this Illinois Chapter 7 case, was a principal of Genie Investments NV Inc. and previously involved with related Genie entities through which creditor funds were transferred and commingled (as reflected in the Florida Examiner's Report). After the Florida Genie case was converted to Chapter 7, the Debtor and other principals dissolved multiple affiliated entities, including Zoomeral—the very entity through which the Debtor had previously taken purported "loans" of creditor funds for his personal benefit.The chronological order is that the Debtor dissolved these companies, then shortly after filed in this personal bankruptcy in Illinois. Around the same period, the Debtor claimed (through a highly disputed private foreclosure and auction process) to have acquired assets of another Genie creditor and placed them into a newly formed DBA in which he placed or operated those assets under the trade name Tenant First Homes, which he later identified in his Illinois bankruptcy schedules as to be owned by him personally.

**\*\* See Exhibit A**

The Debtor has now filed pro se papers in the Florida adversary proceeding (in which Creditor Stringer has requested a determination that Genie operated as a Ponzi scheme) asserting that he personally retains a substantial equity ownership interest in Genie and that any overage, recovery, or distribution attributable to that interest should flow to him individually—not to this Chapter 7 estate. Creditor Stringer has no indication that the Debtor disclosed these asserted ownership and recovery rights, the prior intercompany transfers, the dissolutions, or the related personal benefits to the Illinois Trustee or listed them fully on his schedules. Any such interest existing as of the petition date may constitute property of this estate under 11 U.S.C. § 541. More importantly, the mere paper dissolution of affiliated entities does not extinguish the Debtor's personal liability arising from the prior course of conduct, including the use of creditor funds for personal obligations, alter-ego activity, and transfers that support an inference of actual intent to defraud. These matters should be examined by the Trustee and the Court rather than accepted at face value from the schedules.

## I. THE FLOW OF FUNDS CREATES PERSONAL LIABILITY

**4.** Creditor Stringer hereby places the Court, the United States Trustee, and all parties on formal notice that David Choate Hughes II is personally liable for the fraudulent transfers and unjust enrichment arising from the Genie Investments NV Inc. scheme. The Florida bankruptcy record establishes that Genie transferred millions of creditor funds into Zoomeral (an entity controlled by Hughes). Critically, the Debtor's original schedules filed in the Florida case listed substantial sums—approximately $2 million—as having been received by him personally. Only after the first section 341 meeting, and after questioning by the Trustee's professionals and the United States Trustee's counsel, did the Debtor amend those schedules to recharacterize the same transfers as "loans" to Zoomeral. This post-341 amendment is documented in the Florida Examiner's Report at ¶129 and will be attached as an exhibit.

## ** See Exhibit B

The timing and substance of the amendment strongly support the inference that the original disclosure was accurate and that the later recharacterization was an attempt to distance the Debtor from personal liability. Hughes himself later testified under oath in this Illinois case that he took funds from Zoomeral and applied them directly to his personal debts and residential mortgage payments. To date, there is no documentation in either court showing the terms of any personal loan, repayment schedules, or any payments made by the Debtor back to Zoomeral. The complete absence of repayment evidence for purported loans that have remained on the books for multiple years, combined with the original-to-amended schedule change, supports a strong inference of actual intent to defraud. After the Florida case converted Chapter 7, the Debtor dissolved Zoomeral and other affiliated companies without proper wind-down, and deliberately omitted these multi-million-dollar liabilities, transfers, and related entities from his Illinois schedules and Statement of Financial Affairs. As the Court is aware, the Florida Trustee has filed a proof of claim in this case that is now under objection scrutiny by the Illinois Trustee.

**5.** These facts demonstrate classic alter-ego and veil-piercing liability: Hughes treated the corporate entities as his personal piggy bank, drained them of creditor funds for his own enrichment, and then walked away while concealing the trail. Should the Florida court grant Creditor Stringer's pending request and determine that Genie Investments NV, Inc. operated as a Ponzi scheme, that ruling may support a finding or presumption that transfers made in furtherance of the scheme were made with actual intent to hinder, delay, or defraud creditors. Such a ruling may also provide relevant evidence

regarding Hughes's potential personal liability and whether any resulting debt is nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), or (6), subject to determination by the appropriate court.

**5.a. No Double Recovery.** Creditor Stringer expressly disclaims any intent to obtain a double recovery. Claims have been filed in both the Florida Genie bankruptcy and this Illinois personal bankruptcy solely as a protective measure because the same underlying losses may give rise to recovery either from the Genie estate or, through alter-ego, fraudulent-transfer, or unjust-enrichment theories, from the Debtor personally. Any amounts recovered in one case will be fully disclosed and credited against the corresponding claim in the other case so that no creditor receives more than the actual loss sustained. The purpose of these parallel claims is solely to preserve the ability to recover from whichever source ultimately proves liable, not to collect twice on the same debt.

## II. THE DEBTOR'S UNDISCLOSED FLORIDA INTERESTS REQUIRE ESTATE OVERSIGHT

**6.** The Debtor has personally sought to intervene or otherwise participate in the Florida bankruptcy adversary proceeding and has asserted that the requested relief affects his personal interests, ownership, equity, rights, defenses, or exposure. That filing is material to this case because the Debtor is a Chapter 7 debtor. Any legal or equitable interest existing at commencement—including equity interests, litigation rights, contingent claims, defenses connected to estate property, and possible recoveries—may be property of this estate under 11 U.S.C. § 541.

## ** See Exhibit A

**7.** Creditor Stringer respectfully requests that the Illinois Trustee determine: (a) whether the Debtor disclosed the interests now asserted in Florida; (b) whether those interests belong to this estate; (c) whether the Trustee was notified of or authorized the Debtor's personal participation; and (d) whether prosecution or control of those interests should rest with the Trustee rather than the Debtor individually. Newly asserted ownership and litigation positions should be compared with the Debtor's schedules, statements, sworn testimony, prior filings, and explanations to this Court.

