**IT IS SO ORDERED.**

**SIGNED THIS: August 5, 2026**

_____

**Mary P. Gorman
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| In re: | DAVID CHOATE HUGHES II, | Case No. | 25-70566 |
| | Debtor. | Chapter 11 | |

## **ORDER**

The following having been filed:

1) Claimant's Response to Trustee's Objection to Proof of
Claim No. 27-1 of Another Chance Group Home
Inc./Skylar Whitfield and Request for Leave for File
Amended Proof of Claim (#477)

IT IS ORDERED THAT:

| Matter | Action |
|---|---|
| 1. | Another Chance Group Home, Inc., is given until August 26, 2026, to retain counsel who, by such date, will have entered a written appearance in the case on the entity's behalf. If a licensed attorney has entered a written appearance on behalf of Another Chance Group Home by the prescribed date, the Trustee's Objection to Proof of Claim No. 27-1 (#435) will be set for hearing. If no attorney has entered an appearance for Another Chance Group Home by |

August 26, 2026, then the Response (#477) will be stricken and the Trustee's Objection sustained without further notice or hearing.

The Response to Trustee's Objection to Proof of Claim No. 27-1 was signed by Skylar Whitfield, purportedly on behalf of himself, individually, and on behalf of Another Chance Group Home, Inc., as an officer of the company. The same individual filed proof of claim no. 27-1 as CEO of Another Chance Group Home, Inc.[1] Presumably, Skylar Whitfield is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here could therefore be permissible. To that extent, leave is not necessary to file an amended proof of claim. The filing of the Response to the objection to claim initiated a contested matter, however, and, in as much as the Response was made on behalf of a person or entity other than the individual who signed it, it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a corporate entity appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

The Response and attachments show that Another Chance Group Home is a corporation. As such, it needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of a proof of claim. Another Chance Group Home is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the corporate entity. If an attorney has not entered an appearance on

---

[1] The proof of claim confusingly identifies the Debtor, "David Hughes II," as the creditor or person entitled to payment for the claim. But, in signing the proof of claim, Skylar Whitfield marked the box asserting that he is the creditor. This is part of the basis for the Trustee's objection. For purposes of this Order, the Court assumes that the filing of the proof of claim on behalf of the Debtor was a mistake.

behalf of Another Chance Group Home by August 26, 2026, the Response (#477) will be stricken and the Trustee's Objection sustained without further notice or hearing.


Go to *www.ilcb.uscourts.gov* for information regarding
This court's mandatory electronic filing policy.
###