**IT IS SO ORDERED.**

**SIGNED THIS: August 5, 2026**

_____
**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:      DAVID CHOATE HUGHES II,          Case No.      25-70566

Debtor.          Chapter 11

## ORDER

The following having been filed:

1)   Response to Trustee's Objection to Proof of Claim No. 39-1
of Foster Group LLC (#478)

IT IS ORDERED THAT:

Matter      Action

1.      The creditor/claimant is given until August 26, 2026, to retain counsel who, by such date, will have entered a written appearance in the case on the creditor/claimant's behalf. If a licensed attorney has entered a written appearance on behalf of the creditor/claimant by the prescribed date, the Trustee's Objection to Proof of Claim No. 39-1 (#447) will be set for hearing. If no attorney has entered an appearance for the creditor/claimant by August 26, 2026, then the Response (#478) will be stricken and the Trustee's Objection sustained without further notice or hearing.

The Response to Trustee's Objection to Proof of Claim No. 39-1 of Foster Group LLC was signed by Adam Foster as the owner of the company. The same individual filed the proof of claim for Foster Group LLC. Presumably, Adam Foster is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here by the company's purported owner was therefore permissible. The filing of the Response to the objection to claim initiated a contested matter, however, and it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a limited liability company appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

Proof of claim 39-1 as well as the Response and attachments show that Foster Group LLC is a limited liability company. As such, the creditor/claimant needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of its proof of claim. The claimant is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the claimant. If an attorney has not entered an appearance on behalf of the claimant by August 26, 2026, the Response (#478) will be stricken and the Trustee's Objection sustained without further notice or hearing.

Go to *www.ilcb.uscourts.gov* for information regarding
This court's mandatory electronic filing policy.
###