**IT IS SO ORDERED.**

**SIGNED THIS: August 5, 2026**

_Mary F. Gorman_ (signature)

_____

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | | | |
|---|---|---|---|
| In re: | DAVID CHOATE HUGHES II, | Case No. | 25-70566 |
| | Debtor. | Chapter 11 | |

## **ORDER**

The following having been filed:

1)   Response to Trustee's Objection to Proof of Claim No. 16-1 (#496)

IT IS ORDERED THAT:

<u>Matter</u>     <u>Action</u>

1.     Meetopolis LLC is given until August 26, 2026, to retain counsel who, by such date, will have entered a written appearance in the case on the entity's behalf. If a licensed attorney has entered a written appearance on behalf of Meetopolis LLC by the prescribed date, the Trustee's Objection to Proof of Claim No. 16-1 (#425) will be set for hearing. If no attorney has entered an appearance for Meetopolis LLC by August 26, 2026, then the Response (#496) will be stricken and the Trustee's Objection sustained without further notice or hearing.

The Response to Trustee's Objection to Proof of Claim No. 16-1 was signed by Lisa Butkiewicz, purportedly on behalf of herself, individually, and on behalf of Meetopolis LLC as its member/manager. The same individual filed proof of claim no. 16-1 for Meetopolis LLC as CEO. Presumably, Lisa Butkiewicz is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here is therefore permissible. The filing of the Response to the objection to claim initiated a contested matter, however, and, in as much as the Response was made on behalf of a person or entity other than the individual who signed it, it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a limited liability company appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

The Response and attachments indicate that Meetopolis LLC is a limited liability company. As such, it needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of a proof of claim. Meetopolis LLC is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the company. If an attorney has not entered an appearance on behalf of Meetopolis LLC by August 26, 2026, the Response (#496) will be stricken and the Trustee's Objection sustained without further notice or hearing.

Go to *www.ilcb.uscourts.gov* for information regarding
This court's mandatory electronic filing policy.
###