FILED TIME PM 1:25
2026 AUG 7 SPR

ADRIENNE D. ATKINS
CLERK, USBC COIL

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| IN RE: | ) | In Proceedings |
|---|---|---|
| | ) | Under Chapter 7 |
| DAVID CHOATE HUGHES II, | ) | |
| | ) | BK 25-70566 |
| Debtor. | ) | |

**RESPONSE TO TRUSTEE'S OBJECTION TO
PROOF OF CLAIM No. 24 of Deborah Lee**

Claimant, Deborah Lee of Business Live Global USA LLC ("Claimant"), appearing pro se, respectfully responds to the Trustee's Objection to Proof of Claim and states as follows:

**1. Introduction**

The Trustee objects to Claimant's Proof of Claim on the basis that the claim appears to be for a debt of Genie Investments NV, Inc., rather than a debt of the Debtor, David C. Hughes II, individually. The Trustee also asserts that the claim appears duplicative of a claim filed in the corporate bankruptcy case.

While Claimant acknowledges and respects the Trustee's mandate to protect the estate from double recoveries, Claimant respectfully disagrees that the claim should be disallowed. This Objection does not fully account for the principles of joint and several liability under tort law. Claimant explicitly does not seek a double recovery; rather, Claimant seeks a single satisfaction of a debt for which David C. Hughes II and Genie Investments NV, Inc. share liability as joint tortfeasors due to the Debtor's direct personal involvement in the conduct that caused Claimant's loss.

**2. Relationship to Genie Investments Bankruptcy**

Claimant acknowledges having filed a Proof of Claim in the bankruptcy case of Genie Investments NV, Inc., currently pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (Case No. 3:24-bk-00496).

Claimant further acknowledges that both claims arise from the same underlying scheme and related transactions involving Genie Investments NV, Inc. However, the claim filed in David C. Hughes II's personal bankruptcy is not asserted merely because the corporate entity owes a debt. Rather, the claim is asserted against Debtor David C. Hughes II individually based on his

personal participation in, control of, and benefit from the fraudulent conduct that resulted in Claimant's financial loss.

### 3. Basis for Personal Liability of David C. Hughes II

Claimant alleges that Debtor David C. Hughes II was not merely a passive officer or an unrelated party shielded by a corporate veil. Under applicable state and common law—whether governed by Illinois (the Debtor's domicile), Florida (the corporate bankruptcy venue), or Pennsylvania (the Claimant's domicile and the situs of the injury)—a corporate principal who actively directs or personally benefits from fraudulent conduct may be held personally liable for the resulting torts, separate and apart from the corporate entity.

The Debtor's direct control over the scheme is evidenced by his execution of the "Term sheet and Loan Agreement". The Debtor personally executed the "Business Expansion Line of Credit Agreement" acting on behalf of Genie Investments as the purported "Lender". By personally executing these documents and directing the flow of funds, the Debtor actively participated in the scheme.

Upon information and belief, the Debtor commingled funds and diverted Claimant's money out of Genie Investments NV, Inc. for his own personal enrichment. Consequently, Claimant's claim against the Debtor individually includes, but is not limited to, claims based on:

### 4. Analysis of the Examiner's Report

The findings detailed in the Examiner's Report (Case No. 3:24-bk-00496-BAJ, filed June 28, 2024) provide substantial evidence that the Debtor was not merely a passive officer but was personally involved in a fraudulent scheme. The Examiner confirms that Genie Investments NV operated by collecting customer deposits, such as Interest Reserve Accounts (ICA) and bridge loan interest—explicitly including Claimant's funds—under the pretense that they would be held in trust. Instead, these funds were systematically misused and diverted.

The Report highlights that David Hughes, as a 50% owner and officer, exercised direct control over these financial activities. Specifically, the Examiner traced millions of dollars in transfers from the Debtor to insider-owned entities, including Zoomeral, Inc. and Capitulum LLC, as well as to high-risk "joint ventures" like Velanos Principal Capital. These transfers were funded not by corporate revenue, but directly from customer ICA and bridge loan deposits.

