**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | | |
|---|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 | |
| | ) | | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 | |
| | ) | | |
| Debtor. | ) | | |

**SUPPLEMENTAL APPLICATION TO EMPLOY THOMAS H. RISKE,
ROBERT E. EGGMANN, BECKY R. EGGMANN, AND THE LAW FIRM OF
CARMODY MACDONALD P.C. AS COUNSEL FOR THE TRUSTEE,
PURSUANT TO 11 U.S.C. § 327**

COMES NOW Robert E. Eggmann ("Trustee"), successor chapter 7 trustee in bankruptcy for David Choate Hughes, II, by and through the undersigned counsel, pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure and for this *Supplemental Application to Employ Thomas H. Riske, Robert E. Eggmann, Becky R. Eggmann, and the Law Firm of Carmody MacDonald P.C. as Counsel for the Trustee, Pursuant to 11 U.S.C. § 327* (this "Application") respectfully states as follows:

1.     On July 10, 2025 (the "Petition Date"), Debtor David Choate Hughes ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of Illinois (this "Court").

2.     On February 10, 2026, an Order of Conversion [Docket No. 196] was entered by this Court, converting the bankruptcy case to a case under chapter 7 of the Bankruptcy Code.

3.     Robert E. Eggmann ("Trustee" or "Mr. Eggmann") is the duly qualified and appointed successor chapter 7 trustee in Debtor's bankruptcy case, having been appointed by this Court on February 12, 2026.

4.      On March 18, 2026, this Court entered its *Order Approving Trustee's Application to Employ Thomas H. Riske and the Law Firm of Carmody MacDonald P.C. as Counsel for the Trustee* [Docket No. 255] (the "March 18 Order"), approving *Trustee's Application to Employ Thomas H. Riske and the Law Firm of Carmody MacDonald P.C. as Counsel for the Trustee* [Docket No. 223] (the "Original Application to Employ") and authorizing the employment of Thomas H. Riske ("Mr. Riske") and the law firm of Carmody MacDonald P.C. to represent the Trustee in this proceeding as of the date that their employment was approved.

5.      Mr. Riske and the law firm of Carmody MacDonald P.C. were so employed by the Trustee as of the dates that their employment was approved.

6.      Since the employment of Mr. Riske and Carmody MacDonald P.C., Trustee has required the assistance of additional legal counsel with Carmody MacDonald P.C. for the purpose of providing him with legal services necessary for the administration of this estate.

7.      Becky R. Eggmann ("Ms. Eggmann") with the law firm of Carmody MacDonald P.C. has worked and continues to work under the supervision of Mr. Riske and the Trustee to provide legal services necessary for the administration of the bankruptcy estate. In addition, Mr. Eggmann (also with the law firm of Carmody MacDonald P.C.) has worked and continues to work to provide legal services necessary for the administration of this estate. Specifically, the legal services provided by Mr. Eggmann and Ms. Eggmann have included and will continue to include the representation of the estate's interest in certain state court litigation, assistance with the liquidation of real estate in Alabama and Illinois, the recovery and sale of property of the bankruptcy estate, the prosecution of potential Chapter 5 causes of action, and handling of any non-bankruptcy litigation.

8.      While Trustee's Original Application to Employ did not include an employment request specifically on behalf of Mr. Eggmann or Ms. Eggmann, Trustee verily believed in good faith that Ms. Eggmann's and his own legal services were authorized by this Court's March 18 Order and the Federal Bankruptcy Rules, which state that "[i]f a law partnership or corporation is employed as an attorney, . . . then any partner, member, or regular associate may act as so employed, without further court order." Fed. R. Bankr. P. Rule 2014(b).

9.      By this Application, in order to clarify the roles of Mr. Eggmann and Ms. Eggmann and to emphasize their qualifications to serve and disinterestedness, Trustee requests explicit authorization to employ Mr. Eggmann and Ms. Eggmann as additional counsel for the Trustee and the bankruptcy estate and requests that their employment be effective retroactive to the date of the March 18 Order authorizing the employment of Mr. Riske and the law firm of Carmody MacDonald P.C.

10.     The Bankruptcy Code permits the chapter 7 trustee's employment of attorneys or other professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

11.     A "disinterested person" is defined by the Bankruptcy Code, as a person that:

(A) is not a creditor, an equity security holder, or an insider;
(B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

11.     To the best of Trustee's knowledge, Mr. Eggmann and Ms. Eggmann are

experienced attorneys, familiar with the facts of this case, are "professional persons" within the meaning of section 327(a) of the Bankruptcy Code and are further capable of handling all matters for which Trustee would need to employ counsel. Both Mr. Eggmann and Ms. Eggmann have been admitted to practice before this Court.

12.     To the best of Trustee's knowledge, Mr. Eggmann and Ms. Eggmann do not hold or represent any interest adverse to Trustee, to the bankruptcy estate, nor to the Office of the United States Trustee and its employees.

13.     To the best of Trustee's knowledge, Mr. Eggmann and Ms. Eggmann are "disinterested persons" within the meaning of the Bankruptcy Code in that they are not creditors, have no claim against the bankruptcy estate, and have no connection with the Debtor, directly or indirectly, as an insider or otherwise, other than Mr. Eggmann's appointment as chapter 7 trustee for Debtor.

14.     This Application is made, and compensation shall be sought, upon reasonable terms and conditions pursuant to 11 U.S.C. §§ 327 and 330 with such compensation to be paid as an administrative expense.

