**IT IS SO ORDERED.**

**SIGNED THIS: August 11, 2026**

_Mary P. Gorman_

_____

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:      DAVID CHOATE HUGHES II,            Case No.      25-70566

                  Debtor.            Chapter 7

## ORDER

The following having been filed:

1)      Response to Trustee's Objection to Proof of Claim No. 24-1
        (#519)

IT IS ORDERED THAT:

Matter      Action

1.      The creditor/claimant is given until September 1, 2026, to retain
        counsel who, by such date, will have entered a written appearance
        in the case on the creditor/claimant's behalf. If a licensed attorney
        has entered a written appearance on behalf of the
        creditor/claimant by the prescribed date, the Trustee's Objection
        to Proof of Claim No. 24-1 (#432) will be set for hearing. If no
        attorney has entered an appearance for the creditor/claimant by
        September 1, 2026, then the Response (#519) will be stricken and
        the Trustee's Objection sustained without further notice or
        hearing.

The Response to Trustee's Objection to Proof of Claim No. 24-1 was signed and filed by Deborah Lee. Although the Response states that it is filed on Deborah Lee's individual behalf, proof of claim 24-1 identifies Business Live Global USA LLC as the claimant. While Ms. Lee did file proof of claim 24-1, she did so as an authorized agent for Business Live Global USA LLC. The Court therefore construes the Response as filed on behalf of Business Live Global USA LLC as the claimant. Presumably, Deborah Lee is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here by the company's authorized agent was therefore permissible. The filing of the Response to the objection to claim initiated a contested matter, however, and it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.*, 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a limited liability company appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

Proof of claim 24-1 as well as the Response and attachments show that Business Live Global USA LLC is a limited liability company. As such, the creditor/claimant needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of its proof of claim. The claimant is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the claimant. If an attorney has not entered an appearance on behalf of the claimant by September 1, 2026, the Response (#519) will be stricken and the Trustee's Objection sustained without further notice or hearing.

### 

-2-