**IT IS SO ORDERED.**

**SIGNED THIS: August 11, 2026**

_____

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:   DAVID CHOATE HUGHES II,        Case No.    25-70566

                Debtor.         Chapter 7

## ORDER

The following having been filed:

1)   Response to Trustee's Objection to Proof of Claim No. 54[1]
     of New Mount Olive Baptist Church (#510)

IT IS ORDERED THAT:

Matter     Action

1.     The creditor/claimant is given until September 1, 2026, to retain
       counsel who, by such date, will have entered a written appearance
       in the case on the creditor/claimant's behalf. If a licensed attorney
       has entered a written appearance on behalf of the

---

[1] The Response references proof of claim no. 54, but the Trustee's objection is to proof of claim no. 46-1. Two claims were filed on behalf of New Mount Olive Baptist Church. Because the only objection pending at the time the Response was filed relates to proof of claim no. 46-1, the Court construes the Response filed as relating to claim no. 46-1 rather than 54-1. The Trustee has since filed an objection to claim no. 54-1 as well; to the extent the claimant intends to respond to that claim, it again will need counsel to do so.

creditor/claimant by the prescribed date, the Trustee's Objection to Proof of Claim No. 46-1 (#454) will be set for hearing. If no attorney has entered an appearance for the claimant by September 1, 2026, then the Response (#510) will be stricken and the Trustee's Objection sustained without further notice or hearing.

The Response to Trustee's Objection to Proof of Claim No. 46-1 of New Mount Olive Baptist Church was filed by Pastor Ferlander Lewis. The same individual filed the proof of claim for New Mount Olive Baptist Church. Presumably, Ferlander Lewis is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here by the entity's purported representative was therefore permissible. The filing of the Response to the objection to claim initiated a contested matter, however, and it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). The same goes for other entities, including churches, which exist apart from the individuals associated therewith. And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a church appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

Proof of claim 46-1 as well as the Response and attachments show that New Mount Olive Baptist Church exists separately and independent of its individual representatives. As such, the creditor/claimant needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of its proof of claim. The claimant is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the claimant. If an attorney has not entered an appearance on behalf of the claimant by September 1, 2026, the Response (#510) will be stricken and the Trustee's Objection sustained without further notice or hearing.

###