**IT IS SO ORDERED.**

**SIGNED THIS: August 11, 2026**

_____
**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:      DAVID CHOATE HUGHES II,          Case No.      25-70566

Debtor.          Chapter 7

### ORDER

The following having been filed:

1)      Response to Trustee's Objection to Proof of Claim No. "67"
of Doug Daniels (Sunlight Storage LLC) (#517)[1]

IT IS ORDERED THAT:

Matter      Action

1.      Sunlight Storage LLC, is given until September 1, 2026, to retain
counsel who, by such date, will have entered a written appearance
in the case on the entity's behalf. If a licensed attorney has entered
a written appearance on behalf of Sunlight Storage by the
prescribed date, the Trustee's Objection to Proof of Claim No. 38-1
(#446) will be set for hearing. If no attorney has entered an

---

[1] The title of the Response, reference to the claim no, as "unknown" is stricken through and replaced with a handwritten "67" along with initials "DD." However, there is no proof of claim no. 67, so the Court construes the Response as relating to the Trustee's objection to claim no. 38-1.

appearance for Sunlight Storage by September 1, 2026, then the Response (#517) will be stricken and the Trustee's Objection sustained without further notice or hearing.

The Response to Trustee's Objection to Proof of Claim No. 38-1 was signed by Doug Daniels, purportedly on behalf of himself, individually, and on behalf of Sunlight Storage LLC. The same individual filed proof of claim no. 38-1 as owner of Sunlight Storage. Presumably, Doug Daniels is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proof of claim here could therefore be permissible. The filing of the Response to the objection to claim initiated a contested matter, however, and, in as much as the Response was made on behalf of a person or entity other than the individual who filed it, it being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a corporate entity appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

The Response and attachments show that Sunlight Storage is a limited liability company. As such, it needs an attorney if it wants to contest the Trustee's claim objection or otherwise participate in this case beyond the filing of a proof of claim. Sunlight Storage is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the entity. If an attorney has not entered an appearance on behalf of Sunlight Storage by September 1, 2026, the Response (#517) will be stricken and the Trustee's Objection sustained without further notice or hearing.

### 

-2-