**IT IS SO ORDERED.**

**SIGNED THIS: August 11, 2026**

_Mary P. Gorman_

_____

**Mary P. Gorman**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re:      DAVID CHOATE HUGHES II,          Case No.      25-70566

Debtor.          Chapter 7

### ORDER

The following having been filed:

1)   Response to Trustee's Objection to Proof of Claim No. 51-1
of Latent Wealth Group, LLC (#513)
2)   Response to Trustee's Objection to Proof of Claim No. 32-1
of Latent Wealth Group, LLC (#514)

IT IS ORDERED THAT:

| Matter | Action |
| --- | --- |
| 1. | The creditor/claimant is given until September 1, 2026, to retain counsel who, by such date, will have entered a written appearance in the case on the creditor/claimant's behalf. If a licensed attorney has entered a written appearance on behalf of the creditor/claimant by the prescribed date, the Trustee's Objection to Proof of Claim No. 51-1 (#459) and Objection to Proof of Claim 32-1 (#440) will be set for hearing. If no attorney has entered an appearance for the creditor/claimant by September 1, 2026, then |

the Responses (#513, #514) will be stricken and the Trustee's Objections sustained without further notice or hearing.

The Responses to Trustee's Objections to Proofs of Claim No. 32-1 and 51-1 of Latent Wealth Group, LLC, are not signed and do not identify the individual who filed them on the claimant's behalf. *See* Fed. R. Bankr. P. 9011. They do, however, include an email address that appears to belong to the individual manager who filed the proofs of claim for the company. Presumably, that individual is not an attorney licensed to practice law in the Central District of Illinois.

The Federal Rules of Bankruptcy Procedure permit authorized agents of creditors to sign and file proofs of claim or perform any other act not constituting the practice of law on the creditor's behalf. Fed. R. Bankr. P. 3001(b), 9010(a)(1). The act of filing the proofs of claim here by the company's manager was therefore permissible. The filing of the Responses to the objections to claim initiated a contested matter, however, and them being filed by a non-attorney constitutes the unauthorized practice of law. *In re Chas. A. Stevens & Co.,* 108 B.R. 191, 193 (Bankr. N.D. Ill. 1989).

Corporations and limited liability companies, unlike human beings, are legally incapable of appearing in court and cannot represent themselves. *In re IFC Credit Corp.,* 663 F.3d 315, 318 (7th Cir. 2011); *Philos Tech., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 857-58 (7th Cir. 2011) (citations omitted). And, because non-attorney individuals are not permitted to represent any party other than themselves, only through an attorney can a limited liability company appear in court and file papers. *Id.*; *see also Elustra v. Mineo,* 595 F.3d 699, 704 (7th Cir. 2010).

Proofs of claim 32-1 and 51-1 as well as the Responses and attachments show that Latent Wealth Group, LLC, is a limited liability company. As such, the creditor/claimant needs an attorney if it wants to contest the Trustee's claim objections or otherwise participate in this case beyond the filing of its proofs of claim. The claimant is therefore given an opportunity to retain an attorney who will promptly enter their appearance as attorney for the claimant. If an attorney has not entered an appearance on behalf of the claimant by September 1, 2026, the Responses (#513, #514) will be stricken and the Trustee's Objections sustained without further notice or hearing.

### 

-2-