**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:

DAVID CHOATE HUGHES II,
Debtor.

Case No. 25-70566
Chapter 7

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
08/25/2026 4:13 PM
**Adrienne D. Atkins, Clerk**

# DEBTOR'S INDEPENDENT AND SUPPLEMENTAL OBJECTION TO CLAIM NO. 23-1 OF MICHAEL THOMPSON, LIMITED JOINDER IN TRUSTEE'S OBJECTION, REQUEST FOR COMPLETE DISALLOWANCE WITHOUT DISCOVERY, AND RESERVATION OF RIGHTS

David Choate Hughes II, the Debtor, appearing pro se and solely in his individual capacity, objects to Claim No. 23-1 filed by Michael Thompson in the asserted amount of $205,000.00. The Debtor joins the Chapter 7 Trustee's objection (Doc. 431) to the extent consistent with this filing and independently requests that Claim No. 23-1 be disallowed in its entirety.

The Trustee's objection identifies two fundamental defects: the claim is not for a debt of David Hughes individually, but rather that of a business entity, Genie Investments NV, Inc.; and the claim appears to be duplicative of Claim No. 51 filed in the separate Chapter 11 bankruptcy case of Genie Investments NV, Inc., in the United States Bankruptcy Court for the Middle District of Florida, Case No. 24-00496. Thompson's response (Doc. 518) does not cure these fatal defects. Instead, Thompson admits that the underlying transaction arose from the Genie Investments NV, Inc. lending program and seeks to preserve speculative, unadjudicated tort, alter-ego, and fraud-based theories against the Debtor individually.

The Debtor does not request discovery, a continuance, or an evidentiary hearing. He requests that the claim be disallowed on the present record, that the Trustee's scheduled hearing proceed without delay, and that the Trustee's objection be sustained.

## I. LIMITED JOINDER AND INDEPENDENT OBJECTION

1. On July 8, 2026, Robert E. Eggmann, Chapter 7 Trustee, filed an Objection to Claim No. 23-1 filed by Michael Thompson in the amount of $205,000.00. Doc. 431.

2. The Trustee's objection establishes that:

a. The claim appears to be a debt of a separate corporate entity, Genie Investments NV, Inc., rather than a debt of the Debtor individually; and

b. The claim is duplicative of Claim No. 51 filed in the Genie Investments NV, Inc. bankruptcy in the Middle District of Florida (Case No. 24-00496).

3. On August 7, 2026, Thompson filed a Response (Doc. 518), acknowledging that the claim arose from the Genie Investments NV, Inc. loan-funding transaction and that he filed a corresponding claim in the Florida bankruptcy.

4. The Debtor joins the Trustee's objection on the grounds that Claim No. 23-1 fails to establish a personal debt owed by David Hughes and is completely unsupported against him individually.

5. The Debtor also files this independent objection in his own name to protect his individual and estate interests.

6. The Debtor does not represent Genie Investments NV, Inc., Archer Capital Investments, or any other person or entity.

7. The Debtor does not request a continuance or delay. He respectfully requests that the Court proceed with the scheduled hearing, sustain the Trustee's objection, and disallow Claim No. 23-1.

8. If the Court determines that any portion of this independent objection requires separate consideration, the Debtor requests that the Court first decide the Trustee's objection and address any additional matter separately without permitting broad discovery into unrelated Florida proceedings.

## II. THE CLAIM DOES NOT ESTABLISH A DEBT OWED BY DAVID HUGHES PERSONALLY

9. Claim No. 23-1 does not identify or attach any contract, promissory note, personal guaranty, judgment, or other written instrument under which David Hughes personally agreed to pay Thompson.

10. The claim materials and Thompson's response (Doc. 518) do not establish that David Hughes personally:

a. entered into a contract or loan agreement with Thompson;

b. borrowed money from Thompson;

c. executed a personal guaranty for Genie Investments NV, Inc.;

d. signed a personal promissory note;

e. became a judgment debtor; or

f. personally assumed the debts or liabilities of Genie Investments NV, Inc.

11. Under well-established law, a corporation is a distinct legal entity separate from its officers, directors, shareholders, and affiliates. Corporate obligations are not personal debts of individuals associated with the corporation.

12. Thompson's response describes the transaction as involving the "Genie Investments loan-funding scheme" and payments made in connection with a corporate loan program. Doc. 518.

13. The fact that David Hughes may have been an officer, director, or equity holder of Genie Investments NV, Inc. does not make him personally liable for the contractual or business obligations of the company.

14. Thompson has not produced any agreement or writing establishing that David Hughes agreed to assume personal responsibility for any corporate debt of Genie Investments NV, Inc.

15. Because Thompson has not established a presently enforceable personal obligation owed by David Hughes, Claim No. 23-1 must be disallowed in full under 11 U.S.C. § 502(b)(1).

