**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:

DAVID CHOATE HUGHES II,
Debtor.

Case No. 25-70566
Chapter 7

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
08/25/2026 4:13 PM
**Adrienne D. Atkins, Clerk**

# DEBTOR'S INDEPENDENT AND SUPPLEMENTAL OBJECTION TO CLAIM NO. 44-1 OF CHARLES BLAKE STRINGER, LIMITED JOINDER IN TRUSTEE'S OBJECTION, REQUEST FOR COMPLETE DISALLOWANCE WITHOUT DISCOVERY, AND RESERVATION OF RIGHTS

David Choate Hughes II, the Debtor, appearing pro se and solely in his individual capacity, objects to Claim No. 44-1 filed by Charles Blake Stringer in the asserted amount of $14,247,750.00. The Debtor joins the Chapter 7 Trustee's objection to the extent consistent with this filing and independently requests that Claim No. 44-1 be disallowed in its entirety.

The Trustee's objection identifies two fundamental defects: the claim appears to be a debt of a business entity rather than a debt of David Hughes individually, and the claim contains no supporting documentation sufficient to determine its validity. Stringer's response does not cure those defects. Instead, it attempts to preserve possible future theories based on affiliated entities, alleged transfers, alleged personal benefits, alter-ego theories, and matters from the separate Genie Investments NV Inc. bankruptcy in Florida.

The Debtor does not request discovery, a continuance, or an evidentiary hearing. He requests that the claim be disallowed on the present record and that the Trustee's scheduled September 1, 2026, hearing proceed as scheduled.

## I. LIMITED JOINDER AND INDEPENDENT OBJECTION

1. The Trustee objects to Claim No. 44-1, asserted by Charles Blake Stringer in the amount of $14,247,750.00.

2. The Trustee states that the claim appears to be a debt of a business entity rather than a debt of the Debtor individually and that the claim contains no supporting documentation sufficient to determine its validity.
3. The Debtor joins the Trustee's objection on those grounds.
4. The Debtor also files this independent objection in his own name to protect his individual and estate interests.
5. The Debtor does not represent Genie Investments NV Inc., McMann Commercial Lending LLC, Nutra-Acres, LLC, Zoomeral, Inc., John Michael Cohan, or any other person or entity.
6. The Debtor does not request a continuance of the September 1, 2026, hearing. He respectfully requests that the Court retain that hearing date, hear the Trustee's objection, and disallow Claim No. 44-1.
7. If the Court determines that any part of this independent objection requires separate consideration, the Debtor requests that the Court first decide the Trustee's objection and address any additional matter separately without permitting broad discovery into unrelated Florida proceedings.

## II. THE CLAIM DOES NOT ESTABLISH A DEBT OWED BY DAVID HUGHES PERSONALLY

8. Claim No. 44-1 does not identify a contract, guaranty, promissory note, judgment, or other written obligation under which David Hughes personally agreed to pay Stringer.
9. The claim materials do not establish that David Hughes personally:

a. entered into an agreement with Stringer;

b. borrowed money from Stringer;

c. guaranteed an obligation of McMann, Genie, Nutra-Acres, or another entity;

d. signed a personal promissory note;

e. became a judgment debtor; or

f. assumed the liabilities of a separate business entity.

10. Stringer's response describes the claim as arising from the Genie lending program and transactions involving business entities.

11. The response does not identify any document in which David Hughes personally agreed to repay Stringer.

12. A corporation, limited-liability company, or other separate business entity is legally distinct from its shareholders, officers, directors, managers, and employees. Ownership, management, affiliation, or participation in an entity's business does not, by itself, make an individual personally liable for the entity's obligations.

13. The existence of a debt allegedly owed by Genie, McMann, Nutra-Acres, Zoomeral, or another entity does not establish a debt owed by David Hughes individually.

14. Stringer has not identified the document or legal transaction that allegedly imposed personal liability on David Hughes.

15. Because Stringer has not established a presently enforceable personal obligation owed by David Hughes, Claim No. 44-1 should be disallowed in full under 11 U.S.C. § 502(b)(1).

