**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

In re:

DAVID CHOATE HUGHES II,
Debtor.

Case No. 25-70566
Chapter 7

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
08/25/2026 4:13 PM
**Adrienne D. Atkins, Clerk**

# DEBTOR'S LIMITED JOINDER IN TRUSTEE'S OBJECTION TO CLAIM NO. 52-1 OF H&M ESSENTIAL SERVICES LLC AND RESERVATION OF PERSONAL-LIABILITY DEFENSES

David Choate Hughes II, the Debtor, appearing pro se and solely in his individual capacity, files this limited joinder in the Chapter 7 Trustee's Objection to Claim No. 52-1 of H&M Essential Services LLC.

The Debtor does not request a separate hearing, discovery, continuance, or delay. He requests only that the Court consider the following additional, personal defenses together with the Trustee's objection and disallow Claim No. 52-1 as against him and his bankruptcy estate.

## I. LIMITED JOINDER

1. H&M Essential Services LLC filed Claim No. 52-1 in the asserted amount of $125,000.00.
2. The Trustee filed an objection to Claim No. 52-1 on July 13, 2026. The Trustee identified two grounds:

a. the claim was filed after the June 23, 2026 claims bar date; and

b. the claim appears to concern a business entity rather than David Hughes individually.

3. H&M filed a response to the Trustee's objection on August 6, 2026.
4. The Debtor joins only the Trustee's grounds that are consistent with this filing. He does not adopt any factual statement, legal theory, admission, or requested relief in H&M's response.

5. The Debtor files this limited joinder solely to preserve his individual defenses and to make clear that H&M has not established a debt owed by David Hughes personally.

6. The Debtor does not represent Genie Investments NV Inc., H&M Essential Services LLC, or any other person or entity.

II. THE CLAIM WAS FILED AFTER THE CLAIMS BAR DATE

7. The claims bar date for creditors other than governmental units was June 23, 2026.

8. H&M filed Claim No. 52-1 on July 11, 2026.

9. Claim No. 52-1 was therefore filed after the claims bar date.

10. The Debtor is not aware of an order extending the claims bar date for H&M or authorizing Claim No. 52-1 to be filed late.

11. The Trustee has already presented the untimeliness issue to the Court. The Debtor joins that issue without requesting any separate hearing or additional proceedings.

12. The Debtor requests that the Court disallow Claim No. 52-1 as untimely on the existing record.

III. THE CLAIM DOES NOT ESTABLISH PERSONAL LIABILITY

13. H&M's response states that it seeks recovery of approximately $125,075.00 based on money transferred in connection with an alleged financing transaction.

14. H&M's response identifies a transfer to Genie Investments NV Inc.

15. Genie Investments NV Inc. is a separate legal entity and is not the Debtor in this case.

16. H&M's response does not identify a personal contract, promissory note, guaranty, judgment, or other written obligation under which David Hughes individually agreed to repay H&M.

17. H&M's response does not establish that David Hughes personally:

a. entered into a financing agreement with H&M;

b. borrowed money from H&M;

c. guaranteed an obligation of Genie;

d. signed a personal promissory note;

e. personally received H&M's funds; or

f. assumed Genie's obligations.

18. The fact that David Hughes may have been associated with, owned an interest in, or managed Genie does not by itself make him personally liable for Genie's obligations.

19. A claim against Genie cannot automatically be asserted against David Hughes individually.

20. H&M has not identified the legal basis for imposing personal liability on David Hughes.

21. The claim should therefore be disallowed as against David Hughes and his bankruptcy estate.

IV. H&M'S RESPONSE DOES NOT CURE THE DEFECTS

22. H&M's response states that it transferred personal funds to its business and that it did not receive promised financing.

23. Those assertions do not establish that David Hughes personally received the funds or personally promised to repay them.

24. H&M's response does not identify a direct personal agreement between H&M and David Hughes.

25. It also does not provide a claim-specific calculation explaining the difference between the alleged $120,075.00 transfer and the asserted amount of $125,000.00.

26. The response does not establish whether any portion of the claimed amount represents:

a. principal;

b. fees;

c. interest;

d. damages;

e. consequential losses; or

f. another category of alleged loss.

27. The amount asserted remains unsupported against David Hughes individually.

V. NO ADOPTION OF UNRELATED THEORIES

28. The Debtor does not adopt any theory that would require this Court to adjudicate the separate Florida bankruptcy, claims against Genie, alleged transfers among affiliated entities, or any claim against another person or entity.

