**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 7 |
| DAVID CHOATE HUGHES, II, | ) | |
| | ) | Case No. 25-70566 |
| Debtor. | ) | |

**TRUSTEE'S SUPPLEMENTAL APPLICATION TO EMPLOY JEREMY L. RETHERFORD, GABRIEL QUISTORFF, AND THE LAW FIRM OF BALCH & BINGHAM LLP AS SPECIAL COUNSEL FOR THE TRUSTEE**

COMES NOW Successor Trustee Robert E. Eggmann ("Trustee" or "Applicant"), pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure, and for *Trustee's Supplemental Application to Employ Jeremy L. Retherford, Gabriel Quistorff, and the law firm of Balch & Bingham LLP as Special Counsel for the Trustee* (this "Application") respectfully states as follows:

1. On July 10, 2025 (the "Petition Date"), Debtor David Choate Hughes, II (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of Illinois (this "Court").

2. On February 10, 2026, an *Order Granting Motion to Convert Case to Chapter 7* was entered by this Court.

3. Robert E. Eggmann is the duly qualified and acting successor chapter 7 trustee in this case, having been appointed on or about February 11, 2026.

4. Trustee was informed by Debtor that on the Petition Date, there were approximately twenty-six (26) parcels of real estate in Clanton, Alabama (the "Real Estate") purported to be potential assets of the bankruptcy estate.

5. On April 7, 2026, this Court entered its *Order Approving Trustee's Amended*

*Application to Employ Jeremy L. Retherford and the law firm of Balch & Bingham LLP as Special Counsel for the Trustee* [Docket No. 309] (the "April 7 Order"), approving *Trustee's Amended Application to Employ Jeremy L. Retherford and the law firm of Balch & Bingham LLP as Special Counsel for the Trustee* [Docket No. 256] (the "Original Application to Employ") and authorizing the employment of Jeremy Retherford ("Mr. Retherford") and the law firm of Balch & Bingham LLP, 1901 Sixth Avenue North, Birmingham, Alabama 35203, whose attorneys are duly admitted to the practice of law in the State of Alabama, to represent the Trustee in this proceeding as of the date that their employment was approved with respect to an assessment of the estate's interest in the Real Estate, the potential liquidation of said Real Estate, and to handle any other non-bankruptcy Alabama litigation.

6. Mr. Retherford and the law firm of Balch & Bingham LLP (collectively, "Special Counsel") were so employed by the Trustee as of the dates that their employment was approved.

7. Since the employment of Mr. Retherford and the law firm of Balch & Bingham LLP, Special Counsel has required the assistance of additional legal counsel within the law firm of Balch & Bingham LLP for the purpose of providing legal services necessary for the administration of this estate.

8. Gabriel J. Quistorff ("Mr. Quistorff") with the law firm of Balch & Bingham LLP has worked and continues to work in connection with Mr. Retherford to provide legal services necessary for the administration of the bankruptcy estate. Specifically, the legal services provided by Mr. Quistorff have included and will continue to include issues related to the Real Estate.

9. While Trustee's Original Application to Employ did not include an employment request specifically on behalf of Mr. Quistorff, Trustee verily believed in good faith that Mr. Quistorff's legal services were authorized by this Court's April 7 Order and the Federal

Bankruptcy Rules, which state that "[i]f a law partnership or corporation is employed as an attorney, . . . then any partner, member, or regular associate may act as so employed, without further court order." Fed. R. Bankr. P. Rule 2014(b).

10. By this Application, in order to clarify the role of Mr. Quistorff and to emphasize his qualifications to serve and disinterestedness, Trustee requests explicit authorization to employ Mr. Quistorff as additional Special Counsel for the Trustee and the bankruptcy estate and requests that his employment be effective retroactive to the date of the April 7 Order authorizing the employment of Mr. Retherford and the law firm of Balch & Bingham LLP.

11. The Bankruptcy Code permits the chapter 7 trustee's employment of attorneys or other professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

12. A "disinterested person" is defined by the Bankruptcy Code, as a person that:

> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

13. To the best of Applicant's knowledge, Mr. Quistorff is an experienced attorney, familiar with the facts of this case, is a "professional person" within the meaning of section 327(a) of the Bankruptcy Code and is further capable of handling all matters for which Trustee would need to employ counsel.

