**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
8/28/2026 3:20 PM
**Adrienne D. Atkins, Clerk**

In re: **David Choate Hughes II,**
Debtor.

Case No. 25-70566
Chapter 7

# DEBTOR'S VERIFIED INDEPENDENT OBJECTION TO PROOF OF CLAIM NO. 15-1, LIMITED JOINDER IN TRUSTEE'S OBJECTION, AND REQUEST TO RESERVE RIGHTS

David Choate Hughes II, the Debtor, appearing pro se, objects to Proof of Claim No. 15-1 filed by Mitchell Mims and states as follows:

## I. Limited Joinder and Preservation of Trustee's Objection

1. This filing is an **independent objection** to Claim No. 15-1 and, to the extent consistent with the Trustee's position, a limited joinder in the Chapter 7 Trustee's objection filed at Docket No. 470.
2. Debtor does not intend to interfere with, delay, duplicate, or undermine the Trustee's objection or the September 1, 2026, hearing. Debtor supports the Trustee's request that Claim No. 15-1 be disallowed because the claim does not adequately establish that the asserted debt is owed by this Debtor individually, lacks sufficient supporting documentation, and does not establish Debtor's obligation to pay the claimed legal fees or other alleged damages.
3. Debtor requests that the Court first determine the Trustee's objection. If the Court sustains the Trustee's objection in full and disallows Claim No. 15-1 with prejudice, Debtor's independent objection may be deemed moot.
4. If the Trustee's objection is not sustained in full, Debtor requests that this objection remain pending and that the Court permit Debtor to supplement the objection and conduct appropriate discovery before a separate hearing.

## II. Jurisdiction and Procedural Basis

5. This Court has jurisdiction over allowance or disallowance of claims under 28 U.S.C. §§ 1334, 157.
6. Claim allowance is a core bankruptcy matter under 28 U.S.C. § 157(b)(2)(B).
7. A filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). Upon objection, the Court must determine the amount and allow only the portion not subject to a statutory ground for disallowance. 11 U.S.C. § 502(b).
8. This objection is filed under Fed. R. Bankr. P. 3007. Debtor requests that any hearing be scheduled with the notice and opportunity to respond required by that rule.

**III. Claim at Issue**

9. On or about May 15, 2026, Mitchell Mims filed Proof of Claim No. 15-1 in the asserted amount of $245,926.84.
10. The claim identifies "Mitchell Mims" individually as the creditor, while describing the basis of the claim as alleged "fraudulent deed transfers causing legal fees, frozen assets, and blocking of cash out refinance deal."
11. The claim appears to include legal invoices and alleged damages arising from the same underlying disputes that are pending or have been asserted in Chilton County, Alabama, Case No. 14-CV-2025-900132.00.

**IV. Grounds for Objection**

**A. The Claim Does Not Establish an Individual Debt Owed by Debtor**

12. The claim does not establish a legally enforceable debt owed by Debtor individually to Mr. Mims.
13. The Trustee specifically identified that it is unclear whether the claim is a debt of this Debtor individually and that the claim lacks documentation establishing Debtor's obligation to pay the claimed legal fees.
14. The invoices attached to the claim do not, standing alone, establish:

a. the legal basis for liability;
b. that Debtor agreed to pay the invoices;
c. that the services were performed for Debtor's benefit;
d. that the amounts are reasonable and recoverable; or
e. that Mr. Mims, rather than MIMS-IPR, LLC or another person or entity, is the proper creditor.

15. To the extent the claim is not enforceable against Debtor under applicable nonbankruptcy law, it must be disallowed under 11 U.S.C. § 502(b)(1).

**B. Insufficient Documentation and Rebuttal of Prima Facie Effect**

16. Claim No. 15-1 does not provide documentation sufficient to establish the validity and amount of the asserted debt.

17. The claim includes invoices from HeplerBroom and White Arnold & Dowd, P.C., but does not establish any contract, judgment, fee-shifting provision, statute, or other legal basis requiring Debtor to pay those invoices.

18. The claim also includes alleged amounts for "meddling" and "undue hardship," but does not provide competent documentation showing how those amounts were calculated or why they are legally recoverable from Debtor.

