FILED
U.S. Bankruptcy Court
Central District of Illinois
9/1/2026 2:38 PM
Adrienne D. Atkins, Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
In re: David Choate Hughes II, Debtor.
Case No. 25-70566

**NOTICE AND MOTION TO WITHDRAW OBJECTIONS TO CLAIMS**

John Michael Cohan, protected person, pro se, respectfully moves for entry of an order permitting him to withdraw his objections and related joinders concerning the following claims:

i. Claim No. 9;

ii. Claim No. 15;

iii. Claim No. 23;

iv. Claim No. 26;

v. Claim No. 44;

vi. Claim No. 52; and

vii. Any other objection not listed herein filed by the undersigned, if any.

The objections were filed by Mr. Cohan solely in his asserted individual capacity and not on behalf of any corporation, limited liability company, estate, or other person or entity.

Grounds

1. Mr. Cohan voluntarily withdraws the objections identified above, together with any joinders in or filed with those objections.

2. Mr. Cohan no longer seeks any relief concerning the allowance, disallowance, amount, priority, classification, or treatment of the identified claims.

3. Mr. Cohan respectfully requests that the Court permit withdrawal pursuant to Federal Rule of Bankruptcy Procedure and the Court's verbal orders..

4. This motion does not admit the validity, amount, priority, classification, enforceability, or duplicative nature of any claim. It constitutes only a voluntary withdrawal of Mr. Cohan's objections.

5. Mr. Cohan did not say wrong citations "do not matter." Mr. Cohan objects to any insinuation that he did. Mr. Cohan stated that a wrong citation does not change the underlying contractual reality and that it does not change the underlying facts. Considering Mr. Cohan is in possession of most, if not all, of the paperwork regarding the Genie bankruptcy, the undersigned believes it may not be necessary to file any objection at all because the parties will not be able to provide any document that involves Mr. Hughes' personal liability.

6. Lastly, the undersigned was not attempting "to do the Court's job." He was objecting to discovery that seeks documents already on the record — which is the duty of any party. While the undersigned may disagree with the Court's legal conclusions regarding the undersigned's standing, he does appreciate her candor and her willingness to be up front — rather than doing things behind his back, like the Florida bankruptcy judge allegedly did (2:26-mp-00001): removing his personal rights without notice (3:25-ap-00011, Adv. Doc. 107), removing the police report without motion or order (3:24-bk-00496, Bankr. Docs. 406-3, 470-1), and striking his filings over and over without any determination on standing with a blanket filing restriction (3:25-cv-01398, Doc. 33). There is a stark contrast between the Illinois and Florida Bankruptcy Courts, and it shows.

Request for Relief

WHEREFORE, John Michael Cohan respectfully requests that the Court:

A. Permit him to withdraw his objections to Claim Nos. 9, 15, 23, 26, 44, 52 and the undersigned's other objections, if any, not listed herein filed by the undersigned;

B. Permit him to withdraw his related joinders with any Trustee objections concerning those claims; and

C. Grant any other relief the Court deems proper.

Dated: 09-01-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all related parties have been duly served a copy of the following documents by CM/ECF system, U.S. Mail and/or email.

United States Trustee
USTPRegion10.PE.ECF@usdoj.gov; james.salinas@usdoj.gov

Robert E. Eggmann, Chapter 7 Trustee
P.O. Box 168, Columbia, Illinois 62236, ree@carmodymacdonald.com

David Choate Hughes II
3309 Robbins Rd., PMB 160, Springfield, IL 62704, davidchoatehughes@gmail.com