**IT IS SO ORDERED.**

**SIGNED THIS: September 11, 2026**

**Mary P. Gorman**
**United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566 |
| | ) | |
| Debtor. | ) | |

**ORDER GRANTING TRUSTEE'S MOTION TO ABANDON CERTAIN PROPERTY OF THE BANKRUPTCY ESTATE, PURSUANT TO 11 U.S.C. § 554**

The matter before the Court on *Trustee's Motion to Abandon Certain Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 554* (the "Motion"). Upon review of the Motion, notice to all creditors and parties in interest, and no objections having been received,

IT IS HEREBY ORDERED that the Trustee's Motion is GRANTED.

IT IS FURTHER ORDERED that Trustee Robert E. Eggmann is authorized to abandon the bankruptcy estate's interest in certain property defined in the Motion, pursuant to 11 U.S.C. § 554, including the following:

a. approximately 26 parcels of real estate located in Clanton, Alabama (the "Alabama Real Estate");

b. a certain claim alleged by Debtor against the Illinois Department of Children and Family Services (the "DCFS Claim");

c. an interest in the accounts receivable of Zoomeral, Inc. and any potential offset against filed Claim No. 9 (the "Zoomeral Offset Claim");

d. Debtor's current pending and potential causes of action (the "Debtor Causes of Action") against various other parties, including, as defined in greater detail in the Motion, the MIMS Litigation, the Mims-IPR LLC Litigation, the Gross Misconduct Litigation, the Legal Malpractice Litigation, the Mitchell Mims Claim, the Derivative Claims, the Mickler Claim, the Yip Claims, the UST Claims, the Stringer Claims, the Third-Party Bankruptcy Claims, the Stegent Claims, the Byrd Claim, as well as any other potential litigation claims asserted by Debtor (the Undisclosed Claims).

IT IS FURTHER ORDERED that grounds exist to abandon any and all such property for the reason that it is of inconsequential value and benefit to the bankruptcy estate and any attempts to collect the same would impose an undue burden upon Trustee and the estate.

###