**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

In re:

**DAVID CHOATE HUGHES, II,**
Debtor.

Case No. **25-70566**
Chapter 7

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
10/19/2026 12:16 PM
**Adrienne D. Atkins, Clerk**

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 15 FILED BY MITCHELL MIMS**

David Choate Hughes, II, the debtor in this Chapter 7 case, objects to Proof of Claim No. 15 filed by Mitchell Mims ("Mims") and states as follows:

**I. Nature of the Objection**

1. Mims's claim asserts that Debtor unlawfully transferred certain real property or other assets and seeks payment based on that allegation.
2. Debtor denies that the transfers were unlawful. Debtor maintains that the transfers were authorized by the power of attorney after the applicable default occurred.
3. The parties dispute whether the power of attorney was valid and effective, whether the applicable default occurred, whether the power of attorney was properly exercised, and whether it authorized the specific transfers at issue.
4. Those issues cannot be resolved from the generalized allegations in Claim No. 15. They require discovery and review of the complete power-of-attorney documents, the underlying agreements, evidence concerning the alleged default and any notices, property ownership records, transfer documents, communications, and evidence concerning valuation and damages.
5. After discovery and an evidentiary hearing, this Court should determine whether the power of attorney was valid, effective, properly exercised, and sufficient to authorize the specific transfers. Debtor does not ask the Court to conclusively decide that issue before discovery.

**II. Grounds for Objection**

6. Debtor disputes Mims's allegation that the transfers were unauthorized or unlawful.
7. The power of attorney addressed the authority to act upon default. Debtor maintains that the applicable default occurred before the challenged transfers and that the power of attorney authorized the actions taken.

8. Mims has not established, through the claim and supporting materials presently available, each of the following:

a. the specific property allegedly transferred;

b. the date and manner of each alleged transfer;

c. Mims's ownership or other legal interest in each property;

d. the provision allegedly prohibiting each transfer;

e. the facts establishing that the power of attorney was invalid or ineffective;

f. the facts establishing that no qualifying default occurred;

g. the amount of any actual loss caused by each alleged transfer; and

h. the basis for holding Debtor personally liable.

9. Mims's characterization of the transfers as "unlawful" is disputed. If the power of attorney authorized the conduct after the applicable default, no unlawful transfer occurred. That issue should be determined after discovery and an evidentiary hearing, not conclusively decided on the present record.

10. The value of any alleged loss also remains disputed. Mims must identify the property, establish its value, account for any proceeds or replacement value, and explain how the claimed amount was calculated.

**III. Discovery and Evidentiary Hearing**

11. Debtor requests an opportunity to obtain discovery and examine the evidence supporting Claim No. 15, including the complete power-of-attorney documents, underlying agreements, evidence concerning the alleged default and any notices, property ownership, the transfers, communications, valuation, damages, and Mims's calculation of the claim:

a. all documents on which Mims relies;

b. the complete power-of-attorney documents and underlying agreements;

c. all alleged default notices and responses;

d. deeds, transfer documents, closing statements, and recording information;

e. communications concerning the challenged transfers;

f. documents establishing Mims's ownership or claimed interest;

g. appraisals, valuations, accountings, and damage calculations; and

h. documents and information supporting Mims's calculation of the claim and any alleged loss.

12. Debtor requests an evidentiary hearing before this Court after the requested documents and information have been produced.

13. After discovery and the evidentiary hearing, Debtor requests that this Court determine whether the power of attorney was valid, effective, properly exercised, and sufficient to authorize the specific transfers.

14. Debtor maintains that no unlawful transfer occurred if the power of attorney authorized the conduct after the applicable default. Debtor requests that the Court decide the disputed authority issue on the developed record and does not ask the Court to conclusively decide that issue before discovery.

**IV. Reservation of Rights**

15. Debtor denies liability for the amount asserted in Claim No. 15.

16. Debtor reserves all defenses and objections concerning authority, default, ownership, standing, causation, valuation, damages, claim calculation, claim ownership, and any other issue shown by the documents or discovery.

17. Debtor reserves the right to amend or supplement this objection after receiving Mims's supporting documents and after the Alabama court rules on the power-of-attorney issues.

**V. Request for Relief**

WHEREFORE, Debtor David Choate Hughes, II respectfully requests that the Court:

1. Sustain this objection, or defer ruling on Claim No. 15 pending further proceedings;
2. Require Mitchell Mims to produce the documents and information identified above;
3. Permit discovery and schedule an evidentiary hearing;
4. After discovery and an evidentiary hearing, determine whether the power of attorney was valid, effective, properly exercised, and sufficient to authorize the specific transfers;
5. Disallow any portion of Claim No. 15 that Mims cannot establish with competent evidence; and
6. Grant such other relief as the Court considers appropriate.

Respectfully submitted,

Dated: 10/19/2026

/s/ David Choate Hughes II

David Choate Hughes, II
Debtor, pro se

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

## CERTIFICATE OF SERVICE

I certify that on September 19th, 2026, I served a true and correct copy of the foregoing DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 15 FILED BY MITCHELL MIMS through the Court's CM/ECF system upon all registered participants entitled to electronic notice and by any additional method required by the Court.

/s/ David Choate Hughes II
David Choate Hughes II