**IN THE UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
10/28/2026 9:22 AM
**Adrienne D. Atkins, Clerk**

In re:
DAVID CHOATE HUGHES, II, Debtor.
Case No. 25-70566
Chapter 7

## DEBTORS EMERGENCY MOTION FOR A TEMPORARY STAY OF RULE 9019 PROCEEDINGS AND REQUEST FOR EXPEDITED HEARING

David Choate Hughes, II, the debtor in this Chapter 7 case (the "Debtor"), respectfully moves this Court for an emergency order staying any Rule 9019 settlement proceedings regarding Claim No. 9-1 until the Court has ruled on the Debtor's Amended Objection and held any necessary evidentiary hearing on the disputed ownership and offset issues. In support of this Motion, the Debtor states:

## I. BACKGROUND

1. On October 19, 2026, the Chapter 7 Trustee, Robert E. Eggmann, notified the Debtor via email that he has a "tentative settlement with Trustee Cohen" and that he intended to file a motion under Rule 9019 seeking approval of this settlement. A copy of this email is attached as Exhibit 1.

2. The Trustee has not yet filed his Rule 9019 motion, but has stated that the settlement is "imminent."

3. On October 28, 2026, the Debtor filed a Motion for Leave to File Amended Objection to Proof of Claim No. 9-1 and an Amended Objection (the "Amended Objection"). The Amended Objection demonstrates that Claim No. 9-1 is: (a) based on a factual misrepresentation of 100% ownership (Doc. 541, ¶ 3) contradicted by the Examiner's Report (Doc. 146, ¶ 114) and by the Claim 72 Objection (Case No. 3:24-bk-00496-BAJ, Doc. 777); (b) barred by an explicit contractual indemnification clause (Section 28 of the Loan Agreement); and (c) reduced to zero by a documented statutory offset of $1,984,562 (Doc. 612).

4. The Amended Objection further demonstrates that the proposed settlement would dissipate the $171,662.28 surplus that currently exists in this estate, to the direct detriment of the Debtor. It also identifies specific disputed material facts (Section IV of the Amended Objection) that require an evidentiary hearing if the Court does not disallow the Claim on the papers.

## II. THREE ADDITIONAL PENDING MATTERS DIRECTLY AFFECT THE VALIDITY OF CLAIM 9-1

5. Pending Florida Motion. The Debtor has filed a motion in the United States Bankruptcy Court for the Middle District of Florida (M.D. Fla. Adv. Pro. No. 3:25-ap-00011-BAJ) asking Judge Burgess to determine the legal effect of the Final Judgment and whether it established personal liability against the Debtor. A true and correct copy of this motion is attached as Exhibit 2. That motion is currently in the mail and has not yet been docketed. It presents a pure question of law: whether a default judgment against a corporate entity can establish personal liability against a non-party individual.

6. Fraud on the Court Hearing Scheduled for November. The Debtor has a hearing scheduled in November in the Florida bankruptcy case on his motion regarding fraud on the court. That hearing will address, among other things, the circumstances under which the default judgment against Zoomeral, Inc. was obtained. The outcome of that hearing will directly affect the validity of Claim No. 9-1.

7. Claim 72 in Florida. The Debtor filed Proof of Claim No. 72-2 in the Florida bankruptcy case on October 5, 2026. That claim asserts the Debtor's individual 82.5% interest in Zoomeral's accounts receivable, which is the same receivable that offsets Claim No. 9-1. Akerman LLP filed an Objection to Claim 72-2 on October 9, 2026 (Doc. 777). The resolution of Claim 72-2 will determine the amount, if any, of the offset against Claim No. 9-1.

8. Potential Adversary Complaint Against Cohen. The Debtor is evaluating whether to file an adversary complaint against Trustee Cohen in Florida. That complaint would seek a declaration that the Final Judgment does not establish personal liability against the Debtor and would assert related claims arising from the same transactions at issue in Claim No. 9-1. If filed, that adversary proceeding will directly affect the validity of Claim No. 9-1.

**9.** Each of these matters is pending or imminent. A ruling in any of them could require disallowance of Claim No. 9-1 in its entirety. Proceeding with the Rule 9019 settlement before these matters are resolved would create a substantial risk of inconsistent judgments and would waste the estate's resources.

## III. THE DEBTOR WILL SUFFER IRREPARABLE HARM IF THE SETTLEMENT PROCEEDS

10. If the Trustee's Rule 9019 motion is approved before this Court rules on the Amended Objection and before the Florida matters are resolved, the estate will be depleted by $171,662.28. That money will be distributed to Cohen and will be gone forever.

