**IN THE UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
10/28/2026 8:05 AM
**Adrienne D. Atkins, Clerk**

In re:
DAVID CHOATE HUGHES, II, Debtor.
Case No. 25-70566
Chapter 7

TO: Aaron R. Cohen, Chapter 7 Trustee, c/o Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602

Claimant: Aaron R. Cohen in his capacity as Chapter 7 Trustee for Genie Investments NV, Inc.
Claim No.: 9-1
Amount of Claim: $1,771,555.74

**DEBTORS MOTION FOR LEAVE TO FILE AMENDED OBJECTION TO PROOF OF CLAIM NO. 9.1 AND AMENDED OBJECTION THERETO**

David Choate Hughes, II, the debtor in this Chapter 7 case (the "Debtor"), respectfully moves for leave to file an Amended Objection to Proof of Claim No. 9-1 filed by Aaron R. Cohen. In support of this Motion, the Debtor states:

1. On December 3, 2025, the Debtor filed an Objection to Proof of Claim No. 9-1 (the "Original Objection") (Doc. 148).

2. The Original Objection was subsequently stricken by this Court following the appointment of the Chapter 7 Trustee.

3. On July 15, 2026, the Chapter 7 Trustee, Robert E. Eggmann, filed a timely Objection to Claim No. 9-1 (Doc. 469).

4. On October 19, 2026, the Chapter 7 Trustee notified the Debtor via email that he has a "tentative settlement with Trustee Cohen" and that he intended to file a motion under Rule 9019 seeking approval of this settlement.

5. The Debtor incorporates by reference the following documents that are already part of the record in the Genie Investments NV, Inc. bankruptcy case (Case No. 3:24-bk-00496-BAJ, M.D. Fla.): (a) the Debtor's Proof of Claim No. 72-2, filed October 5, 2026 (Claim 72-2); and (b) Akerman LLP's Objection to Claim 72-2, filed October 9, 2026 (Doc. 777) (the "Claim 72 Objection"). As set forth in the

Amended Objection, the Claim 72 Objection establishes that Akerman (a) acknowledges the Debtor's 82.5% ownership of Zoomeral and (b) does not dispute the offset math. The Debtor does not attach these documents because they are already on the docket of the Florida bankruptcy case and are subject to judicial notice by this Court.

6. The Debtor now seeks to amend the Original Objection to (a) adopt and incorporate the Trustee's valid objection by reference, (b) incorporate the threshold defenses of contractual indemnification and statutory offset, which were formally abandoned by the Trustee to the Debtor (Doc. 721), and (c) correct factual inaccuracies asserted by Cohen regarding the Debtor's ownership of Zoomeral, Inc.

7. The proposed Amended Objection attached hereto as **Exhibit A** corrects the Original Objection by removing any procedural defects and narrowing the issues to a purely legal and documentary analysis based on the record.

8. No party will be prejudiced by the amendment. The claim has not yet been allowed or disallowed, and the amendment will streamline the Court's review by aligning the Debtor's arguments with those already presented by the Trustee and the official Court records.

9. The amendment is brought in good faith and not for the purpose of delay.

WHEREFORE, the Debtor respectfully requests that the Court grant leave to file the Amended Objection attached as Exhibit A.

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com
Debtor, pro se

Dated: October 28, 2026

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II, Debtor.
Case No. 25-70566
Chapter 7

TO: Aaron R. Cohen, Chapter 7 Trustee, c/o Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602

Claimant: Aaron R. Cohen in his capacity as Chapter 7 Trustee for Genie Investments NV, Inc.
Claim No.: 9-1
Amount of Claim: $1,771,555.74

