**IN THE UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
10/27/2026 10:11 PM
**Adrienne D. Atkins, Clerk**

Case No. 25-70566
Chapter 7

TO: Jason Craney, Counsel for Foster Group, LLC
716 West Street
Madison, IN 47250
Email: jcranney@gmail.com

Claimant: Foster Group, LLC
Claim No.: 39-1
Amount of Claim: $202,900.00

## DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 39.1 FILED BY FOSTER GROUP, LLC

David Choate Hughes, II, the debtor in this Chapter 7 case (the "Debtor"), objects to Proof of Claim No. 39-1 (the "Claim") filed by Foster Group, LLC ("Foster"), and respectfully requests that the Claim be disallowed. In support of this Objection, the Debtor states as follows:

### I. **STANDING**

1. A Chapter 7 debtor has standing to object to a claim where disallowance of the claim would produce a surplus for the debtor. *In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607-08 (7th Cir. 1998) ("If the debtor can show a reasonable possibility of a surplus after payment of all claims, he has standing to object").
2. At the October 20, 2026, hearing, Trustee Eggmann represented to the Court that he intended to file a motion under Rule 9019 seeking approval of a settlement with Trustee Cohen. Under that settlement, direct claims would

be paid first, and Trustee Cohen's claim would be subordinated to those direct claims and receive the remainder of the estate's distribution.

3. That representation is an acknowledgment by the Trustee that a surplus exists in this estate. A second-tier distribution to Cohen after direct claims are paid necessarily means that funds remain after payment of those claims.

4. The estate's known assets and expenses are as follows:

| Item | Amount | Source |
|---|---|---|
| Net proceeds from home sale | $306,286.45 | Doc. 328 |
| Less: homestead exemption paid to Debtor | ($15,000.00) | |
| Remaining estate cash | $291,286.45 | |
| Credit card claims not objected to (Claims 2, 3, 4, 7, 8) | ($32,111.28) | claims register |
| Illinois Dept. of Revenue priority claim (Claim 11) | ($4,396.07) | claims register |
| Trustee commission under § 326(a), maximum | ($18,564.32) | calculated |
| Carmody MacDonald fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Special Counsel application | ($19,552.50) | Doc. 761 |
| Balance before future fees | $171,662.28 | calculated |

5. If the remaining claims that the Trustee has objected to as duplicative of the Genie Investments NV, Inc. bankruptcy in Florida, including, but not limited to, Claim No. 9-1(Mims), are disallowed, the balance of $171,662.28 remains before the Trustee's future fees, and a surplus will exist unless those future fees exceed that amount. It is more than reasonable to assume that future fees would not come close to this balance. This is especially true because these claimants were given an opportunity by this Court at the September 1, 2026, hearing to provide proof to the Trustee substantiating their claims, and they have failed to do so. Their failure to provide proof further confirms that these claims are duplicative, unsupported, and should be disallowed in their entirety.

6. The estate has also abandoned its interest in the Zoomeral offset to the Debtor. Order dated September 11, 2026 (Doc. 721). The Debtor is the

holder of that abandoned interest. As set forth in the Debtor's Objection to Claim No. 9-1, this abandoned asset includes two threshold issues: (1) the indemnification provisions contained in the loan agreement between Genie Investments and Zoomeral, Inc., which provide the Debtor with a defense to claims arising from the Genie bankruptcy, and (2) a contractual offset that reduces any derivative claim to zero. Because this claim is a derivative claim arising from the same Genie Investments NV, Inc. bankruptcy, these threshold defenses, indemnification and contractual offset, apply to this claim objection as well. Allowing this claim to proceed would directly impair the abandoned asset and deprive the Debtor of the benefit of these threshold defenses. This provides an independent basis for the Debtor's standing.

5. Finally, the Debtor has standing because the Chapter 7 Trustee has independently objected to this same claim. On July 8, 2026, Trustee Robert E. Eggmann filed an Objection to Claim No. 39-1 (Doc. 447). Under 11 U.S.C. § 704(a)(5), the Trustee has a statutory duty to "examine proofs of claims and object to the allowance of any claim that is improper" if a purpose would be served. Courts recognize that a Chapter 7 debtor may have standing to object where "the debtor's objection would not undermine the efficient administration of the estate." *In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003); see also *In re Watson*, 03-13355 (Bankr. D. Mass. Sept. 29, 2004) (quoting *Choquette* and applying the three-factor standing test). Here, because the Trustee has already initiated this contested matter and identified the same defects in the Claim, the Debtor's participation is aligned with the Trustee's statutory duty and does not interfere with, but rather supports, the efficient administration of the estate.

