**IT IS SO ORDERED.**

**SIGNED THIS: October 28, 2026**

**Mary P. Gorman**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

In re: DAVID CHOATE HUGHES II, Case No. 25-70566

Debtor. Chapter 7

**ORDER**

The following having been filed:

1) Debtor's Emergency Motion for a Temporary Stay of Rule 9019 Proceedings and Request for Expedited Hearing (#764)

IT IS ORDERED THAT:

| Matter | Action |
|---|---|
| 1. | The Debtor's Emergency Motion for a Temporary Stay of Rule 9019 Proceedings and Request for Expedited Hearing (#764) ("Motion") is denied.<br><br>The Debtor's Motion seeks a stay of "any Rule 9019 settlement proceedings regarding Claim No. 9-1 until the Court has ruled on the Debtor's Amended Objection and held any necessary evidentiary hearing on the disputed ownership and offset issues." But, as the Debtor acknowledges, the Chapter 7 Trustee has not |

filed a motion seeking approval of any compromise or settlement. In other words, there are no pending "Rule 9019 settlement proceedings" that might be stayed. It suffices to say that there is no clear hardship or inequity in being required to go forward with a proceeding when such proceeding has not even been commenced and therefore does not yet exist.

Further, the matters that the Debtor points to in support of his Motion and establishing the need for relief are not persuasive. For one, he cites his motion for leave to file an amended objection to claim 9-1 in this case, which he filed contemporaneously with the present Motion. But leave is not needed to file an objection to claim and, at least at the time of this Order, the Debtor has not actually filed the amended objection to claim upon which he bases his request for a stay. Similarly, the Debtor relies on a motion that he says will soon be filed in adversary litigation connected to the Florida bankruptcy case of Genie Investments. But again, no such motion has yet been filed and therefore is not pending. Indeed, the Debtor is not even a party to those proceedings in which his motion is expected to be filed. Likewise, the Debtor asserts that he is "evaluating whether to file an adversary complaint against Trustee Cohen in Florida." Again, such litigation does not now exist and would not be a reason to stay anything here regardless of what the Debtor plans to do in the future. Finally, the Debtor cites the proof of claim he recently filed for himself in the Florida bankruptcy. But, as he acknowledges, the trustee there has already filed an objection to the Debtor's claim, and the matter is set to heard in early November. It is worth noting that, based on the docket in the Florida case, the claims bar date expired years ago, casting some doubt over whether the Debtor's tardily-filed claim will be allowed.

The point of mentioning each of these matters is to show that the perceived harm and unfairness the Debtor says will come to him is, at this point, entirely speculative. To the extent there are pending matters that could affect or be affected by a potential compromise between the Trustee here and the trustee in the Florida bankruptcy, they may well be resolved before any Rule 9019 motion is filed here. And even if the Trustee here does file the anticipated Rule 9019 motion, the Debtor will have an opportunity at that point to raise whatever objections he may have and to be heard on those objections. There is simply no need—indeed nothing for the Court to stay at this time.

###