**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| DAVID CHOATE HUGHES, II, | ) | Case No. 25-70566-mpg |
| | ) | |
| Debtor. | ) | |

**MOTION OF TRUSTEE FOR ORDER APPROVING THE COMPROMISE AND SETTLEMENT OF TRUSTEE'S OBJECTION TO CLAIM NO. 9-1 FILED BY AARON R. COHEN IN HIS CAPACITY AS CHAPTER 7 TRUSTEE**

COMES NOW Robert E. Eggmann ("Trustee Eggmann"), chapter 7 trustee in bankruptcy for David Choate Hughes, II, by and through the undersigned counsel, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, and for his *Motion of Trustee for Order Approving the Compromise and Settlement of Trustee's Objection to Claim No. 9-1 Filed by Aaron R. Cohen in his Capacity as Chapter 7 Trustee* (the "Motion") respectfully states as follows:

**Jurisdiction, Venue, and Parties**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue of this proceeding and this Motion is proper in this district, pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(B).

4. On July 10, 2025 (the "Petition Date"), Debtor David Choate Hughes, II ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Central District of Illinois (this "Court"). On February 10, 2026, Debtor's case (this "Bankruptcy Case") was converted to a case under chapter 7 of the Bankruptcy Code.

5. Trustee Eggmann is the duly qualified and appointed successor chapter 7 trustee in Debtor's bankruptcy case, having been appointed by this Court on February 12, 2026.

6. Genie Investments NV Inc. ("Genie") is or was a Florida corporation owned wholly or in part by Debtor and John Cohen ("Mr. Cohen"). Genie filed its voluntary bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, under Case No. 3:24-bk-00496-BAJ (the "Genie Bankruptcy") on February 21, 2024.

7. Aaron R. Cohen ("Trustee Cohen") is the duly appointed and qualified chapter 7 trustee for Genie.

8. Zoomeral, Inc. ("Zoomeral") is or was a Delaware corporation owned wholly or in part by Debtor and Mr. Cohen.

**Claims Filed in Debtor's Bankruptcy Case**

9. To date, fifty-four (54) claims have been filed in Debtor's bankruptcy case. The majority of those claims were filed by parties seeking reimbursement from Debtor in connection with his role in an alleged fraudulent business scheme involving Genie, Debtor, and other insider participants. In short, these claimants (the "Genie Claimants") claim that Genie, acting through its principals, including Debtor and Mr. Cohen, offered loans to small business owners at below market interest rates with funding conditioned upon a transfer of money to Genie as "prepaid interest." Genie ultimately failed to either fund the loans or return the pre-payments to the Genie Claimants. The Genie Claimants purport to recover from Debtor in this Bankruptcy Case under a "piercing of the corporate veil" theory.

10. The claims by the Genie Claimants (the "Genie Claims") are duplicative of allowed claims of the Genie Claimants in the Genie Bankruptcy.[1]

---

[1] *See* **Exhibit 1,** attached hereto and incorporated herein by this reference, for a comparison of the claims filed by the Genie Claimants in this Bankruptcy Case and the Genie Bankruptcy.

11. Trustee has identified eight (8) unsecured claims filed in this Bankruptcy Case by claimants (collectively, the "Direct Claimants") whose claims (collectively, the "Direct Claims") against Debtor and the bankruptcy estate are undisputed. The Direct Claimants and their Direct Claims, in the collective amount of $37,827.35, are identified as follows:

| Claim No. | Direct Claimant | Direct Claim Amount |
|---|---|---|
| 1-2 | Internal Revenue Service | $ 0.00 |
| 2-1 | Calvary SPV I, LLC, as assignee of Citibank, N.A. | $11,891.96 |
| 3-1 | Ally Bank | $ 4,705.70 |
| 4-1 | American Express National Bank | $ 6,571.67 |
| 7-1 | Wells Fargo Bank, N.A. | $ 4,057.80 |
| 8-1 | Quantum3 Group LLC as agent for Mercury Financial | $ 4,884.15 |
| 11-1 | Illinois Department of Revenue | $ 4,396.07 |
| 12-1 | All Day Lawn Service LLC | $ 1,320.00 |
| | Total Direct Claims: | $37,827.35 |

**The Cohen Claim**

12. On November 13, 2025, Trustee Cohen, in his capacity as chapter 7 trustee for Genie, filed Claim 9-1 (the "Cohen Claim") alleging an unsecured claim in Debtor's Bankruptcy Case in the amount of $1,771,555.74.

