FILED
U.S. Bankruptcy Court
Central District of Illinois
October 31, 2026 12:54 PM

Adrienne D. Atkins, Clerk

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

Case No. 25-70566
Chapter 7

TO: Aaron R. Cohen, Chapter 7 Trustee, c/o Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; and Thomas B. Fullerton, Esq., Akerman LLP, 71 South Wacker Drive, 47th Floor, Chicago, IL 60606

Claimant: Aaron R. Cohen in his capacity as Chapter 7 Trustee for Genie Investments NV, Inc.
Claim No.: 9-1
Amount of Claim: $1,771,555.74

# DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY AARON R. COHEN

David Choate Hughes, II, the debtor in this Chapter 7 case (the "Debtor"), objects to Proof of Claim No. 9-1 (the "Claim") filed by Aaron R. Cohen, in his capacity as Chapter 7 Trustee for Genie Investments NV, Inc. ("Cohen" or the "Genie Trustee"), and respectfully requests that the Claim be disallowed in its entirety. This Amended Objection supersedes and replaces the Debtor's prior objection and the conditional joinder filed at Doc. 658 and asserts the Debtor's independent grounds for disallowance.

## PRELIMINARY STATEMENT

The Claim is a judgment against a corporation, filed against an individual who was never a party to that judgment. The Claim rests on a Loan Agreement that names Zoomeral, Inc. as the borrower, states that the loan is non-recourse, and states that no personal guarantee exists. The Genie Trustee has never pleaded, never proved, and cannot prove any theory under which David Choate Hughes, II, is personally liable for Zoomeral's corporate debt. On that ground alone, the Claim must be disallowed in its entirety.

The Claim is also extinguished by a documented contractual offset. Zoomeral earned $1,984,562.00 in receivables from Genie. The Claim is $1,771,555.74. The gross overage is $213,006.26 in Zoomeral's favor. The Debtor holds 82.5% of that receivable and the related indemnification right by assignment and by abandonment, and he asserts the full receivable against the Claim. Even if the Court were to limit the offset to the Debtor's 82.5% share, that share, $175,730.16, exceeds the entire Claim once the Section 28 indemnification obligation is applied. Under either analysis, the Claim is reduced to zero.

Finally, the ***Genie Trustee has told two federal courts two different ownership percentages*** for the same company. Three times he said the Debtor owns 82.5% of Zoomeral: the Examiner's Report states it (In re Genie Investments NV, Inc., Case No. 3:24-bk-00496-BAJ, Doc. 146, ¶ 114, p. 32), Cohen testified under oath that he relied on that Report (Adv. Doc. 70, Tr. 41:19–23; 58:11–17), and his own counsel acknowledged the figure in the Florida case without dispute (In re Genie Investments NV, Inc., Case No. 3:24-bk-00496-BAJ, Doc. 777, ¶ 7). In this Court, he asserted the Debtor owns 100% (Doc. 541, ¶ 3). One of those statements is false, and it is the latter. The Debtor alleges that the 100% assertion was not an excusable error but a deliberate misstatement made to supply the ownership predicate for a veil-piercing theory that the record does not support. The Debtor asks this Court to review that conduct under Rule 9011(b)(3) and its inherent authority.

**I. STANDING**

**1.** A Chapter 7 debtor has standing to object to a claim where disallowance would produce a surplus for the debtor. In re Cult Awareness Network, Inc., 151 F.3d 605, 607–08 (7th Cir. 1998) ("If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order."). The Debtor bears the burden of demonstrating a reasonable possibility of a surplus.

**2.** Per this Court's Order of October 28, 2026, the Debtor asserts standing for resolution as part of this claim objection process. That Order also correctly observed that leave to file a claim objection is not required.

**3.** At the October 20, 2026, hearing, Trustee Eggmann represented that he intended to file a motion under Rule 9019 seeking approval of a settlement with Trustee Cohen. Under that contemplated settlement, direct claims would be paid first, and Cohen's claim would be subordinated to those direct claims and receive only the remainder of the estate's distribution. That representation is confirmed by the Chapter 7 Trustee's email of October 27, 2026 (Exhibit C), in which the Trustee states that he has "a tentative deal with Trustee Cohen" and that the Debtor "can object to the motion to settle when it is filed." That representation is an acknowledgment that a surplus exists.

**4.** The Debtor's standing rests on three independent grounds:

**(a) A more than reasonable possibility of a surplus.** Based on the Chapter 7 Trustee's Quarterly Interim Report for the period ending September 30, 2026 (Doc. 763), the Trustee reports net cash on hand of $295,533.31. The estate's known claims and expenses, and the calculation of the resulting surplus, are set forth in Section II below. If Claim No. 9-1 and the other business claims asserted against this estate, including those previously objected to by the Chapter 7 Trustee, are disallowed as a group, a surplus will exist.

**(b) A direct pecuniary interest in the Zoomeral receivable and offset.** The Debtor holds 82.5% of Zoomeral's accounts receivable and related contractual rights, including the Section 28 indemnification right, by assignment and by abandonment. ***See Sections V and VI below***.

**(c) The Chapter 7 Trustee has independently objected to this same Claim.** *Trustee's Objection to Claim No. 9-1* (Doc. 469). Under 11 U.S.C. § 704(a)(5), the Trustee has a statutory duty to examine proofs of claim and object to improper ones. Courts recognize a debtor may object where the objection "would not undermine the efficient administration of the estate." *In re Choquette*, 290 B.R. 183, 187 (Bankr. D. Mass. 2003).

## II. THE ESTATE'S SURPLUS

**5.** Based on the Trustee's own accounting in Doc. 763, the estate's known assets and known or reasonably estimable administrative expenses are:

| **Item** | **Amount** | **Source** |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Credit card claims not objected to (Claims 2, 3, 4, 7, 8) | ($32,111.28) | claims register |
| Less: Illinois Dept. of Revenue priority claim (Claim 11) | ($4,396.07) | claims register |
| Less: Trustee commission under § 326(a), maximum | ($16,901.67) | calculated per 11 U.S.C. § 326(a) |
| Less: Carmody MacDonald fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026, Exhibit D |
| Less: Special Counsel application | ($19,552.50) | Doc. 761 |
| ***Estate Surplus before future fees (minimum)*** | ***$177,571.79*** | ***calculated*** |

The Trustee commission figure is an estimate calculated on the statutory tiers of 11 U.S.C. § 326(a). The precise amount will depend on the Trustee's actual disbursements, and the Debtor reserves the right to update this calculation.

This figure represents the minimum surplus reasonably calculable from the Trustee's own reported cash position and the known claims and expenses of record, assuming that Claim No. 9-1 and the other business claims asserted against this estate, which the Chapter 7 Trustee has also objected to, are disallowed. It does not assume any recovery from pending litigation. The figure is not the surplus if only Claim No. 9-1 is disallowed, because the other business claims would remain outstanding and would consume the estate's cash. This being said, the Chapter 7 Trustee has objected to all of these other business claims. The Debtor therefore presents this figure as the floor that results when the business claims are disallowed as a group, which is the relief the Debtor seeks and the basis on which the Debtor's standing rests.

**6.** Claim No. 9-1 is not the only business claim asserted against this estate. Two categories of business claims are relevant to the Debtor's standing.

**First, claims derived from the Genie Investments NV, Inc. bankruptcy in Jacksonville, Florida.** Claim No. 9-1 belongs to this category. It shares its origin with the Genie Trustee's litigation against Zoomeral and the other insider entities, and with the ownership theory the Genie Trustee has asserted in both cases. The Chapter 7 Trustee has objected to Claim No. 9-1 (Doc. 469), and the Debtor objects on the independent grounds set forth in this Objection.

**Second, business claims arising from a separate Genie Investments entity formed before the entity that filed in Florida.** The Mitchell Mims claim belongs to this category. It does not share its origin with the Florida Genie bankruptcy. It arises from a loan made by an earlier Genie Investments business entity to Mims. It is nonetheless a business claim, not a personal obligation of the Debtor, and it is subject to disallowance on the same general principle: a business debt of an entity is not a personal debt of the Debtor absent an adjudicated basis for personal liability.

This Court, at the September 1, 2026, hearing, *gave all of the claimants asserting these business claims an additional opportunity to produce evidence establishing that the Debtor personally owes them*. The Court set a hearing and deadline of *October 20, 2026*, for that showing. To the best of the Debtor's knowledge, no claimant, including Claim No. 9-1 and the Mitchell Mims claim, has accomplished that showing.

If Claim No. 9-1 and the other business claims asserted against this estate are all disallowed or materially reduced, the estate's cash position, before any future fee applications, establishes a very reasonable possibility of a surplus sufficient to confer standing. That is the scenario reflected in the table in paragraph 5, and it is the scenario the Debtor contends the record supports. If the business claims are allowed in full, no surplus may exist. The Debtor does not ask the Court to resolve the other claims at this stage. The Debtor asks only that the Court recognize that the disallowance of these business claims, together with the claimants' apparent failure to meet the Court's October 20, 2026, deadline, presents a reasonable possibility of a surplus, which is all that *In re Cult Awareness Network* requires.

## III. INCORPORATION OF THE TRUSTEE'S OBJECTION

**7.** The Debtor adopts and incorporates by reference the arguments in the Chapter 7 Trustee's Objection to Claim No. 9-1 (Doc. 469), incorporated herein by reference. The Trustee correctly identified that the Claim is not a debt of this Debtor individually, but rather that of a business entity, Zoomeral, Inc., and that the Claim is duplicative of the judgment entered against Zoomeral, Inc. in the adversary proceeding in the Genie Investments NV, Inc. bankruptcy case (Cohen v. Zoomeral, Inc., Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42, in In re Genie Investments NV, Inc., Case No. 3:24-bk-00496-BAJ, M.D. Fla.).

