**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/02/2026 12:39 PM
**Adrienne D. Atkins, Clerk**

In re: )
DAVID CHOATE HUGHES, II, ) Case No. 25-70566
Debtor. ) Chapter 7

**NOTICE OF SERVICE OF DEMANDS**

The Debtor, David Choate Hughes, II, pro se, hereby gives notice that on November 2, 2026, he perfected service of the following two demands on Aaron R. Cohen, Chapter 7 Trustee for Genie Investments NV, Inc. (the "Genie Trustee"), on his counsel of record, Akerman LLP (Raye C. Elliott, Esq. and Thomas B. Fullerton, Esq.), and on Genie Investments NV at the notice address designated in Section 35 of the Loan Agreement dated September 5, 2022.

Both demands arise under, and are served pursuant to, the Loan Agreement dated September 5, 2022, between Genie Investments NV ("Genie") and Zoomeral, Inc. ("Zoomeral") (the "Loan Agreement"). The Loan Agreement is filed of record at *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 1, Exhibit A, pp. 27–37, and is incorporated herein by reference in its entirety. Section 35 of the Loan Agreement requires notices to be in writing and served by certified mail, and Section 28 provides the indemnification, hold-harmless, and ten-business-day payment obligation invoked in both demands.

1. The First Demand — Hold Harmless and Indemnification for All Derivative Genie Claims

The first demand is captioned *First Demand under Section 28 of the Loan Agreement — Hold Harmless and Indemnification for All Derivative Genie Claims* (the "First Demand"). By the First Demand, the Debtor demands that the Genie Trustee, standing in the shoes of the Lender under the Loan Agreement, hold the Debtor harmless and indemnify his estate for every claim filed in this case that is derivative of the Genie lending operation and that is not a personal debt of the Debtor, that is, every claim to which Trustee Eggmann has objected, or hereafter objects, on the ground that the claim is a corporate debt of Genie or another Genie-related entity rather than a personal debt of the Debtor, including without limitation Claim No. 26-1 (Lea Muse). The First Demand invokes Section 28's requirement that the Lender pay all reasonable costs to remedy covered liabilities within ten business days of the Borrower's first demand, and it demands that the Genie Trustee (a) ascertain the administrative costs and legal fees incurred by the Debtor's Illinois estate in defending against those derivative claims, (b) reimburse those costs and provide a future expense allowance, and (c) confirm in writing that the Debtor will be held harmless from each such claim and from any sanctions sought against him in *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 158.

2. The Second Demand — Withdrawal of Claim No. 9-1, Correction of the Ownership Statement, and Reimbursement

The second demand is captioned *Demand to Withdraw Claim No. 9-1, Cure the Ownership Misrepresentation, and Reimburse the Estate* (the "Claim 9-1 Demand"). By the Claim 9-1 Demand, the Debtor demands that the Genie Trustee (a) withdraw Claim No. 9-1, which seeks $1,771,555.74 based on the Final Default Judgment entered against Zoomeral (*Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 42), with prejudice; (b) file a correction of the record stating that the Debtor's ownership interest in Zoomeral, Inc. is 82.5%, not 100%; (c) arrange reimbursement to the Illinois estate of all administrative costs proximately caused by the filing and maintenance of Claim No. 9-1; and (d) confirm completion in writing. The Claim 9-1 Demand also invokes the Section 28 indemnification obligation, asserts the Debtor's contractual offset documented at Doc. 612 in this case, and includes an independent, without-prejudice request under Federal Rule of Bankruptcy Procedure 9019 to negotiate a consensual resolution of the Debtor's Claim 72-2 in the Genie bankruptcy case (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.)). To be absolutely clear, that request would fully subordinate the Debtor's Claim 72-2 to all other claims in the Genie bankruptcy case and would ensure that Mr. Hughes receives no distribution on that claim, not one dollar, until, and only until, all other court-approved claims in the Genie case are paid in full.

