**UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

FILED
U.S. Bankruptcy Court
Central District of Illinois
11/13/2026 3:26 PM
Adrienne D. Atkins, Clerk

In re: DAVID CHOATE HUGHES, II, Debtor.

Case No. 25-70566 Chapter 7

**Creditor:** Aaron R. Cohen, in his capacity as Chapter 7 Trustee of Genie Investments NV, Inc. **Claim No.:** 9-1 **Amount of Claim:** $1,771,555.74

# DEBTOR'S SECOND AMENDED OBJECTION TO CLAIM NO. 9-1 OF AARON R. COHEN, CHAPTER 7 TRUSTEE OF GENIE INVESTMENTS NV, INC.

David Choate Hughes, II (the "Debtor") objects to Claim No. 9-1 (the "Claim") filed by Aaron R. Cohen, in his capacity as Chapter 7 Trustee of Genie Investments NV, Inc. ("Cohen" or the "Genie Trustee"). This Second Amended Objection supersedes the Debtor's Amended Objection (Doc. 785). It narrows the grounds and the requested relief to conform to Local Rule 3007-1(B), which requires a claim objection to state with particularity "the basis for the objection and the precise relief requested," and provides that claim objections "should not include requests for alternative forms of relief or general requests such as for 'any other or further relief the Court deems appropriate.'" (IL R USBCTCD LR 3007-1)

## I. RELIEF REQUESTED

The Debtor requests a single order: **that Claim No. 9-1 be disallowed in its entirety.**

## II. BACKGROUND

1. The Debtor filed a Chapter 11 petition on July 10, 2025. The case was converted to Chapter 7 on February 10, 2026, and Robert E. Eggmann was appointed successor Chapter 7 trustee on February 12, 2026 (the "Trustee"). Doc. 783 ¶¶ 4-5.
2. Genie Investments NV, Inc. ("Genie") filed its own bankruptcy petition in the Middle District of Florida, Case No. 3:24-bk-00496-BAJ, on February 21, 2024. Doc. 783 ¶ 6.
3. On May 2, 2025, the Genie Trustee obtained a Final Default Judgment against Zoomeral, Inc. ("Zoomeral") and other entities in *Cohen v. Zoomeral, Inc.*, Adv. No. 3:25-ap-00011-BAJ (Bankr. M.D. Fla.) (the "Judgment"). The Debtor was not named as a defendant in that adversary proceeding. The complaint sought avoidance of transfers from Genie to the defendant entities under 11 U.S.C. § 548 (11 U.S.C.A. § 548 (West)). Adv. Doc. 1.
4. On November 13, 2025, Cohen filed the Claim for $1,771,555.74. Part 1, item 8 identifies the basis of the Claim as: "Final Judgment Against Zoomeral, Inc. entered in Adv. No. 3:25-ap-00011-BAJ." The Addendum states only that the

Genie Trustee "believes" that later transfers from Zoomeral to the Debtor "are, or may be, fraudulent transfers pursuant to Fla. Stat. § 726.105," and reserves the right to amend. Claim No. 9-1, Addendum.

5. On July 15, 2026, the Trustee objected to the Claim on the ground that it "was not for an individual debt of Debtor." Doc. 469; Doc. 783 ¶ 17. On November 2, 2026, the Trustee moved to compromise his own objection by allowing the Claim in full, subordinated to eight "Direct Claims." Doc. 783 ¶ 19. The Debtor has objected to that motion separately.

6. The hearing on this objection is set for December 15, 2026, at 9:30 a.m.

# III. STANDING

7. Any "party in interest" may object to a claim. 11 U.S.C. § 502(a) (11 U.S.C.A. § 502 (West)). In this Circuit, "[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." (In re Cult Awareness Network, Inc., 151 F.3d 605, 608 (7th Cir. 1998)) This Court has applied that rule to permit a Chapter 7 debtor whose discharge had been denied to prosecute claim objections once the trustee reported funds sufficient to pay all claims other than the claims under objection. (In re Baker, No. 18-71139, 2022 WL 677455, at *7 (Bankr. C.D. Ill. Mar. 7, 2022)) The Debtor bears the burden of showing standing. (Matter of Haggerty, 542 B.R. 849, 852 (Bankr. N.D. Ind. 2015))

