**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/17/2026 10:18 AM
**Adrienne D. Atkins, Clerk**

Case No. 25-70566
Chapter 7

TO: Charles Blake Stringer
149 South Shore Drive
Amarillo, TX 79118
Email: blake.nutraacres.llc@gmail.com

Claimant: Charles Blake Stringer
Claim No.: 44-1
Amount of Claim: $14,247,750.00

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 44-1 FILED BY CHARLES BLAKE STRINGER**

David Choate Hughes, II (the "Debtor") objects to Proof of Claim No. 44-1 (the "Claim") filed by Charles Blake Stringer ("Stringer"). This Objection supersedes and replaces the Debtor's Independent and Supplemental Objection to Claim No. 44-1 (Doc. 626, filed August 25, 2026) and any later objection by the Debtor to the Claim. It narrows the grounds and the requested relief to conform to Local Rule 3007-1(B), which requires a claim objection to state with particularity the basis for the objection and the precise relief requested, and which provides that claim objections should not include requests for alternative forms of relief. (IL R USBCTCD LR 3007-1)

## I. RELIEF REQUESTED

The Debtor requests a single order: that Claim No. 44-1 be disallowed in its entirety.

## II. BACKGROUND

1. The Debtor filed a Chapter 11 petition on July 10, 2025. The case was converted to Chapter 7 on February 10, 2026, and Robert E. Eggmann was appointed successor Chapter 7 trustee on February 12, 2026 (the "Trustee"). Doc. 783 ¶¶ 4-5.

2. Genie Investments NV, Inc. ("Genie") filed its own bankruptcy petition in the Middle District of Florida, Case No. 3:24-bk-00496-BAJ (the "Genie Case"), on February 21, 2024. Doc. 783 ¶ 6.

3. On June 22, 2026, Stringer filed the Claim for $14,247,750.00 against the Debtor individually. Claim No. 44-1, Part 1, item 7. Stringer listed "Nutra Acres LLC" as another name he used with the Debtor and signed the Claim as "owner" of "Nutra Acres LLC." Claim No. 44-1, Part 1, item 1; Part 3. The only stated basis of the Claim is: "David Hughes falsely claims he was a lender of his former business Genie Investments NV." Claim No. 44-1, Part 1, item 8. No documents are attached to the Claim.

4. On July 8, 2026, the Trustee objected to the Claim on two grounds: "the Claim is not for a debt of this Debtor individually, but rather that of a business entity," and "[t]he Claim contains no supporting documentation." Doc. 452 (the "Trustee's Objection").

5. Stringer responded on July 28, 2026. Doc. 483 (the "Stringer Response"). He did not attach a contract, note, guaranty, or judgment establishing that the Debtor personally owes him money. He instead stated that claims were filed "in both the Florida Genie bankruptcy and this Illinois personal bankruptcy solely as a protective measure because the same underlying losses may give rise to recovery either from the Genie estate or, through alter-ego, fraudulent-transfer, or unjust-enrichment theories, from the Debtor personally." Doc. 483 ¶ 5.a. He also asked the Court to consider whether the debt "is nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), or (6)." Doc. 483 ¶ 5.

6. At the hearing on September 1, 2026, the Court gave Stringer an opportunity to provide the Trustee with documentation substantiating the Claim. Stringer has not done so.

7. On October 19, 2026, Stringer moved to stay "claim resolution in this case . . . including resolution of the objections to Claim No. 44-1" pending a Ponzi-scheme determination in the Genie Case. Doc. 745 ¶ 14. He describes himself as "the largest creditor" in the Genie Case and states that the Genie hearing on those issues is set to begin on February 4, 2027. Doc. 745 ¶¶ 5, 8.

8. On November 2, 2026, the Trustee moved to compromise his objection to Claim No. 9-1 of Aaron R. Cohen, Chapter 7 Trustee of Genie, by allowing that claim in full, subordinated to eight "Direct Claims." Doc. 783 ¶ 19. The Debtor has objected to that motion separately.

