**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/17/2026 11:27 AM
**Adrienne D. Atkins, Clerk**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

Case No. 25-70566
Chapter 7

TO: Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065
Email: mfthompson@gmail.com

Claimant: Michael Thompson
Claim No.: 23-1
Amount of Claim: $205,000.00

# DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 23-1 FILED BY MICHAEL THOMPSON

David Choate Hughes, II (the "Debtor") objects to Proof of Claim No. 23-1 (the "Claim") filed by Michael Thompson ("Thompson"). This Objection supersedes and replaces the Debtor's Independent and Supplemental Response/Objection to Claim No. 23-1 (Doc. 624, filed August 25, 2026). It conforms to Local Rule 3007-1(B), which requires a claim objection to state with particularity the basis for the objection and the precise relief requested, and which provides that claim objections should not include requests for alternative forms of relief. (IL R USBCTCD LR 3007-1)

## I. RELIEF REQUESTED

The Debtor requests a single order: that Claim No. 23-1 be disallowed in its entirety.

## II. BACKGROUND

1. The Debtor filed a Chapter 11 petition on July 10, 2025. The case was converted to Chapter 7 on February 10, 2026, and Robert E. Eggmann was

appointed successor Chapter 7 trustee on February 12, 2026 (the "Trustee"). Doc. 783 ¶¶ 4-5.

2. Genie Investments NV, Inc. ("Genie") filed its own bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Case No. 3:24-bk-00496-BAJ (the "Genie Case"), on February 21, 2024. Doc. 783 ¶ 6.

3. On June 19, 2026, Thompson filed the Claim for $205,000.00 against the Debtor individually. Claim No. 23-1, Part 1, item 7. He listed "Archer Captial Investments" as another name he used with the Debtor and signed the Claim as "President" of "Archer Capital Holdings." Id., Part 1, item 1; Part 3. The stated basis of the Claim is: "Money wired to debtor as security for a loan." Id., Part 1, item 8.

4. Thompson attached two documents to the Claim. The first is a Business Expansion Line of Credit Agreement dated February 24, 2023, between "GENIE INVESTMENTS" as Lender and Archer Capital Investments, a Utah limited liability company, as Borrower (the "LOC Agreement"). Claim No. 23-1, Part 2. The second is a Terms and Contingent Commitment Letter dated February 24, 2023, issued by Genie Investments to "Archer Capital Investments and Michael Thompson" (the "Commitment Letter"). Claim No. 23-1, Part 3. The Debtor is not a party to either document in his individual capacity.

5. On July 8, 2026, the Trustee objected to the Claim on the grounds that it is not a debt of the Debtor individually but of a business entity, Genie, and that it duplicates the claim Thompson filed in the Genie Case as Claim No. 51 (the "Trustee's Objection").

6. Thompson responded on July 31, 2026, in a filing docketed August 7, 2026. Doc. 518 (the "Thompson Response"). He "acknowledges that Claimant has also filed a Proof of Claim in the bankruptcy case of Genie Investments NV, Inc." and "further acknowledges that both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc." Id. at 1. He describes his loss as approximately $205,000 "paid in connection with the promised loan transaction involving Genie Investments NV, Inc. and/or related parties." Id. at 2.

7. On August 25, 2026, the Debtor filed his Independent and Supplemental Objection to Claim No. 23-1. Doc. 624. This Objection replaces it.

8. Thompson has not amended the Claim or filed any document establishing an obligation of the Debtor individually.

## III. STANDING

9. Any "party in interest" may object to a claim. 11 U.S.C. § 502(a) (11 U.S.C.A. § 502 (West)) . In this Circuit, a person has standing to object only if he has "a pecuniary interest in the outcome of the bankruptcy proceedings." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Chapter 7 debtors rarely have that interest because estate assets usually will not revert to them, but "[i]f the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) The Debtor bears the burden of establishing standing, and an unsupported or "abstract notion of a 'surplus'" will not do. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022))

10. This Court has applied those rules to claim litigation. A debtor "can establish standing to prosecute or participate in claims litigation by showing the likelihood of a surplus after paying all claims." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) In *Baker*, this Court found standing on two independent grounds, both present here: the trustee had funds to pay all claims other than those under objection, and the debtor's discharge had been denied, so a ruling on the claimants' veil-piercing theory "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Court held that the debtor had standing "by reason of the likelihood of a surplus and the Debtor's discharge having been denied." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Debtor has standing on each ground.

