**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/17/2026 12:52 PM
**Adrienne D. Atkins, Clerk**

Case No. 25-70566
Chapter 7

TO: Foster Group LLC
c/o Jason Cranney, Turner Law LLC
716 West Street
Madison, IN 47250
Email: jcranney@gmail.com

Claimant: Foster Group LLC
Claim No.: 39-1
Amount of Claim: $202,900.00

# DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 39-1 FILED BY FOSTER GROUP LLC

David Choate Hughes, II (the "Debtor") objects to Proof of Claim No. 39-1 (the "Claim") filed by Foster Group LLC ("Foster Group"). This Objection supersedes and replaces, in their entirety, every prior objection, joinder, response, and other filing by the Debtor concerning Claim No. 39-1, including the Debtor's Objection to Proof of Claim No. 39-1 dated October 27, 2026. The Debtor withdraws those prior filings and asks the Court to decide Claim No. 39-1 on this Objection alone. 39-1 dated October 27, 2026. It conforms to Local Rule 3007-1(B), which requires a claim objection to state with particularity the basis for the objection and the precise relief requested, and which provides that claim objections should not include requests for alternative forms of relief. (IL R USBCTCD LR 3007-1)

## I. RELIEF REQUESTED

The Debtor requests a single order: that Claim No. 39-1 be disallowed in its entirety.

## II. BACKGROUND

1. The Debtor filed a Chapter 11 petition on July 10, 2025. The case was converted to Chapter 7 on February 10, 2026, and Robert E. Eggmann was appointed successor Chapter 7 trustee on February 12, 2026 (the "Trustee"). Doc. 783 ¶¶ 4-5.

2. Genie Investments NV, Inc. ("Genie") filed its own bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida, Case No. 3:24-bk-00496-BAJ (the "Genie Case"), on February 21, 2024. Doc. 783 ¶ 6.

3. On June 22, 2026, Foster Group filed the Claim for $202,900.00 against the Debtor individually. Claim No. 39-1, Part 1, item 7. The stated basis of the Claim is "Money owed." Id., item 8. The Claim was signed by Adam Foster for Foster Group. Id., Part 1.

4. Foster Group attached its own transaction documents to the Claim. Every one of them is between Foster Group and Genie, or records a payment to McMann Commercial Lending:

a. A Bridge Loan Agreement dated May 5, 2023, "between GENIE INVESTMENTS (the 'Lender'), and Foster Group LLC. ('Borrower')," for a bridge loan of $1,100,000, together with a Security Agreement, Promissory Note, and Intercreditor Agreement, each between Foster Group and Genie (the "Bridge Loan Documents"). Claim No. 39-1, Part 2 at 1, 31.

b. A termination letter dated September 11, 2023, addressed to Genie, in which "McMann Commercial Lending LLC - Foster Group LLC," signed by Adam Foster as President, terminated "the LOC Agreement dated March 13, 2023" and requested a "refund of Borrower's ICA payment." Id., Part 3.

c. A Due Diligence Fee Agreement dated March 27, 2023, "between Foster Group LLC . . . ('Borrower'), and Genie Investments . . . ('Company')," with Genie's wiring instructions for an account titled "Genie Investments NV" (the "Due Diligence Agreement"). Id., Part 4 at 1-2. A second copy is filed as Part 5.

d. A record of a June 20, 2023 wire of $165,000.00 from Foster Group's account to "MCMANN COMMERCIAL ACTIVATIONS." Id., Part 6.

e. A record of a February 11, 2023 wire of $7,900.00 from Foster Group's account to "MCMANN COMMERICAL LENDING LLC." Id., Part 7.

5. On July 8, 2026, the Trustee objected to the Claim (Doc. 447, the "Trustee's Objection") on two grounds: "it would appear that the Claim is not for a debt of this Debtor individually, but rather that of a business entity, Genie Investments," and the Claim "appears to be duplicative of that filed in the chapter 11 bankruptcy case of Genie Investments, NV, Inc. . . . as Claim No. 22 of Foster Group LLC." Doc. 447 at 1.

6. Foster Group responded on July 18, 2026, in a filing docketed July 21, 2026, signed by Adam Foster and stating that Foster Group was "appearing pro se." Doc. 478 (the "Foster Response") at 1, 3. Foster Group "acknowledges that Claimant has also filed a Proof of Claim in the bankruptcy case of Genie Investments NV, Inc." and "further acknowledges that both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc." Id. at 1. It describes its loss as approximately $202,900 "paid in connection with the promised loan transaction involving Genie Investments NV, Inc. and/or related parties." Id. at 2.