## III. LIMITED CONTINUANCE WILL PROTECT THE ESTATE AND JUDICIAL ECONOMY

**8.** Creditor Stringer does not seek an indefinite stay. He requests a short continuance, status conference, or coordinated briefing schedule sufficient to permit the Illinois Trustee and Court to review the material Florida filings (including the Debtor's intervention papers asserting personal equity ownership), the Examiner's Report, the Florida Trustee's claim materials, and any forthcoming pretrial or merits rulings on the Ponzi determination. A pre-trial hearing in the Florida adversary proceeding is currently set for August 18, 2026. Creditor Stringer respectfully asks this Court to defer final adjudication of the overlapping claim objections until after that hearing (or until a Ponzi determination is entered), so that the parties and the Court are not required to litigate these issues on an incomplete and potentially inconsistent record.

**9.** A limited pause or coordinated process will reduce rather than increase administrative burden. Premature disallowance of overlapping claims could produce numerous motions to reconsider, amendments, discovery disputes, appeals, and duplicative proceedings. A controlled review now may avoid inconsistent findings between federal courts, conserve estate resources, and provide one coherent process for issues common to multiple claims arising from the same Genie Investments NV Inc. course of conduct. Premature disallowance of the claims before the Florida court addresses the Ponzi characterization and related transfer issues would force unnecessary re-filings, motions to reconsider, and duplicative proceedings once the Florida record is more fully developed.

## IV. RESPONSE TO CLAIM OBJECTIONS AND RESERVATION OF RIGHTS

**10.** To the extent this filing is submitted in connection with pending claim objections, it should be treated as a timely response by Creditor Stringer. He denies that his claim should be disallowed merely because portions of the transactions were documented through Genie, Zoomeral, or another affiliated entity. He requests the opportunity to supplement the record with relevant contracts, wire records, loan documents, Examiner materials, sworn testimony, transfer evidence, Florida orders, damage records, and other supporting materials and to pursue appropriate discovery.

**11.** Creditor Stringer preserves all rights to amend or supplement his proof of claim; seek discovery and an evidentiary hearing; assert the evidentiary or preclusive effect of later Florida rulings (including any Ponzi determination); seek reconsideration under 11 U.S.C. § 502(j); and pursue any contract, restitution, fraud, fraudulent-transfer, alter-ego, veil-piercing, unjust-enrichment, constructive-trust, or other remedy available under applicable law.

## V. REQUEST FOR RELIEF

For these reasons, Creditor Stringer respectfully requests that the Court:

(a) deem this filing a response to any pending objections concerning Creditor Stringer's claim;

(b) take judicial notice of the existence, procedural posture, and contents of the relevant Florida bankruptcy and adversary dockets, the Examiner's Report, the Debtor's pro se intervention filings asserting personal equity ownership, the Florida Trustee's Illinois claim papers, and related federal orders;

(c) direct or permit the Illinois Chapter 7 Trustee to investigate the Debtor's asserted ownership, equity, intervention, litigation, defense, and recovery rights connected to Genie and Zoomeral, including whether those interests are property of this estate and were properly disclosed;

**(d) conduct a status conference or establish a limited continuance of approximately thirty (30) days (or until after the August 18, 2026 Florida pre-trial hearing) before final adjudication of the overlapping claim objections, specifically to allow time for the Florida Ponzi determination and related rulings, and in the interim extend the current response deadlines so that Creditor Stringer and similarly situated parties are not forced to file substantive responses by August 7, 2026 on an incomplete record;**

(e) permit Creditor Stringer to supplement or amend his proof of claim and evidentiary submissions within a reasonable period;

(f) preserve all claims, defenses, remedies, objections, standing positions, and rights of reconsideration; and

(g) grant such other and further relief as the Court determines just and appropriate.

Respectfully submitted,

*Charles Blake Stringer*

**Charles Blake Stringer**
Pro Se, solely as to his own claim
blake.nutraacres.llc@gmail.com
Claim No. 44-1

*In re David Choate Hughes II | Case No. 25-70566*

## NOTE REGARDING OTHER CREDITORS

*Other individual creditors of Genie Investments NV Inc. who face substantially similar issues may, if they choose, file separate joinders or counterpart filings identifying their own claim numbers. Creditor Stringer does not purport to practice law for, represent, or act on behalf of any other creditor or any corporation, limited liability company, trust, or other separate legal entity.*

*In re David Choate Hughes II | Case No. 25-70566*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2026, I served a true and correct copy of the foregoing upon the Chapter 7 Trustee, the Debtor, the Office of the United States Trustee, any objecting party, and all other parties entitled to service under the Federal Rules of Bankruptcy Procedure and applicable local rules, by CM/ECF and/or U.S. Mail.

/s/ Charles Blake Stringer

Allison Walsh on behalf of IH Mississippi Valley Credit Union at aew@brookslawfirmpc.com

Dana N. O'Brien on behalf of LendSure Mortgage Corp at dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of LendSure Mortgage Corp at kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Thomas H. Wilson on behalf of MIMS-IPR LLC and Mitchell Mims at thw@heplerbroom.com

Gregory D. Latham on behalf of Michelle Seiler Tucker at glatham@iplawconsulting.com

US Trustee at USTPRegion10.PE.ECF@usdoj.gov, james.salinas@usdoj.gov

and was served upon creditors and interested parties in the above-captioned cause by enclosing the same in an envelope addressed to each party at their addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid on the 24th day of July, 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield IL 62704

Trustee Robert E Eggman
PO BOX 168
Columbia, Illinois 62236
ree@carmodymacdonald.com