Furthermore, the Examiner's findings demonstrate that Hughes personally profited from this misappropriation. Funds were commingled and diverted to benefit Hughes's affiliated entities, most notably Zoomeral, where he holds an 82.5% ownership stake. This personal enrichment, achieved through the active direction of Claimant's funds into entities he controlled, underscores his direct participation in the tortious conduct.

In conclusion, the Examiner's Report provides overwhelming evidence of the Debtor's personal involvement, active control, and personal enrichment. These documented facts substantiate

Claimant's assertion that David C. Hughes II is personally liable for the financial losses incurred, independent of the corporate entity's bankruptcy.

- Fraudulent inducement;
- False pretenses;
- Misrepresentation;
- Concealment;
- Unjust enrichment;
- Misuse or diversion of funds;
- Insider transfers;
- Participation in a fraudulent loan-funding scheme;
- Personal benefit from creditor/victim funds; and/or
- Other conduct causing harm to Claimant.

A single economic loss may give rise to claims against more than one responsible party. The fact that Genie Investments NV, Inc. may also be liable does not automatically eliminate a separate, valid claim against David C. Hughes II individually for his active participation in the fraud.

## 5. Claimant's Loss

Claimant transferred approximately $36,839.95 of her own personal funds in connection with a promised transaction involving Genie Investments NV, Inc. and/or its related parties. These funds, derived directly from Claimant's personal savings and private financial resources, were paid in reliance on fraudulent representations made in the aforementioned Line of Credit Agreement and related communications.

The promised loan or funding transaction was never completed, and Claimant was never provided a legitimate loan. While Claimant received a partial refund of $15,000 from the company, the remaining balance was never returned. **Claimant's liquidated out-of-pocket loss is approximately $21,839.95**, subject to amendment, supplementation, or correction based on documentation and further information. Claimant also reserves any unliquidated, contingent, disputed, consequential, reliance-based, fraud-based, and other damages arising from the failed transaction, to the extent permitted by law.

## 6. Claim Is Not Duplicative / No Double Recovery

Respectfully, filing a claim in this individual bankruptcy case is a permissible assertion of joint and several liability, rather than an attempt at duplicate recovery. Bankruptcy law permits a creditor to assert claims against multiple bankruptcy estates for the same economic injury until the debt is paid in full.

Claimant does not seek duplicate recovery. The claim filed in the Genie Investments case is against the corporate debtor; the claim filed in this case is against David C. Hughes II individually as a joint tortfeasor and alter ego. Any recovery received from the Genie Investments NV, Inc. bankruptcy estate, the Hughes bankruptcy estate, insiders, principals,

agents, affiliates, or any responsible third party shall naturally and rightfully be credited against the same underlying loss to prevent double recovery.

## 7. Request for Relief

For these reasons, Claimant respectfully submits that maintaining claims against both the corporate and individual estates is legally permissible and necessary to ensure a single, complete recovery of the funds in question. Claimant requests that the Trustee's Objection be overruled and that Claimant's Proof of Claim be allowed in full.

Alternatively, if the Court determines that additional clarification is necessary, Claimant respectfully requests leave to amend, clarify, or supplement the Proof of Claim to more specifically state the basis for Debtor David C. Hughes II's individual liability and to confirm the mechanics by which Claimant will prevent duplicate recovery.

**WHEREFORE**, Claimant respectfully requests that this Court grant the relief sought herein and any such other and further relief as the Court deems just and proper.

**DATED:** July 29, 2026

Respectfully submitted,

**Deborah Lee**, *Pro Se*

4538 Walnut Ridge Circle

McDonald, PA  15057

412-302-8100

Deborah@DMLeeEnterprises.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via email to all parties on this 29th day of July, 2026 as follows:

Allison Walsh on behalf of IH Mississippi Valley Credit Union

aew@brookslawfirmpc.com

Dana N. O'Brien on behalf of LendSure Mortgage Corp

dana.obrien@mccalla.com
mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of LendSure Mortgage Corp

kinnera.bhoopal@mccalla.com

Mccallaecf@ecf.courtdrive.com

Thomas H. Wilson on behalf of MIMS-IPR LLC, and Mitchell Mims

thw@heplerbroom.com

Gregory D. Latham on behalf of Michelle Seile

Glatham@iplawconsulting.com

US Trustee

USTPRegion10.PE.ECF@usdoj.gov
james.salina@usdoj.gov