15.     The present hourly rate for Ms. Eggmann in cases of this nature is $400.00 per hour. The present hourly rate for Mr. Eggmann in cases of this nature is $400.00 per hour. These rates are competitive with those charged by other law firms in the Central District of Illinois for services comparable to those provided by Mr. Riske, Mr. Eggmann, Ms. Eggmann and Carmody MacDonald P.C.

16.     Applicant believes that the employment of Mr. Eggmann and Ms. Eggmann, in addition to that of Mr. Riske and the law firm of Carmody MacDonald P.C., would be in the best interest of the bankruptcy estate.

4

WHEREFORE, Trustee Robert E. Eggmann prays that he be authorized to employ Robert E. Eggmann and Becky R. Eggmann as additional counsel for the purposes set forth herein above, retroactive to the date of the March 18 Order authorizing the employment of Mr. Riske and the law firm of Carmody MacDonald P.C, with compensation of such counsel to be paid as an administrative expense in such amounts as this Court shall hereinafter determine and allow upon application to be filed by said attorneys, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

*/s/ Robert E. Eggmann*
ROBERT E. EGGMANN (IL #6203021)
P.O. Box 168
Columbia, IL  62232
(618)222-1900 (Telephone)
(314) 854-8660 (Fax)
reetrustee@carmodymacdonald.com

5

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 |
| | ) | |
| Debtor. | ) | |

**<u>AFFIDAVIT OF ROBERT E. EGGMANN</u>**

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) SS. |
| COUNTY OF ST. LOUIS | ) |

I, Robert E. Eggmann of the law firm of Carmody MacDonald P.C., being first duly sworn, states as follows:

1.      I am an attorney first licensed to practice law in the State of Missouri in 1989 and in the State of Illinois in 1990.  I am admitted to practice before this Court.

2.      I am currently employed by the law firm of Carmody MacDonald P.C.  I have been so employed since November 2016.

3.      I am the person who Robert E. Eggmann, chapter 7 trustee in bankruptcy herein ("Trustee"), desires to employ as counsel for the purpose of providing Trustee with legal services necessary for the administration of this estate, as more fully set forth in the *Supplemental Application to Employ Thomas H. Riske, Robert E. Eggmann, Becky R. Eggmann and the Law Firm of Carmody MacDonald P.C. as Counsel for the Trustee, Pursuant to 11 U.S.C. § 327* (the "Application") filed by Trustee contemporaneously with this Affidavit.

4.      I represent no interest adverse to the Trustee, to the bankruptcy estate, nor to the Office of the United States Trustee and its employees in the matters upon which I am to be engaged.

5.      I am not a creditor, I have no claim against the bankruptcy estate, and I have no connection with the Debtor, directly or indirectly, as an insider or otherwise. I have no connection with the United States Trustee nor with any person employed in the Office of the United States Trustee, nor with any other party in interest, their respective attorneys and accountants.

6.      I declare under penalty of perjury that the foregoing is true and correct.

Further Affiant sayeth not.

/s/ Robert E. Eggmann
Robert E. Eggman, Illinois Bar # 6203021
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
Fax No. (314)854-8660
ree@carmodymacdonald.com

Subscribed and sworn to before me this 10th day of August, 2026.

/s/ Krista J. Doiron
Notary Public

My Commission Expires: January 30, 2030

2

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 |
| | ) | |
| Debtor. | ) | |

**<u>AFFIDAVIT OF BECKY R. EGGMANN</u>**

| | |
|---|---|
| STATE OF MISSOURI | ) |
| | ) SS. |
| COUNTY OF ST. LOUIS | ) |

I, Becky R. Eggmann of the law firm of Carmody MacDonald P.C., being first duly sworn, states as follows:

1.     I am an attorney first licensed to practice law in the State of Missouri in 1989 and in the State of Illinois in 1990.  I am admitted to practice before this Court.

2.     I am currently employed by the law firm of Carmody MacDonald P.C.  I have been so employed since November 2016.

3.     I am the person who Robert E. Eggmann, chapter 7 trustee in bankruptcy herein ("Trustee"), desires to employ as counsel for the purpose of providing Trustee with legal services necessary for the administration of this estate, as more fully set forth in the *Supplemental Application to Employ Thomas H. Riske, Robert E. Eggmann, Becky R. Eggmann, and the Law Firm of Carmody MacDonald P.C. as Counsel for the Trustee, Pursuant to 11 U.S.C. § 327* (the "Application") filed by Trustee contemporaneously with this Affidavit.

4.     I represent no interest adverse to the Trustee, to the bankruptcy estate, nor to the Office of the United States Trustee and its employees in the matters upon which I am to be engaged.

5.      I am not a creditor, I have no claim against the bankruptcy estate, and I have no connection with the Debtor, directly or indirectly, as an insider or otherwise. I have no connection with the United States Trustee nor with any person employed in the Office of the United States Trustee, nor with any other party in interest, their respective attorneys and accountants.

6.      I declare under penalty of perjury that the foregoing is true and correct.

Further Affiant sayeth not.

> /s/ Becky R. Eggmann
> Becky R. Eggman, Illinois Bar # 6203020
> CARMODY MACDONALD P.C.
> 120 S. Central Ave., Suite 1800
> St. Louis, Missouri 63105
> (314) 854-8600
> Fax No. (314)854-8660
> bre@carmodymacdonald.com

Subscribed and sworn to before me this 10th day of August, 2026.

> /s/ Krista J. Doiron
> Notary Public

My Commission Expires: January 30, 2030

2