## III. THE CLAIM DOES NOT ESTABLISH PRIVITY WITH DAVID HUGHES

16. Thompson's response states that he paid approximately $205,000.00 in connection with a promised loan transaction involving Genie Investments NV, Inc. Doc. 518, ¶ 4.

17. The transaction at issue was a commercial financing arrangement between Genie Investments NV, Inc. and Thompson (or his business entity, Archer Capital Investments).

18. The Debtor, in his individual capacity, was not a party to the commercial transaction, did not personally receive Thompson's payment, and did not agree to repay those funds.

19. Thompson did not contract with David Hughes individually.

20. A claimant cannot create contractual privity or personal liability against an individual corporate principal merely because a commercial transaction with a corporation was not completed as expected.

21. The lack of privity between Thompson and David Hughes individually is an absolute bar to allowing Claim No. 23-1 against this personal bankruptcy estate.

IV. UNADJUDICATED TORT AND ALTER-EGO ALLEGATIONS DO NOT ESTABLISH ALLOWABLE PERSONAL CLAIMS

22. In his response, Thompson attempts to bypass the absence of a personal contract by asserting a list of unadjudicated legal labels, including fraudulent inducement, false pretenses, misrepresentation, concealment, unjust enrichment, misuse of funds, insider transfers, and personal benefit. Doc. 518, ¶ 3.

23. These unadjudicated allegations and legal conclusions do not constitute an allowable claim under 11 U.S.C. § 502(b)(1).

24. Thompson has not obtained a judgment against David Hughes in any court for fraud, misrepresentation, veil piercing, or any other cause of action.

25. A proof of claim cannot be used as an end-run around the requirement to plead and prove an underlying cause of action.

26. Under Illinois law, piercing the corporate veil is an extraordinary equitable remedy requiring a substantial showing of:

a. such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and

b. circumstances where adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.

27. Thompson has made no showing of the required veil-piercing factors, nor has any court entered a judgment disregarding the corporate entity of Genie Investments NV, Inc.

28. The claims-allowance process cannot be transformed into a forum for litigating unliquidated, unpled, and unsupported common law torts against an individual debtor.

29. The Debtor explicitly denies that he engaged in fraud, misrepresentation, concealment, unjust enrichment, or any diversion of funds with respect to Thompson, and denies that any basis exists to impose personal liability upon him.

V. THE CLAIM IS DUPLICATIVE OF THE FLORIDA BANKRUPTCY CLAIM AND CREATES AN IMPERMISSIBLE DOUBLE RECOVERY

30. The Trustee objected to Claim No. 23-1 on the ground that it is duplicative of Claim No. 51 filed in the Genie Investments NV, Inc. Chapter 11 case in the Middle District of Florida. Doc. 431.

31. In his response, Thompson expressly admits that he filed a claim in the Florida bankruptcy case and that both claims arise from the exact same transaction. Doc. 518, ¶ 2.

32. While Thompson asserts that any recovery in Florida would be credited to prevent a double recovery, that assertion does not cure the fundamental defect: Thompson has not established a separate, independent legal debt owed by David Hughes personally.

33. A creditor cannot file identical proofs of claim in two separate bankruptcy estates for the same underlying loss without establishing independent, enforceable legal liability against each respective debtor.

34. Thompson's claim against Genie Investments NV, Inc. belongs exclusively in the Florida bankruptcy case. He cannot duplicate that corporate claim in this individual bankruptcy case without establishing an enforceable personal obligation under applicable non-bankruptcy law.

## VI. THE CLAIM AMOUNT IS UNSUPPORTED AND EXCEEDS DOCUMENTED AGREEMENTS

35. Thompson asserts Claim No. 23-1 in the amount of $205,000.00, and vaguely reserves rights to seek unliquidated, contingent, and consequential damages. Doc. 518, ¶ 4.

36. To the extent any underlying documentation exists for the transaction, the standard Business Line of Credit Expansion Agreement was in the amount of $200,000.00.

37. The claim for $205,000.00 includes an unsupported $5,000.00 excess that is completely unexplained and undocumented by any writing.

38. Furthermore, Thompson's attempt to reserve speculative, consequential, and reliance-based damages in his response demonstrates that the asserted claim is unliquidated and unsupported by required documentation under Fed. R. Bankr. P. 3001(c).

39. The failure to attach documentation establishing the liquidated amount and the contractual basis of the claim against David Hughes individually is an independent ground for disallowance.

## VII. CONTRACTUAL DEFENSES, NON-REFUNDABLE TERMS, AND INDEMNIFICATION ARE FULLY RESERVED

40. Without conceding that Thompson has established any personal liability, the Debtor preserves all defenses arising from the governing agreements and available records.