## III. THE RECORD DOES NOT ESTABLISH PRIVITY WITH DAVID HUGHES

16. Stringer's filings identify Nutra-Acres, LLC, McMann Commercial Lending LLC, Genie Investments NV Inc., Zoomeral, Inc., and other business entities as participants in the relevant transactions.

17. Stringer's response identifies McMann Commercial Lending LLC as the entity through which the relevant transaction was purchased or resold.

18. McMann Commercial Lending LLC was a separate third-party entity. The Debtor was not McMann Commercial Lending LLC.

19. The Debtor did not personally enter into the transaction identified by Stringer, did not personally sell or assign that transaction to Stringer, and did not personally agree to repay Stringer.

20. Materials submitted in connection with the related Florida proceedings state that, during testimony in Florida, Stringer and others testified that they did

not know David Hughes and had not spoken with him concerning the relevant transaction.

21. The Debtor relies on that testimony only as further support for the absence of an identified personal transaction or direct contractual relationship. He does not ask this Court to resolve collateral factual disputes from the Florida proceedings.

22. If Stringer dealt with McMann as the transaction counterparty, that fact does not establish a contract between Stringer and David Hughes individually.

23. Stringer has not identified any document showing that McMann's, Genie's, Nutra-Acres's, or any other entity's obligations were personally assumed or guaranteed by the Debtor.

## IV. STRINGER CANNOT CREATE PERSONAL LIABILITY THROUGH ALTER-EGO THEORIES

24. Stringer's response attempts to characterize alleged transfers, common ownership, affiliated entities, and alleged personal benefits as a basis for personal liability.

25. An alter-ego or veil-piercing theory does not eliminate the need to identify an underlying legally enforceable obligation and the person or entity that owes it.

26. Under Illinois law, disregarding a separate business entity requires a substantial showing of both:

a. such unity of interest and ownership that the separate personalities of the entity and the individual no longer exist; and

b. circumstances under which respecting the separate entity would sanction fraud, promote injustice, or produce an inequitable result.

27. Factors that may be considered include capitalization, corporate records, formalities, commingling, diversion of assets, solvency, and whether the entity operated as a mere façade. Those factors are not, individually or automatically, a basis for personal liability.

28. Stringer's response does not establish those requirements through an adjudicated judgment or competent claim-specific documentation.

29. The response instead asks the Court to infer personal liability from alleged transfers and matters drawn from the separate Florida bankruptcy.

30. No court has entered a judgment in this case piercing the corporate veil between David Hughes and Genie, McMann, Nutra-Acres, Zoomeral, or any other entity identified by Stringer.

31. The Debtor denies that he treated any entity as his personal property, denies that he assumed the liabilities of any entity, and denies that Stringer has established any basis to disregard separate legal entities.

32. The claims-allowance process should not be used to adjudicate an unpleaded and unproven veil-piercing theory for the first time.

33. Stringer must first establish a legally enforceable obligation against David Hughes individually. He has not done so.

## V. THE SEPARATE FLORIDA BANKRUPTCY DOES NOT ESTABLISH PERSONAL LIABILITY HERE

34. String er expressly asks this Court to consider the separate Genie Investments NV Inc. bankruptcy in Florida, including the Examiner's Report, Florida pleadings, Florida testimony, alleged transfers, and possible future Florida rulings.

35. Genie Investments NV Inc. is a separate bankruptcy debtor. The Florida bankruptcy does not establish that David Hughes personally owes money to Stringer.

36. A finding concerning Genie, including any future finding concerning the characterization of Genie's business or transactions, cannot substitute for proof of a personal contract, guaranty, promissory note, judgment, or other enforceable obligation against David Hughes.

37. The Florida proceedings also cannot automatically establish personal liability based on alter ego, veil piercing, fraudulent transfer, unjust enrichment, personal benefit, or any similar theory.

38. Stringer's response confirms that he seeks to preserve possible future theories, obtain additional evidence, and rely on future proceedings. Those possibilities do not establish a presently allowable personal claim in this case.

39. The Debtor does not ask this Court to adjudicate the Florida bankruptcy, the Florida Trustee's rights, any Florida adversary proceeding, or any claim asserted there.