29. The Debtor also does not concede any allegation concerning fraud, alter ego, veil piercing, unjust enrichment, personal benefit, commingling, or misuse of funds.

30. H&M must establish an enforceable obligation against this Debtor personally. It cannot do so merely by relying on allegations concerning Genie or other entities.

VI. CONTRACTUAL DEFENSES RESERVED

31. Without admitting liability, the Debtor reserves all defenses arising from the governing agreements and transaction documents.

32. Those defenses include lack of privity, lack of a personal undertaking, nonrecourse provisions, limitations of liability, non-refundable-fee provisions, payment, credits, offsets, recoupment, waiver, release, failure to prove breach, failure to prove damages, and failure to mitigate.

33. To the extent any agreement contains indemnification or other protections applicable personally to David Hughes, he reserves the right to rely on those provisions as defenses, limitations, credits, offsets, or recoupment rights.

34. The Debtor does not assert indemnification as an admission of liability.

VII. NO SEPARATE HEARING OR DISCOVERY REQUESTED

35. The Debtor does not request a separate hearing concerning this limited joinder.

36. The Debtor does not request discovery, a continuance, or delay.

37. The Debtor requests that the Court consider these additional defenses in connection with the Trustee's existing objection and resolve Claim No. 52-1 on the existing record.

38. If the Court determines that a separate appearance or ruling is necessary, the Debtor requests that the Court address this filing together with the Trustee's objection rather than create a separate proceeding.

VIII. RESERVATION OF RIGHTS TO AMEND AND SUPPLEMENT

39. The Debtor expressly reserves all rights to amend, supplement, clarify, or further support this limited joinder as permitted by the Court.

40. The Debtor reserves the right to submit additional agreements, records, calculations, docket materials, and other evidence concerning:

a. the claims bar date;

b. the filing date of Claim No. 52-1;

c. the identity of the actual contracting party;

d. the absence of personal liability;

e. the absence of privity;

f. the amount and calculation of the claim;

g. contractual defenses;

h. indemnification;

i. credits, offsets, and recoupment; and

j. any amended claim or new theory asserted by H&M.

41. Nothing in this filing waives any defense, objection, claim, remedy, or right.

42. Nothing in this filing constitutes an admission that David Hughes personally received H&M's funds, personally promised financing, assumed Genie's liabilities, or owes H&M any amount.

REQUEST FOR RELIEF

WHEREFORE, David Choate Hughes II respectfully requests that the Court:

A. Accept this filing as the Debtor's limited joinder in the Trustee's objection to Claim No. 52-1;

B. Consider the filing together with the Trustee's existing objection;

C. Disallow Claim No. 52-1 as untimely;

D. Alternatively, disallow Claim No. 52-1 because H&M has not established an enforceable debt owed by David Hughes personally;

E. Determine that obligations allegedly owed by Genie Investments NV Inc. do not automatically constitute obligations owed by David Hughes individually;

F. Deny any request for discovery, continuance, or delay based on this filing;

G. Preserve the Debtor's right to amend and supplement this filing; and

H. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

/s/ David Choate Hughes II
David Choate Hughes II
Debtor, appearing pro se
3309 Robbins Road, PMB 160
Springfield, Illinois 62704
davidchoatehughes@gmail.com
(217) 416-5059

Dated: August 25, 2026

VERIFICATION

I declare under penalty of perjury that I have read this filing and that the factual statements are true and correct to the best of my knowledge, information, and belief.

Executed on August 25, 2026.

/s/ David Choate Hughes II
David Choate Hughes II

CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I served a true and correct copy of Debtor's Limited Joinder in Trustee's Objection to Claim No. 52-1 of H&M Essential Services LLC and Reservation of Personal-Liability Defenses through the Court's electronic filing system on all registered participants entitled to electronic notice and by United States Mail or email where required, including:

Robert E. Eggmann, Chapter 7 Trustee
P.O. Box 168
Columbia, Illinois 62236
reetrustee@carmodymacdonald.com

Michael Calvitto
H&M Essential Services LLC
15714 Torry Pines Road
Houston, Texas 77062

Michael Calvitto
12103 Floramorgan Lane
Houston, Texas 77089

United States Trustee
USTPRegion10.PE.ECF@usdoj.gov
james.salinas@usdoj.gov

All other parties entitled to notice.

/s/ David Choate Hughes II
David Choate Hughes II