14. To the best of Applicant's knowledge, Mr. Quistorff does not hold or represent any interest adverse to Trustee, to the bankruptcy estate, nor to the Office of the United States Trustee and its employees.

15. To the best of Applicant's knowledge, Mr. Quistorff is a "disinterested person" within the meaning of the Bankruptcy Code in that he is not a creditor, has no claim against the bankruptcy estate, and has no connection with the Debtor, directly or indirectly. Moreover, Mr. Quistorff has no connection with the United States Trustee, nor any person employed in the Office of the United States Trustee.

16. This Application is made, and compensation for Special Counsel shall be sought upon reasonable terms and conditions, pursuant to 11 U.S.C. §§ 327 and 330 with such compensation to be paid as an administrative expense.

17. The rates at which Trustee will be charged for legal services rendered by Special Counsel range from $265.00 an hour to $670.00 per hour.

18. Applicant believes that the employment of Mr. Quistorff, in addition to that of Mr. Retherford and the law firm of Balch & Bingham LLP, would be in the best interest of the bankruptcy estate.

WHEREFORE, Trustee Robert E. Eggmann prays that he be authorized to employ Gabriel Quistorff as additional Special Counsel for the purposes set forth herein above, retroactive to the date of the April 7 Order authorizing the employment of Mr. Retherford and the law firm of Balch & Bingham LLP, with compensation of such Special Counsel to be paid as an administrative expense in such amounts as this Court shall hereinafter determine and allow upon application to be filed by said Trustee, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, TRUSTEE

/s/ Robert E. Eggmann
Robert E. Eggmann, Trustee
PO Box 168
Columbia, Illinois 62236
(618) 222-1900 (Telephone)
(314) 854-8660 (Fax)
reetrustee@carmodymacdonald.com

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 7 |
| DAVID CHOATE HUGHES, II, | ) | |
| | ) | Case No. 25-70566 |
| Debtor. | ) | |

**AFFIDAVIT OF GABRIEL J. QUISTORFF**

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) SS. |
| COUNTY OF JEFFERSON | ) |

I, Gabriel J. Quistorff of the law firm of Balch & Bingham LLP, being first duly sworn, state as follows:

1. I am an attorney licensed to practice law in the State of Alabama.

2. I am an attorney with the law firm of Balch & Bingham LLP and am a person who Robert E. Eggmann, chapter 7 trustee in bankruptcy herein ("Trustee"), desires to employ as special counsel for the purpose of providing Trustee with legal services necessary for the administration of this estate, as more fully set forth in *Trustee's Supplemental Application to Employ the Law Firm of Jeremy L. Retherford, Gabriel Quistorff, and the law firm of Balch & Bingham LLP as Special Counsel for the Trustee* (the "Application") filed by Trustee contemporaneously with this Affidavit.

3. The law firm of Balch & Bingham LLP has extensive experience in numerous areas of law including bankruptcy, insolvency, and creditors rights and bankruptcy. The firm is well qualified to represent the Trustee herein and is willing to accept employment on the basis set forth in the annexed Application.

4. I represent no interest adverse to the Trustee, to the bankruptcy estate, nor to the Office of the United States Trustee and its employees in the matters upon which I am to be engaged.

5. I am not a creditor, I have no claim against the bankruptcy estate, and I have no connection with the Debtor, directly or indirectly, as an insider or otherwise. I have no connection with the United States Trustee nor with any person employed in the Office of the United States Trustee, nor with any other party in interest, their respective attorneys and accountants.

6. To the best of my knowledge, neither the law firm of Balch & Bingham LLP nor its partners, of counsel, and associates hold any interest adverse to the above-entitled estate.

7. To the best of my knowledge, said law firm is a "disinterested entity" as defined in 11 U.S.C. §101(14).

8. I declare under penalty of perjury that the foregoing is true and correct.

Further Affiant sayeth not.

Gabriel J. Quistorff, Alabama Bar # 0816O34B
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
(205) 226-3479 Telephone
(205) 226-8799
gquiestorff@balch.com

Subscribed and sworn to before me this 25th day of August, 2026.

Notary Public

My Commission Expires: 7-26-2027

DIANE LOREEN PRICE
NOTARY PUBLIC
ALABAMA STATE AT LARGE
COMM. EXP. 07-26-2027