19. A proof of claim that complies with the applicable rules may constitute prima facie evidence of validity and amount, but the claimant still bears the ultimate burden of proving the claim when a proper objection produces evidence sufficient to rebut that presumption. Fed. R. Bankr. P. 3001(f); 11 U.S.C. § 502(b).

20. Debtor disputes the validity, amount, legal basis, and enforceability of the claim and requests that Mr. Mims be required to prove each element by admissible evidence.

**C. Duplicative or Unresolved Claims Arising from Alabama Litigation**

21. The claim appears to seek damages arising from the same transactions and allegations involved in the Alabama litigation.

22. Debtor does not contend that the mere existence of an Alabama proceeding automatically bars a bankruptcy claim. The objection is that Mr. Mims has not shown that the claimed amounts are fixed, nonduplicative, presently enforceable debts owed to him individually.

23. If Mr. Mims seeks recovery in Alabama for the same damages, fees, or alleged injury, allowing the claim here could create duplicative recovery. The claim should therefore be disallowed, or at minimum reduced, unless Mr. Mims establishes the precise legal basis, claimant, amount, and absence of duplication.

24. If the alleged damages remain contingent, disputed, speculative, or dependent upon the outcome of unresolved Alabama litigation, the Court should not allow the claim in its present amount.

**D. Claimant Capacity and Real Party in Interest**

25. The claim identifies Mr. Mims individually, but the underlying disputes appear to involve MIMS-IPR, LLC and other entities.

26. Debtor requests that Mr. Mims be required to establish whether he is asserting a personal claim or a claim belonging to MIMS-IPR, LLC.

27. If the claim belongs to an entity, Mr. Mims must establish his authority to file and prosecute it. Any issue concerning representation of an entity should be addressed before the claim is allowed.

28. Debtor does not rely solely on claimant capacity or representation as an independent ground for disallowance. Instead, those issues reinforce that the claim has not established an enforceable debt owed to Mr. Mims individually.

**E. Judicial Estoppel and Inconsistent Positions**

29. The record appears to reflect inconsistent positions concerning whether MIMS-IPR, LLC or Mr. Mims individually is the real party in interest.

30. Debtor requests an opportunity to present the relevant Alabama pleadings, corporate records, claim documents, and other evidence concerning those positions.

31. If the Court finds that Mr. Mims has successfully asserted an inconsistent position in another proceeding, judicial estoppel may preclude him from asserting the contrary position here. See New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001). The application of that doctrine should be determined on a developed record rather than solely from the face of the proof of claim.

**F. Legal Fees Are Not Established as Recoverable Against Debtor**

32. The attached invoices do not establish that Debtor is legally responsible for Mr. Mims's attorney fees.

33. Attorney invoices are evidence that counsel billed a client; they are not, without more, proof that Debtor owes those amounts.

34. Mr. Mims must identify the contract, statute, judgment, or other authority that allegedly makes Debtor liable for each fee request.

35. To the extent the claim seeks damages based on alleged conduct by Debtor, Mr. Mims must establish liability, causation, and damages. The Trustee correctly observed that the claim provides no evidence demonstrating Debtor's obligation to pay the asserted legal fees or other damages.

**G. Claim Should Not Be Allowed as a Dischargeability Determination**

36. The Trustee noted that portions of the claim may more properly concern dischargeability rather than allowance.

37. Debtor does not concede that any debt exists or that any debt is nondischargeable. A determination that a claim is allowable is separate from a determination under 11 U.S.C. § 523 concerning dischargeability.

38. Mr. Mims should not obtain allowance of an unsupported claim merely by characterizing alleged conduct as fraud, wrongdoing, or "meddling." He must first establish an enforceable debt and its amount.

**V. Request for Separate Hearing if Necessary**

39. Debtor respectfully requests that the Court proceed with the September 1, 2026 hearing on the Trustee's objection without requiring duplicative presentation by Debtor.

40. If the Trustee's objection is sustained in full and Claim No. 15-1 is disallowed with prejudice, Debtor requests that the Court enter an order reflecting that disposition.