11. The Debtor will lose his surplus distribution and will have no adequate remedy at law. A monetary award after the fact cannot restore funds that have already been distributed. Furthermore, the Debtor would be deprived of his right to present evidence on the disputed material facts identified in the Amended Objection.

## IV. THE BALANCE OF EQUITIES FAVORS A STAY

12. The Trustee will suffer no prejudice from a stay. The Claim has not yet been allowed or disallowed. The Trustee is not under any deadline to file his Rule 9019 motion. A brief stay to allow this Court and the Florida court to rule on the legal issues will not harm the estate.

13. By contrast, the Debtor will suffer severe prejudice if the settlement proceeds. He will lose his surplus and will be forced to litigate the validity of Claim 9-1 in an appellate posture, which is costly and time-consuming.

## V. THE COURT HAS AUTHORITY TO STAY THE PROCEEDINGS

14. A bankruptcy court has inherent authority to stay proceedings before it. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

15. Courts routinely stay proceedings pending resolution of a related case in another court when the resolution of the other case will directly affect the outcome. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).

## VI. REQUEST FOR EXPEDITED HEARING

16. The Debtor requests an expedited hearing on this Motion. The Trustee has stated that his Rule 9019 motion is "imminent." If this Motion is not heard before the Rule 9019 motion is filed, the Debtor will suffer irreparable harm.

## VII. REQUEST FOR RELIEF

WHEREFORE, the Debtor respectfully requests that the Court:

1. Enter an Order staying any Rule 9019 settlement proceedings regarding Claim No. 9-1 until: (a) The Court has ruled on the Debtor's Amended Objection; (b) The Court has held any necessary evidentiary hearing on the disputed ownership and offset issues; and (c) The Florida bankruptcy court has ruled on the Debtor's motion regarding the legal effect of the Final Judgment and has resolved the pending fraud on the court hearing, Claim 72-2, and any adversary complaint the Debtor may file against Trustee Cohen;

2. Set this Motion for an expedited hearing;

3. Grant such other relief as the Court considers just and proper.

Dated: October 28, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com
Debtor, pro se

Exhibit 1: On October 19, 2026, the Chapter 7 Trustee, Robert E. Eggmann, notified the Debtor via email that he has a "tentative settlement with Trustee Cohen" and that he intended to file a motion under Rule 9019 seeking approval of this settlement.

The remainder of this page intentionally left blank.

Gmail **David Choate <davidchoatehughes@gmail.com>**

# Re: Objection to Claim 9-1 – Request for Trustee Support

1 message

**Robert E. Eggmann** <ree@carmodymacdonald.com> Tue, Oct 27, 2026 at 5:01 PM
To: David Choate <davidchoatehughes@gmail.com>

David,

I have a tentative deal with Trustee Cohen and intend on keeping my word. That said, you can object to the motion to settle when it is filed.

Rob

Carmody MacDonald®
*Attorneys & Counselors at Law*

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Tuesday, October 27, 2026 4:59 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Objection to Claim 9-1 – Request for Trustee Support

Rob,

I am filing a Motion for Leave to File an Amended Objection to Claim No. 9-1 (Cohen), along with the Amended Objection itself. A copy is attached for your review.

In short, the objection argues that Claim 9-1 must be disallowed for three reasons: (1) the Genie/Zoomeral Loan Agreement contains a contractual indemnification provision that bars the claim; (2) the $1.98 million in Zoomeral

Accounts Receivable (documented in Doc. 612) completely offsets and extinguishes the $1.77 million claim; and (3) Cohen's alter ego theory fails because the Examiner's Report (Doc. 146) confirms Zoomeral was owned 82.5% by me and 17.5% by John Cohan, not 100% by me as Cohen falsely asserts.

I am respectfully requesting your support for this objection. I believe that defeating Claim 9-1, combined with the suit I intend to file against the remaining Florida derivative claims in the proper forum of Delaware, will clear the path for a quick wrap-up of this bankruptcy estate, which is my primary goal.

If you find anything in this filing that you disagree with or believe needs adjustment, please let me know immediately. I am trying to resolve this efficiently and without any further delays.

I'll have these e-filed as soon as the EDS E-Filing System is fixed. Thanks for your patience on these filings. I have tried to work quickly and diligently.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059

Exhibit 2: The Debtor has filed a motion in the United States Bankruptcy Court for the Middle District of Florida (M.D. Fla. Adv. Pro. No. 3:25-ap-00011-BAJ) asking Judge Burgess to determine the legal effect of the Final Judgment and whether it established personal liability against the Debtor

The remainder of this page intentionally left blank.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
GENIE INVESTMENTS NV, INC.,
Debtor.