**DEBTORS AMENDED OBJECTION TO PROOF OF CLAIM NO. 9.1
FILED BY AARON R. COHEN**

David Choate Hughes, II, the debtor in this Chapter 7 case (the "Debtor"), objects to Proof of Claim No. 9-1 (the "Claim") filed by Aaron R. Cohen, in his capacity as Chapter 7 Trustee for Genie Investments NV, Inc. ("Cohen"), and respectfully requests that the Claim be disallowed in its entirety. The Debtor files this Amended Objection to replace his previously stricken objection and to assert his independent grounds for disallowance. In support of this Objection, the Debtor states as follows:

## I. STANDING

1. A Chapter 7 debtor has standing to object to a claim where disallowance of the claim would produce a surplus for the debtor. *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607-08 (7th Cir. 1998) ("If the debtor can show a reasonable possibility of a surplus after payment of all claims, he has standing to object"). The Debtor bears the burden of demonstrating a reasonable possibility of a surplus.

2. At the October 20, 2026, hearing, Trustee Eggmann represented to the Court that he intended to file a motion under Rule 9019 seeking approval of a settlement with Trustee Cohen. Under that settlement, direct claims would be paid first, and Trustee Cohen's claim would be subordinated to those direct claims and receive the remainder of the estate's distribution.

3. That representation is an acknowledgment by the Trustee that a surplus exists in this estate. A second-tier distribution to Cohen after direct claims are paid necessarily means that funds remain after payment of those claims.

4. The estate's known assets and expenses are as follows:

| Item | Amount | Source |
|---|---|---|
| Net proceeds from home sale | $306,286.45 | Doc. 328 |
| Less: homestead exemption paid to Debtor | ($15,000.00) | |
| Remaining estate cash | $291,286.45 | |
| Credit card claims not objected to (Claims 2, 3, 4, 7, 8) | ($32,111.28) | claims register |
| Illinois Dept. of Revenue priority claim (Claim 11) | ($4,396.07) | claims register |
| Trustee commission under § 326(a), maximum | ($18,564.32) | calculated |
| Carmody MacDonald fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Special Counsel application | ($19,552.50) | Doc. 761 |
| **Balance before future fees** | **$171,662.28** | **calculated** |

5. If Claim No. 9-1 is disallowed, the balance of $171,662.28 remains before the Trustee's future fees, and a surplus will exist. The Debtor's standing is based on this surplus.

6. The estate has also abandoned its interest in the Zoomeral offset to the Debtor. *Order Granting Trustee's Motion to Abandon Certain Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 554* (Doc. 721). The Debtor is the holder of that abandoned interest. As set forth below, this abandoned asset includes two threshold issues: (1) the indemnification provisions contained in the loan agreement between Genie Investments and Zoomeral, Inc., which provide the Debtor with a defense to claims arising from the

Genie bankruptcy, and (2) a contractual offset that reduces any derivative claim to zero. Because this claim is a derivative claim arising from the same Genie Investments NV, Inc. bankruptcy, these threshold defenses apply to this claim objection as well. Allowing this claim to proceed would directly impair the abandoned asset and deprive the Debtor of the benefit of these threshold defenses. This provides an independent basis for the Debtor's standing.

7. Finally, the Debtor has standing because the Chapter 7 Trustee has independently objected to this same claim. *Trustee's Objection to Claim No. 9-1 of Aaron R. Cohen* (Doc. 469). Under 11 U.S.C. § 704(a)(5), the Trustee has a statutory duty to "examine proofs of claims and object to the allowance of any claim that is improper" if a purpose would be served. Courts recognize that a Chapter 7 debtor may have standing to object where "the debtor's objection would not undermine the efficient administration of the estate." *In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003); see also *In re Watson*, 03-13355 (Bankr. D. Mass. Sept. 29, 2004).

## II. INCORPORATION OF THE TRUSTEE'S OBJECTION AND THE COURT'S ABANDONMENT ORDER

8. The Debtor adopts and incorporates by reference the arguments set forth in the Chapter 7 Trustee's Objection to Claim No. 9-1 (Doc. 469). The Trustee correctly identified that the Claim is not for a debt of this Debtor individually, but rather that of a business entity, Zoomeral, Inc., and that the Claim is duplicative of the judgment entered in the Genie Investments NV, Inc. bankruptcy case (Case No. 24-00496, M.D. Fla.).