## II. **RELIANCE ON THE TRUSTEE'S OBJECTION**

8. The Debtor adopts and incorporates by reference the arguments set forth in the Chapter 7 Trustee's Objection to Claim No. 39-1 (Doc. 447). The Trustee correctly identified that the Claim is not for a debt of this Debtor individually, but rather that of a business entity, Genie Investments, and that the Claim is duplicative of Claim No. 22 filed in the Genie Investments NV, Inc. bankruptcy case (Case No. 24-00496, M.D. Fla.).

9. Despite filing a Response (Doc. 478) accusing the Debtor of participating in a "loan-funding scheme," Foster has produced no evidence establishing that David Hughes, personally, owes them $202,900.00.

## III. **GROUNDS FOR OBJECTION**

A. Foster's Own Sworn Testimony Admits He Never Dealt with the Debtor or Zoomeral.

10. On April 9, 2024, Adam Foster testified under oath in the United States Bankruptcy Court for the Middle District of Florida (Case No. 3:24-bk-00496-BAJ, Doc. 79). The relevant excerpts of his testimony are attached hereto and incorporated by reference.

11. In his sworn testimony, Foster admitted that he never spoke with, met, or dealt with David Hughes or Zoomeral:

    - He dealt with McMann and Jeff Kly: Foster testified he was introduced to the BELOC product by a broker named "Jeff Kly," and that he stopped dealing with Kly to reach out directly to McMann Commercial Lending. (Foster Testimony, p. 107, lines 4-18).

    - He was instructed by McMann to send funds to McMann: Foster testified that after signing the agreement, "Michael Lanza from McMann told me that the bank account information had changed and that I needed to wait to send the 165,000... That bank account information was McMann Commercial Lending. It was their bank account. And so that's where I sent the money." (Foster Testimony, p. 109, lines 6-15). The Debtor had no ownership or involvement in McMann Commercial Lending.

    - He never spoke to the Debtor: Foster testified he only received a phone call from David Hughes *after* the loan failed to fund, when Foster was trying to get a refund. (Foster Testimony, p. 111, lines 13-18).

    - He admits the $30,000 went to Genie, not the Debtor: Foster testified he sent a "$30,000 bridge loan fee, a due diligence fee, on March 29th of 2023 to Genie Investments." (Foster Testimony, p. 108, lines 23-

24). He never testified to sending any money to David Hughes personally or to Zoomeral.

B. Foster Admits the Claim Arises from a Corporate Transaction with a Separate Entity.

12. In his Response (Doc. 478, p. 2), Foster explicitly admits: "Claimant further acknowledges that both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc." That admission is fatal to the Claim. By Foster's own account, his transaction was with Genie Investments, not with David Hughes personally.

13. Foster alleges that the Debtor was "not merely a passive officer" but "personally participated in, controlled, directed, benefited from, and/or was involved in the Genie Investments loan-funding scheme." General involvement in a business or a financing arrangement is not a basis for personal liability. Foster provides no personal guarantee, no promissory note, and no contract signed by the Debtor in his individual capacity.

14. The documents attached to Foster's Claim prove the funds did not go to the Debtor:

   - Claim Attachment 3: A "Due Diligence Fee Agreement" shows a $30,000 payment made by Foster to Genie Investments NV, not the Debtor.
   - Claim Attachments 5 & 6: Wire transfer receipts show funds sent by Foster to McMann Commercial Activations/Lending LLC, not to the Debtor or any company the Debtor owns.

C. The Claim is Based on Contracts with Mandatory Arbitration and Jurisdiction Clauses in Delaware.

19. Foster's Claim relies on the "Due Diligence Fee Agreement" attached to his Proof of Claim (Claim Attachment 3). However, that very same agreement contains a mandatory arbitration clause that Foster has ignored.

20. Section 7 of the Due Diligence Fee Agreement states: "Any dispute, claim, or controversy arising out of or relating to this Agreement... shall be

determined by binding arbitration in New Castle County, Delaware, before one arbitrator."

21. Furthermore, Section 6.1 of the Intercreditor Agreement (Claim Attachment 1) states that "any legal action, suit, or proceeding arising out of or relating to this Agreement may be brought in a state or federal court located in Delaware."