13. The Cohen Claim arose from a judgment obtained on May 2, 2025 by Trustee Cohen, in his capacity as chapter 7 trustee for Genie, against Zoomeral for the recovery of fraudulent transfers made by Genie to Zoomeral in the amount of $1,771,555.74 (the "Judgment") in the adversary proceeding styled *Aaron R. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et. al.*, in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, Adversary Case No. 3:25-ap-00011-BAJ. A true copy of the Judgment is attached hereto as **Exhibit 2** and incorporated herein by this reference.

14. Post-judgment, Trustee Cohen was able to obtain by subpoena certain bank records for Zoomeral demonstrating numerous transfers made from Zoomeral's bank account

directly to Debtor and in payment of Debtor's personal expenses[2] (the "Zoomeral Transfers") in an amount that exceeds the amount of the Judgment.

15. Trustee Cohen believes that these Zoomeral Transfers from Zoomeral to or on behalf of Debtor are fraudulent transfers pursuant to Florida Stat. § 726.105.

16. Trustee Cohen further believes that as a judgment creditor he could assert a claim under Florida law for recovery of the Zoomeral Transfers made to Debtor.

**The Claim Objection and Proposed Settlement**

17. On July 15, 2026, Trustee Eggmann filed Trustee's Objection to Claim No. 9-1 of Aaron R. Cohen in his Capacity as Chapter 7 Trustee [Doc. No. 469] (the "Objection"), requesting that the Cohen Claim be disallowed for reason that the claim was not for an individual debt of Debtor.

18. Upon consideration of the evidence provided to Trustee Eggmann by Trustee Cohen, documenting the transfers made by Zoomeral to Debtor, Trustee Eggmann believes that Trustee Cohen has a valid fraudulent transfer claim.

19. Upon approval of the Court, Trustee Eggmann and Trustee Cohen have reached a proposed settlement as to this controversy with respect to the Objection and the Zoomeral Transfers, and are in agreement as follows:

a. the Direct Claims shall be allowed in full; and

b. the Cohen Claim shall be allowed in full but shall be subordinate to the Direct Claims.

**Legal Argument**

20. Upon motion and after notice and hearing, the Federal Rules of Bankruptcy

---

[2] The personal expenses paid to Debtor or on his behalf from the Zoomeral account totaled over $2.8 million in a two-year period and included mortgage payments and remodeling expenses for Debtor's house and pool, personal vacations, restaurants, and grocery stores.

Procedure provide that a bankruptcy court may approve a proposed compromise and settlement. FED. R. BANKR. P. Rule 9019(a).

21. The paramount question for the bankruptcy court in determining whether to approve a bankruptcy settlement is whether the compromise is in the best interests of the estate. *In re Doctors Hospital of Hyde Park,* 474 F.3d 421, 426 (7th Cir. 2007). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *Id.* (citing *In re Energy Coop.,* 886 F.2d 921, 927–29 (7th Cir. 1989)). Factors to be considered are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (quoting *In re Am. Reserve,* 841 F.2d 159, 161 (7th Cir. 1987)). "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes." *Id.* In conducting such an analysis, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications, Inc.,* 179 B.R. 544, 553 (Bankr. N. D. Ill. 1994) (quoting *In re Energy Coop.,* 886 F.2d at 927).

22. Given the potential risks and costs involved in litigating this matter and the resulting potential reduction in assets for the estate and its creditors, Trustee Eggmann believes that it is in the best interest of the bankruptcy estate that the Court approve this proposed compromise and settlement of the Cohen Claim.