## IV. THRESHOLD DEFENSE: THE LOAN AGREEMENT BARS THE CLAIM

**8.** The Claim arises from a Final Default Judgment obtained by Cohen against Zoomeral, Inc. in the amount of $1,771,555.74 (the "Judgment") (Cohen v. Zoomeral, Inc., Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42), incorporated herein by reference. The Judgment was entered in an adversary proceeding in which Cohen sought to avoid alleged fraudulent transfers under 11 U.S.C. § 548 and recover them from Zoomeral, Inc. See Adv. Doc. 1 (Complaint). The adversary complaint did not name the Debtor as a defendant, did not allege a breach of the Loan Agreement, and did not allege that the Debtor was personally liable for any corporate obligation. Id. at ¶¶ 17, 62-74.

**9.** *The Loan Agreement dated September 5, 2022, between Genie Investments NV (Lender) and Zoomeral, Inc. (Borrower), is filed of record at Cohen v. Zoomeral, Inc., Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 1, Exhibit A, pp. 27–37, and is incorporated herein by reference in its entirety. Its operative provisions appear at the following locations:*

- *Loan amount, interest rate, and non-recourse character: Adv. Doc. 1, Ex. A, p. 27, ¶ 1.*
- *Sole Remedy (Section 7): Adv. Doc. 1, Ex. A, p. 28, ¶ 7.*
- *Governing Law (Section 16): Adv. Doc. 1, Ex. A, p. 30, ¶ 16.*
- *No Required Collateral (Section 23): Adv. Doc. 1, Ex. A, p. 31, ¶ 23.*
- *No Personal Guarantee (Section 24): Adv. Doc. 1, Ex. A, p. 31, ¶ 24.*
- *Non-Recourse (Section 25): Adv. Doc. 1, Ex. A, p. 31, ¶ 25.*
- *Unsecured (Section 26): Adv. Doc. 1, Ex. A, p. 31, ¶ 26.*
- *Indemnification (Section 28): Adv. Doc. 1, Ex. A, pp. 31–32, ¶ 28.*
- *Binding Arbitration (Section 31): Adv. Doc. 1, Ex. A, pp. 32–33, ¶ 31.*

**10. Contractual Indemnification (Section 28)**. Section 28 of the Loan Agreement provides: *"The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement."* Adv. Doc. 1, Ex. A, p. 31. Section 28 further provides: "(1) Upon Borrower's first demand the Lender shall be required to pay all reasonable costs to remedy any liabilities, claims, claw backs, suits, judgments, and damages within ten (10) business days upon receipt the notice from the Lender to the Borrower." Id. at pp. 31–32.

Cohen's Claim is an attempt to collect a clawback and a judgment entered against Zoomeral. No judgment has been entered against the Debtor individually. The Judgment at issue arose directly from the performance of the Loan Agreement, and Section 28 obligates the Lender (Genie/Cohen) to hold the Borrower harmless from it. Zoomeral assigned its rights under Section 28, including the right to "receive indemnification," to the Debtor and John Michael Cohan by

the March 16, 2025 Assignment and Distribution Agreement (Doc. 658, Exhibit F, pp. 8–13). The Debtor's interest in those rights was confirmed and abandoned to him by this Court's Order Granting Trustee's Motion to Abandon (Doc. 721). Acting as assignee and holder of Zoomeral's Section 28 rights, the Debtor made the first written demand on October 30, 2026. A true and correct copy is attached as Exhibit A.

**11. The Non-Recourse Provision (Section 25). Section 25 states**: "This is a non-recourse loan. The Lender shall have no recourse against the Borrower." Section 23 provides: "No collateral of any kind is required by or part of this Agreement." Section 26 confirms the loan is unsecured. A non-recourse loan means that upon default, the lender's sole remedy is limited to the collateral, of which there is none. The Lender cannot obtain a money judgment against the Borrower or its principals for a deficiency. Cohen cannot use this Court as a collection agency to enforce a judgment that is barred by the non-recourse provision of the very contract that created the debt.

**12. The "Sole Remedy" Provision (Section 7).** Section 7, titled "Borrower Default Lender's Sole Remedy," states: "Upon a Borrower Default, the sole remedy for the Lender is that the Lender and Borrower must negotiate a reasonable, mutually agreed-upon payment plan to pay off any accrued interest and outstanding principal. If a payment plan cannot be agreed upon within sixty (60) days from the date of the Borrower default, this dispute will be governed by Section 31 in this agreement." Cohen cannot bypass the mandatory negotiation and arbitration requirements by obtaining a default judgment in Florida.

**13. The No Personal Guarantee Provision (Section 24).** Section 24, titled *"No Personal Guarantee,"* states: *"There are no personal guarantees requirements of any kind with this Agreement."* Cohen has produced zero evidence of a personal guarantee, promissory note, or contract signed by the Debtor in his individual capacity. The Debtor signed the agreement strictly in his capacity as a representative of the corporate Borrower. See Adv. Doc. 1, Ex. A, p. 35 (signature page identifying David Hughes "on behalf of ZOOMERAL, Inc." and John Michael Cohan "on behalf of Genie Investments").

**14. Mandatory Arbitration (Section 31).** Section 31 requires that "Any dispute, claim or controversy arising out of or relating to this Agreement … shall be determined by binding arbitration in Delaware." Cohen's attempt to reduce the claim to a Final Default Judgment in Florida circumvents the bargained-for arbitration process.

**15. Delaware Law Governs.** Section 16 provides that the agreement "will be construed in accordance with and governed by the laws of the State of Delaware." Under Delaware law, courts enforce the plain terms of a contract as written and will not rewrite a contract to relieve a party of the bargain it struck. See, e.g., Sunline Commercial Carriers, Inc. v. CITGO Petroleum Corp., 206 A.3d 836, 846 (Del. 2019) (Delaware courts "start with the text" and "will give effect to the plain meaning of the contract's terms and provisions"). The Court can resolve these pure questions of contract interpretation on the documents alone.

**16.** Cohen cannot have it both ways. He cannot rely on the corporate structure of Genie to shield its assets while asking this Court to ignore the non-recourse, no-personal-guarantee, and arbitration provisions of the document that Genie, through its insider, John Michael Cohan, signed. The plain language of the Loan Agreement is a complete threshold bar to the Claim.

## V. THE DEBTOR HOLDS 82.5% OF THE ZOOMERAL RECEIVABLE AND INDEMNIFICATION RIGHT

**17.** On March 16, 2025, Zoomeral, Inc. executed a complete dissolution and assignment package transferring its accounts receivable and related contractual rights, including the Section 28 indemnification right, to David Hughes (82.5%) and John Michael Cohan (17.5%). That package is filed of record in this Court at Doc. 658, incorporated herein by reference in its entirety, and consists of:

- **Doc. 658, Exhibit F (Dissolution Accounts Receivable Assignment), pp. 3–20**, including:
    - **Unanimous Board Resolutions, pp. 3–4**, reciting the 82.5%/17.5% ownership split, the Loan Agreement's non-recourse and no-personal-guarantee terms, and authorizing the assignment of Zoomeral's accounts receivable and related rights to Hughes and Cohan.
    - **Unanimous Shareholder Consent, pp. 6–7**, signed by Hughes and Cohan on March 16, 2025, confirming that "Zoomeral, not either shareholder individually, owned the receivables before assignment," that the Loan Agreement "contained no personal guarantee," and that the loan was "unsecured and nonrecourse."
    - **Officer Authority Certificate, p. 7**, certifying Hughes's 82.5% interest and Cohan's 17.5% interest.
    - **Assignment and Distribution Agreement, pp. 8–10**, assigning to Hughes and Cohan all of Zoomeral's right, title, and interest in its accounts receivable, and expressly assigning the rights to "receive indemnification," "assert offsets," "assert recoupment," "assert defenses," and "receive proceeds."
    - **Assignment of Accounts Receivable, pp. 10–11**, and **Assignment of Contract Rights, Credits, and Defenses, pp. 12–13**, assigning all assignable rights to "reimbursement" and "indemnification."
    - **Consolidated Receivables and Accounting Certificate, pp. 13–14**, relying on the Examiner's Report statement that "Zoomeral earned commissions upon loans closing from Genie NV."
    - **Chain-of-Title and Ownership Certificate, p. 19**, confirming Hughes at 82.5% and Cohan at 17.5%.

- **Doc. 658, Exhibit G (Zoomeral Dissolution Certificate), p. 22**, filed in this case (In re David Choate Hughes, II, Case No. 25-70566, Bankr. C.D. Ill.), certifying Zoomeral's dissolution was authorized on March 17, 2025, and that the corporation "has no assets and has ceased transacting business."

**18.** The estate's interest in the Zoomeral rights was then abandoned to the Debtor. The Chapter 7 Trustee filed a Motion to Abandon Certain Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 554 (Doc. 615), incorporated herein by reference. The Court entered its Order Granting Trustee's Motion to Abandon on September 11, 2026 (Doc. 721), incorporated herein by reference in its entirety. That Order expressly abandoned the estate's interest in the "Zoomeral Offset Claim" and the "Zoomeral, Inc. accounts receivable" to the Debtor.

**19.** The Debtor is therefore the holder of 82.5% of Zoomeral's receivables and the related contractual rights, including the Section 28 indemnification right. Cohan holds the remaining 17.5%. These rights provide both a threshold defense to the Claim and an independent basis for the Debtor's standing.

## VI. THE STATUTORY AND CONTRACTUAL OFFSET REDUCES THE CLAIM

**20.** The Claim is extinguished by setoff. Pursuant to 11 U.S.C. § 553, the Debtor asserts a right of setoff, which preserves the right of setoff under applicable non-bankruptcy law. The receivable owed by Genie to Zoomeral ($1,984,562.00) exceeds the Claim ($1,771,555.74) by $213,006.26. The Debtor holds the receivable and the related Section 28 indemnification right by assignment and by abandonment (Sections V and VI above). Because the receivable exceeds the Claim, the setoff reduces the Claim to zero. This is not an alternative ground; it is an independent and complete bar to any recovery.