3. Manner of Service

Each demand was served by certified mail, return receipt requested, and by email on November 2, 2026, as follows:

| Recipient | Capacity | Address Served |
|---|---|---|
| Aaron R. Cohen | Chapter 7 Trustee, Genie Investments NV, Inc. | P.O. Box 4218, Jacksonville, FL 32201-4218 (certified mail); aaron@arcohenlaw.com (email) |
| Raye C. Elliott, Esq.; Thomas B. Fullerton, Esq.; Akerman LLP | Counsel of record for the Genie Trustee | 401 East Jackson Street, Suite 1700, Tampa, FL 33602 (certified mail); raye.elliott@akerman.com; thomas.fullerton@akerman.com (email) |
| Genie Investments NV | Lender under the Loan Agreement, at the Section 35 notice address | P.O. Box 5886, Wilmington, DE 19808 (certified mail) |

One copy of each demand was served in a separate envelope to each of the three recipients, for a total of six certified mailings. The certified mail article numbers and return receipts are attached as **Exhibit A** (First Demand) and **Exhibit B** (Claim 9-1 Demand). Photographs of the sealed, addressed envelopes bearing the certified mail labels are attached as **Exhibit C** (First Demand)

and Exhibit D (Claim 9-1 Demand). Copies of the emails transmitting both demands are attached **as Exhibit E.**

The ten-business-day periods under Section 28 of the Loan Agreement run from each recipient's receipt of the respective demand, as shown on the return receipts. Return receipts not yet returned to the Debtor will be filed by supplemental notice upon receipt.

Dated: November 2, 2026

Respectfully,

David Choate Hughes, II
Debtor, Pro Se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Email: davidchoatehughes@gmail.com

| Exhibit | Description |
|---|---|
| A | First Demand under Section 28 of the Loan Agreement — Hold Harmless and Indemnification for All Derivative Genie Claims, dated November 2, 2026. |
| B | Demand to Withdraw Claim No. 9-1, Cure the Ownership Misrepresentation, and Reimburse the Estate, dated November 2, 2026. |
| C | Photographs of the three sealed, addressed envelopes containing the First Demand, bearing certified mail labels. |
| D | Photographs of the three sealed, addressed envelopes containing the Claim No. 9-1 Demand, bearing certified mail labels. |

**EXHIBIT: A** First Demand under Section 28 of the Loan Agreement — Hold Harmless and Indemnication for All Derivative Genie Claims, dated November 2, 2026.

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: (217) 416-5059
Email: davidchoatehughes@gmail.com

November 2, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**AND VIA EMAIL**

Aaron R. Cohen, Chapter 7 Trustee
Genie Investments NV, Inc.
P.O. Box 4218
Jacksonville, Florida 32201-4218
Email: aaron@arcohenlaw.com

Raye C. Elliott, Esq.
Thomas B. Fullerton, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Email: raye.elliott@akerman.com; thomas.fullerton@akerman.com

Genie Investments NV
P.O. Box 5886
Wilmington, Delaware 19808

**Re: First Demand under Section 28 of the Loan Agreement — Hold Harmless and Indemnification for All Derivative Genie Claims — Case No. 25-70566 (Bankr. C.D. Ill.)**

Dear Mr. Cohen, Ms. Elliott, and Mr. Fullerton:

This letter constitutes the Debtor's First Demand under Section 28 of the Loan Agreement dated September 5, 2022, between Genie Investments NV ("Genie") and Zoomeral, Inc. ("Zoomeral"). It is a formal demand, served by certified mail pursuant to Section 35 of the Loan Agreement and by email, that you, Aaron Cohen, in your capacity as the Chapter 7 Trustee for the bankruptcy estate of Genie Investments NV, Inc. (Bankr. M.D. Fla., Case No. 3:24-bk-00496-BAJ), hold the Debtor harmless and indemnify his estate for every claim that is derivative of the Genie lending operation. It is served on the Trustee and his counsel as a courtesy and on Genie Investments NV at the Section 35 address as the contractually designated notice address.

**1. The Contractual Obligation**

The Loan Agreement is filed of record at *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 1, Exhibit A, pp. 27–37, and is available to you on the docket. Section 28 provides:

"The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement. ... (1) Upon Borrower's first demand the Lender shall be required to pay all reasonable costs to remedy any liabilities, claims, claw backs, suits, judgments, and damages within ten (10) business days upon receipt the notice from the Lender to the Borrower." (*Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 1, Ex. A, pp. 31–32).

As the Chapter 7 Trustee for Genie, you stand in the shoes of the "Lender" and are bound by this provision.

**2. The Scope of This Demand**

This demand covers every proof of claim filed in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), that arises from the Genie lending operation and that is not a personal debt of the Debtor. The Debtor does not list each claim in this letter, because both you and Trustee Robert E. Eggmann already know which claims they are, and because a list would become stale as further objections are filed.