8. The Debtor meets that burden on the Trustee's own figures. The Trustee reports net cash on hand of $295,533.31 (Doc. 763). The Trustee identifies $37,827.35 in undisputed Direct Claims (Doc. 783 ¶ 11), but that figure counts Claim 12-1 at $1,320.00, although the Court allowed Claim 12-1 at only $240.00 (Doc. 548; Doc. 422). The corrected Direct Claims total is $36,747.35. After the Direct Claims, the maximum § 326(a) commission, and the administrative expenses of record, the estimated balance is approximately $177,331.79:

| Item | Amount | Source |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Claims 2, 3, 4, 7, 8 | ($32,111.28) | Claims register |
| Less: Claim 11 (Ill. Dept. of Revenue) | ($4,396.07) | Claims register |
| Less: Claim 12-1 (as allowed) | ($240.00) | Docs. 422, 548 |
| Less: Maximum trustee commission, § 326(a) | ($16,901.67) | Calculated |
| Less: Trustee's counsel fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Less: Special counsel application | ($19,552.50) | Doc. 761 |
| **Estimated balance before future fees** | **$177,331.79** | Calculated |

9. That balance is a surplus only if the Claim and the other Genie-derived business claims, to which the Trustee has also objected, are disallowed. The Debtor does not contend otherwise. The point is that the surplus depends on resolving claims already before the Court, not on speculative future litigation of the kind found too remote in *Cult Awareness Network*. (**In re Cult Awareness Network, Inc., 151 F.3d 605, 608 (7th Cir. 1998)**)

10. Allowance of the Claim also adversely affects the Debtor directly. Because the Debtor's discharge has been denied, any claim allowed against him survives this case. Courts in this Circuit recognize that a Chapter 7 debtor has a pecuniary interest in objecting to a claim that will survive the bankruptcy, because allowance "has a direct and adverse effect upon the debtor after discharge." (**In re Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810, at *3 (Bankr. S.D. Ind. Apr. 30, 2014)**) The Seventh Circuit has likewise found standing where a party challenges "the distribution of assets between the estate and its principals." (In re Holly Marine Towing, Inc., 669 F.3d 796, 800 (7th Cir. 2012)) That is exactly what allowance of this Claim would do: it would shift the estate's remaining balance from the Debtor to Cohen.

# IV. GROUNDS FOR DISALLOWANCE

## A. The Claim, as filed, is a judgment against a different legal person.

11. The only basis stated in the Claim is the Judgment against Zoomeral. The Debtor was not a party to that Judgment, and Cohen never pleaded or obtained a judgment against the Debtor, whether on an alter-ego, veil-piercing, or transferee theory. Cohen's adversary complaint named only Zoomeral and five other entities as defendants and sought relief only under 11 U.S.C. § 548. Adv. Doc. 1 at 1. It contains no count for alter ego or veil piercing and seeks no relief against the Debtor.

12. A judgment against a corporation does not bind its shareholder. "[P]rivity does not automatically arise from the relationship between a corporation and its shareholders. Some additional link is necessary," and the Restatement provides that "a judgment in an action to which a corporation is a party has no preclusive effects on a person who is an officer, director, stockholder, or member" of it. (In re Linc Cap., Inc., 310 B.R. 847, 862 (Bankr. N.D. Ill. 2004) (citations omitted)) As a "general and fundamental principle, corporations and other artificial legal entities enjoy a legal personality separate and distinct from that of the equity owners; if an individual owns even all of the shares of a corporation, that individual does not, without more, have an interest in the property owned by the corporation." (In re Wolf, 595 B.R. 735, 765 (Bankr. N.D. Ill. 2018)) Shareholder or officer status alone does not make an individual liable for transfers to his corporation. Liability requires either an actual distribution of the transferred property to the individual, proven as a subsequent transfer, or a showing sufficient

to pierce the corporate veil. (In re Hansen, 341 B.R. 638, 645–646 (Bankr. N.D. Ill. 2006))