## III. STANDING

9. Any "party in interest" may object to a claim. 11 U.S.C. § 502(a) (11 U.S.C.A. § 502 (West)) . In this Circuit, a person has standing to object only if he has "a pecuniary interest in the outcome of the bankruptcy proceedings." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Chapter 7 debtors rarely have that interest because estate assets usually will not revert to them, but "[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) The Debtor bears the burden of establishing standing, and an unsupported or "abstract notion of a 'surplus'" will not do. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022))

10. This Court has applied those rules to claim litigation. A debtor "can establish standing to prosecute or participate in claims litigation by showing the likelihood of a surplus after paying all claims." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) In *Baker*, this Court found standing on two independent grounds, both present here: the trustee had funds to pay all claims other than those under objection, and the debtor's discharge had been denied, so a ruling on the claimants' veil-piercing theory "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Court held that the debtor had standing "by reason of the likelihood of a surplus and the Debtor's discharge having been denied." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Debtor has standing on each ground.

A. A surplus is likely if the Genie-derived claims are disallowed.

11. The Debtor meets the surplus test on the Trustee's own figures. The Trustee reports net cash on hand of $295,533.31 (Doc. 763). The Trustee identifies $37,827.35 in undisputed Direct Claims (Doc. 783 ¶ 11), but that figure counts Claim 12-1 at $1,320.00, although the Court allowed Claim 12-1 at only $240.00 (Doc. 548; Doc. 422). The corrected Direct Claims total is $36,747.35. After the Direct Claims, the maximum trustee commission, and the administrative expenses of record, the estimated balance is $177,331.79:

| Item | Amount | Source |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Claims 2, 3, 4, 7, 8 | ($32,111.28) | Claims register |
| Less: Claim 11 (Ill. Dept. of Revenue) | ($4,396.07) | Claims register |
| Less: Claim 12-1 (as allowed) | ($240.00) | Docs. 422, 548 |
| Less: Maximum trustee commission | ($16,901.67) | Calculated |
| Less: Trustee's counsel fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Less: Special counsel application | ($19,552.50) | Doc. 761 |
| Estimated balance before future fees | $177,331.79 | Calculated |

12. That balance becomes a surplus if the Claim, Claim No. 9-1, and the other Genie-derived claims to which the Trustee has objected are disallowed. The Debtor does not contend otherwise. But this is not the speculative surplus rejected in *Cult Awareness Network*, which depended on winning and collecting a "very large award" in litigation that "could take years." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Nor is it the unsubstantiated estimate rejected in *Helmstetter*, where the debtor could not explain the methodology behind his projections. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022)) The money here is

already in the Trustee's hands, and every figure in the table comes from the Trustee's reports, the Court's docket, or the claims register. The surplus turns only on claim objections that are already before this Court. That is the posture in which this Court found standing in *Baker*. (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit also find standing where, as here, a concrete calculation shows that success on the objection would leave funds for the debtor. (In re Trepanier, No. 07 B 16641, 2010 WL 3881488 (Bankr. N.D. Ill. Sept. 28, 2010))

13. The Claim is the largest single obstacle to that surplus. At $14,247,750.00, it is roughly forty-eight times the cash in the estate. If it is allowed in any material amount, it will absorb the balance that would otherwise be distributed to the Debtor under 11 U.S.C. § 726(a)(6). (11 U.S.C.A. § 726 (West)) Disallowance therefore "directly and adversely" affects the Debtor's pecuniary interest. (In re Adams, 424 B.R. 434, 435–436 (Bankr. N.D. Ill. 2010))

B. Because the Debtor's discharge was denied, allowance of the Claim would bind him personally.

14. The second ground is independent of any surplus. The Debtor's discharge has been denied, so any claim allowed against him survives this case. As in *Baker*, a ruling on Stringer's personal-liability theories would not simply reduce an expected surplus. It "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit recognize that a Chapter 7 debtor has a pecuniary interest in objecting to a claim that will survive the bankruptcy, because allowance of such a claim "has a direct and adverse effect upon the debtor after discharge." (In re Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810 (Bankr. S.D. Ind. Apr. 30, 2014)) A bankruptcy court in this Circuit recently applied that principle: because the claimant's claims against the debtor "will not be discharged, he has standing to object to her claims against the bankruptcy estate." (In re Landis, 668 B.R. 606 (Bankr. E.D. Wis. 2025)) Courts elsewhere reach the same result where a debtor has been denied a discharge. (In re Lona, 393 B.R. 1, 3–4 (Bankr. N.D. Cal. 2008))

15. Stringer has made the Debtor's personal exposure explicit. He filed the Claim against the Debtor individually. He says the parallel claims exist so that he can recover "from the Debtor personally" on "alter-ego, fraudulent-transfer, or unjust-enrichment theories." Doc. 483 ¶ 5.a. He has asked the Court to consider whether the debt is nondischargeable. Doc. 483 ¶ 5. A $14,247,750.00 claim pursued on

those theories against an individual without a discharge is precisely the "direct" effect the pecuniary-interest rule requires.