A. A surplus is likely if the Genie-derived claims are disallowed.

11. The Debtor meets the surplus test on the Trustee's own figures. The Trustee reports net cash on hand of $295,533.31 (Doc. 763). The Trustee identifies $37,827.35 in undisputed Direct Claims (Doc. 783 ¶ 11), but that figure counts Claim 12-1 at $1,320.00, although the Court allowed Claim 12-1 at only $240.00 (Doc. 548; Doc. 422). The corrected Direct Claims total is $36,747.35. After the

Direct Claims, the maximum trustee commission, and the administrative expenses of record, the estimated balance is $177,331.79:

| Item | Amount | Source |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Claims 2, 3, 4, 7, 8 | ($32,111.28) | Claims register |
| Less: Claim 11 (Ill. Dept. of Revenue) | ($4,396.07) | Claims register |
| Less: Claim 12-1 (as allowed) | ($240.00) | Docs. 422, 548 |
| Less: Maximum trustee commission | ($16,901.67) | Calculated |
| Less: Trustee's counsel fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Less: Special counsel application | ($19,552.50) | Doc. 761 |
| Estimated balance before future fees | $177,331.79 | Calculated |

12. That balance becomes a surplus if the Claim, Claim No. 9-1, and the other Genie-derived claims to which the Trustee has objected are disallowed. The Debtor does not contend otherwise. But this is not the speculative surplus rejected in *Cult Awareness Network*, which depended on winning and collecting a "very large award" in litigation that "could take years." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Nor is it the unsubstantiated estimate rejected in *Helmstetter*, where the debtor could not explain the methodology behind his projections. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022)) The money here is already in the Trustee's hands, and every figure in the table comes from the Trustee's reports, the Court's docket, or the claims register. The surplus turns only on claim objections that are already before this Court. That is the posture in which this Court found standing in *Baker*. (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit also find standing where, as here, a concrete calculation

shows that success on the objection would leave funds for the debtor. (In re Trepanier, No. 07 B 16641, 2010 WL 3881488 (Bankr. N.D. Ill. Sept. 28, 2010))

13. The Claim stands directly between the estate and that surplus. If it is allowed in any amount, it reduces, dollar for dollar, the balance that would otherwise be distributed to the Debtor under 11 U.S.C. § 726(a)(6). (11 U.S.C.A. § 726 (West)) Disallowance therefore "directly and adversely" affects the Debtor's pecuniary interest. (In re Adams, 424 B.R. 434, 435–436 (Bankr. N.D. Ill. 2010))

B. Because the Debtor's discharge was denied, allowance of the Claim would bind him personally.

14. The second ground is independent of any surplus. The Debtor's discharge has been denied, so any claim allowed against him survives this case. As in *Baker*, a ruling on Thompson's personal-liability theories would not simply reduce an expected surplus. It "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit recognize that a Chapter 7 debtor has a pecuniary interest in objecting to a claim that will survive the bankruptcy, because allowance of such a claim "has a direct and adverse effect upon the debtor after discharge." (In re Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810 (Bankr. S.D. Ind. Apr. 30, 2014)) A bankruptcy court in this Circuit recently applied that principle: because the claimant's claims against the debtor "will not be discharged, he has standing to object to her claims against the bankruptcy estate." (In re Landis, 668 B.R. 606 (Bankr. E.D. Wis. 2025))

15. Thompson has made the Debtor's personal exposure explicit. He filed the Claim against the Debtor individually, and his response states that the Claim "is asserted against Debtor David C. Hughes II individually" on theories including "fraudulent inducement," "false pretenses," "misrepresentation," and "concealment." Doc. 518 at 1-2. He also reserves "consequential, reliance-based, fraud- based, and other damages." Id. at 2. A claim pursued on those theories against an individual without a discharge is precisely the "direct" effect the pecuniary-interest rule requires.