7. On August 25, 2026, Jason Cranney entered an appearance as counsel for Foster Group. Doc. 620. Foster Group has not amended the Claim or filed any document identifying an agreement, promise, or payment that makes the Debtor individually liable to it.

8. In April 2024, Adam Foster testified under oath, as a witness for the United States Trustee, in the Genie Case. Genie Case, Doc. 79 (transcript filed May 7, 2024) at 104-115 (the "Foster Testimony"). The Debtor incorporates the Foster Testimony by reference; it is part of the record of the Genie Case, of which the Court may take judicial notice.

## III. STANDING

9. Any "party in interest" may object to a claim. 11 U.S.C. § 502(a) (11 U.S.C.A. § 502 (West)) . In this Circuit, a person has standing to object only if he has "a pecuniary interest in the outcome of the bankruptcy proceedings." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Chapter 7 debtors rarely have that interest because estate assets usually will not revert to them, but "if the debtor can show a

reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) The Debtor bears the burden of establishing standing, and an unsupported or "abstract notion of a 'surplus'" will not do. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022))

10. This Court has applied those rules to claim litigation. A debtor "can establish standing to prosecute or participate in claims litigation by showing the likelihood of a surplus after paying all claims." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) In *Baker*, this Court found standing on two independent grounds, both present here: the trustee had funds to pay all claims other than those under objection, and the debtor's discharge had been denied, so a ruling on the claimants' veil-piercing theory "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Court held that the debtor had standing "by reason of the likelihood of a surplus and the Debtor's discharge having been denied." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Debtor has standing on each ground.

A. A surplus is likely if the Genie-derived claims are disallowed.

11. The Debtor meets the surplus test on the Trustee's own figures. The Trustee reports net cash on hand of $295,533.31 (Doc. 763). The Trustee identifies $37,827.35 in undisputed Direct Claims (Doc. 783 ¶ 11), but that figure counts Claim 12-1 at $1,320.00, although the Court allowed Claim 12-1 at only $240.00 (Doc. 548; Doc. 422). The corrected Direct Claims total is $36,747.35. After the Direct Claims, the maximum trustee commission, and the administrative expenses of record, the estimated balance is $177,331.79:

| Item | Amount | Source |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Claims 2, 3, 4, 7, 8 | ($32,111.28) | Claims register |
| Less: Claim 11 (Ill. Dept. of Revenue) | ($4,396.07) | Claims register |

| | | |
|---|---|---|
| Less: Claim 12-1 (as allowed) | ($240.00) | Docs. 422, 548 |
| Less: Maximum trustee commission | ($16,901.67) | Calculated |
| Less: Trustee's counsel fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Less: Special counsel application | ($19,552.50) | Doc. 761 |
| Estimated balance before future fees | $177,331.79 | Calculated |

12. That balance becomes a surplus if the Claim, Claim No. 9-1, and the other Genie-derived claims to which the Trustee has objected are disallowed. The Debtor does not contend otherwise. But this is not the speculative surplus rejected in *Cult Awareness Network*, which depended on winning and collecting a "very large award" in litigation that "could take years." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Nor is it the unsubstantiated estimate rejected in *Helmstetter*, where the debtor could not explain the methodology behind his projections. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022)) The money here is already in the Trustee's hands, and every figure in the table comes from the Trustee's reports, the Court's docket, or the claims register. The surplus turns only on claim objections that are already before this Court. That is the posture in which this Court found standing in *Baker*. (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit also find standing where, as here, a concrete calculation shows that success on the objection would leave funds for the debtor. (In re Trepanier, No. 07 B 16641, 2010 WL 3881488 (Bankr. N.D. Ill. Sept. 28, 2010))

13. The Claim stands directly between the estate and that surplus. If it is allowed in any amount, it reduces, dollar for dollar, the balance that would otherwise be distributed to the Debtor under 11 U.S.C. § 726(a)(6). (11 U.S.C.A. § 726 (West)) Disallowance therefore "directly and adversely" affects the Debtor's pecuniary interest. (In re Adams, 424 B.R. 434, 435–436 (Bankr. N.D. Ill. 2010))

B. Because the Debtor's discharge was denied, allowance of the Claim would bind him personally.

14. The second ground is independent of any surplus. The Debtor's discharge has been denied, so any claim allowed against him survives this case. As in *Baker*, a ruling on Foster Group's personal-liability theories would not simply reduce an expected surplus. It "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit recognize that a Chapter 7 debtor has a pecuniary interest in objecting to a claim that will survive the bankruptcy, because allowance of such a claim "has a direct and adverse effect upon the debtor after discharge." (In re Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810 (Bankr. S.D. Ind. Apr. 30, 2014)) A bankruptcy court in this Circuit recently applied that principle: because the claimant's claims against the debtor "will not be discharged, he has standing to object to her claims against the bankruptcy estate." (In re Landis, 668 B.R. 606 (Bankr. E.D. Wis. 2025))