41. To the extent the underlying transaction is governed by standard BELOC and Bridge Loan Agreements, those agreements explicitly provide that due diligence and prepaid interest fees are non-refundable and that payment does not guarantee funding.

42. The governing agreements contain explicit limitations of liability, waiving claims for special, indirect, consequential, or punitive damages, and limiting any recovery strictly to actual compensatory damages.

43. To the extent the governing agreements contain indemnification provisions protecting officers, directors, and affiliates from liabilities arising out of the loan documents, the Debtor reserves the right to rely on those provisions as defenses, credits, offsets, and recoupment rights against any asserted liability.

44. The Debtor does not assert indemnification as an admission of liability, but rather as a preserved contractual defense that defeats and bars Thompson's claim.

VIII. NO DISCOVERY OR DELAY IS NECESSARY

45. The Debtor does not request discovery, a continuance, or an evidentiary hearing.

46. Claim No. 23-1 should be disallowed on the present record because:

a. no personal contract, note, or guaranty has been identified;

b. no personal judgment has been entered against David Hughes;

c. the claim arises entirely from a commercial transaction with Genie Investments NV, Inc.;

d. the claim is duplicative of Florida Claim No. 51;

e. unadjudicated tort and alter-ego theories cannot sustain a proof of claim against an individual debtor; and

f. the claim lacks supporting documentation establishing personal liability.

47. Broad discovery should not be permitted to enable a creditor to fish for a personal liability theory where none exists on the face of the claim.

48. The Debtor requests that the Court retain the scheduled hearing date, sustain the Trustee's objection (Doc. 431), and disallow Claim No. 23-1 in its entirety without delay.

IX. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

49. The Debtor expressly reserves all rights to amend, supplement, clarify, or further support this objection as permitted by the Court and applicable rules.

50. The Debtor reserves the right to submit additional documents, contracts, records, and calculations concerning:

a. the absence of personal liability and privity;

b. the distinction between this estate and the Florida Genie bankruptcy;

c. the terms of the governing agreements, including non-refundable provisions;

d. limitation of liability and indemnification protections; and

e. any other defense or objection that becomes necessary.

51. The Debtor reserves all objections to any amended proof of claim, supplemental evidence, new theory of liability, or request for discovery filed by Thompson.

52. No statement or omission in this filing shall be construed as a waiver of any claim, defense, objection, offset, recoupment, or right held by the Debtor.

X. REQUEST FOR RELIEF

WHEREFORE, David Choate Hughes II respectfully requests that the Court:

A. Accept this filing as the Debtor's independent and supplemental objection and limited joinder in the Trustee's objection;

B. Proceed with the scheduled hearing on the Trustee's objection;

C. Sustain the Trustee's Objection (Doc. 431);

D. Disallow Claim No. 23-1 of Michael Thompson in its entirety under 11 U.S.C. § 502(b)(1);

E. Determine that Thompson has not established an enforceable personal obligation against David Hughes individually;

F. Determine that transactions involving Genie Investments NV, Inc., Archer Capital Investments, or other business entities do not establish personal liability against David Hughes;

G. Decline to impose personal liability based on unadjudicated tort, fraudulent inducement, alter-ego, veil-piercing, or unjust enrichment theories;

H. Determine that the claim is duplicative of Claim No. 51 filed in the Florida bankruptcy case;

I. Deny any request by Claimant for broad discovery, continuance, or delay;

J. Preserve all of the Debtor's contractual defenses, including non-refundable terms, limitations of liability, indemnification, offsets, and recoupment rights; and

K. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II
Debtor, appearing pro se
3309 Robbins Road, PMB 160
Springfield, Illinois 62704
davidchoatehughes@gmail.com
(217) 416-5059

Dated: August 25, 2026

VERIFICATION

I declare under penalty of perjury that I have read this objection and that the factual statements are true and correct to the best of my knowledge, information, and belief.

Executed on August 25, 2026.

/s/ David Choate Hughes II
David Choate Hughes II

CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I served a true and correct copy of Debtor's Independent and Supplemental Objection to Claim No. 23-1 of Michael Thompson, Limited Joinder in Trustee's Objection, Request for Complete Disallowance Without Discovery, and Reservation of Rights through the Court's electronic filing system on all registered participants entitled to electronic notice and by United States Mail or email where required, including:

Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065
MFThompson@gmail.com

Robert E. Eggmann, Chapter 7 Trustee
P.O. Box 168
Columbia, Illinois 62236
reetrustee@carmodymacdonald.com

Office of the United States Trustee
USTPRegion10.PE.ECF@usdoj.gov
james.salina@usdoj.gov

All other parties entitled to notice under applicable bankruptcy procedures.

/s/ David Choate Hughes II
David Choate Hughes II