40. The Debtor asks only that Claim No. 44-1 be disallowed because Stringer has not established an enforceable debt against him personally.

## VI. STRINGER'S RESPONSE DOES NOT CURE THE CLAIM'S DEFECTS

41. Stringer's response does not supply a personal guaranty, signed agreement, judgment, or claim-specific calculation establishing liability against David Hughes.

42. Instead, Stringer requests or reserves the right to pursue:

a. additional discovery;

b. additional documents and testimony;

c. alleged transfers involving Genie and Zoomeral;

d. alleged personal benefits;

e. alter-ego or veil-piercing theories;

f. fraudulent-transfer theories;

g. unjust-enrichment theories;

h. future Florida rulings; and

i. supplementation or amendment of the claim.

43. These matters do not establish a presently enforceable personal debt.

44. A claimant cannot preserve an unsupported claim against an individual debtor by reserving the right to develop a different claim later.

45. The Court should determine Claim No. 44-1 based on the claim and evidence presently before it, not on theories that Stringer may attempt to assert in the future.

## VII. THE CLAIM AMOUNT IS UNSUPPORTED

46. Stringer asserts Claim No. 44-1 in the amount of $14,247,750.00.

47. The Trustee states that the claim contains no supporting documentation sufficient to determine its validity.

48. Stringer's response does not provide a claim-specific calculation establishing how the asserted amount was determined.

49. The materials presently before the Court do not establish:

a. the agreement allegedly creating the debt;

b. the identity of the legal obligor;

c. the principal amount allegedly owed;

d. the dates and purposes of the alleged advances;

e. payments, credits, or recoveries;

f. the calculation of interest, fees, or damages;

g. the reason for the increase to $14,247,750.00; or

h. why any amount is enforceable against David Hughes personally.

50. Stringer's response refers to a claim filed in the Florida Genie bankruptcy, but it does not provide a reliable calculation establishing that the amount asserted in this case is a debt owed by David Hughes individually.

51. The unsupported statement of an amount cannot establish personal liability where the claim materials do not identify David Hughes as the obligor.

52. The lack of documentation and failure to establish the amount are independent grounds for disallowance.

## VIII. CONTRACTUAL DEFENSES AND INDEMNIFICATION ARE RESERVED

53. Without conceding that Stringer has established any personal liability, the Debtor preserves all defenses apparent from the governing agreements and available records.

54. Those defenses include lack of privity, lack of a personal undertaking, lack of a personal guaranty, nonrecourse provisions, payment, credits, offsets, recoupment, waiver, estoppel, release, failure to prove breach, failure to prove damages, limitation of liability, and failure to mitigate.

55. To the extent any governing agreement contains indemnification or other protections applicable personally to David Hughes, the Debtor reserves the right to rely on those provisions as defenses, credits, offsets, recoupment rights, or limitations on any amount sought from his estate.

56. The Debtor does not contend that indemnification alone creates an affirmative judgment in this claim objection. He asserts and preserves any contractual provision that may defeat, limit, or offset liability.

57. The Debtor also reserves all rights concerning contractual receivables, assigned rights, credits, offsets, and defenses that may apply to Claim No. 44-1.

58. Nothing in this objection should be construed as an admission that the Debtor assumed any liability of a separate business entity or that Stringer has established a valid claim against him personally.

## IX. NO DISCOVERY OR DELAY IS NECESSARY

59. The Debtor does not request discovery, a continuance, or an evidentiary hearing.

60. The claim should be disallowed on the present record because:

a. no personal contract, guaranty, or judgment has been identified;

b. the claim appears to concern business-entity obligations;

c. the claim lacks supporting documentation;

d. the amount is unexplained; and

e. Stringer relies on unadjudicated theories and future proceedings.

61. Discovery should not be used to search for a personal-liability theory that is absent from the claim.

62. The Debtor objects to discovery concerning unrelated entities, the Florida bankruptcy, alleged personal benefits, or collateral transactions unless Stringer first identifies a specific document establishing personal liability.