41. If the Trustee's objection is denied, continued, or sustained only in part, Debtor requests:

a. that this objection remain pending;
b. permission to supplement this filing;
c. a separate hearing on Debtor's independent objection;
d. an opportunity for discovery and submission of evidence;
e. a determination whether the hearing should be evidentiary or non-evidentiary; and
f. an order requiring Mr. Mims to identify the legal and factual basis for each component of Claim No. 15-1.

42. Debtor reserves all rights to respond to Mr. Mims's reply, amend or supplement this objection, submit additional exhibits, assert additional grounds supported by the record, and respond to any amended claim or further filing.

43. Nothing in this filing waives any objection, defense, counterclaim, claim, jurisdictional argument, dischargeability defense, or right to appeal.

**VI. Alabama Forum**

44. Mr. Mims may pursue any claim properly belonging in the Alabama forum, subject to the jurisdiction and rulings of that court.

45. Debtor does not ask this Court to decide issues that belong exclusively to the Alabama court. Debtor requests only that this Court decline to allow an unsupported, duplicative, speculative, or unenforceable claim against this bankruptcy estate.

46. If Mr. Mims believes that his alleged damages must be determined in Alabama, he should not be permitted to receive a distribution on Claim No. 15-1 until the claim is reduced to a final, enforceable amount and the Court determines that it is a debt owed by Debtor individually.

**REQUEST FOR RELIEF**

WHEREFORE, Debtor respectfully requests that the Court:

A. Accept this filing as Debtor's independent objection to Proof of Claim No. 15-1;

B. Treat Debtor's participation in the September 1, 2026 hearing as limited and non-duplicative;

C. Sustain the Trustee's objection if the Court finds it meritorious;

D. If appropriate, disallow Claim No. 15-1 in its entirety, with prejudice;

E. Alternatively, if the Trustee's objection is not sustained in full, preserve Debtor's objection for a separate hearing;

F. Permit Debtor to supplement this objection and submit additional evidence and argument;

G. Require Mr. Mims to establish the claimant's identity, authority, legal basis, liability, causation, amount, and absence of duplication;

H. Disallow any amount not enforceable against Debtor under 11 U.S.C. § 502(b)(1);

I. Disallow or defer any contingent, speculative, unresolved, or duplicative amount;

J. Deny any request for distribution on Claim No. 15-1 unless and until the claim is established by competent evidence; and

K. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ David Choate Hughes II
**David Choate Hughes II**
3309 Robbins Road, PMB 160
Springfield, Illinois 62704
Telephone: (217) 416-5059
Email: davidchoatehughes@gmail.com
Debtor, Pro Se

Dated: 8/28/2026

**VERIFICATION**

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the factual statements contained in this Verified Independent Objection are true and correct to the best of my knowledge and belief, except for statements made on information and belief, which I believe to be true.

/s/ David Choate Hughes II
**David Choate Hughes II**

Dated: 8/28/2026

**CERTIFICATE OF SERVICE**

I certify that on 8/28/2026, I served a true and correct copy of the foregoing **Debtor's Verified Independent Objection to Proof of Claim No. 15-1, Limited Joinder in Trustee's Objection, and Request to Reserve Rights**, together with any attached exhibits, by the method permitted by the Bankruptcy Rules and applicable Court procedures upon:

**Mitchell Mims**
1627 7th Street South
Clanton, Alabama 35045
mimsipr92@gmail.com
mimsipr92@hotmail.com

**Counsel for Mitchell Mims and MIMS-IPR, LLC**
Thomas H. Wilson
HeplerBroom LLC
Email: thw@heplerbroom.com

**Robert E. Eggmann III, Chapter 7 Trustee**
Carmody MacDonald P.C.
P.O. Box 168
Columbia, Illinois 62236
reetrustee@carmodymacdonald.com

**Office of the United States Trustee**
USTPRegion10.PE.ECF@usdoj.gov
james.salina@usdoj.gov

I further certify that any additional parties required by the Court's electronic noticing system were served through that system.

/s/ David Choate Hughes II
**David Choate Hughes II**

Dated: 8/28/2026