Case No. 3:24-bk-00496-BAJ
Adversary Proceeding No. 3:25-ap-00011-BAJ

AARON R. COHEN, Chapter 7 Trustee,
Plaintiff,

v.

ZOOMERAL, INC., et al.,
Defendants.

# DAVID CHOATE HUGHES II'S MOTION FOR LEAVE TO FILE INDIVIDUAL-CAPACITY MOTION FOR PERSONAL PROTECTION, AND REQUEST FOR EXPEDITED DETERMINATION ON THE PAPERS

David Choate Hughes II ("Hughes"), appearing pro se solely in his individual capacity, respectfully moves for leave to file the accompanying individual-capacity motion notwithstanding the filing restriction at Doc. 107, and requests an expedited determination on the papers. Hughes does not seek to represent Zoomeral, Inc. or any other entity. He seeks only to protect his individual contractual rights and to clarify that a judgment entered against corporate entities does not adjudicate his personal liability.

## I. DOCUMENTS RELIED UPON ARE ALREADY ON FILE

1. The documents on which this motion relies are already part of the record of this adversary proceeding, this bankruptcy case, or the docket of Hughes's personal bankruptcy case in the Central District of Illinois. Specifically:
    - The Final Judgment entered May 2, 2025, is at **Adv. Doc. 40**, and its operative terms are quoted in Section III below.
    - The Loan Agreement dated September 5, 2022, between Genie Investments NV and Zoomeral, Inc. is part of the record of this adversary proceeding. Its operative terms are quoted in Section IV below.
    - The March 16, 2025 Assignment from Zoomeral, Inc. to Hughes and John Michael Cohan was filed in the Illinois bankruptcy proceeding at **Bankr. C.D. Ill. Case No. 25-70566, Doc. 658**. Its operative terms are quoted in Section V below.

- The Verified Contractual Offset materials were filed in the Illinois bankruptcy proceeding at **Bankr. C.D. Ill. Case No. 25-70566, Doc. 612**.

2. Because each document is already on a docket and its relevant terms are quoted in the body of this motion, Hughes respectfully requests that the Court take judicial notice of these docket entries rather than require re-attachment. If the Court prefers that Hughes file copies as exhibits, he will do so promptly upon direction.

3. The only document not already on the docket that is attached to this motion is the October 19, 2026 email from the Illinois Chapter 7 Trustee, attached as **Exhibit A**.

**II. HUGHES SEEKS LEAVE TO PROTECT HIS INDIVIDUAL RIGHTS, NOT TO RELITIGATE THE SANCTION**

4. Hughes acknowledges the filing restriction at Doc. 107. He does not ask the Court to lift that restriction or to revisit the Court's prior ruling. He asks only for leave to file a narrow motion directed exclusively to his individual rights as a non-party to the Final Judgment.

5. The restriction at Doc. 107 prohibits the Defendants and the "Former Owners" from "supporting or opposing designated claims or defenses, or from introducing designated matters in evidence until they comply." Hughes does not seek to support or oppose any claim or defense belonging to Zoomeral or any other Defendant. He does not seek to introduce evidence on behalf of any Defendant.

6. The motion Hughes seeks leave to file is directed to a single legal question: whether the Final Judgment entered against Zoomeral and the other entity defendants adjudicated personal liability against Hughes, who was not a party to the action. That question is answered by the text of the judgment itself. It requires no evidence, no discovery, and no hearing.

7. Hughes also seeks to establish that he holds assigned contractual rights to indemnification and offset under the Loan Agreement between Genie Investments NV and Zoomeral, Inc. Those rights are his individually, by virtue of a written assignment executed March 16, 2025. They are not claims or defenses belonging to Zoomeral. They are the basis for his personal protection in a separate bankruptcy proceeding pending in the Central District of Illinois, where the Chapter 7 Trustee is seeking to hold him personally liable for a corporate debt.

8. To deny Hughes leave to file this narrow motion would have the effect of barring a non-party from telling the Court that the judgment does not name him and that he holds a contractual right to indemnity. A sanction designed to coerce discovery compliance cannot be transformed into a permanent bar on a non-party's ability to assert individual contractual rights. That would violate the Due Process Clause of the Fifth Amendment, which requires that a person be heard before his rights are extinguished.

## III. THE FINAL JUDGMENT DOES NOT NAME HUGHES

9. The Final Judgment entered May 2, 2025 (Adv. Doc. 40) recites that judgment is entered "in favor of the Trustee and against Defendants, Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC." Decretal paragraphs 10 through 21 order each named entity—and only those entities—to turn over specified sums. Hughes is not named in the caption, is not named in the decretal paragraphs, and no sum is ordered paid by him.