9. Furthermore, this Court has already recognized the validity of the Debtor's defenses by granting the Trustee's Motion to Abandon the estate's interest in the "Zoomeral Offset Claim" and the "Zoomeral, Inc. accounts receivable" (Doc. 721). The Trustee has explicitly acknowledged that these assets, which belong to the Debtor, defeat the Claim at issue.

## III. GROUNDS FOR OBJECTION

### A. Threshold Defense: Contractual Indemnification Bars the Claim.

10. The Claim arises from a purported Final Default Judgment obtained by Cohen against Zoomeral, Inc. in the amount of $1,771,555.74 (the "Judgment") (M.D. Fla. Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42). However, the underlying Loan Agreement dated September 5, 2022 (the "Loan Agreement") between Genie Investments NV (Lender) and Zoomeral, Inc. (Borrower) contains an explicit Indemnification Clause. The Debtor incorporates by reference the Loan Agreement, which is fully available on the docket of the United States Bankruptcy Court for the Middle District of Florida (Case No. 3:24-bk-00496-BAJ, Adv. Doc. 1, Exhibit A).

*11.* Section 28 of the Loan Agreement states: *"The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and directors, employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement."*

12. Cohen's Claim is an attempt to collect a judgment against Zoomeral. The Debtor is the successor-in-interest and assignee of Zoomeral's rights, including this indemnification provision. Because the "claw back" and "judgment" at issue arose directly from the performance of the Loan Agreement, the indemnification clause obligates the Lender (Genie/Cohen) to hold the Borrower and its officers harmless.

13. Cohen cannot use this Court as a collection agency to enforce a judgment that is directly contradicted and barred by the very contract that created the debt. The indemnification provision serves as a complete defense and threshold bar to the Claim. This is a pure question of contract interpretation that the Court can resolve on the documents.

**B. Threshold Defense: The Statutory and Contractual Offset Reduces the Claim to Zero.**

14. Even assuming, *arguendo*, that the Judgment is valid, the Claim must be reduced to zero due to a documented offset. Pursuant to 11 U.S.C. § 553, the Debtor asserts a right of setoff. Section 553 preserves the right of setoff under applicable non-bankruptcy law. The Debtor incorporates by reference the *Notice of Contractual Offset — Zoomeral Claim Exceeds Florida Trustee*

*Claim — Part One* (Doc. 612) and its attached exhibits (Docs. 612-1 through 612-4), which have been fully filed and served on all parties in this Court. These filings include the comprehensive accounting ledger detailing Zoomeral's Accounts Receivable (AR) owed by Genie Investments NV.

15. As established in the Notice of Contractual Offset (Doc. 612), Zoomeral earned fees from Genie under the following contractual arrangements:

- 3% origination points on bridge loans;
- 3% success fees on Business Expansion Line of Credit (BELOC) loan agreements; and
- A 1/3 split of due diligence fees.

16. These earned fees were recorded in Zoomeral's accounting ledger (Doc. 612-4) and supported by Chase Bank records showing the 1/3 split payments. The total documented Accounts Receivable owed by Genie to Zoomeral is $1,984,562.00.

17. The Claim filed by Cohen is for $1,771,555.74. When the Claim is offset against the Accounts Receivable owed to Zoomeral, the result is a net surplus owed to the Debtor/Zoomeral:

Total Zoomeral AR: $1,984,562.00
Less Cohen's Claim: ($1,771,555.74)
Net Owed to Debtor: $213,006.26

18. The Debtor's accounting is thorough, backed by the AR ledger, borrower-by-borrower contractual agreements, detailed wire-by-wire bank records, and declarations from John Michael Cohan (Doc. 612-4). Cohen has produced no evidence to rebut the validity of these earned fees, nor did Cohen object to the accounting when it was presented in the Florida bankruptcy proceedings.