22. Foster cannot use this Court as a collection agency for a disputed debt arising from a contract that explicitly mandates arbitration and jurisdiction in Delaware. He must pursue his remedies in the correct forum.

E. The Claim Is Duplicative and Seeks a Double Recovery.

23. Foster has already filed a claim in the Genie Investments NV, Inc. bankruptcy case (Claim No. 22). In his Response (Doc. 478, p. 2), he states: "The claim filed in the Genie Investments NV, Inc. bankruptcy case is asserted against the corporate debtor. The claim filed in this case is asserted against David C. Hughes II individually."

24. However, the Trustee correctly noted that the claim in this personal bankruptcy is duplicative. Foster cannot recover the same $202,900 loss twice, once from the Genie estate and once from the Debtor's estate. The claim against the Debtor is a derivative liability claim that must be addressed in the context of the Genie bankruptcy, not the Debtor's personal bankruptcy.

F. The Forthcoming Delaware Tort Action Demonstrates the Claim is Part of a Larger Dispute Over Liability.

37. The Debtor is filing a Complaint for Damages in the Superior Court of the State of Delaware against Lea Muse, Adam Foster, Charles Blake Stringer, H&M Essential Services LLC, their respective businesses/principals, and other parties who filed duplicative claims in this bankruptcy case. That Complaint will allege tortious interference, abuse of process, and defamation arising directly from Muse's filing of this false Claim and her coordinated solicitation of other claims.

25. That Complaint will allege tortious interference, abuse of process, and defamation arising directly from Foster's filing of this false Claim in the Debtor's personal bankruptcy.

26. The validity of the Claim and Foster's liability for filing it are currently being litigated in Delaware. This Court should defer to the Delaware action, as it involves the Debtor's personal tort claims and is the forum designated by the parties' Intercreditor Agreement (Section 6.1, Choice of Law/Jurisdiction).

IV. **REQUEST FOR SUA SPONTE REVIEW UNDER RULE 9011**

28. Pursuant to Federal Rule of Bankruptcy Procedure 9011(b), a party filing a proof of claim certifies that the claim is warranted by existing law and has evidentiary support.

29. Foster signed the Proof of Claim under penalty of perjury, declaring that the Debtor personally owed him nearly a quarter of a million dollars. Yet, his own sworn testimony in the Florida bankruptcy court confirms he never dealt with the Debtor, never sent funds to the Debtor, and was instructed by a third party (McMann) to send funds to a third-party account.

30. The Debtor respectfully requests that the Court review Claim No. 39-1 *sua sponte* under Rule 9011 and take any action the Court deems appropriate regarding Foster's inflated and unsupported claim.

V. **REQUEST FOR RELIEF**

WHEREFORE, David Choate Hughes, II respectfully requests that the Court:

1. Disallow Claim No. 39-1 in its entirety because it fails to establish any personal obligation of this Debtor and is not supported by the writings required by Bankruptcy Rule 3001(c);

2. Alternatively, should the Court determine that it lacks sufficient evidence to rule on the merits of the Claim at this time, defer ruling on Claim No. 39-1 pending the final resolution of the forthcoming Delaware tort action;

3. Grant such other relief as the Court considers just and proper.

Dated: October 27, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com
Debtor, pro se

**NOTICE OF OBJECTION AND 30-DAY RESPONSE DEADLINE**

**IF YOU DO NOT WANT THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, THEN YOU OR YOUR ATTORNEY MUST FILE A WRITTEN RESPONSE AND/OR AN AMENDED CLAIM WITHIN 30 DAYS FROM THE DATE OF THIS OBJECTION. YOUR RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT AT 600 EAST MONROE STREET, ROOM 226, SPRINGFIELD, ILLINOIS 62701 AND SERVED ON DEBTOR DAVID CHOATE HUGHES II, AT 82 PLANTATION POINTE ROAD, NO. 281, FAIRHOPE, ALABAMA 36532.**

**ABSENCE OF A RESPONSE WILL CONSTITUTE A CONSENT TO THE ENTRY OF AN ORDER ALLOWING OR DISALLOWING THE CLAIM AS SET FORTH IN THE OBJECTION.**

## CERTIFICATE OF SERVICE

I certify that on October 27th, 2026, I served a true and correct copy of **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 39.1 FILED BY FOSTER GROUP, LLC** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 26th day of October 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II