23. The Settlement represents a fully negotiated settlement between Trustee Eggmann and Trustee Cohen.

WHEREFORE, Trustee Robert E. Eggmann prays that this Court enter its Order as follows:

a. granting this Motion;

b. approving the compromise and settlement by and between Trustee Eggmann and Trustee Cohen of the Objection;

c. allowing the Direct Claims in full;

d. allowing the Cohen Claim in full but subordinate to the Direct Claims;

e. and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

*/s/ Robert E. Eggmann*

ROBERT E. EGGMANN (IL Bar #6203021)
BECKY R. EGGMANN (IL Bar #6203020)
120 South Central Ave., Suite 1800
St. Louis, MO 63105
(314) 854-8600
(314) 854-8660 (fax)
ree@carmodymacdonald.com
bre@carmodymacdonald.com

ATTORNEYS FOR ROBERT E. EGGMANN, TRUSTEE

EXHIBIT 1
COMPARISON OF GENIE AND HUGHES CLAIMS

| Genie Claim No. | Genie Creditor | Genie Claim Amount | Hughes Claim No. | Hughes Creditor | Hughes Claim Amount |
|---|---|---|---|---|---|
| 52 | Seiler Tucker Inc | $0.00 | 5 | Seiler Tucker Inc. | $0.00 |
| 18 | Legacy Land Developers LLC | $47,900.00 | 13 | Legacy Land Developers LLC | $47,900.00 |
| 26 | Knut LLC | $50,000.00 | 14 | Knut LLC | $5,000.00 |
| 60 | Knut LLC | $50,000.00 | 14 | Knut LLC | $5,000.00 |
| 16 | MIMS-IPR, LLC | $44,400.00 | 15 | Mitchell Mims | $245,926.84 |
| 13 | Meetopolis LLC | $60,000.00 | 16 | Meetopolis LLC | $60,000.00 |
| 14 | Heliosun LLC DBA Odin | $185,090.00 | 17 | Heliosun, LLC | $165,075.00 |
| 3 | TnC NOLA Holdings LLC | $64,575.00 | 18 | TnC NOLA Holdings LLC | $64,575.00 |
| 7 | Rolling By The Dozen RV Park LLC | $61,805.00 | 20 | Rolling by the Dozen RV Park LLC | $61,875.00 |
| 40 | Brooklyn Heights | $500,000.00 | 21 | Brooklyn Heights | $500,075.00 |
| 40 | Brooklyn Heights | $500,000.00 | 22 | Brooklyn Heights | $500,075.00 |
| 51 | Michael Thompson | $205,075.00 | 23 | Michael Thompson | $205,000.00 |
| 68 | Archer Capital Investments LLC /Michael Thompson | $238,250.00 | 23 | Michael Thompson | $205,000.00 |
| 37 | Business Live Global USA LLC | $36,839.95 | 24 | Business Live Global USA LLC | $36,839.95 |
| 12 | Sun Coast Entertainment Live LLC | $321,325.00 | 25 | Sun Coast Entertainment Live LLC | $322,000.00 |
| 4 | Belle Maison Realty, LLC | $3,000,000.00 | 26 | Lea Muse | $3,070,000.00 |
| 19 | Another Chance Group Home Inc | $235,000.00 | 27 | Another Chance Group Home Inc. (on Claims Register as David Hughes) | $235,000.00 |
| 10 | Global Verse Holdings LLC | $95,000.00 | 28 | Global Verse Holdings LLC | $95,000.00 |
| 11 | A Complete Home Inspection LLC | $65,500.00 | 29 | A Complete Home Inspection LLC | $67,000.00 |
| 21 | Nortical Capital Inc | $200,000.00 | 30 | Nortical Capital Inc | $200,000.00 |
| 55 | Onsite lifecare Inc | $137,000.00 | 31 | Onsite lifecare Inc | $144,500.00 |
| 24 | Latent Lending, LLC / Latent Wealth Group, LLC | $1,800,000.00 | 32 | Latent Wealth Group, LLC | $1,800,000.00 |
| 17 | Solace Realty Concepts LLC | $65,000.00 | 33 | Solace Realty Concepts LLC | $65,000.00 |
| 15 | Faith Investors Services LLC | $35,000.00 | 34 | Faith Investors Services LLC | $35,000.00 |
| 70 | Braces at Brick, PA - Dr John Young | $360,000.00 | 35 | Braces @ Brick, P.A. | $407,000.00 |
| 9 | S&L Zeppeteli DBA SLZ Waste Inc | $91,900.00 | 36 | Nicholas S. Infantino/SL Zeppetelli Inc., SLZ Waste, Inc. (on Claims Register as David Hughes) | $919,000.00 |