**21.** The Notice of Contractual Offset (Doc. 612) and its exhibits (Docs. 612-1 through 612-4) are incorporated herein by reference. Those filings establish:

- **Contractual basis:** Doc. 612-1, Part 2 sets forth the 3% success fee at pp. 1–2 and the BELOC fee structure at p. 8–9, and the promote fee (which is Zoomeral 3%). Doc. 612-2, Part 3 sets forth the one-third due diligence split throughout the sample agreements (pp. 1, 11, 13, 15, 17, 19, 21, 23, 25, 27) and the 3% origination points in the Bridge Loan Intercreditor Agreements (see, e.g., pp. 124, 131, 133, 135, 139, 141, 143, 145, 147, 149, 151, 153, 155, 157, 159, 161, 163, 165, 167, 169, 171, 173, 175, 177, 179, 181, 183, 185, 187, 189, 191). Doc. 612-3, Part 4 corroborates the one-third due diligence split with the transaction schedule at pp. 1–3 and the underlying Chase Bank statements at pp. 4–87.

- **Supporting bank records:** Doc. 612-3, Part 4, pp. 2–3 contains the one-third due diligence split schedule and pp. 4–90 contain the underlying Chase Bank statements.

- **Zoomeral's ledger:** Doc. 612-4, Part 5, pp. 1–18 contains the Accounts Receivable Accounting Ledger, with the summary at p. 18 showing **TOTAL $1,984,562.00**.

- **Declarations:** Doc. 612-4, Part 5, pp. 20–24 contains the Cohan Declaration (dated August 3, 2026), including ¶ 37 (the offset is earned, not manufactured) and ¶ 38 (the offset exceeds the loan by approximately $213,006). Doc. 612-4, Part 5, pp. 25–27 contains the Hughes Declaration (dated August 3, 2026), including ¶¶ 13–16 (the offset was exercised and reduced the loan to $0.00).

- **Examiner's Report excerpts and offset summary:** Doc. 612-4, Part 5, pp. 47–51 reproduce Examiner's Report ¶¶ 117–121, and p. 35 states the calculation: Claim Amount $1,771,555.74; $1,984,562 minus $1,771,555.74 = Total Offset +$213,006.

**22.** Zoomeral earned fees from Genie under the following contractual arrangements: (a) 3% origination points on bridge loans; (b) 3% success fees on Business Expansion Line of Credit loan agreements; and (c) a one-third split of due diligence fees.

**23.** These earned fees were recorded in Zoomeral's ledger and supported by Chase Bank records showing the one-third split payments. The total documented Accounts Receivable owed by Genie to Zoomeral is **$1,984,562.00**.

**24.** The Claim filed by Cohen is for **$1,771,555.74. When the Claim is offset against the Accounts Receivable owed to Zoomeral, the gross result is a net overage of $213,006.26** in Zoomeral's favor:

Total Zoomeral AR: $1,984,562.00
Less Cohen's Claim: ($1,771,555.74)
**Gross Overage in Zoomeral's Favor: $213,006.26**

The Debtor's Declaration (Doc. 612-4, Part 5, ¶¶ 13–16) states that both companies understood the AR could be asserted as an offset against any amounts Zoomeral owed to Genie, and that the offset was in fact exercised in 2025, reducing the loan balance to $0.00. That declaration is incorporated herein by reference and supplies the evidentiary basis for netting the AR against the Judgment.

**25.** That overage is allocated between the two assignees in accordance with the March 16, 2025, assignment (Doc. 658, Exhibit F, pp. 8–10 and p. 19):

- **Debtor's 82.5% interest: $175,730.16**

- **Cohan's 17.5% interest: $37,276.10**

- **Total: $213,006.26**

**26.** The Debtor asserts the full Zoomeral receivable against the Claim. The receivable is $1,984,562.00; the Claim is $1,771,555.74; the difference is $213,006.26 in Zoomeral's favor. Because the receivable exceeds the Claim, the Claim is reduced to zero. The Debtor's 82.5% share of the overage, $175,730.16, is identified solely to establish standing and to reconcile this

Objection with Claim 72-2 in the Florida proceeding. It is not a measure of relief and does not limit the setoff the Debtor asserts.

**27.** Cohen has produced no evidence to rebut the validity of these earned fees or the parties' agreement that they could be offset. The Debtor's accounting is backed by the AR ledger, the borrower-by-borrower contractual agreements, the wire-by-wire bank records, and the Cohan and Hughes declarations (Doc. 612-4).

**28.** What remains after the Claim is extinguished is an overage of **$213,006.26** owed by Genie to Zoomeral. That overage is allocated between the two assignees in accordance with the March 16, 2025, assignment (Doc. 658, Exhibit F, pp. 8–10 and p. 19):

- Debtor's 82.5% share: $175,730.16 (asserted in the Debtor's Claim 72-2 in the Genie bankruptcy case in the rounded amount of $175,725.00)
- Cohan's 17.5% share: $37,276.10 (belongs to Cohan individually and is not asserted by the Debtor in this Objection)

The Debtor's Claim 72-2 in Florida and this Objection are therefore consistent and sequential, not duplicative. The offset extinguishes Claim No. 9-1 in this case. The Debtor's 82.5% share of the resulting overage is the subject of Claim 72-2 in Florida. The Debtor does not seek a double recovery. He seeks disallowance of Claim No. 9-1 here, and allowance of his separate 82.5% share of the overage there.

**29**. The Claim is reduced to zero, and no lesser amount is sustainable. The full receivable ($1,984,562.00) exceeds the Claim ($1,771,555.74) and extinguishes it entirely under 11 U.S.C. § 553. The Debtor's 82.5% share ($175,730.16) is not a fallback offset and is not offered as an alternative measure of relief; it is identified only to establish standing and to reconcile this Objection with Claim 72-2 in the Florida proceeding. The Debtor's position is that the full receivable extinguishes the Claim, and the Court should so order.

## VII. COHEN CANNOT RECOVER A CORPORATE DEBT PERSONALLY FROM THE DEBTOR

**30.** Cohen previously filed an adversary complaint in the Genie Investments NV, Inc. bankruptcy case against Zoomeral and several other corporate entities. See Adv. Doc. 1. That complaint alleged that the Debtor, acting "on behalf of Zoomeral," signed the Loan Agreement. Id. at ¶ 17. Cohen did not name the Debtor as a defendant in that adversary proceeding, and he did not seek a judgment against the Debtor individually. Instead, he sought to recover the alleged fraudulent transfers directly from the corporate entity. Id. at pp. 10-11. The Claim in this personal bankruptcy is a transparent attempt to hold the Debtor personally liable for the corporate debts of Zoomeral, which is a separate legal entity that Cohen chose to sue in Florida.

**31.** The Trustee in this case (Eggmann) objected to Claim No. 9-1 on the ground that it is not a debt of this Debtor individually (Doc. 469), a position the Debtor adopts and incorporates in

Section III above. Cohen cannot recover the same corporate loss twice, once in the Genie bankruptcy and again here. Further, the default judgment in Florida was entered against the corporate entity, not the Debtor personally. Cohen has failed to pierce the corporate veil or establish personal liability.

**32.** Akerman's Response (Doc. 541, ¶ 7) alleges that over $2.8 million was transferred from Zoomeral to the Debtor's personal accounts. The Debtor does not concede the accuracy or completeness of Akerman's characterization, and it is not a matter this Court needs to resolve to decide this objection. More importantly, it is irrelevant to the validity of Claim No. 9-1. The Claim is based on a default judgment against Zoomeral, Inc., not on any adjudicated fraudulent transfer against the Debtor. Akerman cannot use a proof of claim to impose personal liability for an unadjudicated fraudulent transfer theory. If Akerman wishes to pursue such a theory, it must do so through the appropriate procedural mechanism, not by defending a proof of claim based on a corporate judgment.

**33.** Akerman's own filings in the Florida case attack the Debtor's Claim 72-2 as unproven and incomplete. But Akerman's Claim 9-1 rests on a default judgment, not on a fully litigated accounting. A default judgment is not proof of the underlying debt; it is proof that Zoomeral, Inc. did not appear. If Akerman contends the Debtor's claim is unproven, its own claim is equally unproven on the same standard.

**34.** Moreover, Cohen knew better. As set forth in Section VIII below, Cohen testified under oath that he reviewed the Examiner's Report and the loan terms and was specifically aware that the loans were made to corporate entities, not to the Debtor individually. His attempt to collect a corporate judgment from this Debtor personally is inconsistent with the record he himself relied on in the Florida proceeding.

**VIII. THE 100% OWNERSHIP MISREPRESENTATION**

**35.** In his Response to the Trustee's Objection (Doc. 541, ¶ 3, p. 1), Cohen asserted that the Debtor "was also the 100% owner of a company called Zoomeral, Inc." That statement is false.

**36.** The Examiner's Report (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 146, ¶ 114, p. 32), incorporated herein by reference, states: "Hughes owns 82.5% and Cohan owns 17.5%."

**37.** The dissolution and assignment package filed at Doc. 658, Exhibit F, confirms the same split at p. 4 (Board Resolutions), p. **7** (Officer Authority Certificate), and p. 19 (Chain-of-Title and Ownership Certificate).

**38.** Cohen testified under oath that he relied on the Examiner's Report. *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 70 (Transcript), incorporated herein by reference in its entirety:

- **Transcript p. 58, lines 11–17:** "We always intended to bring the fraudulent transfer action. As soon as we read Ms. Yip's report and spoke to her and saw the terms of the loans, so it wasn't like this was a surprise."
- **Transcript p. 41, lines 19–23:** "I relied primarily on the Yip report."

**39.** Cohen's own counsel acknowledged the 82.5% figure in the Florida case. Cohen's Objection to Claim 72-2 (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 777, ¶ 7, p. 2), incorporated herein by reference, states: "Hughes then states that he owns 82.5% of Zoomeral (Claim 72-2, Part 7, ¶ 12)." Akerman did not dispute that figure in that filing.