The category is defined by the record and consists of each claim to which Trustee Eggmann has objected, or hereafter objects, on the ground that the claim is a corporate debt of Genie Investments NV, Inc. or another Genie-related entity rather than a personal debt of the Debtor, together with each claim that the Trustee has identified in a filing as duplicative of a claim filed in the Genie Bankruptcy. It includes, without limitation, Claim No. 26-1 (Lea Muse) and every claim to which the Trustee has filed or files an objection on that ground during the pendency of this case.

The Trustee, over my personal Bankruptcy Estate, has described this category on the record. In his Objection to Claim No. 26-1 (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 434, ¶ 1), Mr. Eggmann stated: *"It would appear that the Claim is not for a debt of this Debtor individually, but rather that of a business entity, Genie Investments NV, Inc. The Claim appears to be duplicative of that filed in the chapter 11 bankruptcy case of Genie Investments, NV, Inc. in the United States Bankruptcy Court for the Middle District of Florida..."* Mr. Eggmann made the identical argument in his Objection to Claim No. 9-1 (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 469) and in his objections to the other derivative claims. Each of those objections is available to you on the docket and defines the category by reference.

If you require a current written list of the claims within this category, the Debtor will request that Trustee Eggmann provide one and will forward it to you promptly. The Debtor's demand does not depend on producing that list, and the absence of a list in this letter is not a limitation on the

demand. Please understand that I would be happy to provide the list but I believe it would be more appropriate for Mr. Eggmann to provide it as he has the accounting already.

**3. The Assignment and Abandonment**

As you are well aware, the Debtor is an officer of Zoomeral and holds 82.5% of Zoomeral's rights under Section 28. That right was formally assigned to the Debtor by the March 16, 2025, dissolution and assignment package (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 658, Exhibit F), which is available to you on the docket.

On September 11, 2026, the Illinois Bankruptcy Court entered an Order Granting Trustee's Motion to Abandon (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 721), which is available to you on the docket. That Order expressly abandoned the estate's interest in *"an interest in the accounts receivable of Zoomeral, Inc. and any potential offset against filed Claim No. 9 (the 'Zoomeral Offset Claim'); and Debtor's current pending and potential causes of action (the 'Debtor Causes of Action') against various other parties..."* to the Debtor personally. The Debtor holds the Section 28 indemnification right free and clear of the Illinois estate.

**4. Prior Written Notice, Your Refusal, and Why This Demand Is Timely**

This is not the first time the Debtor has raised the Section 28 indemnification right with you.

On September 23, 2026, the Debtor sent a written request to Raye C. Elliott, Esq., captioned "Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense." The request attached the Loan Agreement dated September 5, 2022, including Section 28. It asked you to stipulate to the withdrawal of Claim No. 9-1 and to reimburse the Illinois estate for the expenses caused by that Claim. It identified "the contractual receivables, credits, defenses, and indemnification rights" supporting the Zoomeral offset. And it was forwarded to Trustee Robert E. Eggmann the same day.

Ms. Elliott responded in writing on behalf of the Trustee. Her response was direct: ***"The Trustee will not withdraw Claim 9 in your personal bankruptcy case. Thank you."***

The September 23 request was framed around Claim No. 9-1 because that was the claim then pending. But the right it invoked is not limited to Claim No. 9-1. Section 28 covers "any liabilities, claims, clawbacks, suits, judgments, and damages" arising from the Loan Agreement. Your refusal put you on notice of the indemnification right itself, and that right reaches every derivative Genie claim described in Section 2 of this letter.

This demand is timely, and the record shows why. The Section 28 indemnification right was property of the Illinois estate until this Court entered its abandonment order on September 11, 2026. Before that date, the Debtor lacked standing to enforce the right personally. The Debtor made his first written request twelve days after the order was entered, on September 23, 2026. That request was refused. The Debtor made a second written request on October 30, 2026, and he makes this formal demand today, November 2, 2026. There is no period of unexplained delay.

Nor has any event occurred that would make this demand unnecessary or premature. The Rule 9019 settlement between the Trustees has not been filed. No motion has been filed, and no order has been entered. The derivative claims remain live, and the Illinois estate continues to incur administrative costs defending against them. Those ongoing costs are the harm that Section 28 allocates to you.