13. A default judgment against an initial transferee also does not establish avoidability against a later transferee who did not participate. Courts are split on whether a default avoidance judgment may support recovery from a later transferee. A bankruptcy court in this Circuit has held that "a stipulated or default judgment in an avoidance action does not preclude the defendants in a recovery action from disputing the avoidability of the transfer and raising appropriate defenses," and that binding a non-participant to such a judgment "would deprive them of due process." (In re Wolf, 624 B.R. 844, 851–52 (Bankr. N.D. Ill. 2021))

14. Under 11 U.S.C. § 502(b)(1), the Court must disallow a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." (11 U.S.C.A. § 502 (West)) The Judgment is not enforceable against the Debtor. The Claim, as filed, must be disallowed.

## B. The new "Zoomeral Transfers" theory is not the Claim that was filed, and it is unproven.

15. The Trustee's compromise motion now describes a different theory: that Zoomeral later transferred more than $2.8 million to or for the Debtor, and that Cohen "believes" he "could assert a claim under Florida law" for recovery of those transfers. Doc. 783 ¶¶ 14-16. That theory does not appear in Part 1 of the Claim. A reservation of rights is not a claim.

16. Even if the Court treats the Addendum as asserting that theory, the Genie Trustee bears the burden of proving every element of it against the Debtor. That includes proving that each transfer from Zoomeral was voidable as to Genie under Chapter 726 of the Florida Statutes, the amount of each transfer the Debtor actually received, and the statutory limit on recovery. Florida law limits a transferee judgment to "the value of the asset transferred …or the amount necessary to satisfy the creditor's claim, *whichever is less*," and requires proof of the amount attributable to each transferee. (Khteeb v. Helcim USA, Inc., No. 4D2025-2135, 2026 WL 2588570, at 2 (Fla. Dist. Ct. App. Sept. 2, 2026)) No such evidence has been filed in this Court. The Trustee's statement that he reviewed evidence privately (Doc. 783 ¶ 18) is not evidence.

16A. The record that does exist cuts against Cohen. The Business Plan attached as Exhibit A to the Loan Agreement disclosed that "ZOOMERAL Inc. retains the sole discretion to allocate any loan or investment proceeds/funds as ZOOMERAL sees fit," and that "ZOOMERAL also makes high risk investments including but not limited to stocks, bonds, and stock options." Adv. Doc. 1, Ex. A (Business Plan). It warned lenders of "a non-trivial risk of total loss." *Id.* In Section 5 of the Loan Agreement, Genie confirmed that it "fully understands the Business Plan" and agreed to indemnify the Borrower for risks associated with the proper application of funds under that plan. Adv. Doc. 1, Ex. A, § 5. Movement of funds through investment and trading accounts is consistent with the use Genie approved in writing and is not, by itself, evidence of a

transfer to the Debtor for no value. The Debtor disputes the characterization of every alleged transfer and will address any specific transfer Cohen identifies with evidence.

16B. The Debtor will establish by declaration and, if the Court requires, at an evidentiary hearing, that funds Cohen describes as "transfers" to the Debtor were moved between Zoomeral's accounts and trading accounts held in the Debtor's name for trading conducted on Zoomeral's behalf, consistent with the Business Plan's disclosure of high-risk investment in stocks, bonds, and stock options, with gains and losses accruing to Zoomeral. Under the Seventh Circuit's dominion test, a recipient is a "transferee" only if it has "dominion over the money or other asset, the right to put the money to one's own purposes." (In re Hansen, 341 B.R. 638, 643 (Bankr. N.D. Ill. 2006)) Funds held and traded for Zoomeral's account were not put to the Debtor's own purposes. Cohen's position seeks to convert Zoomeral's business decisions, which Genie approved in Section 5 of the Loan Agreement, into the Debtor's personal liability.