16. This ground does not rest on the indirect theory rejected in *In re Adams*. There, the debtors objected to a trustee's sale and argued only that a higher price might reduce their liability on other nondischargeable claims; the court found that effect "at best indirect." (In re Adams, 424 B.R. 434, 436–437 (Bankr. N.D. Ill. 2010)) Here, the Debtor objects to the very claim that will be enforced against him. Whether that claim is allowed is the question that directly determines what he owes.

C. The Trustee's objection and proposed compromise do not displace the Debtor's standing.

17. The Debtor's objection supports, and does not compete with, the Trustee's administration. The Trustee has objected to the Claim on the same grounds the Debtor raises. Doc. 452. The Debtor does not ask to administer estate assets, sell property, or override a decision of the Trustee. He asks only for a ruling on a claim that the Trustee has already said should be disallowed.

18. Stringer's stay motion and the Trustee's pending compromise of Claim No. 9-1 also show why the Debtor needs his own objection. If the Debtor lacked standing, the Claim could be resolved by agreement or deferred indefinitely without any ruling on whether the Debtor personally owes it. Section 502(b) provides that once an objection is made, the court "shall determine the amount of such claim." (11 U.S.C.A. § 502 (West)) Where one party in interest has objected to a claim and the trustee proposes to settle, the objector "has a right to receive a ruling from the court on his objection notwithstanding [the trustee's] proposed settlement," and "[t]he objection must be decided first." (In re C.P. Hall Co., 513 B.R. 540, 543–544 (Bankr. N.D. Ill. 2014)) *C.P. Hall* involved an objecting creditor rather than a debtor, but its reasoning applies to any party in interest under § 502(a), which the Debtor is for the reasons stated above.

19. Finally, the estate abandoned to the Debtor its interest in the Zoomeral accounts receivable and the potential offset against a filed claim. Doc. 721 (Order of September 11, 2026). The Debtor holds that abandoned interest. To the extent the Claim is premised on funds that moved from Genie through Zoomeral, its allowance would impair a property interest the Debtor now holds outright.

## IV. GROUNDS FOR DISALLOWANCE

A. The Claim is not a debt of the Debtor individually.

20. Under 11 U.S.C. § 502(b)(1), the Court must disallow a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." (11 U.S.C.A. § 502 (West)) The Claim identifies no agreement between Stringer and the Debtor, no promissory note or guaranty signed by the Debtor, and no judgment against the Debtor. Its stated basis, that the Debtor "falsely claims he was a lender of his former business Genie Investments NV," Claim No. 44-1, Part 1, item 8, does not describe any obligation the Debtor owes Stringer. It describes a dispute about the Debtor's own claim against Genie.

21. The Debtor incorporates by reference, as if fully set forth herein, the following transcripts filed on the public docket of In re Genie Investments NV Inc., Case No. 3:24-bk-00496-BAJ, United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the Honorable Jason A. Burgess, presiding), from the two-day trial of the United States Trustee's Expedited Motion to Appoint Chapter 11 Trustee or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7: (a) Doc. 79, filed May 7, 2024, the transcript of the first day of trial, which contains the direct and cross-examination of Charles Blake Stringer (the "Day One Transcript"); and (b) Doc. 80, filed May 7, 2024, the transcript of the April 10, 2024 proceedings, which contains the testimony of the Debtor and of John Michael Cohan (the "April 10 Transcript"). Both transcripts were prepared by Access Transcripts, LLC. Because they are filed records of a federal court, the Debtor has not attached them and respectfully requests that the Court take judicial notice of them. Pinpoint citations below are to the page and line numbers printed on each transcript. These transcripts establish that Stringer's relationship was with McMann Commercial Lending and Genie, not with the Debtor personally.