16. This ground does not rest on the indirect theory rejected in *In re Adams*. There, the debtors objected to a trustee's sale and argued only that a higher price might reduce their liability on other nondischargeable claims; the court found that effect "at best indirect." (In re Adams, 424 B.R. 434, 436–437 (Bankr. N.D. Ill. 2010)) Here, the

Debtor objects to the very claim that will be enforced against him. Whether that claim is allowed is the question that directly determines what he owes.

C. The Trustee's objection and proposed compromise do not displace the Debtor's standing.

17. The Debtor's objection supports, and does not compete with, the Trustee's administration. The Trustee has objected to the Claim on the same grounds the Debtor raises. Doc. 452. The Debtor does not ask to administer estate assets, sell property, or override a decision of the Trustee. He asks only for a ruling on a claim that the Trustee has already said should be disallowed.

18. The Trustee's pending compromise of Claim No. 9-1 shows why the Debtor needs his own objection. Section 502(b) provides that once an objection is made, the court "shall determine the amount of such claim." (11 U.S.C.A. § 502 (West)) Where one party in interest has objected to a claim and the trustee proposes to settle, the objector "has a right to receive a ruling from the court on his objection notwithstanding [the trustee's] proposed settlement," and "[t]he objection must be decided first." (In re C.P. Hall Co., 513 B.R. 540, 543–544 (Bankr. N.D. Ill. 2014)) *C.P. Hall* involved an objecting creditor rather than a debtor, but its reasoning applies to any party in interest under § 502(a), which the Debtor is for the reasons stated above.

## IV. GROUNDS FOR DISALLOWANCE

A. The Claim is not a debt of the Debtor individually.

20. Under 11 U.S.C. § 502(b)(1), the Court must disallow a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." (11 U.S.C.A. § 502 (West)) Thompson's own documents show that the only agreements underlying the Claim are between Genie and Archer Capital Investments. The LOC Agreement names "GENIE INVESTMENTS" as Lender and Archer Capital Investments, a Utah limited liability company, as Borrower. Claim No. 23-1, Part 2. The Commitment Letter is issued by Genie Investments as "Provider" to "Archer Capital Investments and Michael Thompson" as "Client." Claim No. 23-1, Part 3. The Debtor signed neither document in his individual capacity, gave no guaranty, and made no promise to Thompson.

21. The Claim's stated basis, "Money wired to debtor as security for a loan," does not change this. Under the Commitment Letter, the $200,000 Interest Credit

Payment was to be paid "into Provider's account to create Company's Interest Credit Account." Claim No. 23-1, Part 3. The Provider was Genie. Thompson's own response describes the payment as made "in connection with the promised loan transaction involving Genie Investments NV, Inc." Doc. 518 at 2. The "debtor" that received the wire was Genie, not the Debtor in this case.

22. Thompson's documents also foreclose personal recourse. The Commitment Letter describes the transaction as a "non- recourse, asset-backed Line of Credit" with Genie. Claim No. 23-1, Part 3. It provides that, apart from specified sections, the letter "is not intended to constitute a binding contract on either party, and neither party will be liable to the other party due to any failure to enter into any LOC Document." Id. The LOC Agreement provides that "[n]o claim may be made by the Borrower or any other Person against the Lender or the affiliates, directors, officers, employees, attorneys or agents of the Lender for any damages other than actual compensatory damages." Claim No. 23-1, Part 2, § 14.15. To the extent Thompson asserts any claim against the Debtor as an officer of Genie, the agreement he relies on limits it.

23. The amount of the Claim is also unexplained. The Commitment Letter identifies an Interest Credit Payment of $200,000. Claim No. 23-1, Part 3. The Claim asserts $205,000.00, and Thompson describes his loss only as "approximately $ 205,000, subject to amendment, supplementation, or correction." Doc. 518 at 2. No document attached to the Claim accounts for the difference.

B. The fraud and personal-participation theories are unpleaded and unproven.

24. The Thompson Response lists theories that "may include, but [are] not limited to" fraudulent inducement, false pretenses, misrepresentation, concealment, unjust enrichment, misuse of funds, and insider transfers. Doc. 518 at 2. None of those theories appears in the Claim. The Response identifies no statement the Debtor made to Thompson, no date, no content, and no reliance. It alleges only that the Debtor "personally participated in, controlled, directed, benefited from, and/or was involved in" Genie's lending program. Id. A list of possible legal theories in a response is not evidence of a debt, and an allegation that an officer was "involved in" his company's business does not make him personally liable on the company's contracts.