15. Foster Group has made the Debtor's personal exposure explicit. It filed the Claim against the Debtor individually, and its response states that the Claim "is asserted against Debtor David C. Hughes II individually" on theories including "fraudulent inducement," "false pretenses," "misrepresentation," and "concealment." Doc. 478 at 1-2. It also reserves "consequential, reliance-based, fraud-based, and other damages." Id. at 2. A claim pursued on those theories against an individual without a discharge is precisely the "direct" effect the pecuniary-interest rule requires.

16. This ground does not rest on the indirect theory rejected in *In re Adams*. There, the debtors objected to a trustee's sale and argued only that a higher price might reduce their liability on other nondischargeable claims; the court found that effect "at best indirect." (In re Adams, 424 B.R. 434, 436–437 (Bankr. N.D. Ill. 2010)) Here, the Debtor objects to the very claim that will be enforced against him. Whether that claim is allowed is the question that directly determines what he owes.

C. The Trustee's objection and proposed compromise do not displace the Debtor's standing.

17. The Debtor's objection supports, and does not compete with, the Trustee's administration. The Trustee has objected to the Claim on the same grounds the Debtor raises. Doc. 447. The Debtor does not ask to administer estate assets, sell property, or override a decision of the Trustee. He asks only for a ruling on a claim that the Trustee has already said should be disallowed.

18. The Trustee's pending compromise of Claim No. 9-1 shows why the Debtor needs his own objection. Section 502(b) provides that once an objection is made, the court "shall determine the amount of such claim." (11 U.S.C.A. § 502 (West)) Where one party in interest has objected to a claim and the trustee proposes to settle, the objector "has a right to receive a ruling from the court on his objection notwithstanding the trustee's proposed settlement," and "the objection must be decided first." (In re C.P. Hall Co., 513 B.R. 540, 543–544 (Bankr. N.D. Ill. 2014)) *C.P. Hall* involved an objecting creditor rather than a debtor, but its reasoning applies to any party in interest under § 502(a), which the Debtor is for the reasons stated above.

## IV. GROUNDS FOR DISALLOWANCE

A. The Claim is not a debt of the Debtor individually.

19. Under 11 U.S.C. § 502(b)(1), the Court must disallow a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." (11 U.S.C.A. § 502 (West)) Foster Group's own documents identify only two counterparties: Genie and McMann Commercial Lending. The Bridge Loan Documents are between Genie as "Lender" and Foster Group as "Borrower." Claim No. 39-1, Part 2 at 1. The Due Diligence Agreement is between Foster Group and Genie. Id., Part 4 at 1. The termination letter is addressed to Genie and concerns an LOC Agreement with Genie. Id., Part 3. The Debtor is not a party to any of these documents in his individual capacity. None contains a guaranty, promissory note, or other undertaking by him.

20. Indeed, the Bridge Loan Documents run in the opposite direction from the Claim. Under them, Foster Group is the borrower and promises "to pay Genie Investments, (the 'Lender') the principal amount of One Million One Hundred Thousand Dollars." Claim No. 39-1, Part 2. They document an obligation of Foster Group to Genie, not an obligation of anyone to Foster Group, and certainly not of the Debtor.

21. Foster Group's money went to Genie and McMann, not to the Debtor. The Due Diligence Agreement directed the $30,000 fee to an account titled "Genie Investments NV." Claim No. 39-1, Part 4 at 1. The two wire records Foster Group attached show $165,000.00 sent to "MCMANN COMMERCIAL ACTIVATIONS" and $7,900.00 sent to "MCMANN COMMERICAL LENDING LLC." Id., Parts 6, 7. Those three amounts total $202,900.00, the exact amount of the Claim. Nothing in the Claim shows that any dollar was paid to the Debtor.