63. The Trustee's objection is scheduled for hearing on September 1, 2026. The Debtor requests that the Court retain that hearing date and decide the Trustee's objection without delay.

64. If the Court determines that additional briefing is necessary, the Debtor requests that the Court first require Stringer to identify the specific document allegedly establishing personal liability and the specific calculation supporting the claim.

## X. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

65. The Debtor expressly reserves all rights to amend, supplement, clarify, or further support this objection as permitted by the Court and applicable procedure.

66. The Debtor reserves the right to submit additional documents, agreements, transcripts, records, calculations, and other materials relevant to:

a. the absence of personal liability;

b. the absence of privity;

c. the identity of the actual contracting parties;

d. the amount and calculation of the claim;

e. payments, credits, offsets, and recoupment;

f. applicable nonrecourse, limitation-of-liability, and indemnification provisions;

g. the distinction between this bankruptcy case and the separate Florida bankruptcy; and

h. any other defense or objection that becomes necessary or appropriate.

67. The Debtor reserves all objections to any amended proof of claim, supplemental evidence, new theory of liability, request for discovery, request for continuance, or attempt to impose personal liability based on future proceedings.

68. The Debtor's present objection is based on the defects presently apparent from the claim, the Trustee's objection, and Stringer's response. No omission from this filing should be construed as a waiver of any claim, defense, objection, argument, remedy, or right.

69. The Debtor reserves the right to respond to any additional filing by Stringer and to request appropriate relief if Stringer attempts to expand Claim No. 44-1 beyond the claim presently filed.

XI. REQUEST FOR RELIEF

WHEREFORE, David Choate Hughes II respectfully requests that the Court:

A. Accept this filing as the Debtor's independent and supplemental objection and limited joinder in the Trustee's objection;

B. Proceed with the Trustee's September 1, 2026 hearing;

C. Sustain the Trustee's objection;

D. Disallow Claim No. 44-1 in its entirety;

E. Determine that Stringer has not established an enforceable debt owed by David Hughes individually;

F. Determine that transactions involving McMann Commercial Lending LLC, Genie Investments NV Inc., Zoomeral, Inc., Nutra-Acres, LLC, or any other separate entity do not, without legally sufficient proof, establish personal liability against David Hughes;

G. Decline to impose personal liability based on future Florida rulings or unadjudicated alter-ego, veil-piercing, fraudulent-transfer, unjust-enrichment, personal-benefit, or similar theories;

H. Determine that the claim lacks documentation establishing personal liability and the asserted amount;

I. Deny any request for broad discovery, continuance, or delay concerning collateral Florida matters;

J. Preserve the Debtor's right to amend, supplement, clarify, and present additional evidence and defenses as permitted by the Court;

K. Preserve and apply any valid contractual defenses, including personally applicable indemnification, nonrecourse provisions, limitations of liability, credits, offsets, and recoupment rights; and

L. Grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II
Debtor, appearing pro se
3309 Robbins Road, PMB 160
Springfield, Illinois 62704
davidchoatehughes@gmail.com
(217) 416-5059

Dated: August 25, 2026

VERIFICATION

I declare under penalty of perjury that I have read this objection and that the factual statements are true and correct to the best of my knowledge, information, and belief.

Executed on August 25, 2026.

/s/ David Choate Hughes II
David Choate Hughes II

## CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I served a true and correct copy of Debtor's Independent and Supplemental Objection to Claim No. 44-1 of Charles Blake Stringer, Limited Joinder in Trustee's Objection, Request for Complete Disallowance Without Discovery, and Reservation of Rights through the Court's electronic filing system on all registered participants entitled to electronic notice and by United States Mail or email where required, including:

Charles Blake Stringer
149 South Shore Drive
Amarillo, Texas 79118
blake.nutraacres.llc@gmail.com

Robert E. Eggmann III, Chapter 7 Trustee
P.O. Box 168
Columbia, Illinois 62236
reetrustee@carmodymacdonald.com

Office of the United States Trustee
USTPRegion10.PE.ECF@usdoj.gov
james.salinas@usdoj.gov

All other parties entitled to notice under applicable bankruptcy procedures.