10. A judgment against an entity does not, by its mere existence, establish personal liability against an individual who was not a party. Hughes requests that the Court confirm what the judgment itself establishes: that it adjudicated liability against the named entity defendants only.

## IV. THE LOAN AGREEMENT FORECLOSES PERSONAL LIABILITY

11. The Loan Agreement dated September 5, 2022, between Genie Investments NV (Lender) and Zoomeral, Inc. (Borrower) contains express provisions that foreclose personal liability:

- **Section 1:** The loan is "in the form of a non-recourse unsecured line of credit to the Borrower."
- **Section 24:** "There are no personal guarantees requirements of any kind with this Agreement."
- **Section 25:** "This is a non-recourse loan. The Lender shall have no recourse against the Borrower."
- **Section 23:** "No collateral of any kind is required by or part of this Agreement."

12. Hughes signed the Agreement solely in his capacity as an officer of Zoomeral. The Agreement does not name him individually.

## V. HUGHES HOLDS INDEMNIFICATION AND OFFSET RIGHTS BY ASSIGNMENT

13. On March 16, 2025, Zoomeral executed a corporate assignment transferring its accounts receivable, contract rights, credits, and defenses to Hughes and John Michael Cohan (Bankr. C.D. Ill. Doc. 658). The Assignment transfers to Hughes, individually, all rights to receive indemnification (Section 4(ii); Section 6(iv)), all rights to assert offsets (Section 4(ii); Section 6(vi)), all rights to assert recoupment (Section 4(ii); Section 6(vii)), and all defenses and counterclaims (Section 6(viii)–(ix)).

14. The Loan Agreement itself contains a broad **Indemnification** provision at Section 28: "The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and directors, employees from any liabilities, claims, claw backs, suits,

judgments, and damages arising as a result of the performance of the obligations under this Agreement."

15. By virtue of the March 16, 2025 Assignment, this indemnification right now belongs to Hughes individually. To the extent the Trustee asserts a claim against Hughes personally (Claim No. 9 in the Illinois proceeding), Hughes holds an assigned contractual right to indemnification from the Lender (Genie) for any such "liabilities, claims, claw backs, suits, judgments, and damages."

16. Hughes has also asserted a verified contractual offset of approximately $1,984,562 (Bankr. C.D. Ill. Doc. 612), which exceeds the amount of the Final Judgment. This offset is based on commissions, due diligence fees, and origination points earned by Zoomeral and assigned to Hughes.

## VI. THE TRUSTEE'S VEIL-PIERCING THEORY IS BARRED BY THE CONTRACT

17. Hughes understands that the Chapter 7 Trustee has supplemented his claim in the Illinois proceeding by asserting a veil-piercing or alter-ego theory to hold Hughes personally liable for the corporate debt.

18. A veil-piercing theory cannot override the express terms of a contract. The Lender cannot contract for a non-recourse loan with no personal guaranty, and then later use a veil-piercing theory to hold the corporate officer personally liable for that same loan. The contract governs.

19. The indemnification right assigned to Hughes specifically covers "liabilities, claims, claw backs, suits, judgments, and damages" arising from the Agreement. The Trustee's attempt to pierce the veil and hold Hughes personally liable is exactly the type of claim that the Lender agreed to indemnify the officers against.

## VII. TIMELINESS AND THE NEED FOR AN IMMEDIATE RULING

20. When the Illinois Chapter 7 Trustee first objected to John Michael Cohan's claim in the Illinois proceeding, he did not assert the indemnification or offset rights that Hughes now holds by assignment. Those rights were not part of that objection, and the Illinois court was not asked to determine them.

21. The Illinois Chapter 7 Trustee has now notified Hughes that he has a "tentative settlement with Trustee Cohen" and that he wanted to give Hughes a "heads up" before it is finalized. A copy of that email, dated October 19, 2026, is attached as **Exhibit A**.

22. A settlement that treats Claim No. 9 as a valid personal liability against Hughes is inconsistent with the position the Illinois Trustee took when he objected to Cohan's claim without raising the offset or indemnification. More importantly for this Court, it would

extinguish Hughes's individual contractual rights before this Court has ruled on the scope of its own judgment and the legal effect of the Loan Agreement.

23. Hughes does not ask this Court to rule on the Illinois settlement. He asks this Court to rule on the legal effect of its own judgment and the contract that forms the basis of the Trustee's claim, so that the Illinois court may have the benefit of that ruling before it acts on a settlement that assumes Claim No. 9 is valid. The need for an immediate ruling is therefore not a matter of delay; it is a matter of ensuring that the Illinois court has the complete legal picture before it approves a settlement that affects Hughes's individual rights.