19. Because the offset completely extinguishes the Claim and leaves a surplus in favor of the Debtor, the Claim must be disallowed in its entirety. This is a pure question of accounting and contract interpretation that the Court can resolve on the documents.

**C. The Claim is Derivative and Seeks an Improper Double Recovery.**

20. Cohen previously filed a claim in the Genie Investments NV, Inc. bankruptcy case. The Claim in this personal bankruptcy is an attempt to hold the Debtor personally liable for the corporate debts of Zoomeral, which is a separate legal entity.

21. The Trustee in this case (Eggmann) correctly noted in his Objection (Doc. 469) that the claim in this personal bankruptcy is duplicative. Cohen cannot recover the same loss twice. Further, the default judgment in Florida was against the corporate entity, not the Debtor personally. Cohen has failed to pierce the corporate veil or establish personal liability.

22. Akerman's Response (Doc. 541, ¶ 7) alleges that over $2.8 million was transferred from Zoomeral to the Debtor's personal accounts. This allegation is not supported by any evidence in the record. More importantly, it is irrelevant to the validity of Claim No. 9-1. The Claim is based on a default judgment against Zoomeral, Inc., not on any adjudicated fraudulent transfer against the Debtor. Akerman cannot use a proof of claim to impose personal liability for an unadjudicated fraudulent transfer theory. If Akerman wishes to pursue such a theory, it must do so through the appropriate procedural mechanism, not by defending a proof of claim that is based on a corporate judgment.

23. The Claim 72 Objection (Case No. 3:24-bk-00496-BAJ, Doc. 777), which the Debtor incorporates by reference, argues that the Debtor's Claim 72-2 is unproven because the documentation is incomplete. But Akerman's own Claim 9-1 is based on a default judgment, not on a fully litigated accounting. A default judgment is not proof of the underlying debt. It is proof that Zoomeral did not appear. If Akerman is arguing that the Debtor's claim is unproven, then its own claim is equally unproven.

**D. Cohen's Alter Ego Theory Fails: Court Records Prove the Debtor Did Not Own 100% of Zoomeral, and Cohen's Insiders Signed the Contract.**

24. In his Response to the Chapter 7 Trustee's Objection (Doc. 541, ¶ 3), Cohen falsely asserts that the Debtor "was also the 100% owner of a company called Zoomeral, Inc." This is demonstrably false and contradicted by the

sworn testimony and the official Court-appointed Examiner's Report in the Florida bankruptcy case (Case No. 3:24-bk-00496-BAJ, Doc. 146, ¶ 114).

25. The Examiner's Report explicitly found: "Zoomeral, Inc. ... was formed in Delaware on March 6, 2018. Hughes owns 82.5% and Cohan owns 17.5%." (Examiner's Report, Doc. 146, ¶ 114). The Debtor incorporates this finding by reference. Because the Debtor did not solely own Zoomeral, Cohen cannot establish the complete unity of ownership and interest required to pierce the corporate veil and hold the Debtor personally liable for a corporate debt.

26. Now that Zoomeral, Inc. is dissolved, both David Choate Hughes (82.5%) and John Michael Cohan (17.5%) personally hold the corporate assets, including the Accounts Receivable and the contractual indemnification protections.

27. Even more fatal to Cohen's claim is the fact that the underlying Genie/Zoomeral Loan Agreement (M.D. Fla. Adv. Doc. 1, Exhibit A) was signed by John Michael Cohan on behalf of Genie Investments (the Lender), and by the Debtor on behalf of Zoomeral (the Borrower). Cohen is attempting to use this Court to collect a judgment from the Debtor personally for a transaction where the Debtor's co-owner in Zoomeral (Cohan) was simultaneously acting as the signatory for the opposing corporate entity (Genie).