EXHIBIT 1
COMPARISON OF GENIE AND HUGHES CLAIMS

| | | | | | |
|---|---|---|---|---|---|
| 8 | Temidayo Adebayo | $45,000.00 | 37 | Temidayo Adebayo | $45,000.00 |
| 67 | Sunlight Storage LLC | $50,000.00 | 38 | Sunlight Storage LLC (Doug Daniels) | $50,000.00 |
| 22 | Foster Group LLC | $202,900.00 | 39 | Foster Group, LLC | $202,900.00 |
| 71 | 20Twenty Development LLC | $545,000.00 | 40 | 20Twenty Development LLC | $30,000.00 |
| 6 | Acres & Royalty LLC | $90,018.50 | 41 | Garrett Chase Buxton | $90,018.50 |
| 27 | AMRODDO HOLDINGS, LLC | $176,000.00 | 42 | AMRODDO HOLDINGS, LLC | $176,075.00 |
| 19 | Another Chance Group Home Inc | $235,000.00 | 43 | Another Chance Group Home Inc | $235,000.00 |
| 5 | Charles Blake Stringer/Nutra-Acres LLC | $14,247,750.00 | 44 | Charles Blake Stringer | $14,247,750.00 |
| 45 | Relco Industries LLC and Richard L Ellison | $45,075.00 | 45 | Richard L. Ellison (Relco Industries LLC) (on Claims Register as David Hughes) | $393,100.00 |
| 44 | New Mount Olive Church | $223,000.00 | 46 | New Mount Olive Church | $232,000.00 |
| 54 | NCR Digital Corp | $15,000.00 | 47 | NCR Digital Corp | $20,000.00 |
| 53 | Rowehl & Russo Properties LLC. | $15,000.00 | 48 | Rowehl & Russo Properties LLC. | $15,000.00 |
| 36 | Darnell Development | $900,000.00 | 49 | Patrick Darnell (Darnell Development) (on Claims Register as David Hughes) | $915,000.00 |
| 36 | Darnell Development | $900,000.00 | 50 | Darnell Development LLC | $915,000.00 |
| 24 | Latent Lending, LLC / Latent Wealth Group, LLC | $1,800,000.00 | 51 | Latent Wealth Group, LLC | $1,800,000.00 |
| 18 | Legacy Land Developers LLC | $47,900.00 | 53 | Carla Harrison (Legacy Land Developers LLC) (on Claims Register as David Hughes) | $47,900.00 |
| 59 | Michael Calvitto, H&M Essential Services LLC. | $125,000.00 | 52 | Michael Calvitto, H&M Essential Services LL | $125,000.00 |
| 44 | New Mount Olive Church | $223,000.00 | 54 | New Mount Olive Church | $223,000.00 |

EXHIBIT 2
JUDGMENT

**ORDERED.**

**Dated: May 02, 2025**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

AARON R. COHEN, Chapter 7 Trustee,

Plaintiff, Adversary Pro. No. 3:25-ap-00011-BAJ

v.

ZOOMERAL, INC., a Delaware corporation, CAPITULUM, LLC, a New York limited liability company, CALD HOLDINGS, LLC, a Florida limited liability company, GENIE INVESTMENTS II, LLC, a Delaware limited liability company, BETTER METHODS, LLC, a Wyoming limited liability company, and GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC, a Delaware limited liability company,

Defendants.