**40.** Cohen cannot simultaneously tell the Florida court that the Debtor owns 82.5% and tell this Court that the Debtor owns 100%. One of those statements is false, both were made through counsel, and both appear on the record of a federal bankruptcy proceeding. Cohen knew the 82.5% figure was correct because he testified he relied on the Report that states it, and his counsel acknowledged it in Florida. The 100% assertion in this Court can only be explained as an attempt to manufacture the domination element that Delaware law requires for veil piercing. Separately, Cohen and his counsel had actual knowledge of the Zoomeral offset, the Section 28 indemnification right, and the Debtor's position that the loan was unsecured and non-recourse before Claim No. 9-1 was signed. The Debtor provided notice of the verified offset to the Office of the United States Trustee, with Cohen's counsel copied, on October 28, 2025 (Exhibit B-1). Cohen nonetheless executed Claim No. 9-1 on November 13, 2025, sixteen days later, and on the face of that claim form, under penalty of perjury, checked **"No"** in response to the question "Is this claim subject to a right of setoff?" (Exhibit B-5). The Debtor thereafter transmitted the offset calculations and supporting records directly to Cohen's counsel on August 4, 2026 (Exhibit B-2), and made a final written demand that the Claim be withdrawn and the estate reimbursed on September 23, 2026 (Exhibit B-3), which was forwarded to the Chapter 7 Trustee the same day (Exhibit B-4). Cohen maintained the Claim notwithstanding that knowledge and declined to withdraw it. The Debtor respectfully requests that this Court review this conduct under Federal Rule of Bankruptcy Procedure 9011(b)(3) and under its inherent authority to determine whether it constitutes a misrepresentation, an improper purpose, or fraud on the court.

## IX. VEIL PIERCING IS NOT AVAILABLE ON THIS RECORD

**41.** Cohen may attempt to cure the 100% misstatement by arguing in the alternative that he could pierce the corporate veil. That argument fails for four independent reasons.

**42. Veil piercing was never pleaded or adjudicated**. The Final Default Judgment (Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42) was entered against Zoomeral, Inc. It contains no alter ego finding, no finding of domination, and no judgment against David Choate Hughes, II. Indeed, Cohen's own adversary complaint affirmatively pleads the opposite: it alleges that the Debtor acted "on behalf of Zoomeral" and treats Zoomeral as a separate legal entity capable of receiving fraudulent transfers. Adv. Doc. 1, ¶¶ 7, 17. A judgment against a corporation does not establish

personal liability against a non-party individual absent a separate adjudication. That adjudication does not exist.

**43. The Loan Agreement forecloses the theory.** Sections 24 and 25 (Adv. Doc. 1, Ex. A, p. 31) prohibit personal guarantees and provide that the loan is non-recourse. Section 23 confirms no collateral is required. Section 7 sets the sole remedy. Section 31 requires arbitration in Delaware. Genie's own insider, John Michael Cohan, signed the agreement on Genie's behalf. See Adv. Doc. 1, Ex. A, p. 35. Veil piercing cannot override the express bargained-for terms of the contract that created the debt.

**44. Delaware law does not permit veil piercing on these facts.** Section 16 selects Delaware law. Under Delaware law, veil piercing requires a showing that the corporation was a sham and that the individual exercised such complete domination and control that the corporation was his alter ego, resulting in injustice or fraud. See Wallace ex rel. Cencom Cable Assocs. II, L.P. v. Wood, 752 A.2d 1175, 1183 (Del. Ch. 1999) (setting forth the alter-ego and domination elements required to pierce the corporate veil under Delaware law). Cohen has alleged none of this against the Debtor in this Court. The 82.5% figure defeats the "complete domination" element as to the 17.5% the Debtor does not own.

**45. The 100% figure is the predicate for personal liability.** The Debtor cannot cure a false statement about ownership by arguing, in the alternative, that even a partial owner should be personally liable for a corporate debt. That is a different claim Cohen never pleaded and cannot prove on this record.

**X. THE CLAIM CAN BE DISALLOWED ON THE PAPERS**

**46.** This is a contested matter under Rule 9014. The legal grounds set forth in Sections IV through IX are dispositive on the existing record. If the Court accepts any of these grounds, the Claim must be disallowed without further proceedings.

**47.** The Debtor's position is that the Claim can and should be disallowed on the papers. The Debtor does not ask the Court to authorize discovery or to conduct a trial on the merits of the Claim at this stage.

**48.** If, however, the Court determines that it cannot disallow the Claim on the papers, the Court has authority under Rule 9014 to direct the parties to present evidence on two discrete factual issues apparent from the face of the record:

**a. The actual ownership of Zoomeral, Inc.** The Examiner's Report (Doc. 146, ¶ 114) states that Hughes owns 82.5% and Cohan owns 17.5%. Cohen's Response (Doc. 541, ¶ 3) asserts 100%. That factual contradiction can be resolved by reference to the Examiner's Report, the assignment package at Doc. 658, and the sworn testimony.

**b. The legal effect of the default judgment.** The Final Judgment (Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42) was entered against Zoomeral, Inc., not the Debtor. It is black-letter law that a

judgment against a corporation does not, by itself, establish personal liability against a non-party individual. **49.** The Debtor will present the Examiner's Report (incorporated by reference), the relevant testimony transcripts (incorporated by reference at Adv. Doc. 70), the assignment package (Doc. 658), and the Loan Agreement (incorporated by reference) if the Court deems it necessary to receive evidence.

**XI. RESERVATION OF RIGHTS**

**50.** This Court's Order of October 28, 2026, correctly observed that the Chapter 7 Trustee has not yet filed any motion under Rule 9019 seeking approval of a compromise or settlement. No such motion is pending, and nothing in this Objection asks the Court to stay or enjoin one. The Trustee's October 27, 2026, email (Exhibit C) confirms that a settlement motion is contemplated but not yet filed, and states that the Debtor "can object to the motion to settle when it is filed."

**51.** The Debtor has separately requested under Rule 9019 that the parties negotiate a consensual resolution of his Claim 72-2 in the Florida bankruptcy case. That request is independent of this Objection and does not affect the relief sought here.

**52.** If and when the Trustee files a Rule 9019 motion in this case, the Debtor reserves all rights to object on the grounds set forth herein, including the Section 28 indemnification defense, the statutory and contractual offset, the absence of any adjudicated personal liability, and the 82.5% ownership figure.

**53.** The Debtor reserves all rights to supplement this Objection with additional exhibits or legal arguments, to seek sanctions under Rule 9011, and to take any additional procedural steps necessary to protect his rights.

**54.** This Objection is based on the information currently available to the Debtor. The Debtor's investigation into the Claim and the underlying transactions is ongoing.

**XII. REQUEST FOR RELIEF**

WHEREFORE, David Choate Hughes, II respectfully requests that the Court:

1. Disallow Claim No. 9-1 in its entirety and reduce the Claim to zero because it is barred by the indemnification, non-recourse, no-personal-guarantee, sole-remedy, and arbitration provisions of the Loan Agreement;
2. Disallow Claim No. 9-1 in its entirety and reduce the Claim to zero because the Zoomeral receivable ($1,984,562.00) exceeds the Claim ($1,771,555.74) and extinguishes it by setoff under 11 U.S.C. § 553;
3. Find that Cohen violated Rule 9011(b)(3) by (a) asserting, in this Court, that the Debtor owns 100% of Zoomeral when the record establishes 82.5%, and (b) executing Claim No. 9-1 on November 13, 2025, sixteen days after receiving notice, with his counsel copied,

of the verified Zoomeral offset, and answering "No" to the setoff inquiry on the claim form under penalty of perjury;

4. Review, under the Court's inherent authority, whether Cohen's conflicting statements of ownership in this Court and in the Florida bankruptcy court constitute a misrepresentation or fraud on the court, and issue any relief the Court deems appropriate;

5. If the Court finds a violation under item 3 or item 4 above, order that any sanctions imposed include (a) a directive that Cohen and Akerman LLP reimburse the Debtor's bankruptcy estate for all reasonable fees and expenses incurred by the Chapter 7 Trustee (Robert E. Eggmann) and his counsel that were proximately caused by the filing and maintenance of Claim No. 9-1, and (b) such other monetary or non-monetary sanctions as the Court deems just and proper to deter future misconduct;

6. Find that the conduct described in ¶ 40 above, Cohen's execution of Claim No. 9-1 on November 13, 2025, sixteen days after notice of the verified offset with his counsel copied, and his answer of **No** to the setoff inquiry on the claim form under penalty of perjury, constitutes an additional violation of Rule 9011(b)(3);

7. If the Court does not disallow the Claim on the legal grounds set forth above, direct the parties to present evidence on the discrete factual issues identified in Section X;

8. Grant such other relief as the Court considers just and proper.

Dated: October 31st, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
davidchoatehughes@gmail.com
Telephone: (217) 416-5059
Debtor, pro se

**NOTICE OF OBJECTION AND 30-DAY RESPONSE DEADLINE**

**IF YOU DO NOT WANT THE COURT TO ELIMINATE OR CHANGE YOUR CLAIM, THEN YOU OR YOUR ATTORNEY MUST FILE A WRITTEN RESPONSE AND/OR AN AMENDED CLAIM WITHIN 30 DAYS FROM THE DATE OF THIS OBJECTION. YOUR RESPONSE MUST BE FILED WITH THE BANKRUPTCY COURT AT 600 EAST MONROE STREET, ROOM 226, SPRINGFIELD, ILLINOIS 62701 AND SERVED ON DEBTOR DAVID CHOATE HUGHES II, AT 82 PLANTATION POINTE ROAD, NO.**

**281, FAIRHOPE, ALABAMA 36532. ABSENCE OF A RESPONSE WILL CONSTITUTE A CONSENT TO THE ENTRY OF AN ORDER ALLOWING OR DISALLOWING THE CLAIM AS SET FORTH IN THE OBJECTION.**