**5. The Demand**

Pursuant to Section 28, the Debtor demands that you, as the Genie Trustee, do the following within ten (10) business days of your receipt of this letter:

(a) Contact Chapter 7 Trustee Robert E. Eggmann (ree@carmodymacdonald.com; thr@carmodymacdonald.com) and ascertain the full and exact amount of administrative costs, legal fees, and expenses incurred by the Debtor's Illinois estate in defending against Claim No. 26-1 and every other claim in *In re David Choate Hughes, II*, Case No. 25-70566, that falls within the category described in Section 2 of this letter;

(b) Reimburse the Debtor's estate for those costs incurred to date, and provide a future expense allowance until there is a final, with-prejudice resolution of the derivative claims, pursuant to Section 28; and

(c) Confirm in writing that you will hold the Debtor harmless from each claim described in Section 2 of this letter, and from any sanctions sought against him in *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 158 (*Joint Joinder of Named Individuals to be Heard in Support of Further Enforcement of the August 27, 2025, Contempt Order (Adv. Doc. 107) and the June 25, 2025, Compel Order (Adv. Doc. 50)*, filed by interested parties Richard Ellison, Michael Thompson, Garrett Calaway, Nicholas Virthe, Kim Nash, and Lea Muse). That document is available to you on the docket.

**6. Service of This Demand**

This demand is being served by certified mail, return receipt requested, and by email on November 2, 2026, to the addresses designated in Section 35 of the Loan Agreement and to the Genie Trustee and his counsel of record. The ten-business-day period under Section 28 runs from your receipt of this letter.

**7. Statement of Position**

The Debtor is preparing all available defenses in both Illinois and Florida. He is also preparing to seek affirmative protections for his estate, including a separate proceeding to enforce Section 28. Resolving this indemnification obligation now is the most cost-effective path for every party.

The record establishes that you had notice of the Section 28 indemnification right, of the Zoomeral receivable offset, and of the Debtor's standing before Claim No. 9 was filed. The record also establishes that the derivative claims have multiplied rather than narrowed and that

they continue to impose administrative costs on an estate that both Trustees have described as a surplus estate. The Debtor has cooperated with the United States Trustee's investigation of Velanos Principal Capital and the Warren Law Group and intends to continue cooperating.

The Debtor's request is limited and practical: that the Genie Trustee honor the indemnification obligation it assumed when it stepped into Genie's shoes, so that the estate stops spending money it does not need to spend.

**8. Response Required**

If the Debtor does not receive your written confirmation of compliance within ten (10) business days of your receipt of this letter, he will pursue all available legal remedies to enforce Section 28 and protect his estate, including filing a motion or adversary proceeding in the United States Bankruptcy Court for the Central District of Illinois to enforce Section 28 and seeking all costs of that proceeding under the Loan Agreement.

This demand and any response will be filed as an exhibit in both the Illinois bankruptcy case and the Florida adversary proceeding.

Please direct all communications regarding this demand to the undersigned by email at davidchoatehughes@gmail.com.

Nothing in this letter depends on the physical delivery of any document that is already of record. Each document cited herein is incorporated by reference in its entirety and is available to you through the Court's CM/ECF system.

Respectfully,

David Choate Hughes, II
Debtor, Pro Se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Date: November 2, 2026
Email: davidchoatehughes@gmail.com

Enclosures: None — All cited documents are incorporated by reference and available on the docket.

**EXHIBIT: B** Demand to Withdraw Claim No. 9-1, Cure the Ownership Misrepresentation, and Reimburse the Estate, dated November 2, 2026.

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW

DAVID CHOATE HUGHES, II
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: (217) 416-5059
Email: davidchoatehughes@gmail.com

November 2, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED
AND VIA EMAIL**

Aaron R. Cohen, Chapter 7 Trustee
Genie Investments NV, Inc.
P.O. Box 4218
Jacksonville, Florida 32201-4218
Email: aaron@arcohenlaw.com

Raye C. Elliott, Esq.
Thomas B. Fullerton, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Email: raye.elliott@akerman.com; thomas.fullerton@akerman.com

Genie Investments NV
P.O. Box 5886
Wilmington, Delaware 19808

**Re: Demand to Withdraw Claim No. 9-1, Cure the Ownership Misrepresentation, and Reimburse the Estate — Case No. 25-70566 (Bankr. C.D. Ill.)**

Dear Mr. Cohen, Ms. Elliott, and Mr. Fullerton:

This letter serves by certified mail the Debtor's demand concerning Claim No. 9-1, pursuant to Section 35 of the Loan Agreement dated September 5, 2022, between Genie Investments NV ("Genie") and Zoomeral, Inc. ("Zoomeral"), which requires notices to be in writing and served by certified mail. It is served on the Trustee and his counsel as a courtesy and on Genie Investments NV at the Section 35 address as the contractually designated notice address.