17. To the extent Cohen proceeds as the Genie Trustee under 11 U.S.C. § 550 against the Debtor as an alleged subsequent transferee, recovery requires two showings: "(1) that a transfer is avoidable under section 548; and (2) that the person from whom such transferred property is to be recovered is the initial transferee, the party benefitted, or an immediate or mediate transferee of such initial transferee." (In re Wolf, 624 B.R. 844, 850 (Bankr. N.D. Ill. 2021)) An action under § 550 "may not be commenced after the earlier of …one year after the avoidance of the transfer on account of which recovery under this section is sought; or …the time the case is closed or dismissed." (11 U.S.C.A. § 550 (West)) The Judgment avoiding the Genie-to-Zoomeral transfers was entered May 2, 2025. No recovery action against the Debtor was commenced within one year. The Genie Trustee bears the burden of showing that any such recovery claim remains timely.

18. Finally, relief "for which an adversary complaint is required may not be obtained by filing an objection to claim." (IL R USBCTCD LR 3007-1) A proceeding to recover money from the Debtor as a transferee is such relief. It cannot be adjudicated by defending a proof of claim that pleads only a corporate judgment.

## C. The Loan Agreement's indemnification and non-recourse terms.

19. The Judgment arose from transfers made under a Loan Agreement dated September 5, 2022, between Genie (Lender) and Zoomeral (Borrower). Adv. Doc. 1, Ex. A. Cohen cannot accept the Loan Agreement as the source of his Judgment while disclaiming its terms. His own complaint pleaded that Genie "entered into a Loan Agreement (the 'Zoomeral Loan Agreement') with Zoomeral for a loan (the 'Zoomeral Loan') of up to $3 million," attached that agreement as Exhibit A, and defined the $1,771,555.74 now claimed as the "Zoomeral Transfers" made from Genie to Zoomeral. Adv. Doc. 1 ¶¶ 13, 20. The amount of the Claim is therefore the amount Genie advanced to Zoomeral under the Loan Agreement. Whatever its effect on avoidance as between Genie and Zoomeral, the Agreement is the only document that defines what Genie bargained for, and nothing in it gives Genie, or any successor to Genie's claims, recourse against Zoomeral's officers. Section 28

provides that "[t]he Lender shall indemnify, defend, and hold harmless the Borrower and its respective officers and employees from any liabilities, claims, claw backs, suits, judgments, and damages arising as a result of the performance of the obligations under this Agreement." Adv. Doc. 1, Ex. A, § 28. Section 25 provides: "This is a non-recourse loan. The Lender shall have no recourse against the Borrower." Section 24 provides: "There are no personal guarantees requirements of any kind with this Agreement." Sections 23 and 26 provide that "[n]o collateral of any kind is required by or part of this Agreement" and that "[t]his is a unsecured loan." Section 32 provides that "Borrower has no liability or obligation in connection with this Agreement," and that "[n]o claim may be made by the Lender or any other Person against the Borrower or the Affiliates, directors, officers, employees, attorneys or agents of the Borrower for any damages other than actual compensatory damages" for claims "arising out of or related to the transactions contemplated by this Agreement." Section 36 provides that the Agreement "constitutes the entire agreement between the parties and there are no further items or provisions, either oral or otherwise." The Agreement was executed for Genie by John Michael Cohan as Lender. Adv. Doc. 1, Ex. A, §§ 23, 26, 32, 36, p. 35. The Debtor signed only "on behalf of ZOOMERAL, Inc." Adv. Doc. 1, Ex. A, p. 35.

20. Zoomeral assigned its contract rights, including its indemnification rights, to the Debtor (82.5%) and John Michael Cohan (17.5%) on March 16, 2025 (Doc. 658, Ex. F). This Court's Order of September 11, 2026 (Doc. 721) abandoned the estate's interest in the Zoomeral accounts receivable and the potential offset against a filed claim to the Debtor.

21. These provisions confirm that Genie never bargained for, and has no contractual basis for, recourse against the Debtor personally. To the extent the Claim seeks to hold an officer of the Borrower liable for a "claw back" or "judgment" arising from the Loan Agreement, Section 28 allocates that loss to the Lender. The Debtor asserts the Section 28 rights defensively, as a ground under § 502(b)(1) that the Claim is unenforceable "under any agreement." (11 U.S.C.A. § 502 (West)) He does not seek an affirmative recovery in this objection. Nothing in the Agreement, which by its terms is the parties' entire agreement, imposes any obligation on Zoomeral's officers personally, and Section 32 expressly limits any claim against them.