22. Stringer's own sworn testimony settles the question. On direct examination he testified that his broker, Clyde Allsop, "had stumbled onto a fellow named Walter Trock who runs McMann Commercial Lending," and that Allsop was "the one that brought me to McMann." Day One Transcript, p. 41, lines 1-7. On cross-examination he was asked whether he had reviewed the contract with Genie. He answered: "I did not." He reviewed it "with people from McMann." And then: "I

never knew who Genie was." Day One Transcript, p. 56, lines 6-13. He confirmed that "McMann presented [him] the due diligence contract" and "the bridge loan contract." Id. at lines 16-20. A claimant who swore he never knew who Genie was cannot now swear, on Official Form 410, that the Debtor personally owes him $14,247,750.00.

23. The April 10 Transcript confirms the point. The Debtor testified under oath, on cross-examination by the United States Trustee, that Stringer and another bridge-loan customer "were -- really the first ones to reach out to me, and it -- and it became apparent that McMann was not servicing his clients anymore. He just gave them my phone number." April 10 Transcript, p. 90. The Debtor testified that when they called, he asked, "Do you have any contracts with me?" and that Stringer later provided "the documents . . . that she had with McMann." Id. He further testified that what he heard from Stringer and others "was a disaster of complaints about how they did not get any information from McMann Commercial Lending." Id.

24. John Michael Cohan testified the same day that the bridge-loan files in evidence, including "the Blake Stringer" file, consisted of "bridge loan agreements and the account statements related to those bridge loan agreements," and that under those agreements "it would be Genie's responsibility to hold the bridge loan until the BELOC loan was completed with McMann." April 10 Transcript, p. 108. Stringer's contracts were with Genie and McMann. No witness and no exhibit identified any agreement between Stringer and the Debtor individually.

25. The April 10 Transcript also shows how Stringer has pursued this dispute. The Debtor testified that Stringer "sent me a text message and said, you have until five o'clock, I've just launched my website, Victims BELOC Scam Report, and put all of our logos, names, personal names, all over the website." April 10 Transcript, pp. 91-92. That testimony was given more than two years before Stringer filed the Claim.

26. Stringer signed the Claim as owner of Nutra Acres LLC, and lists that company as the name he used in the transaction. Claim No. 44-1, Part 1, item 1; Part 3. By his own account, any loss he suffered arose from transactions among Nutra-Acres, LLC, McMann Commercial Lending, and Genie. The Debtor was not a party to those transactions in his individual capacity.

B. Alter-ego, veil-piercing, and fraudulent-transfer theories are unpleaded and unproven.

27. The Stringer Response asserts that the Debtor is personally liable on alter-ego, veil-piercing, fraudulent-transfer, and unjust-enrichment theories. Doc. 483 ¶¶ 4-5. None of those theories appears in the Claim. None has been adjudicated against the Debtor in any court. Stringer has not identified any transfer from Stringer or Nutra-Acres, LLC to the Debtor, any false statement the Debtor made to Stringer, or any reliance by Stringer on anything the Debtor said. A list of legal theories in a response brief is not evidence of a debt.

28. The Stringer Response also relies on the Florida record concerning transfers between Genie and Zoomeral, Inc. Doc. 483 ¶¶ 2-4. Any claim to recover those transfers belongs to the Genie estate. The Genie Trustee has asserted it in this Court as Claim No. 9-1, and the Debtor has objected to that claim separately. Stringer cannot assert the same transfers again, in his own name, at $14,247,750.00.

28A. The exhibits Stringer attached to the Stringer Response do not change this. Exhibit A is the Debtor's own Motion to Intervene in Stringer's Florida adversary proceeding (Adv. No. 3:26-ap-00063-BAJ), which describes the Debtor as a former principal and 50% equity shareholder of Genie. Exhibit B is an excerpt of the Examiner's Report in the Genie Case. That excerpt concerns loans from Genie to Zoomeral, Inc., and it states that the Zoomeral loan "is an unsecured, non-recourse, loan, with no personal guarantee by the officers of Zoomeral." Neither exhibit identifies any transaction between Stringer and the Debtor, any obligation of the Debtor to Stringer, or any amount owed to Stringer. Stringer's own exhibit confirms that the Debtor gave no personal guarantee.