25. Relief "for which an adversary complaint is required may not be obtained by filing an objection to claim." Local Rule 3007-1(B) (IL R USBCTCD LR 3007-1) . To the extent Thompson seeks a determination of fraud, nondischargeability, or veil-piercing liability against the Debtor, that relief cannot be obtained by defending a proof of claim that pleads none of it.

C. The Claim duplicates Thompson's claim in the Genie Case.

26. Thompson admits he filed a claim in the Genie Case and that "both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc." Doc. 518 at 1. The Trustee identified that claim as Claim No. 51 in the Genie Case. Thompson's loss, if any, arises from a business transaction between Archer Capital Investments and Genie and is being administered in the Genie Case. His promise to credit any recovery in one case against the other (Doc. 518 at 3) does not convert a corporate claim into a personal one.

D. The LOC Agreement requires arbitration in Delaware.

27. The LOC Agreement on which the Claim rests provides that "any dispute, claim or controversy arising out of or relating to this Agreement . . . shall be determined by binding arbitration in Delaware." Claim No. 23-1, Part 2, § 13.8. Nothing in that agreement makes the Debtor a party. It confirms that Thompson's dispute is a contract dispute between Archer Capital Investments and Genie.

E. Thompson has not substantiated the Claim.

28. The Trustee objected to the Claim in July 2026. Thompson responded by asking for leave "to amend, clarify, or supplement the Proof of Claim to more specifically state the basis for Debtor David C. Hughes Il's individual liability." Doc. 518 at 3. More than three months later he has not done so. Nothing in the record establishes that the Debtor personally owes Thompson anything.

## V. CONCLUSION

Thompson's own documents show that his contracts were with Genie, that his payment went to Genie, and that the line of credit was non-recourse. He admits that his Illinois claim and his Genie Case claim arise from the same transaction. The Claim identifies no obligation of the Debtor. The Debtor has standing to

prosecute this objection because disallowance of the Genie-derived claims will produce a surplus on the Trustee's own figures, and because, with his discharge denied, any allowed claim will be enforced against him personally. The Debtor therefore requests that the Court enter an order disallowing Claim No. 23-1 in its entirety.

Reservation regarding sanctions. The Debtor reserves the right to seek relief under Rule 9011. Rule 9011 requires that a motion for sanctions be made separately from any other motion or request and gives the responding party a 21-day period to withdraw or correct the challenged filing. (Fed. R. Bankr. P. 9011) The Debtor therefore does not request that relief in this objection, without prejudice to a separate motion that complies with Rule 9011(c). (Fed. R. Bankr. P. 9011)

Dated: November 17, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
Debtor, pro se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

**VERIFICATION**

I declare under penalty of perjury that I have read this Objection and that the factual statements in it are true and correct to the best of my knowledge, information, and belief.

Executed on November 17, 2026.

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II

## NOTICE OF OBJECTION TO CLAIM

The Debtor has filed an objection to your claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. Read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want the Court to eliminate or change your claim, you or your attorney must file a written response with the Clerk, United States Bankruptcy Court, 600 East Monroe Street, Room 226, Springfield, Illinois 62701, and serve a copy on the Debtor at the address above, WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 30 days.

If a response is timely filed, the Court will set a hearing on the objection and notify you of the date and time, and you or your attorney must attend that hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim and may enter an order disallowing your claim without a hearing.

## CERTIFICATE OF SERVICE

I certify that on November 17th, 2026, I served a true and correct copy of **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 23-1 FILED BY MICHAEL THOMPSON** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union: aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.: dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
**kinnera.bhoopal@mccalla.com**; **mccallaecf@ecf.courtdrive.com**

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
**thw@heplerbroom.com**

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
**glatham@iplawconsulting.com**

United States Trustee:
**USTPRegion10.PE.ECF@usdoj.gov**; **james.salina@usdoj.gov**

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
**thomas.fullerton@akerman.com**

Robert E. Eggmann, Chapter 7 Trustee:
**ree@carmodymacdonald.com**

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
**thr@carmodymacdonald.com**

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 17th day of November 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Ally
PO Box 9222
Old Bethpage, New York 11804

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II