22. Mr. Foster's sworn testimony confirms it. He testified that a broker put him in touch with "a man named Jeff Kly," that he then "stopped dealing with Jeff Kly and . . . reached out to McMann Commercial Lending," and that it was "Michael Lanza" of McMann who told him about "the bridge loan option with Genie Investments." Foster Testimony at 106-107. He sent "McMann the $7,900 by bank wire" and sent the "$30,000 bridge loan fee, a due diligence fee . . . to Genie Investments." Id. at 108. As to the $165,000, he testified that his contract listed Genie's bank information, but that "Michael Lanza from McMann told me that the bank account information had changed . . . . That bank account information was McMann Commercial Lending. It was their bank account. And so that's where I sent the money." Id. at 109. He confirmed that the three payments total "202,900." Id. at 110. On cross-examination, he agreed that "your wire went directly to McMann" and that his attorney's letter "went directly to McMann to demand the return of the $165,000." Id. at 114-115. He also agreed that his $30,000 due diligence fee was nonrefundable. Id. at 115.

23. Mr. Foster did not testify to any statement by the Debtor before he paid. The only contacts with the Debtor he described came after the program had failed: a September 11, 2023 email and a November 1, 2023 telephone call in which, he testified, the Debtor offered to refund the $30,000 "as a gesture of good will" and told him that Genie "never received the $165,000 from McMann." Foster Testimony at 111-112. Statements made after the payments, about a possible refund from Genie, could not have induced the payments and do not create a personal debt. Mr. Foster also referred in passing to the $30,000 as money "that I sent him" and to the $7,900 as a fee for "the ZOOMERAL portal owned by David Hughes." Id. at 108, 111. His own testimony and documents show otherwise: the $30,000 was sent "to Genie Investments," into an account titled "Genie Investments NV," and the $7,900 was wired to McMann. Id. at 108; Claim No. 39-1, Part 4 at 1; id., Part 7. Zoomeral, Inc. is a corporation, not the Debtor.

24. The Intercreditor Agreement recites that $33,000 of Foster Group's $165,000 ICA payment "shall be paid to ZOOMERAL, Inc. for an origination fee." Claim No. 39-1, Part 2 at 31. That recital does not help Foster Group. Zoomeral, Inc. is a Delaware corporation and is not the Debtor. A fee payable to a corporation is not a debt of its shareholder, and no document makes the Debtor liable to refund it. The

wire record shows the $165,000 was in fact sent to McMann, not to Zoomeral. Id., Part 6.

25. Foster Group's documents also limit any recovery even against Genie and its officers. The Due Diligence Agreement makes the $30,000 fee "non-accountable and non-refundable." Claim No. 39-1, Part 4 at 2. The Bridge Loan Agreement states that its prepaid interest "is fully non-refundable." Id., Part 2 at 4. And it provides that "no claim may be made by the Borrower or any other Person against the Lender or the Affiliates, directors, officers, employees, attorneys, or agents of the Lender for any damages other than actual compensatory damages." Id., Part 2, § 10.12. To the extent Foster Group seeks to hold the Debtor liable as an officer of Genie, the agreement it relies on limits that claim.

B. Foster Group's fraud theories are unpleaded and cannot be adjudicated through a claim objection.

26. The Foster Response lists theories that "may include, but are not limited to" fraudulent inducement, false pretenses, misrepresentation, concealment, unjust enrichment, misuse of funds, and insider transfers. Doc. 478 at 2. None of those theories appears in the Claim, whose stated basis is "Money owed." The Response identifies no statement the Debtor made to Foster Group, no date, no content, and no reliance. Mr. Foster's own testimony is that he dealt with Kly and McMann, and that the only communications with the Debtor he described came after the program had failed. Foster Testimony at 106-112. A list of possible legal theories is not evidence of a debt.

27. Relief "for which an adversary complaint is required may not be obtained by filing an objection to claim." Local Rule 3007-1(B) (IL R USBCTCD LR 3007-1) . To the extent Foster Group seeks a determination of fraud, nondischargeability, or veil-piercing liability against the Debtor, that relief cannot be obtained by defending a proof of claim that pleads none of it.

28. The Foster Response was also signed and filed by Adam Foster, not by an attorney, with Foster Group "appearing pro se." Doc. 478 at 1. "A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court," and the Seventh Circuit applies that rule to limited liability companies. (United States v. Hagerman, 545 F.3d 579, 581 (7th Cir. 2008)) The privilege of limited liability "carries with it obligations one of which is to hire a

lawyer if you want to sue or defend on behalf of the entity." (United States v. Hagerman, 545 F.3d 579, 581–582 (7th Cir. 2008)) Although counsel appeared for Foster Group on August 25, 2026 (Doc. 620), counsel has not filed a response to the Trustee's Objection.