**VIII. REQUEST FOR RULING ON THE PAPERS**

24. The relief requested turns on the text of the Final Judgment, the Loan Agreement, the Assignment, and the verified offset, all of which are already part of the record or the Illinois docket and whose operative terms are quoted above. No witness testimony, no discovery, and no evidentiary hearing are required.

25. Hughes therefore requests that the Court rule on the papers. If the Court concludes that any material document is missing, Hughes requests that the Court identify what is needed so that he may supplement promptly.

**IX. RESERVATION OF RIGHTS**

26. Hughes reserves all rights to supplement this motion, to respond to any opposition, and to seek further relief as may be warranted. Nothing in this motion constitutes a waiver of any argument, defense, or right available to Hughes individually, including any right to object in the Illinois proceeding to Claim No. 9 or to any settlement affecting his individual rights.

**WHEREFORE**, Hughes respectfully requests that the Court:

A. Grant leave to file the accompanying individual-capacity motion notwithstanding Doc. 107;
B. Take judicial notice of the docket entries identified in Section I above;
C. Rule on the papers and, if necessary, identify any missing item so that Hughes may supplement and the Court may then rule;
D. Confirm that the Final Judgment (Adv. Doc. 40) did not adjudicate personal liability against Hughes individually;
E. Confirm that the Loan Agreement is non-recourse, contains no personal guaranty, and includes an indemnification provision that runs to Hughes by assignment;
F. Confirm that any veil-piercing or alter-ego theory asserted by the Trustee is barred by the express non-recourse terms of the Loan Agreement; and
G. Grant such other relief as is just and proper.

Respectfully submitted this 20th day of October, 2026,

/s/ David Choate Hughes II
DAVID CHOATE HUGHES II
Pro Se, in His Individual Capacity
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CERTIFICATE OF SERVICE

I certify that on 10/20/2026, I served a copy of this motion and the attached exhibit upon the following parties by email, and upon all parties entitled to notice through the Court's CM/ECF system:

Robert E. Eggmann, Chapter 7 Trustee, Carmody MacDonald P.C., 120 S. Central Ave., Ste. 1800, St. Louis, Missouri 63105; ree@carmodymacdonald.com

Raye C. Elliott, Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com

Thomas Bushnell Fullerton, Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; thomas.fullerton@akerman.com

James Anthony Salinas, United States Trustee, USTPRegion10.PE.ECF@usdoj.gov; james.salinas@usdoj.gov

/s/ David Choate Hughes II
DAVID CHOATE HUGHES II

**EXHIBIT A — Email from Robert E. Eggmann dated October 19, 2026**

**What this exhibit is.** This is an email from Robert E. Eggmann, the Chapter 7 Trustee in Hughes's Illinois bankruptcy case (Case No. 25-70566), to Hughes, dated October 19, 2026. In the email, Mr. Eggmann states: "In the spirit of full disclosure I have a tentative settlement with Trustee Cohen. I was hoping to have it finalized before I had to tell you that I could disclose the details but since we are emailing today, I wanted to give you a heads up."

**Relevance to this motion.** This exhibit establishes that the Illinois Trustee has reached a tentative settlement with the Florida Trustee, and that the settlement is imminent. It demonstrates the urgency of Hughes's request for an expedited ruling from this Court.

Gmail **David Choate <davidchoatehughes@gmail.com>**

# RE: Do you have 10 or 15 minutes for a call?

1 message

**Robert E. Eggmann** <ree@carmodymacdonald.com> Mon, Oct 19, 2026 at 4:02 PM
To: David Choate <davidchoatehughes@gmail.com>

David,

In the spirt of full disclosure, I have a tentative settlement with Trustee Cohen. I was hoping to have it finalized before I told you so that I could disclose the details but since we are emailing today, I wanted to give you a heads up.

Rob

Carmody MacDonald®
*Attorneys & Counselors at Law*

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 **|** **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Monday, October 19, 2026 3:56 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Re: Do you have 10 or 15 minutes for a call?

I will send you an email tomorrow after the hearing. It's maybe easier than email.

Thank you, and respectfully,

CERTIFICATE OF SERVICE

I certify that on October 28th, 2026, I served a true and correct copy of **DEBTORS EMERGENCY MOTION FOR A TEMPORARY STAY OF RULE 9019 PROCEEDINGS AND REQUEST FOR EXPEDITED HEARING** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the

addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 28th day of October 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II