28. Cohen cannot have it both ways. He cannot claim the corporate separateness of Genie to shield its assets, while simultaneously asking this Court to ignore the corporate separateness of Zoomeral to hold the Debtor personally liable, especially when the Debtor only owned 82.5% of the entity.

29. Furthermore, Cohen's proof of claim is based entirely on a default judgment against Zoomeral, Inc. (M.D. Fla. Adv. Pro. 3:25-ap-00011-BAJ, Doc. 42), not against the Debtor. Cohen has provided zero evidence of a personal guarantee, promissory note, or contract signed by the Debtor in his individual capacity.

30. The 100% ownership assertion is not a minor factual error. It is the foundation of Cohen's alter ego theory. Without it, Cohen cannot establish

the "complete unity of ownership and interest" required to pierce the corporate veil. The Examiner's Report directly contradicts this assertion. The Court can resolve this issue on the documents already in the record.

**E. Akerman's Own Filings Concede the Offset Math and the 82.5% Ownership**

31. In its Claim 72 Objection (Case No. 3:24-bk-00496-BAJ, Doc. 777), which the Debtor incorporates by reference, Akerman does not dispute the offset math. It does not dispute that Zoomeral's accounts receivable total approximately $1,984,462. It does not dispute that the Cohen claim is $1,771,555.74. It does not dispute that the net is approximately $213,000. Instead, Akerman argues that Claim 72-2 is untimely and that the documentation is incomplete. This is a concession that the offset math itself is not in dispute.

32. More importantly, the Claim 72 Objection acknowledges the Debtor's 82.5% ownership of Zoomeral. Paragraph 7 of the Claim 72 Objection states: "Hughes then states that he owns 82.5% of Zoomeral (Claim 72-2, Part 7, ¶ 12)..." Akerman did not dispute this statement. It did not argue that the Debtor owns 100%. This is a direct contradiction of Akerman's assertion in its Response to the Trustee's Objection (Doc. 541, ¶ 3) that the Debtor "was also the 100% owner of a company called Zoomeral, Inc."

33. This is not a dispute about a minor detail. It is a direct contradiction between two positions taken by the same counsel in two different courts. One of them must be false. The Examiner's Report confirms that the Florida position (82.5%) is accurate and the Illinois position (100%) is not.

34. The Claim 72 Objection does not address the indemnification clause in Section 28 of the Loan Agreement. It does not address the non-recourse provisions in Sections 1, 23, 24, and 25. It does not address the fact that the default judgment was entered against Zoomeral, Inc., not the Debtor. These omissions are significant. They show that Akerman has no answer to the Debtor's threshold defenses.

**F. Request for Sua Sponte Review Under Rule 9011**

35. Pursuant to Federal Rule of Bankruptcy Procedure 9011(b), a party filing a proof of claim certifies that the claim is warranted by existing law and has evidentiary support.

36. Cohen signed the Proof of Claim under penalty of perjury, yet it ignores the explicit indemnification clause in the Loan Agreement, completely disregards the documented $1.98 million in Accounts Receivable owed to the Debtor, and falsely asserts 100% ownership of Zoomeral in direct contradiction of the Examiner's Report and the Claim 72 Objection (Doc. 777), both of which the Debtor incorporates by reference.

37. The Debtor does not use the term "misrepresentation" lightly. The Debtor's position is that Akerman's assertion of 100% ownership is a factual misrepresentation that lacks evidentiary support, in violation of Rule 9011(b)(3). The Court can address this misrepresentation through the Rule 9011 remedy without the need for a separate fraud action.

38. The Debtor respectfully requests that the Court review Claim No. 9-1 *sua sponte* under Rule 9011 and take any action the Court deems appropriate regarding Cohen's inflated and unsupported claim.

## IV. THE CLAIM CAN BE DISALLOWED ON THE PAPERS

39. This is a contested matter under Rule 9014. The legal grounds set forth in Sections III.A through III.E are dispositive on the existing record. If the Court accepts any of these grounds, the Claim must be disallowed without further proceedings.