_______________________________________/

**FINAL JUDGMENT AGAINST ZOOMERAL, INC., CAPITULUM, LLC, GENIE INVESTMENTS II, LLC, BETTER METHODS, LLC, AND GENIE'S ANGELS, LLC n/k/a MERKTON GROUP, LLC**

81166740;1

EXHIBIT 2
JUDGMENT

THIS PROCEEDING came before the Court on the Motion of Plaintiff, Aaron R. Cohen, Chapter 7 Trustee, for a Final Default Judgment Against Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (Adv. Doc. 40). Based upon the Defaults (Adv. Doc. 29-33) entered by the Clerk on April 8, 2025, against Defendants, Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC, for failure to serve or file any paper in response to the Complaint to Avoid and Recover Fraudulent Transfers of Property (Adv. Doc. 1) (the "Complaint") as required by law, the Declaration of Aaron R. Cohen, Chapter 7 Trustee (the "Trustee's Declaration"), and there appearing sufficient cause, the Court hereby,

**FINDS AND ORDERS:**

1. On February 6, 2025, the Trustee filed the Complaint against Defendants, Zoomeral Inc., Capitulum, LLC, Cald Holdings, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC, to avoid and recover the transfer of certain property.

2. A Summons was issued by the Clerk on April 7, 2025.

3. A copy of the Complaint and Local Rule 7001-1 together with the Summons were served on April 7, 2025, by U.S. mail to Zoomeral, Inc. Attn. its Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808; Capitulum, LLC Attn. its President, John Michael Cohan, PO Box 60443, Jacksonville, Florida 32236; Genie Investments II, LLC Attn. its Registered Agent, Phyllis Cropper, 908 E. 17th Street, Wilmington, DE 19802; Better Methods, LLC Attn. its Registered Agent, Northwest Registered Agent Service Inc., 30 N. Gould St., Ste. N, Sheridan, WY 82801; and Genie's Angels, LLC n/k/a Merkton Group, LLC Attn. its Registered Agent, Phyliss Cropper, 908 E. 17th Street, Wilmington, DE 19802.

EXHIBIT 2
JUDGMENT

4. No responsive pleading or motion has been filed by Defendants, Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, "Defendants") within the time specified by Rule 7012, Federal Rules of Bankruptcy Procedure, and no extension of time was sought or obtained by Defendants.

5. On April 8, 2025, a Default was entered by the Clerk against Zoomeral Inc. (Adv. Doc. 29), Capitulum, LLC (Adv. Doc. 30), Genie Investments II, LLC (Adv. Doc. 31), Better Methods, LLC (Adv. Doc. 32), and Genie's Angels, LLC n/k/a Merkton Group, LLC (Adv. Doc. 33).

6. As a result of the Defendants' default, each and every allegation set forth in the Complaint, which are incorporated by reference herein, is deemed admitted by Defendants. *See,* e.g., *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Constr. Co. v. Houston Nat't Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred form contesting on appeal the facts thus established.'"); *Suntrust Bank v. Truzman*, 2010 WL 3359710, at *2 (M.D. Fla. August 6, 2010) (determining that because a default was properly entered, the plaintiff is deemed to have admitted the allegations made in plaintiff's complaint); see also Fed. R. Bankr. P. 7055 (making applicable Federal Rule of Civil Procedure 55; stating that a default is entered when the defendant fails to answer the complaint in the required time period).

7. Given the substantial, undisputed proof set forth in the Complaint establishing the fraudulent nature of the Transfers, **JUDGMENT** is hereby entered against Defendants as follows:

EXHIBIT 2
JUDGMENT

8. Final Judgment is hereby entered in favor of the Trustee and against Defendants, Zoomeral Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC.

9. The Zoomeral Transfers, Capitulum Transfers, Genie II Transfers, Genie II Customer Deposits, Outstanding Genie II Customer Deposits, Better Methods Transfers, and the Genie's Angels Transfers from the Debtor were fraudulent transfers.

10. The Zoomeral Transfers are hereby avoided and Zoomeral Inc. is ordered to turn over **$1,771,555.74** to the Trustee for the benefit of the bankruptcy estate.