**INDEX OF EXHIBITS**

- Exhibit A — Debtor's written demand under Section 28 of the Loan Agreement, dated October 30, 2026.
- Exhibit B-1 — Email from David Choate Hughes, II to James Salinas, United States Trustee, copied to Raye C. Elliott, Esq., dated October 28, 2025, providing notice of the verified Zoomeral offset and requesting correction of the record.
- Exhibit B-2 — Email from David Choate Hughes, II to Raye C. Elliott, Esq., dated August 4, 2026, transmitting the contractual offset materials and requesting that the offset be addressed to avoid expense to both estates.
- Exhibit B-3 — Email from David Choate Hughes, II to Raye C. Elliott, Esq., dated September 23, 2026, captioned "Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense," demanding withdrawal of Claim No. 9-1 and reimbursement.
- Exhibit B-4 — Email from David Choate Hughes, II to Robert E. Eggmann, Chapter 7 Trustee, dated September 23, 2026, forwarding the Exhibit B-3 demand to the Trustee.
- Exhibit B-5 — Proof of Claim No. 9-1, executed November 13, 2025, including Part 1, item 11 (response "No" to "Is this claim subject to a right of setoff?").
- Exhibit C — Email from Robert E. Eggmann, Chapter 7 Trustee, dated October 27, 2026, regarding the contemplated settlement of Claim No. 9-1.
- Exhibit D — Carmody MacDonald fees to date ($45,000.00), Trustee email, Oct. 21, 2026

Exhibit A:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail

David Choate <davidchoatehughes@gmail.com>

# FIRSTAFINAL DEMAND: WITHDRAW CLAIM 9-1, CURE 100% OWNERSHIP MISREPRESENTATION, AND RULE 9019 SETTLEMENT REQUEST — In re Hughes, No. 25-70566 AND FINAL DEMAND UNDER SECTION 28 — WITHDRAW CLAIM 9-1, REIMBURSE THE ESTATE, AND CURE THE 100% OWNERSHIP MISREPRESENTATION — In re David Choate Hughes, II, Case No. 25-70566 (Bankr. C.D. Ill.)

1 message

**David Choate** <davidchoatehughes@gmail.com> Fri, Oct 30, 2026 at 11:56 AM
To: "raye.elliott@akerman.com" <raye.elliott@akerman.com>, "aaron@arcohenlaw.com" <aaron@arcohenlaw.com>, "thomas.fullerton@akerman.com" <thomas.fullerton@akerman.com>
Cc: "Robert E. Eggmann" <ree@carmodymacdonald.com>, "Salinas, James (USTP)" <james.salinas@usdoj.gov>, Debitus Processus <iustusprocessus@outlook.com>, scott.e.bomkamp@usdoj.gov

Dear Ms. Elliott, Mr. Fullerton, and Mr. Cohen:

This is the Debtor's **first and final demand** under Section 28 of the Loan Agreement dated September 5, 2022, between Genie Investments NV and Zoomeral, Inc. It is also a formal demand that Claim No. 9-1 be withdrawn, that the 100% ownership misrepresentation be cured, and that the estate be reimbursed. It includes a Rule 9019 request on the Florida side.

**1. The Loan Agreement and the indemnification obligation.**

The Loan Agreement is filed of record in the United States Bankruptcy Court for the Middle District of Florida, *In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, in *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, at Doc. 1, Exhibit A, pp. 27–37, and is incorporated herein by reference in its entirety. The operative provisions appear at:

- **Loan amount, interest, and non-recourse character:** Adv. Doc. 1, Ex. A, p. 27, ¶ 1.
- **Sole Remedy (Section 7):** Adv. Doc. 1, Ex. A, p. 28, ¶ 7.
- **Governing Law (Section 16):** Adv. Doc. 1, Ex. A, p. 30, ¶ 16.
- **No Required Collateral (Section 23):** Adv. Doc. 1, Ex. A, p. 31, ¶ 23.
- **No Personal Guarantee (Section 24):** Adv. Doc. 1, Ex. A, p. 31, ¶ 24.
- **Non-Recourse (Section 25):** Adv. Doc. 1, Ex. A, p. 31, ¶ 25.
- **Indemnification (Section 28):** Adv. Doc. 1, Ex. A, pp. 31–32, ¶ 28.
- **Binding Arbitration (Section 31):** Adv. Doc. 1, Ex. A, pp. 32–33, ¶ 31.

Section 28 provides: ***"The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, clawbacks, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement."*** Adv. Doc. 1, Ex. A, p. 31.

Claim No. 9-1 is an attempt to collect a clawback and a judgment against Zoomeral, Inc. The Final Default Judgment referenced in the Claim was entered against Zoomeral, Inc. at Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42, incorporated herein by reference. That Judgment is a "judgment" and a "clawback" within the plain meaning of Section 28. Section 28 requires the Lender to pay all reasonable costs to remedy any such judgment within ten business days of the Borrower's first demand. This is that demand.

**2. The Debtor holds the Zoomeral rights by assignment and by abandonment.**

On March 16, 2025, Zoomeral, Inc. executed a complete dissolution and assignment package transferring its accounts receivable and related contractual rights, including the Section 28 indemnification right, to David Hughes (82.5%) and John Michael Cohan (17.5%). That package is filed of record in this Court in *In re David Choate Hughes, II*, Case No. 25-70566, at Doc. 658, incorporated herein by reference in its entirety, and consists of:

- **Doc. 658, Exhibit F (Dissolution Accounts Receivable Assignment), pp. 3–20**, including:
  - **Unanimous Board Resolutions, pp. 3–4**, reciting the 82.5% / 17.5% ownership split, the Loan Agreement's non-recourse and no-personal-guarantee terms, and authorizing the assignment of Zoomeral's accounts receivable and related rights to Hughes and Cohan.
  - **Unanimous Shareholder Consent, pp. 6–7**, signed by Hughes and Cohan on March 16, 2025, confirming that "Zoomeral, not either shareholder individually, owned the receivables before assignment," that the Loan Agreement "contained no personal guarantee," and that the loan was "unsecured and nonrecourse."
  - **Officer Authority Certificate, p. 7**, certifying Hughes's 82.5% interest and Cohan's 17.5% interest.
  - **Assignment and Distribution Agreement, pp. 8–10**, assigning to Hughes and Cohan all of Zoomeral's right, title, and interest in its accounts receivable, and expressly assigning the rights to "receive indemnification," "assert offsets," "assert recoupment," "assert defenses," and "receive proceeds."
  - **Assignment of Accounts Receivable, pp. 10–11**, and **Assignment of Contract Rights, Credits, and Defenses, pp. 12–13**, assigning all assignable rights to "reimbursement" and "indemnification."
  - **Consolidated Receivables and Accounting Certificate, pp. 13–14**, relying on the Examiner's Report statement that "Zoomeral earned commissions upon loans closing from Genie NV."
  - **Chain-of-Title and Ownership Certificate, p. 19**, confirming Hughes at 82.5% and Cohan at 17.5%.
- **Doc. 658, Exhibit G (Zoomeral Dissolution Certificate), p. 22**, certifying Zoomeral's dissolution was authorized on March 17, 2025, and that the corporation "has no assets and has ceased transacting business."

The estate's interest in the Zoomeral rights was then abandoned to the Debtor by order of this Court. The Chapter 7 Trustee, Robert E. Eggmann, filed a Motion to Abandon Certain Property of the Bankruptcy Estate, Pursuant to 11 U.S.C. § 554 (Case No. 25-70566, Doc. 615), incorporated herein by reference. The Court entered its Order Granting Trustee's Motion to Abandon on September 11, 2026 (Case No. 25-70566, Doc. 721), incorporated herein by reference in its entirety. That Order expressly abandoned the estate's interest in the "Zoomeral Offset Claim" and the "Zoomeral, Inc. accounts receivable" to the Debtor.

The Debtor is therefore the holder of Zoomeral's receivables and the related contractual rights, including the Section 28 indemnification right, subject only to Cohan's 17.5% interest.

**3. The offset extinguishes Claim 9-1 on its own terms.**

The Notice of Contractual Offset (Case No. 25-70566, Doc. 612) and its exhibits (Case No. 25-70566, Docs. 612-1 through 612-4), incorporated herein by reference, establish the following:

- **Contractual basis:** Doc. 612-1, Part 2 sets forth the 3% success fee at pp. 1–2 and the BELOC fee structure at p. 9. Doc. 612-2, Part 3 sets forth the one-third due diligence split throughout the sample agreements (pp. 1, 11, 13, 15, 17, 19, 21, 23, 25, 27). Doc. 612-3, Part 4 sets forth the 3% origination points at the cover page and in the Intercreditor Agreements (pp. 94, 96, 124–126, 131).
- **Supporting bank records:** Doc. 612-3, Part 4, pp. 2–3 contains the one-third due diligence split schedule and pp. 4–90 contain the underlying Chase Bank statements.
- **Zoomeral's ledger:** Doc. 612-4, Part 5, pp. 1–18 contains the Accounts Receivable Accounting Ledger, with the summary at p. 18 showing **TOTAL $1,984,562.00**.
- **Declarations:** Doc. 612-4, Part 5, pp. 20–24 contains the Cohan Declaration (dated August 3, 2026), including ¶ 37 (the offset is earned, not manufactured) and ¶ 38 (the offset exceeds the loan by approximately $213,006). Doc. 612-4, Part 5, pp. 25–27 contains the Hughes Declaration (dated August 3, 2026), including ¶¶ 13–16 (the offset was exercised and reduced the loan to $0.00).
- **Examiner's Report excerpts and offset summary:** Doc. 612-4, Part 5, pp. 47–51 reproduce Examiner's

Report ¶¶ 117–121, and p. 35 states: Claim Amount $1,771,555.74; $1,984,562 minus $1,771,555.74 = **Total Offset +$213,006**.

Zoomeral's documented Accounts Receivable owed by Genie total **$1,984,562.00**. Claim No. 9-1 is for $1,771,555.74**. The net result is **$213,006.26 owed to the Debtor/Zoomeral**, not to Cohen. The Debtor will assert this offset, through objection and possibly other, in this Illinois case and will formally reply to Cohen's Objection to Claim 72-2 (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 777), incorporated herein by reference, in the Florida case.