**1. The Claim and the Section 28 Indemnity**

Claim No. 9-1 seeks $1,771,555.74 based on a Final Default Judgment entered against Zoomeral, Inc. (*Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 42), which is available to you on the docket. The Judgment is a "judgment" and a "clawback" within the plain meaning of Section 28 of the Loan Agreement.

Section 28 provides: "The Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement." (*Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ, Doc. 1, Ex. A, p. 31). It further provides that, upon the Borrower's first demand, "the Lender shall be required to pay all reasonable costs to remedy any liabilities, claims, claw backs, suits, judgments, and damages within ten (10) business days upon receipt the notice from the Lender to the Borrower." (*Id.*, pp. 31–32).

As Genie's Chapter 7 Trustee, you stand in the shoes of the Lender and are bound by Section 28.

**2. Prior Written Request, Your Refusal, and Why This Demand Is Timely**

This is not the Debtor's first request that Claim No. 9-1 be withdrawn.

On September 23, 2026, the Debtor sent a written request to Raye C. Elliott, Esq., captioned "Claim No. 9-1—Final Request to Stipulate and Avoid Further Estate Expense." The request asked you to stipulate to the withdrawal of Claim No. 9-1 and to reimburse the Illinois estate for the expenses caused by that Claim. It attached the Loan Agreement dated September 5, 2022, including Section 28. And it was forwarded to Chapter 7 Trustee Robert E. Eggmann the same day.

Ms. Elliott responded in writing on behalf of the Trustee. Her response was direct: "The Trustee will not withdraw Claim 9 in your personal bankruptcy case."

The Debtor serves this formal demand because the informal request was refused.

This demand is timely. The Section 28 indemnification right was property of the Illinois estate until this Court entered its abandonment order on September 11, 2026. Before that date, the Debtor lacked standing to enforce the right personally. The Debtor made his first written request twelve days after the order was entered, on September 23, 2026. That request was refused. The Debtor makes this formal demand today, November 2, 2026. There is no period of unexplained delay.

Nor has any event occurred that would make this demand unnecessary or premature. The Rule 9019 settlement between the Trustees has not been filed. No motion has been filed, and no order has been entered. Claim No. 9-1 remains live, and the Illinois estate continues to incur administrative costs defending against it.

**3. The Ownership Misrepresentation**

In your Response to the Trustee's Objection (*In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), Doc. 541, ¶ 3, p. 1), you asserted that the Debtor "was also the 100% owner of a company called Zoomeral, Inc." That statement is false, and the record establishes that you knew it was false before Claim No. 9-1 was filed.

You testified under oath that you relied on the Examiner's Report, which states that the Debtor owns 82.5% and that Cohan owns 17.5%. *Cohen v. Zoomeral, Inc.*, Adv. Pro. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.), Doc. 70 (Transcript), p. 41, lines 19–23 ("I relied primarily on the Yip report") and p. 58, lines 11–17. The Examiner's Report itself states the split at ¶ 114, p. 32: "Hughes owns 82.5% and Cohan owns 17.5%." (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla.), Doc. 146). Your own Florida filing acknowledges the same figure: "Hughes then states that he owns 82.5% of Zoomeral." (*Cohen's Objection to Claim 72-2*, *In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 777, ¶ 7, p. 2). The assignment package filed in this case confirms it as well, at p. 4 (Board Resolutions) and p. 19 (Chain-of-Title Certificate). (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 658, Exhibit F).

The 100% figure was not an oversight, and it was not excusable neglect. It was the predicate for the veil-piercing theory you needed under Delaware law. Delaware requires complete domination and control before a corporate veil may be pierced, and an 82.5% interest defeats that element as to the 17.5% the Debtor does not own. The 100% figure was necessary to the theory. The record shows you knew the accurate figure well before the Claim was filed, and the Debtor asks that the inaccurate statement be corrected of record.