## D. Reservation of the Zoomeral receivable.

22. Zoomeral's records reflect receivables owed by Genie of $1,984,562.00 (Doc. 612). The Debtor asserts his assigned interest in that receivable, and any right of setoff or recoupment, as a defense to the extent the Court finds any portion of the Claim enforceable against him. He does not ask the Court in this objection to adjudicate the receivable affirmatively. The Debtor's affirmative claim on the receivable is pending as Claim 72-2 in the Genie case.

## E. The Trustee's compromise cannot dispose of this objection.

23. Section 502(b) provides that, once an objection is made, "the court, after notice and a hearing, shall determine the amount of such claim." (11 U.S.C.A. § 502 (West)) Where one party in interest objects to a claim and the trustee seeks to settle with the claimant, the objector "has a right to receive a ruling from the court on his objection notwithstanding [the trustee's] proposed settlement," and "the hearing on a settlement that would allow those claims and moot [the] objection cannot proceed. The objection must be decided first." (In re C.P. Hall Co., 513 B.R. 540, 544, 546 (Bankr. N.D. Ill. 2014)) The Debtor asks the Court to decide this objection on December 15, 2026, as scheduled.

# V. CONCLUSION

The Claim rests on a judgment against Zoomeral, a separate legal person. The Debtor was not a party to that judgment and is not bound by it. Cohen has not pleaded, filed evidence of, or obtained an adjudication of any basis for personal liability. The Debtor therefore requests that the Court enter an order disallowing Claim No. 9-1 in its entirety.

*Reservation regarding sanctions.* The Debtor's prior objection asked for Rule 9011 relief. Rule 9011 requires that a motion for sanctions "be made separately from any other motion or request" and gives the responding party a 21-day period to withdraw or correct the challenged filing. (Fed. R. Bankr. P. 9011**)** The Debtor therefore withdraws those requests from this objection, without prejudice to a separate motion that complies with Rule 9011(c).

Dated: November 13th, 2026

Respectfully submitted,

/s/ David Choate Hughes, II

DAVID CHOATE HUGHES, II

Debtor, pro se

82 Plantation Pointe Road, No. 281

Fairhope, Alabama 36532

davidchoatehughes@gmail.com

**NOTICE OF OBJECTION TO CLAIM**

The Debtor has filed an objection to your claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. Read this notice and the objection carefully and discuss them with your attorney, if you have one. If you do not want the Court to eliminate or change your claim, you or your attorney must file a written response with the Clerk, United States Bankruptcy Court, 600 East Monroe Street, Room 226, Springfield, Illinois 62701, and serve it on the Debtor at the address above, within 30 days of the date of service of this objection, and attend the hearing on the objection scheduled for

December 15, 2026, at 9:30 a.m. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim.

## CERTIFICATE OF SERVICE

I certify that on November 13th, 2026, I served a true and correct copy of **DEBTOR'S SECOND AMENDED OBJECTION TO CLAIM NO. 9-1 OF AARON R. COHEN, CHAPTER 7 TRUSTEE OF GENIE INVESTMENTS NV, INC.,** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
**aew@brookslawfirmpc.com**

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
**dana.obrien@mccalla.com**; **mccallaecf@ecf.courtdrive.com**

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
**kinnera.bhoopal@mccalla.com**; **mccallaecf@ecf.courtdrive.com**

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
**thw@heplerbroom.com**

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
**glatham@iplawconsulting.com**

United States Trustee:
**USTPRegion10.PE.ECF@usdoj.gov**; **james.salina@usdoj.gov**

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
**thomas.fullerton@akerman.com**

Robert E. Eggmann, Chapter 7 Trustee:
**ree@carmodymacdonald.com**

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
**thr@carmodymacdonald.com**

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to

each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 13th day of November 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes

II