29. Relief "for which an adversary complaint is required may not be obtained by filing an objection to claim." Local Rule 3007-1(B) (IL R USBCTCD LR 3007-1). To the extent Stringer seeks a determination of nondischargeability, veil piercing, or fraudulent-transfer liability against the Debtor, that relief cannot be obtained by defending a proof of claim that pleads none of it.

C. The Claim is unsupported, and Stringer has not cured that defect despite the Court's direction.

30. The Claim attaches no documents. The Trustee objected on that ground in July 2026. Doc. 452. In his response, Stringer did not supply documents; he asked for an opportunity "to supplement the record with relevant contracts, wire records, loan documents," and other materials. Doc. 483 ¶ 10. At the September 1, 2026 hearing, the Court gave him that opportunity by directing him to provide documentation to the Trustee. More than two months later, he has not done so. Nothing in the record establishes the existence of a debt owed by the Debtor, let alone one in the amount of $14,247,750.00.

D. The Claim duplicates Stringer's claim in the Genie Case.

31. Stringer admits that he filed claims "in both the Florida Genie bankruptcy and this Illinois personal bankruptcy" for "the same underlying losses." Doc. 483 ¶ 5.a. He describes himself as the largest creditor in the Genie Case, where his claim and his Ponzi-scheme allegations are set for hearing beginning February 4, 2027. Doc. 745 ¶¶ 5, 8. The loss Stringer asserts is a loss on a business transaction with Genie. It is being administered in the Genie Case. It is not a debt of the Debtor, and Stringer's promise to credit any recovery in one case against the other (Doc. 483 ¶ 5.a) does not convert a corporate claim into a personal one.

E. The pending stay motion is not a reason to defer ruling.

32. Stringer's request to stay resolution of the objections to the Claim until after the Florida proceedings (Doc. 745 ¶ 14) does not cure the absence of any personal obligation. Whatever the Florida court decides about Genie, that ruling will concern Genie, not a contract between Stringer and the Debtor, because there is none. The Claim was filed nearly five months ago, the Trustee's objection has been pending since July 8, 2026, and Stringer was given an opportunity to substantiate the Claim in September. The Debtor asks the Court to decide this objection on its merits.

## V. CONCLUSION

The Claim asserts a $14,247,750.00 debt against an individual with whom Stringer, by the sworn trial record in the Genie Case, never dealt. It attaches no documents, identifies no obligation of the Debtor, and duplicates Stringer's claim against Genie in Florida. The Debtor has standing to prosecute this objection because disallowance of the Genie-derived claims will produce a surplus on the Trustee's

own figures, and because, with his discharge denied, any allowed claim will be enforced against him personally. The Debtor therefore requests that the Court enter an order disallowing Claim No. 44-1 in its entirety.

Reservation regarding sanctions. The Debtor's prior objection asked the Court to review the Claim under Rule 9011. Rule 9011 requires that a motion for sanctions be made separately from any other motion or request and gives the responding party a 21-day period to withdraw or correct the challenged filing. (Fed. R. Bankr. P. 9011) The Debtor therefore withdraws that request from this objection, without prejudice to a separate motion that complies with Rule 9011(c). (Fed. R. Bankr. P. 9011)

Dated: November 17, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
Debtor, pro se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

**VERIFICATION**

I declare under penalty of perjury that I have read this Objection and that the factual statements in it are true and correct to the best of my knowledge, information, and belief.

Executed on November 17, 2026.

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II

## NOTICE OF OBJECTION TO CLAIM

The Debtor has filed an objection to your claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. Read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want the Court to eliminate or change your claim, you or your attorney must file a written response with the Clerk, United States Bankruptcy Court, 600 East Monroe Street, Room 226, Springfield, Illinois 62701, and serve a copy on the Debtor at the address above, WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 30 days.

If a response is timely filed, the Court will set a hearing on the objection and notify you of the date and time, and you or your attorney must attend that hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim and may enter an order disallowing your claim without a hearing.

## CERTIFICATE OF SERVICE

I certify that on November 17th, 2026, I served a true and correct copy of **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 44-1 FILED BY CHARLES BLAKE STRINGER** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 17th day of November 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Ally
PO Box 9222
Old Bethpage, New York 11804

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II