C. The Claim duplicates Foster Group's claim in the Genie Case.

29. Foster Group admits it filed a claim in the Genie Case and that "both claims arise from the same underlying loan-funding scheme and related transactions involving Genie Investments NV, Inc." Doc. 478 at 1. The Trustee identified that claim as Claim No. 22 in the Genie Case. Doc. 447 at 1. Foster Group's loss, if any, arises from business transactions between Foster Group and Genie and is being administered in the Genie Case. Its promise to credit any recovery in one case against the other (Doc. 478 at 3) does not convert a corporate claim into a personal one.

D. Foster Group agreed to arbitrate its disputes in Delaware.

30. The Due Diligence Agreement provides that "any dispute, claim, or controversy arising out of or relating to this Agreement . . . shall be determined by binding arbitration in New Castle County, Delaware." Claim No. 39-1, Part 4 at 4. Nothing in that agreement makes the Debtor a party. It confirms that Foster Group's dispute is a contract dispute with Genie.

E. Foster Group has never supported the Claim.

31. The Trustee objected to the Claim in July 2026. Foster Group responded by asking for leave "to amend, clarify, or supplement the Proof of Claim to more specifically state the basis for Debtor David C. Hughes Il's individual liability." Doc. 478 at 3. More than four months later, and nearly three months after counsel appeared, it has not done so. Nothing in the record establishes that the Debtor personally owes Foster Group anything.

## V. CONCLUSION

Foster Group's own documents show that its contracts were with Genie, that it was the borrower, not the lender, under the Bridge Loan Documents, and that its payments went to Genie and McMann. Its principal testified that he dealt with McMann, sent the $165,000 where McMann told him to, and heard from the Debtor only after the program had failed. Foster Group admits that its Illinois

claim and its Genie Case claim arise from the same transactions. The Claim identifies no obligation of the Debtor. The Debtor has standing to prosecute this objection because disallowance of the Genie-derived claims will produce a surplus on the Trustee's own figures, and because, with his discharge denied, any allowed claim will be enforced against him personally. The Debtor therefore requests that the Court enter an order disallowing Claim No. 39-1 in its entirety.

Reservation regarding sanctions. The Debtor reserves the right to seek relief under Rule 9011. Rule 9011 requires that a motion for sanctions be made separately from any other motion or request and gives the responding party a 21-day period to withdraw or correct the challenged filing. (Fed. R. Bankr. P. 9011) The Debtor therefore does not request that relief in this objection, without prejudice to a separate motion that complies with Rule 9011(c). (Fed. R. Bankr. P. 9011)

Dated: November 17, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
Debtor, pro se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

**VERIFICATION**

I declare under penalty of perjury that I have read this Objection and that the factual statements in it are true and correct to the best of my knowledge, information, and belief.

Executed on November 17, 2026.

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II

NOTICE OF OBJECTION TO CLAIM

The Debtor has filed an objection to your claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. Read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want the Court to eliminate or change your claim, you or your attorney must file a written response with the Clerk, United States Bankruptcy Court, 600 East Monroe Street, Room 226, Springfield, Illinois 62701, and serve a copy on the Debtor at the address above, WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 30 days.

If a response is timely filed, the Court will set a hearing on the objection and notify you of the date and time, and you or your attorney must attend that hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim and may enter an order disallowing your claim without a hearing.

**CERTIFICATE OF SERVICE**

I certify that on November 17th, 2026, I served a true and correct copy of **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 39-1 FILED BY FOSTER GROUP LLC** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

Foster Group LLC
c/o Jason Cranney, Turner Law LLC: jcranney@gmail.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 17th day of November 2026 as follows:

| | | |
|---|---|---|
| David Choate Hughes II<br>3309 Robbins Rd PMB 160<br>Springfield, IL 62704 | David Hughes ll<br>1409 E Dove Pl<br>Casa Grande AZ 85122 | New Mount Olive Church<br>Ferlander Lewis, Pastor<br>2905 Macfarlane Crescent<br>Flossmoor, IL 60422-2905 |
| 20Twenty Development LLC<br>494 N Emery Ave<br>Orem, UT 84057 | Eastern Account System of Connecticut, Inc.<br>3 Corporate Drive, Ste 2<br>Danbury, CT 06810 | North Haven Lodging Partners<br>Benjamin J. Morris<br>c/o Foley & Lardner<br>11988 El Camino Real, Ste 400<br>San Diego, CA 92130 |
| A Complete Home Inspection<br>110 Velsco Lane<br>Port Sulphur, LA 70083 | Faith Investors Services LLC<br>1522 4th Ave<br>Asbury Park, NJ 07712 | Nortical Capital Inc<br>921 E. Parker Street 1<br>Lakeland, FL 33801 |

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Ally
PO Box 9222
Old Bethpage, New York 11804

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II