40. The Debtor's position is that the Claim can and should be disallowed on the papers. The Debtor does not ask the Court to authorize any discovery or to conduct a trial on the merits of the Claim at this stage.

41. However, if the Court determines that it cannot disallow the Claim on the papers, the Court has the authority under Rule 9014 to direct the parties to present evidence on the two discrete factual issues that are apparent from the face of the record:
a. The actual ownership of Zoomeral, Inc. The Examiner's Report (Doc. 146, ¶ 114) states that Hughes owns 82.5% and Cohan owns 17.5%. Cohen's

Response (Doc. 541, ¶ 3) asserts 100%. This is a direct factual contradiction that can be resolved by reference to the Examiner's Report, the sworn testimony, and the Claim 72 Objection (Doc. 777), all of which the Debtor incorporates by reference.

b. The legal effect of the default judgment. The Final Judgment (M.D. Fla. Adv. Pro. 3:25-ap-00011-BAJ, Doc. 42) was entered against Zoomeral, Inc., not the Debtor. Whether a default judgment against a corporate entity can establish personal liability against a non-party individual is a question of law that the Court can resolve on the documents.

42. The Debtor will present the Examiner's Report, the relevant testimony transcripts, the Loan Agreement, and the Claim 72 Objection (Doc. 777) if the Court deems it necessary to receive evidence.

## V. RESERVATION OF RIGHTS

43. The Debtor expressly reserves all rights to:
    a. Supplement this Objection with additional exhibits or legal arguments;
    b. Object to any Rule 9019 settlement motion filed by the Trustee on the grounds set forth herein and on any additional grounds that may arise;
    c. Seek sanctions under Rule 9011; and
    d. Take any additional procedural steps necessary to protect his rights.

44. This Objection is based on the information currently available to the Debtor. The Debtor's investigation into the Claim and the underlying transactions is ongoing.

## VI. REQUEST FOR RELIEF

WHEREFORE, David Choate Hughes, II respectfully requests that the Court:

1. Disallow Claim No. 9-1 in its entirety because it is barred by the indemnification clause of the Loan Agreement, reduced to zero by the statutory and contractual offset, and based on a false assertion of 100% ownership;

2. If the Court does not disallow the Claim on the legal grounds set forth in Sections III.A through III.E, direct the parties to present evidence on the discrete factual issues identified in Section IV;

3. Grant such other relief as the Court considers just and proper.

Dated: October 28, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com
Debtor, pro se

**NOTICE OF OBJECTION AND 30-DAY RESPONSE DEADLINE**

**IF YOU DO NOT WANT THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, THEN YOU OR YOUR ATTORNEY MUST FILE A WRITTEN RESPONSE AND/OR AN AMENDED CLAIM WITHIN 30 DAYS FROM THE DATE OF THIS OBJECTION. YOUR RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT AT 600 EAST MONROE STREET, ROOM 226, SPRINGFIELD, ILLINOIS 62701 AND SERVED ON DEBTOR DAVID CHOATE HUGHES II, AT 82 PLANTATION POINTE ROAD, NO. 281, FAIRHOPE, ALABAMA 36532. ABSENCE OF A RESPONSE WILL CONSTITUTE A CONSENT TO THE ENTRY OF AN ORDER ALLOWING OR DISALLOWING THE CLAIM AS SET FORTH IN THE OBJECTION.**

# CERTIFICATE OF SERVICE

I certify that on October 28th, 2026, I served a true and correct copy of **DEBTORS AMENDED OBJECTION TO PROOF OF CLAIM NO. 9.1 FILED BY AARON R. COHEN & DEBTORS AMENDED OBJECTION TO PROOF OF CLAIM NO. 9.1 FILED BY AARON R. COHEN** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned

cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 28th day of October 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II