11. The Capitulum Transfers are hereby avoided and Capitulum, LLC is ordered to turn over **$517,109.87** to the Trustee for the benefit of the bankruptcy estate.

12. The Genie II Transfers are hereby avoided and Genie Investments II, LLC is ordered to turn over **$1,244,606.44** to the Trustee for the benefit of the bankruptcy estate.

13. The Genie II Customer Deposits are hereby avoided and Genie Investments II, LLC is ordered to turn over **$516,550.00** to the Trustee for the benefit of the bankruptcy estate.

14. The Outstanding Genie II Customer Deposits are hereby avoided and Genie Investments II, LLC is ordered to turn over **$8,550.00** to the Trustee for the benefit of the bankruptcy estate.

15. The Better Methods Transfers are hereby avoided and Better Methods, LLC is ordered to turn over **$130,000.00** to the Trustee for the benefit of the bankruptcy estate.

16. The Genie's Angels Transfers are hereby avoided and Genie's Angels, LLC n/k/a Merkton Group, LLC is ordered to turn over **$25,000.00** to the Trustee for the benefit of the bankruptcy estate.

17. Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Zoomeral Inc., whose last known address is Attn. its Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808, the sum of **$1,771,555.74**, that shall bear interest at the rate provided by 28 U.S.C. § 1961 which is currently 3.97%, for which let execution issue.

18. Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Capitulum, LLC, whose last known address is Attn. its President, John Michael Cohan, PO Box 60443, Jacksonville, Florida 32236, the sum of **$517,109.87**, that shall bear interest at the rate provided by 28 U.S.C. § 1961 which is currently 3.97%, for which let execution issue.

19. Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Genie Investments II, LLC, whose last known address is Attn. its Registered Agent, Phyllis Cropper, 908 E. 17th Street, Wilmington, DE 19802, the sum of **$1,769,706.44**, that shall bear interest at the rate provided by 28 U.S.C. § 1961 which is currently 3.97%, for which let execution issue.

20. Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Better Methods, LLC, whose last known address is Attn. its Registered Agent, Northwest Registered Agent Service Inc., 30 N. Gould St., Ste. N,

Sheridan, WY 82801, the sum of **$130,000.00**, that shall bear interest at the rate provided by 28 U.S.C. § 1961 which is currently 3.97%, for which let execution issue.

21. Plaintiff, Aaron R. Cohen, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc., whose mailing address is P.O. Box 4218, Jacksonville, FL 32201-4218, shall recover from Defendant, Genie's Angels, LLC n/k/a Merkton Group, LLC, whose last known address is Attn. its Registered Agent, Phyliss Cropper, 908 E. 17th Street, Wilmington, DE 19802, the sum of **$25,000.00**, that shall bear interest at the rate provided by 28 U.S.C. § 1961 which is currently 3.97%, for which let execution issue.

22. This Court retains jurisdiction of this action to enter further orders, requests or judgments that are proper, including, but not limited to: (i) orders authorizing the issuance of writs of replevin, writs of execution, writs of garnishment, and other post-judgment collection remedies; (ii) requests for punitive, compensatory, special or other damages; and (iii) requests for the payment of pre-judgment interest, attorneys' fees and costs.

Copies to:

Raye C. Elliott, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
*Attorney for Plaintiff, Aaron R. Cohen, Chapter 7 Trustee*

Capitulum, LLC
Attn. its President, John Michael Cohan
PO Box 60443
Jacksonville, Florida 32236

Better Methods, LLC
Attn. its Registered Agent,
Northwest Registered Agent Service Inc.
30 N. Gould St., Ste. N
Sheridan, WY 82801

Zoomeral, Inc.
Attn. its Registered Agent,
Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Genie Investments II, LLC
Attn. its Registered Agent, Phyllis Cropper
908 E. 17th Street
Wilmington, DE 19802

Genie's Angels, LLC
n/k/a Merkton Group, LLC
Attn. its Registered Agent, Phyliss Cropper
908 E. 17th Street
Wilmington, DE 19802