**4. The 100% ownership misrepresentation must be cured today.**

In your Response to the Trustee's Objection (Case No. 25-70566, Doc. 541, ¶ 3, p. 1), Cohen asserted that Hughes "was also the 100% owner of a company called Zoomeral, Inc." That is false, and you knew it was false when you filed it.

The Examiner's Report (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 146, ¶ 114, p. 32), incorporated herein by reference, states: "Hughes owns 82.5% and Cohan owns 17.5%."

Cohen testified under oath that he relied on the Examiner's Report. *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 70 (Transcript), incorporated herein by reference in its entirety:

- **Transcript p. 58, lines 11–17:** "We always intended to bring the fraudulent transfer action. As soon as we read Ms. Yip's report and spoke to her and saw the terms of the loans, so it wasn't like this was a surprise."
- **Transcript p. 41, lines 19–23:** "I relied primarily on the Yip report."

Your own Florida filing acknowledges the same figure. Cohen's Objection to Claim 72-2 (Case No. 3:24-bk-00496-BAJ, Doc. 777, ¶ 7, p. 2), incorporated herein by reference, states: "Hughes then states that he owns 82.5% of Zoomeral (Claim 72-2, Part 7, ¶ 12)." Akerman did not dispute that figure.

The assignment package filed at Doc. 658 also confirms 82.5%. **Doc. 658, Exhibit F, p. 4** (Board Resolutions reciting the 82.5%/17.5% split) and **p. 19** (Chain-of-Title Certificate). You cannot tell the Florida court that the Debtor owns 82.5% and tell this Court that the Debtor owns 100%. One statement is false, both were made through counsel, and both are on the record of a federal bankruptcy proceeding.

**5. Veil piercing is not an answer.**

You may respond that the 100% figure is harmless because Cohen could pierce the corporate veil. That argument fails for four reasons:

**(a) Veil piercing was never pleaded or adjudicated.** The Final Default Judgment (Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42) was entered against Zoomeral, Inc. It contains no alter ego finding and no judgment against David Hughes. A judgment against a corporation does not establish personal liability against a non-party individual absent a separate adjudication. That adjudication does not exist.

**(b) The Loan Agreement forecloses the theory.** Sections 24 and 25 (Adv. Doc. 1, Ex. A, p. 31) prohibit personal guarantees and provide that the loan is non-recourse. Section 23 confirms no collateral is required. Section 7 sets the sole remedy. Section 31 requires arbitration in Delaware. Genie's own insider, John Michael Cohan, drafted and signed the agreement on Genie's behalf. See Adv. Doc. 1, Ex. A, p. 35 (signature page).

**(c) Delaware law does not permit it on these facts.** Section 16 selects Delaware law. Under Delaware law, veil piercing requires complete domination and control plus a resulting injustice or fraud. Cohen has alleged neither against Hughes in this Court. The 82.5% figure defeats the "complete domination" element as to the 17.5% he does not own.

**(d) The 100% figure is the predicate for personal liability.** You cannot cure a false statement about ownership by arguing in the alternative that even a partial owner should be personally liable. That is a different claim you never pleaded and cannot prove on this record.

**6. The demands.**

Within ten business days of this email, you must:

**(a) Withdraw Claim No. 9-1** filed in *In re David Choate Hughes, II*, Case No. 25-70566, with prejudice, and file a notice of withdrawal on the docket.

**(b) File a correction of the record** in this case stating that the Debtor's ownership interest in Zoomeral, Inc. is 82.5%, not 100%.

**(c) Contact Chapter 7 Trustee Robert E. Eggmann** (ree@carmodymacdonald.com; thr@carmodymacdonald.com) and arrange reimbursement to the estate of all administrative costs proximately caused by the filing and maintenance of Claim No. 9-1, including the fees and expenses of the Chapter 7 Trustee and his counsel.

**(d) Confirm in writing** to the undersigned that (a), (b), and (c) have been completed.

**7. Rule 9019 settlement request on the Florida claim.**

Independently, and without prejudice to the objection in this Court, the Debtor formally requests under Federal Rule of Bankruptcy Procedure 9019 that the parties negotiate a consensual resolution of the Debtor's Claim 72-2 in the Genie bankruptcy case (Case No. 3:24-bk-00496-BAJ). The Debtor's terms for negotiation are:

**(a) The Debtor seeks allowance of Claim 72-2** in an amount to be determined after reconciliation of the Zoomeral receivable and the Genie offset, with the Debtor's 82.5% share recognized and Cohan's 17.5% share separately accounted for.

**(b) The Debtor consents to equitable subordination** under 11 U.S.C. § 510(c), or to a consensual tiered structure under Rule 9019, in which the allowed claim of the Debtor is subordinated to the allowed claims of Genie's customers.

**(c) The Debtor does not expect, and will not seek, any distribution on Claim 72-2 until Genie's customer and creditor claims are *paid in full*.**

**(d) The Debtor will respond in kind to Cohen's Objection to Claim 72-2 (Doc. 777)** and reserves all rights to oppose that objection if the parties cannot reach a consensual resolution.

This request is made in good faith and is intended to conserve the resources of both estates. If Akerman is unwilling to negotiate, please state that in writing and identify the specific reasons.

**8. Recourse if the demands are not met.**

If the demands in Section 6 are not met, the Debtor will pursue the following remedies, each of which is within the Court's authority in this claims- objection proceeding:

**(i) Continued prosecution of his objection to Claim 9-1 in this Court**, asserting the Section 28 indemnification bar, the offset under 11 U.S.C. § 553, the non-recourse and no-personal-guarantee provisions, the absence of any adjudicated personal liability, and the 82.5% ownership figure. The Debtor has already filed an independent objection and conditional joinder (Doc. 658).

**(ii) A request for relief under Federal Rule of Bankruptcy Procedure 9011(b)(3)** with respect to the 100% ownership assertion in Doc. 541, ¶ 3, and a separate request that this Court review, under its inherent authority, whether that assertion rises to the level of fraud on the court. The request will be supported by the Examiner's Report (Doc. 146, ¶ 114), by Cohen's sworn testimony (Adv. Doc. 70, pp. 41 and 58), by Akerman's own Florida filing (Doc. 777, ¶ 7), and by the assignment package (Doc. 658, Ex. F, pp. 4 and 19). The Debtor will ask this Court to determine whether a party who tells two courts two different ownership percentages has crossed the line from zealous advocacy to misrepresentation.

**(iii) A response to Cohen's Objection to Claim 72-2 in the Florida case** (Doc. 777), asserting the assignment, the abandonment order, 9019 offer/compromise, and the offset.

**(iv) Reservation of any additional remedy available in either case**, including any relief the Court determines to be appropriate on its own motion.

The Debtor has not threatened, and does not now threaten, any action against Cohen personally or against the Trustee in any forum outside the bankruptcy cases. All relief sought will be sought from the Courts presiding over these two cases.

**9. This is the only demand.**

The Debtor has provided the recorded evidence, the executed Loan Agreement, the assignment package, the abandonment order, and the controlling contract provisions. This is the Debtor's only and final demand. Any response other than an unqualified written acceptance and stipulation to the four demands in Section 6, or a good- faith engagement with the Section 7 settlement request, will be preserved and filed as an exhibit to the Debtor's request for

sanctions and for review of fraud on the court. The Debtor will not respond to argument by email.

Nothing in this letter waives any right, defense, or remedy available to Mr. Hughes or Zoomeral, Inc., including but not limited to Sections 7, 16, 23, 24, 25, 26, 28, and 31 of the Loan Agreement. All such rights are expressly reserved.

I respectfully ask that all parties acknowledge receipt of this email correspondence.

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.

Exhibit B-1:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail David Choate <davidchoatehughes@gmail.com>

# Notice of Verified Offset in Related Ch. 7 (Genie Investments) – To Prevent Any Improper Claim in My Ch. 11

1 message

**David Choate** <davidchoatehughes@gmail.com> Tue, Oct 28, 2025 at 12:38 PM
To: "Salinas, James (USTP)" <james.salinas@usdoj.gov>
Cc: raye.elliott@akerman.com, Debitus Processus <iustusprocessus@outlook.com>

Dear Mr. Salinas,

I'm writing to notify your office of a concerning material development in the related Chapter 7 case of Genie Investments NV Inc. in Jacksonville, Florida.

After reconciling intercompany accounts, Zoomeral, Inc. (dissolved) is not indebted to Genie in any way. To the contrary, the verified accounting shows a net receivable owed to Zoomeral of approximately $164,256.26 after offset. I have attached/provided the supporting math and documentation to the Chapter 7 Trustee, Ms. Raye Elliott, and formally requested that she stipulate to vacate the default judgment against Zoomeral so the record accurately reflects the offset.

Because any contrary assertion could impact my personal Chapter 11 in Illinois, I wanted to place your office on notice of the offset and my request to correct the record. I've attached my email to Ms. Elliott (sent this past Sunday and the one from earlier today), which lays out the figures and the request for stipulation and vacatur. To be clear, there is no mathematical possible way that Zoomeral, Inc. is a creditor to Genie NV. In my view, continued assertion of a claim premised on a debt that no longer exists would be inconsistent with the trustee's duty to ensure accurate filings. To date, Ms. Elliot has not responded to the email I sent her requesting acknowledgment and correcting the record formally. The SIMPLE MATH proves the effect is clear, convincing, and mathematically undeniable. The 3% commission Zoomeral, Inc. charged was documented on every single loan agreement we ever produced. At no time, on any loan agreement, did it ever deviate from 3%. The examiner in our case acknowledged the 3%. We factually closed loans that earned Zoomeral, Inc. this Accounts Receivable.

Out of courtesy and transparency, I've cc'd Ms. Elliott here. If the Florida estate nevertheless attempts to file a proof of claim in my Chapter 11 premised on the vacated/offset balance, I respectfully ask that your office be aware of the dispute and the attached evidence. I am prepared to file a Rule 60(b) motion in Florida if a stipulation is not promptly entered.

Again, attached hereto are the two emails I have sent Ms. Elliot requesting that the record be corrected and the stipulation to Vacate the default judgment on Zoomera, Inc. The third attachment is every loan we closed, clearly proving the accounts receivable.