**4. The Offset**

The Debtor has asserted a contractual offset against Claim No. 9-1. The offset is documented in the Notice of Contractual Offset filed in *In re David Choate Hughes, II*, Case No. 25-70566 (Bankr. C.D. Ill.), at Doc. 612, and its exhibits at Docs. 612-1 through 612-4. Those documents are already of record, were served through the Court's CM/ECF system, and are available to you at any time. The Debtor incorporates Doc. 612 and Docs. 612-1 through 612-4 by reference in their entirety.

The offset documents establish Zoomeral's accounts receivable owed by Genie in the amount of $1,984,562.00 (*In re David Choate Hughes, II*, Case No. 25-70566, Doc. 612-4, Part 5, p. 18, Accounts Receivable Accounting Ledger, summary). The Claim is $1,771,555.74. The net result is $213,006.26 owed to Zoomeral, not to the Genie estate.

The Debtor has asserted this offset under 11 U.S.C. § 553. The Debtor does not ask you to accept the offset in this letter. The Debtor asks you to review Doc. 612 in Case No. 25-70566 before defending Claim No. 9-1 further.

**5. The Demands**

Within ten (10) business days of your receipt of this letter, the Debtor demands that you:

(a) Withdraw Claim No. 9-1 filed in *In re David Choate Hughes, II*, Case No. 25-70566, with prejudice, and file a notice of withdrawal on the docket;

(b) File a correction of the record in this case stating that the Debtor's ownership interest in Zoomeral, Inc. is 82.5%, not 100%;

(c) Contact Chapter 7 Trustee Robert E. Eggmann (ree@carmodymacdonald.com; thr@carmodymacdonald.com) and arrange reimbursement to the estate of all administrative costs proximately caused by the filing and maintenance of Claim No. 9-1, including the fees and expenses of the Chapter 7 Trustee and his counsel; and

(d) Confirm in writing to the undersigned that (a), (b), and (c) have been completed.

**6. Rule 9019 Request on the Florida Claim**

Independently, and without prejudice to the objection in this Court, the Debtor requests under Federal Rule of Bankruptcy Procedure 9019 that the parties negotiate a consensual resolution of the Debtor's Claim 72-2 in the Genie bankruptcy case (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ). The Debtor's terms are:

(a) The Debtor seeks allowance of Claim 72-2 in an amount to be determined after reconciliation of the Zoomeral receivable and the Genie offset, with the Debtor's 82.5% share recognized and Cohan's 17.5% share separately accounted for.

(b) The Debtor consents to equitable subordination under 11 U.S.C. § 510(c), or to a consensual tiered structure under Rule 9019, in which the Debtor's allowed claim is subordinated to the allowed claims of Genie's customers.

(c) The Debtor does not expect, and will not seek, any distribution on Claim 72-2 until Genie's customer and creditor claims are paid in full.

(d) The Debtor will respond to Cohen's Objection to Claim 72-2 (*In re Genie Investments NV, Inc.*, Case No. 3:24-bk-00496-BAJ, Doc. 777) and reserves all rights to oppose that objection if the parties cannot reach a consensual resolution.

This request is made in good faith and is intended to conserve the resources of both estates. If Akerman is unwilling to negotiate, please state that in writing and identify the specific reasons.

**7. Recourse**

If the demands in Section 5 are not met, the Debtor will pursue all available remedies, including continued prosecution of his objection to Claim No. 9-1, a request for relief under Federal Rule of Bankruptcy Procedure 9011(b)(3) regarding the 100% ownership assertion in *In re David Choate Hughes, II*, Case No. 25-70566, Doc. 541, and a request that this Court review, under its inherent authority, whether that assertion rises to the level of a misrepresentation on the record of a federal bankruptcy proceeding.

The Debtor has not threatened, and does not now threaten, any action against you personally or against the Trustee in any forum outside the two bankruptcy cases. All relief sought will be sought from the Courts presiding over those cases.

**8. Response**

This demand and any response will be filed as an exhibit in the Illinois bankruptcy case. Please direct all communications to the undersigned at davidchoatehughes@gmail.com.

Nothing in this letter depends on the physical delivery of any document that is already of record. Each document cited herein is incorporated by reference in its entirety and is available to you through the Court's CM/ECF system.

Respectfully,

David Choate Hughes, II
Debtor, Pro Se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Date: November 2, 2026
Email: davidchoatehughes@gmail.com

Enclosures: None — All cited documents are incorporated by reference and available on the docket.

**EXHIBIT: C** Photographs of the three sealed, addressed envelopes containing the First Demand, bearing certified mail labels.