Given that the Court expressly ordered my participation as a former owner to provide the verified accounting, and that Ms. Elliott now has clear, documentary proof of the offset, she has a fiduciary and ethical duty under **Fed. R. Bankr. P. 9011(b)** and **28 U.S.C. § 586(a)(3)** to correct the record to ensure that the estate's filings are truthful and not misleading. This is not discretionary; the trustee must take corrective action once she possesses knowledge that a prior representation is factually inaccurate.

Thank you for your continued oversight.

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

**3 attachments**

**Gmail - Immediate Action Required – Correction of Record and Vacatur of Default Judgment (Zoomeral, Inc.).pdf**
106K

**Gmail - Accounts Receivable Offset and Request to Stipulate Regarding Default Judgment.pdf**
106K

**Zoomeral Offset.xlsx**
13K

Exhibit B-2:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail **David Choate <davidchoatehughes@gmail.com>**

# Fwd: Contractual Offset

1 message

**David Choate** <davidchoatehughes@gmail.com> Tue, Aug 4, 2026 at 10:51 AM
To: raye.elliott@akerman.com

Dear Ms. Elliott,

I wanted to send you the attached documents regarding the proof of claim filed by Trustee Aaron Cohen in my Illinois Chapter 7 case.

The attached exhibits show a complete contractual offset that reduces the claim to zero. They include the underlying loan contracts, due diligence agreements, closed-loan records, and accounting schedules showing the commissions and origination fees earned by Zoomeral. The calculations are based on the same underlying loan figures used in the Court-appointed Examiner's Report in the Jacksonville bankruptcy case, including the approximately $1.7 million figure that became the default judgment.

My hope is that this threshold accounting issue can be addressed before both estates spend additional money litigating the claim. With the claim reduction/offset to zero, there is no need for either estate to incur unnecessary administrative or legal expenses, which ultimately reduces recoveries for creditors and erodes any potential surplus.

If this matter moves beyond the offset issue, I'll have to fully defend my position and retain counsel if necessary. I'd prefer to avoid that if this can be resolved based on the contractual documents.

Please take a look at the attached materials and let me know if you have any questions or would like any additional documentation. I will happily provide you with any information you feel might need to be tightened up.

Please email me back so I know you received this email message. This message is being sent to you in good faith so that both estate expenses can stop all spending regarding this litigation. I have also included/highlighted the appropriate parts of the examiner's report, which also states that Genie Investments pays the origination to Zoomeral, etc.

Thank you, and respectfully,

David C. Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704
217.416.5059

**4 attachments**

**CONTRACTUAL OFFSET _compressed 1.pdf**
6697K

**CONTRACTUAL OFFSET _compressed 2.pdf**
6832K

**CONTRACTUAL OFFSET 8-3-26_compressed 3.pdf**
6562K

**CONTRACTUAL OFFSET _compressed 4.pdf**
4471K

Exhibit B-3:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail

**David Choate <davidchoatehughes@gmail.com>**

# Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense

1 message

**David Choate** <davidchoatehughes@gmail.com> Wed, Sep 23, 2026 at 1:04 PM
To: raye.elliott@akerman.com

Dear Ms. Elliott:

I am providing the attached materials, including the recorded Genie customer-funding call (you have not heard it yet) and transcript (might still have a few errors in the transcript... still need to refine), the 60(d)(3) filings you already have (evidenciary request is in the mail), the Zoomeral offset materials (you already have), the dissolution assignment, and Eggmonn's abandonment motion.

The recorded call contains disclosures concerning referral agents and the payment of referral-agent compensation upon loan closing. In other words, there was no way to avoid moving money from Genie to Zoomeral to pay parties legally obligated to be paid. If it wasn't a loan, as it clearly was, then others on your side of the table would jump up and say, "Undue Enrichment, Your Honor," which wouldn't be true either. Anyway, to be determined later, perhaps by a few Honorable Judges. Together with the Examiner's Report, which states that "Zoomeral earned commissions upon loans closing from Genie NV," the recording is relevant to Genie's customer disclosures, industry practices, and the contractual receivables, credits, defenses, and indemnification rights supporting the asserted Zoomeral offset. The materials also identify the Genie–Zoomeral transaction as an unsecured, nonrecourse loan to Zoomeral—not a personal obligation of Hughes—and document the assignment of Zoomeral's related rights before dissolution.

Please do not construe my position as an attempt to interfere with the Chapter 7 Trustee's duties in my personal Illinois bankruptcy case. I will assert and preserve all available defenses and objections in the Florida adversary proceeding, the Florida main bankruptcy docket, and my Illinois bankruptcy case, whether or not those issues proceed through a separate adversary proceeding.

I also respectfully ask that this matter not be characterized as an issue I should have raised earlier, as has been stated before. At the earlier stage, my standing was disputed, as you well know, and I was unable to present these issues fully. Claim No. 9-1 now creates a direct pecuniary interest in my estate and provides the basis for my standing. I will present the attached documentary and recorded evidence, which I contend is clear and convincing, at the appropriate hearing.

This is my final effort to avoid further expense to both estates. In light of the duty of candor to the Court and the fiduciary obligations implicated by continued pursuit of a potentially overstated claim, will you agree to stipulate to withdraw Claim No. 9-1 and reimburse my estate in Illinois for any expenses caused by Claim No. 9-1? To be clear and firm, anything less than voluntary withdrawal and reimbursement will be unacceptable and objected to by me.

If no stipulation is reached very quickly, I will pursue all available legal remedies and defenses in Florida and Illinois.

I hope we can resolve this without further unnecessary cost.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward,

disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059

---

**5 attachments**

**Recorded Call_transcript Daniel Knutson.txt**
6K

**Recorded Call.mp3**
1556K

**Eggmans Motion for Abandonment.pdf**
452K

**Zoomeral Dissolution Assignment.pdf**
6719K

**Zoomeral Genie Loan Agreement.pdf**
5047K

Exhibit B-4:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail **David Choate <davidchoatehughes@gmail.com>**

# Fwd: Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense

1 message

**David Choate** <davidchoatehughes@gmail.com> Wed, Sep 23, 2026 at 1:14 PM
To: "Robert E. Eggmann" <ree@carmodymacdonald.com>

Rob,

I hope you are doing well. I am forwarding you a copy of what I just emailed Ray Elliot. Please read below. I think it's appropriate to keep you in the loop. As you are aware and as we have discussed, I do not want to file anything, but I am in the position that I am in. I have to fight these claims with all efforts to avoid being victimized by ong oing bad faith. I will keep emailing you pertinent filings that I make in Florida, just in case you're not being served from that docket. If you think a meeting would be helpful at any time, please email me and let me know, or we can have a Zoom meeting. I still do not have cell phone access due to finances, but I can find free internet for a Zoom meeting.

Anyway, hope all is well, and talk soon. The recording below covers Daniel Knutt, who also put a claim into our BK in Illinois. It clearly shows that we used best business practices with all the companies we owned and operated and that we had to move monies for commissions due to our referral agents from Genie to Zoomeral. They need to withdraw their claim. This is now absurd and only gets more expensive with unnecessary, overly aggressive litigation that flies in the face of Candor.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059

---------- Forwarded message ---------
From: **David Choate** <davidchoatehughes@gmail.com>
Date: Wed, Sep 23, 2026 at 1:04 PM
Subject: Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense
To: <raye.elliott@akerman.com>

Dear Ms. Elliott:

I am providing the attached materials, including the recorded Genie customer-funding call (you have not heard it yet) and transcript (might still have a few errors in the transcript... still need to refine), the 60(d)(3) filings you already have

(evidenciary request is in the mail), the Zoomeral offset materials (you already have), the dissolution assignment, and Eggmonn's abandonment motion.

The recorded call contains disclosures concerning referral agents and the payment of referral-agent compensation upon loan closing. In other words, there was no way to avoid moving money from Genie to Zoomeral to pay parties legally obligated to be paid. If it wasn't a loan, as it clearly was, then others on your side of the table would jump up and say, "Undue Enrichment, Your Honor," which wouldn't be true either. Anyway, to be determined later, perhaps by a few Honorable Judges. Together with the Examiner’s Report, which states that “Zoomeral earned commissions upon loans closing from Genie NV,” the recording is relevant to Genie’s customer disclosures, industry practices, and the contractual receivables, credits, defenses, and indemnification rights supporting the asserted Zoomeral offset. The materials also identify the Genie–Zoomeral transaction as an unsecured, nonrecourse loan to Zoomeral—not a personal obligation of Hughes—and document the assignment of Zoomeral’s related rights before dissolution.

Please do not construe my position as an attempt to interfere with the Chapter 7 Trustee’s duties in my personal Illinois bankruptcy case. I will assert and preserve all available defenses and objections in the Florida adversary proceeding, the Florida main bankruptcy docket, and my Illinois bankruptcy case, whether or not those issues proceed through a separate adversary proceeding.

I also respectfully ask that this matter not be characterized as an issue I should have raised earlier, as has been stated before. At the earlier stage, my standing was disputed, as you well know, and I was unable to present these issues fully. Claim No. 9-1 now creates a direct pecuniary interest in my estate and provides the basis for my standing. I will present the attached documentary and recorded evidence, which I contend is clear and convincing, at the appropriate hearing.

This is my final effort to avoid further expense to both estates. In light of the duty of candor to the Court and the fiduciary obligations implicated by continued pursuit of a potentially overstated claim, will you agree to stipulate to withdraw Claim No. 9-1 and reimburse my estate in Illinois for any expenses caused by Claim No. 9-1? To be clear and firm, anything less than voluntary withdrawal and reimbursement will be unacceptable and objected to by me.

If no stipulation is reached very quickly, I will pursue all available legal remedies and defenses in Florida and Illinois.