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW


David Choate Hyles, II
82 Plantation Pointe Rd, No.
Fairhope, AL 36532
9589 0710 5270 2934 7157 43
US POSTAGE
Raye C. Elliot, Esq.
Thomas B. Fullerton, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602


SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
1. Article Addressed to:
Thomas B. Fullerton, Esq.
401 East Jackson St, Suite 1700
Tampa, Florida 33602
9590 9402 9730 5199 6360 73
2. Article Number (Transfer from service label)
9589 0710 5270 2934 7157 43
PS Form 3811, July 2020
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1? Yes
If YES, enter delivery address below: No
3. Service Type
Adult Signature
Adult Signature Restricted Delivery
Certified Mail®
Certified Mail Restricted Delivery
Collect on Delivery
Collect on Delivery Restricted Delivery
Insured Mail
Insured Mail Restricted Delivery
Priority Mail Express®
Registered Mail™
Registered Mail Restricted Delivery
Signature Confirmation™
Signature Confirmation Restricted Delivery
CERTIFIED MAIL


David Choate Hughes,
82 Plantation Pointe Rd,
Fairhope, AL 36532
9589 0710 5270 2934 7156 99
Aaron R. Cohen, Chapter 7 Trustee
Genie Investments NV, Inc.
P.O. Box 4218
Jacksonville, FL 32201-4218


CERTIFIED MAIL
SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
1. Article Addressed to:
Aaron R. Cohen, Chp. 7 Trustee
P.O. Box 4218
Jacksonville, FL 32201-4218
9590 9402 9730 5199 6360 66
9589 0710 5270 2934 7156 99
PS Form 3811, July 2020
Domestic Return Receipt
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1?
Yes
No
3. Service Type


David Choate Hayles, II
82 Plantation Point Rd, No.
Fairhope, AL 36532
9589 0710 5270 2934 7157 67
Genie Investments NV
P.O. Box 5886
Wilmington, Delaware 19808


CERTIFIED MAIL
SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
1. Article Addressed to:
Genic InvestmentsNV
P.O. Box 5886
Wilmington, Delaware 19808
9590 9402 9730 5199 6360 42
2. Article Number (Transfer from service label)
9589 0710 5270 2934 7157 67
PS Form 3811, July 2020 PSN 7530-02-000-9053
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1? Yes
If YES, enter delivery address below: No
3. Service Type
Domestic Return Receipt

**EXHIBIT: D** Photographs of the three sealed, addressed envelopes containing the Claim No. 9-1 Demand, bearing certified mail labels.

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT TO FOLLOW


David Choate Hughes, II
82 Plantation Pointe Rd, No. 28
Fairhope, AL 36532
9589 0710 5270 2934 7157 36
US POSTAGE
Rayce L. Elliot, Esq.
Thomas B. Fullerton, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602


SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.
1. Article Addressed to:
Royce C. Elliot, Esq.
Thomas B. Fullerton, Esq.
Akerman LLP
401 East Jackson St. Suite 1700
Tampa, FL 33602
9590 9402 9730 5199 6325 32
9589 0710 5270 2934 7157 36
PS Form 3811, July 2020
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
Addressee
B. Received by (Printed Name)
C. Date of Delivery
D. Is delivery address different from item 1?
Yes
No
Domestic Return Receipt

https://mail.google.com/mail/u/1/
11/2/2026, 11:48 AM




IMG_0010.jpeg
1 of 1


SENDER: COMPLETE THIS SECTION
Complete items 1, 2, and 3.
COMPLETE THIS SECTION ON DELIVERY
A. Signature
X
Agent
9590 9402 9730 5199 6325 49
9589 0710 5270 2934 7157 50
PS Form 3811, July 2020


David Choate
82 Plantation Pointe
Fairhope, AL 36532
9589 0710 5270 2934 7157 74
Genie Investments NV
P.O. Box 5886
Wilmington, Delaware 19808


CERTIFIED MAIL
SENDER: COMPLETE THIS SECTION
COMPLETE THIS SECTION ON DELIVERY
9590 9402 9730 5199 6560 35
PS Form 3811, July 2020
Domestic Return Receipt


Tracking Number
Subtotal
Shipping/Other Charges
Total Tax
Total
Cards

**CERTIFICATE OF SERVICE**

I certify that on November 2nd, 2026, I served a true and correct copy of **NOTICE OF SERVICE OF DEMANDS** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully

prepaid, on this 2nd day of November 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II