I hope we can resolve this without further unnecessary cost.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059

**5 attachments**

**Recorded Call_transcript Daniel Knutson.txt**
6K

**Recorded Call.mp3**
1556K

**Eggmans Motion for Abandonment.pdf**
452K

**Zoomeral Dissolution Assignment.pdf**
6719K

**Zoomeral Genie Loan Agreement.pdf**
5047K

Exhibit B-5:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | David Hughes II |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court | **Central District of Illinois** |
| Case number: | **25−70566** |

FILED
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/13/2025
**Adrienne D. Atkins, Clerk**

Official Form 410
# Proof of Claim

**04/25**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Aaron R Cohen in his capacity as Chapter 7 Trustee
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor ______

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Aaron R Cohen in his capacity as Chapter 7 Trustee
Name

c/o Raye C. Elliott, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602

Contact phone 813 223 7333

Contact email raye.elliott@akerman.com

Uniform claim identifier (if you use one): ______

**Where should payments to the creditor be sent?** (if different)

______
Name

Contact phone ______

Contact email ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
- [x] No
- [ ] Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ________

7. **How much is the claim?** $ 1771555.74

**Does this amount include interest or other charges?**
- [x] No
- [ ] Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. **What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

Final Judgment Against Zoomeral, Inc. entered in Adv. No. 3:25−ap−00011−BAJ

9. **Is all or part of the claim secured?**
- [x] No
- [ ] Yes. The claim is secured by a lien on property.

**Nature of property:**
- [ ] Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410−A) with this *Proof of Claim*.
- [ ] Motor vehicle
- [ ] Other. Describe: ________

**Basis for perfection:** ________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ ________

**Amount of the claim that is secured:** $ ________

**Amount of the claim that is unsecured:** $ ________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ ________

**Annual Interest Rate** (when case was filed) ____ %

- [ ] Fixed
- [ ] Variable

10. **Is this claim based on a lease?**
- [x] No
- [ ] Yes. **Amount necessary to cure any default as of the date of the petition.** $ ________

11. **Is this claim subject to a right of setoff?**
- [x] No
- [ ] Yes. Identify the property: ________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No
☐ Yes. *Check all that apply*:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 11/13/2025
MM / DD / YYYY

/s/ Aaron R. Cohen
Signature

Print the name of the person who is completing and signing this claim:

Name: Aaron R. Cohen
First name Middle name Last name

Title: Chapter 7 Trustee, Genie Investments NV, Inc.

Company:
Identify the corporate servicer as the company if the authorized agent is a servicer

Address: P.O. Box 4218
Number Street
Jacksonville, FL 32201
City State ZIP Code

Contact phone (904) 389−7277 Email aaron@arcohenlaw.com

Exhibit C:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail **David Choate <davidchoatehughes@gmail.com>**

# Re: Objection to Claim 9-1 – Request for Trustee Support

1 message

**Robert E. Eggmann** <ree@carmodymacdonald.com> Tue, Oct 27, 2026 at 5:01 PM
To: David Choate <davidchoatehughes@gmail.com>

David,

I have a tentative deal with Trustee Cohen and intend on keeping my word. That said, you can object to the motion to settle when it is filed.

Rob

Carmody MacDonald®
*Attorneys & Counselors at Law*

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Tuesday, October 27, 2026 4:59 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Objection to Claim 9-1 – Request for Trustee Support

Rob,

I am filing a Motion for Leave to File an Amended Objection to Claim No. 9-1 (Cohen), along with the Amended Objection itself. A copy is attached for your review.

In short, the objection argues that Claim 9-1 must be disallowed for three reasons: (1) the Genie/Zoomeral Loan Agreement contains a contractual indemnification provision that bars the claim; (2) the $1.98 million in Zoomeral

Accounts Receivable (documented in Doc. 612) completely offsets and extinguishes the $1.77 million claim; and (3) Cohen's alter ego theory fails because the Examiner's Report (Doc. 146) confirms Zoomeral was owned 82.5% by me and 17.5% by John Cohan, not 100% by me as Cohen falsely asserts.

I am respectfully requesting your support for this objection. I believe that defeating Claim 9-1, combined with the suit I intend to file against the remaining Florida derivative claims in the proper forum of Delaware, will clear the path for a quick wrap-up of this bankruptcy estate, which is my primary goal.

If you find anything in this filing that you disagree with or believe needs adjustment, please let me know immediately. I am trying to resolve this efficiently and without any further delays.

I'll have these e-filed as soon as the EDS E-Filing System is fixed. Thanks for your patience on these filings. I have tried to work quickly and diligently.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.
217.416.5059

Gmail **David Choate <davidchoatehughes@gmail.com>**

---

# RE: Do you have 10 or 15 minutes for a call?

1 message

---

**Robert E. Eggmann** <ree@carmodymacdonald.com> Mon, Oct 19, 2026 at 4:02 PM
To: David Choate <davidchoatehughes@gmail.com>

David,

In the spirt of full disclosure, I have a tentative settlement with Trustee Cohen. I was hoping to have it finalized before I told you so that I could disclose the details but since we are emailing today, I wanted to give you a heads up.

Rob

Carmody MacDonald®
Attorneys & Counselors at Law

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Monday, October 19, 2026 3:56 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Re: Do you have 10 or 15 minutes for a call?

I will send you an email tomorrow after the hearing. It's maybe easier than email.

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.

217.416.5059

On Mon, Oct 19, 2026 at 3:52 PM Robert E. Eggmann <ree@carmodymacdonald.com> wrote:

> David,
>
> I am tied up this afternoon and I have court at 9:00 and 9:30. What is it that you would like to discuss?
>
> Rob

Carmody MacDonald®
Attorneys & Counselors at Law

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Monday, October 19, 2026 2:54 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Do you have 10 or 15 minutes for a call?

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.

217.416.5059

Exhibit D:

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

Gmail

David Choate <davidchoatehughes@gmail.com>

# RE: Request for Administrative Expense Information — Case No. 25-70566

1 message

**Robert E. Eggmann** <ree@carmodymacdonald.com> Wed, Oct 21, 2026 at 3:23 PM
To: David Choate <davidchoatehughes@gmail.com>
Cc: "Salinas, James (USTP)" <james.salinas@usdoj.gov>

Mr. Hughes,

To date, attorney's fees incurred by my firm are approximately $45,000. I am not going to provide you an estimate for future work.

Rob

Carmody MacDonald®
*Attorneys & Counselors at Law*

**Robert E. Eggmann**
Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Wednesday, October 21, 2026 3:10 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Re: Request for Administrative Expense Information — Case No. 25-70566

Dear Mr. Eggmann,

Thank you for your reply and for confirming that I will receive copies of the fee applications. I understand that Special Counsel's application will be filed this week and that your firm's application and your fees will not be filed until the case is closer to completion.

I appreciate that, and I am not asking you to file anything early. What I am asking for is simply your best year-to-date estimate, for you and your firm, of fees and costs incurred so far and projected through closing. It does not need to be exact or in application form—a reasonable estimate would be sufficient.

The reason for the request is that Judge Gorman indicated at yesterday's hearing that she will examine my standing, and standing in this case turns on whether disallowance of Claim No. 9-1 would produce a surplus. That calculation requires some figure for administrative expenses. Without an estimate, I cannot present the surplus analysis she is likely to require, and I would rather rely on your figures than on my own assumptions.

Any best guess year-to-date for those two items would be helpful and appreciated. If you would prefer, I am happy to receive it informally by email.

Thank you again for your time and assistance.

Respectfully,

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.

217.416.5059

On Wed, Oct 21, 2026 at 3:03 PM Robert E. Eggmann <ree@carmodymacdonald.com> wrote:

> Mr. Hughes,
>
> When I file my fee application and special counsel's fee application, you will receive a copy. I anticipate that special counsel's fee application will be filed this week. My firm's fee application will not be filed until the case is close to completion.
>
> Rob
>
> **Robert E. Eggmann**

Principal • Carmody MacDonald P.C.

Link to Bio

120 S. Central Ave., Ste. 1800
St. Louis, Missouri 63105
**Main**: 314.854.8600 | **Direct**: 314.854.8638
**Email**: ree@carmodymacdonald.com

**www.carmodymacdonald.com**

**Member of MERITAS Law Firms Worldwide**

Carmody MacDonald prohibits receipt of ZIP file attachments. Transmission of ZIP files will be rejected without delivery confirmation, and such files shall not be deemed received.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** David Choate <davidchoatehughes@gmail.com>
**Sent:** Wednesday, October 21, 2026 2:59 PM
**To:** Robert E. Eggmann <ree@carmodymacdonald.com>
**Subject:** Request for Administrative Expense Information — Case No. 25-70566

Dear Mr. Eggmann,

I hope you are well. I am writing to request information regarding the administrative expenses incurred in my bankruptcy case, Case No. 25-70566. Specifically, I am requesting a summary of your fees and costs incurred to date, as well as any projected fees through the closing of the estate. I am also requesting information on any other administrative expenses or professional fees in the case, other than those of Special Counsel Jeremy Retherford, which I have from your filing today.

I am asking for this information because it bears directly on the surplus calculation relevant to my standing to object to Claim No. 9-1. I would be grateful if you could provide this information at your earliest convenience, or let me know if you require additional time; however, time is of the essence, as you are aware.

Thank you for your attention to this request, and I appreciate your assistance.

Respectfully,

Thank you, and respectfully,

David Choate Hughes II

82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

CONFIDENTIALITY NOTICE: This email and any attachments are intended solely for the named recipient and may contain confidential or legally protected information. The recipient may not copy, forward, disclose, or use them for any purpose unrelated to the matter addressed without my prior written consent. If you received this email in error, please notify me immediately, delete it and all attachments, and do not retain, disclose, or use any portion of it. No representation is made that this communication is secure or privileged, and nothing herein creates an agreement to indemnify any recipient or other person.

217.416.5059

## CERTIFICATE OF SERVICE

I certify that on October 31st, 2026, I served a true and correct copy of **DEBTOR'S AMENDED OBJECTION TO PROOF OF CLAIM NO. 9-1 FILED BY AARON R. COHEN** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully

prepaid, on this 31st day of October 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II