**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

In re:
DAVID CHOATE HUGHES, II,
Debtor.

Case No. 25-70566
Chapter 7

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/17/2026 5:18 PM
**Adrienne D. Atkins, Clerk**

TO: Mitchell Mims
1627 7th St. S
Clanton, AL 35045
Email: mimsipr92@gmail.com

Claimant: Mitchell Mims
Claim No.: 15-1
Amount of Claim: $245,926.84 (as amended, $291,526.84)

# DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 15-1 FILED BY MITCHELL MIMS

David Choate Hughes, II (the "Debtor") objects to Proof of Claim No. 15-1, as amended (the "Claim"), filed by Mitchell Mims ("Mims"). This Objection supersedes and replaces, in its entirety, every prior objection, joinder, response, and other filing by the Debtor concerning Claim No. 15-1, including the Debtor's Objection filed October 19, 2026, and the proposed amended objection attached to the Debtor's Motion for Leave dated October 26, 2026. The Debtor withdraws those prior filings and asks the Court to decide Claim No. 15-1 on this Objection alone. It conforms to Local Rule 3007-1(B), which requires a claim objection to state with particularity the basis for the objection and the precise relief requested, and which provides that claim objections should not include requests for alternative forms of relief. (IL R USBCTCD LR 3007-1)

## I. RELIEF REQUESTED

The Debtor requests a single order: that Claim No. 15-1 be disallowed in its entirety.

## II. BACKGROUND

1. The Debtor filed a Chapter 11 petition on July 10, 2025. The case was converted to Chapter 7 on February 10, 2026, and Robert E. Eggmann was appointed successor Chapter 7 trustee on February 12, 2026 (the "Trustee"). Doc. 783 ¶¶ 4-5.

2. On May 15, 2026, Mims filed the Claim for $245,926.84 against the Debtor individually. Claim No. 15-1, Part 1, item 7. The stated basis is: "Fraudulent deed transfers causing legal fees, frozen assets, and blocking of cash out refinance deal." Id., item 8.

3. The Trustee objected to the Claim (Doc. 470, the "Trustee's Objection"). As Mims describes it, the Trustee asserted that "it is unclear whether Claim No. 15-1 represents a debt owed personally by Debtor David Choate Hughes" and that "the Claim lacks sufficient supporting documentation." Doc. 599 at 1.

4. On August 17, 2026, Mims filed a 171-page response and amended claim (Doc. 599, the "Mims Response"). It states that the Claim was amended on August 14, 2026, and increases the amount to $291,526.84. Id. at 1. The Mims Response breaks the amended amount into five components: a $45,600.00 "Core Deposit Loss"; $37,642.83 in Hepler Broom legal fees and $25,130.00 in White Arnold legal fees, described as incurred "(Defending Hughes' UCC actions)"; $162,154.01 in "Meddling Damages" for "Blocking of Refinance"; and $21,000.00 for "Undue Hardship (Litigation costs)." Id. at 5. On August 7, 2026, a third party, Lourndy St. Louis, also filed a response (Doc. 515).

5. At the September 1, 2026 hearing, the Court continued the Trustee's Objection to October 20, 2026 and directed Mims to provide the Trustee "additional records" and "an explanation . . . of what it is that you were trying to establish by including the legal records, the timesheets, or whatever it was that you added." Hearing Tr. (Sept. 1, 2026). The Debtor filed an objection on October 19, 2026, and moved for leave to amend it on October 26, 2026. This Objection replaces both.

6. The transaction underlying the Claim is a Business Growth Line of Credit Agreement dated October 21, 2020, between Genie Investments, LLC, as lender ("Genie LLC"), and MIMS-IPR, LLC, as borrower ("MIMS-IPR"), for a line of credit of up to $760,000, secured by a lien on the borrower's collateral (the "LOC

Agreement"). Cohan v. MIMS-IPR, LLC, Verified Petition (Dallas Cnty., Tex., filed Oct. 23, 2026). Mims signed his loan communications as "Mitchell Mims MIMS-IPR, LLC," and on January 29, 2021, he wrote that an "incoming wire in the amount of $144,360.00 was received today," that he would make "monthly payments of the 5% interest amount," and that he "looked forward to the next tranche in 60 days." Doc. 599 at 102.

7. MIMS-IPR is the plaintiff in pending litigation over the deeds in the Circuit Court of Chilton County, Alabama, MIMS-IPR, LLC v. Genie Investments, LLC, et al., Case No. CV-2025-900132.00 (the "Alabama Action"). On September 13, 2026, the Debtor filed in the Alabama Action a verified counterclaim for a declaratory judgment concerning the power of attorney in Section 13.2(b) of the LOC Agreement, and on October 11, 2026, a supplemental memorandum in support (together, the "Alabama Counterclaim"). The Debtor incorporates the Alabama Counterclaim by reference.

8. On September 11, 2026, this Court authorized the Trustee to abandon, among other property, the Debtor's causes of action "including . . . the MIMS Litigation, the Mims-IPR LLC Litigation, . . . and the Mitchell Mims Claim." Doc. 721.

## III. STANDING

9. Any "party in interest" may object to a claim. 11 U.S.C. § 502(a) (11 U.S.C.A. § 502 (West)) . In this Circuit, a person has standing to object only if he has "a pecuniary interest in the outcome of the bankruptcy proceedings." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Chapter 7 debtors rarely have that interest because estate assets usually will not revert to them, but "if the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) The Debtor bears the burden of establishing standing, and an unsupported or "abstract notion of a 'surplus'" will not do. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022))

10. This Court has applied those rules to claim litigation. A debtor "can establish standing to prosecute or participate in claims litigation by showing the likelihood of a surplus after paying all claims." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) In *Baker*, this Court found standing on two independent grounds, both present here: the trustee had funds to pay all claims other than those

under objection, and the debtor's discharge had been denied, so a ruling on the claimants' veil-piercing theory "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Court held that the debtor had standing "by reason of the likelihood of a surplus and the Debtor's discharge having been denied." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) The Debtor has standing on each ground.

A. A surplus is likely if the Genie-derived claims are disallowed.

11. The Debtor meets the surplus test on the Trustee's own figures. The Trustee reports net cash on hand of $295,533.31 (Doc. 763). The Trustee identifies $37,827.35 in undisputed Direct Claims (Doc. 783 ¶ 11), but that figure counts Claim 12-1 at $1,320.00, although the Court allowed Claim 12-1 at only $240.00 (Doc. 548; Doc. 422). The corrected Direct Claims total is $36,747.35. After the Direct Claims, the maximum trustee commission, and the administrative expenses of record, the estimated balance is $177,331.79:

| Item | Amount | Source |
|---|---|---|
| Net cash on hand | $295,533.31 | Doc. 763 |
| Less: Claims 2, 3, 4, 7, 8 | ($32,111.28) | Claims register |
| Less: Claim 11 (Ill. Dept. of Revenue) | ($4,396.07) | Claims register |
| Less: Claim 12-1 (as allowed) | ($240.00) | Docs. 422, 548 |
| Less: Maximum trustee commission | ($16,901.67) | Calculated |
| Less: Trustee's counsel fees to date | ($45,000.00) | Trustee email, Oct. 21, 2026 |
| Less: Special counsel application | ($19,552.50) | Doc. 761 |

| | | |
|---|---|---|
| Estimated balance before future fees | $177,331.79 | Calculated |

12. That balance becomes a surplus if the Claim, Claim No. 9-1, and the other Genie-derived claims to which the Trustee has objected are disallowed. The Debtor does not contend otherwise. But this is not the speculative surplus rejected in *Cult Awareness Network*, which depended on winning and collecting a "very large award" in litigation that "could take years." (In re Cult Awareness Network, Inc., 151 F.3d 605, 607–608 (7th Cir. 1998)) Nor is it the unsubstantiated estimate rejected in *Helmstetter*, where the debtor could not explain the methodology behind his projections. (In Re Helmstetter, 44 F.4th 676, 679–680 (7th Cir. 2022)) The money here is already in the Trustee's hands, and every figure in the table comes from the Trustee's reports, the Court's docket, or the claims register. The surplus turns only on claim objections that are already before this Court. That is the posture in which this Court found standing in *Baker*. (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit also find standing where, as here, a concrete calculation shows that success on the objection would leave funds for the debtor. (In re Trepanier, No. 07 B 16641, 2010 WL 3881488 (Bankr. N.D. Ill. Sept. 28, 2010))

13. The Claim stands directly between the estate and that surplus. If it is allowed in any amount, it reduces, dollar for dollar, the balance that would otherwise be distributed to the Debtor under 11 U.S.C. § 726(a)(6). (11 U.S.C.A. § 726 (West)) Disallowance therefore "directly and adversely" affects the Debtor's pecuniary interest. (In re Adams, 424 B.R. 434, 435–436 (Bankr. N.D. Ill. 2010))

B. Because the Debtor's discharge was denied, allowance of the Claim would bind him personally.

14. The second ground is independent of any surplus. The Debtor's discharge has been denied, so any claim allowed against him survives this case. As in *Baker*, a ruling on Mims's personal-liability theories would not simply reduce an expected surplus. It "would also control the ability of the claimants to collect the entire debt from the Debtor." (In re Baker, No. 18-71139, 2022 WL 677455 (Bankr. C.D. Ill. Mar. 7, 2022)) Courts in this Circuit recognize that a Chapter 7 debtor has a pecuniary interest in objecting to a claim that will survive the bankruptcy, because allowance of such a claim "has a direct and adverse effect upon the debtor after discharge." (In re Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810 (Bankr. S.D. Ind. Apr. 30, 2014)) A bankruptcy court in this Circuit recently applied that principle: because the claimant's claims against the debtor

"will not be discharged, he has standing to object to her claims against the bankruptcy estate." (In re Landis, 668 B.R. 606 (Bankr. E.D. Wis. 2025))

15. Mims has made the Debtor's personal exposure explicit. He filed the Claim against the Debtor individually, and the Mims Response asserts that "David Hughes is personally responsible because of his own representations, promises, actions, and participation in the transaction," on theories including "piercing of the corporate veil, alter ego, Ponzi, theft by breach of contract, and personal tort liability." Doc. 599 at 1-2. A claim pursued on those theories against an individual without a discharge is precisely the "direct" effect the pecuniary-interest rule requires.

16. This ground does not rest on the indirect theory rejected in *In re Adams*. There, the debtors objected to a trustee's sale and argued only that a higher price might reduce their liability on other nondischargeable claims; the court found that effect "at best indirect." (In re Adams, 424 B.R. 434, 436–437 (Bankr. N.D. Ill. 2010)) Here, the Debtor objects to the very claim that will be enforced against him. Whether that claim is allowed is the question that directly determines what he owes.

C. The Trustee's objection and proposed compromise do not displace the Debtor's standing.

17. The Debtor's objection supports, and does not compete with, the Trustee's administration. The Trustee has objected to the Claim on grounds the Debtor raises here. Doc. 470. The Debtor does not ask to administer estate assets, sell property, or override a decision of the Trustee. He asks only for a ruling on a claim that the Trustee has already said should be disallowed.

18. The Trustee's pending compromise of Claim No. 9-1 shows why the Debtor needs his own objection. Section 502(b) provides that once an objection is made, the court "shall determine the amount of such claim." (11 U.S.C.A. § 502 (West)) Where one party in interest has objected to a claim and the trustee proposes to settle, the objector "has a right to receive a ruling from the court on his objection notwithstanding [the trustee's] proposed settlement," and "[t]he objection must be decided first." (In re C.P. Hall Co., 513 B.R. 540, 543–544 (Bankr. N.D. Ill. 2014)) *C.P. Hall* involved an objecting creditor rather than a debtor, but its reasoning applies to any party in interest under § 502(a), which the Debtor is, for the reasons stated above.

## IV. GROUNDS FOR DISALLOWANCE

A. The Debtor does not ask this Court to decide the validity of the power of attorney.

19. The Claim rests on alleged "fraudulent deed transfers." Claim No. 15-1, Part 1, item 8. The Debtor contends that any deed he executed was executed as attorney-in-fact under Section 13.2(b) of the LOC Agreement, after MIMS-IPR received an April 15, 2024 notice of breach with a cure period through June 14, 2024 and an August 2, 2024 demand stating that the breaches remained uncured, and after Genie LLC assigned its rights under the LOC Agreement, including the power of attorney, to the Debtor and John Michael Cohan on March 14, 2025. Alabama Counterclaim, Supp. Mem. §§ II-IV. Whether those facts establish the Debtor's authority is pending before the Alabama court in the Alabama Action and, as to Mr. Cohan, before the Dallas County court.

20. The Debtor does not ask this Court to declare that authority. A party objecting to a claim "must not include a demand for a type of relief specified in Rule 7001." (Fed. R. Bankr. P. 3007) Rule 7001 includes "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" and "a proceeding to obtain a declaratory judgment related to" such a proceeding. (Fed. R. Bankr. P. 7001) The Debtor relies on the power of attorney only defensively, as evidence that the deed transfers were contractually authorized and not "fraudulent," which an objector may do without seeking affirmative relief. (In re Concepts Am., Inc., 621 B.R. 848, 852–853 (Bankr. N.D. Ill. 2020))

21. Nor does the Claim require this Court to decide that question. A claimant bears "the ultimate burden of persuasion" to prove entitlement once the objector has called the claim into question. (In re Fliss, 609 B.R. 775, 782 (Bankr. N.D. Ill. 2019)) The Debtor's verified account of the default notice, cure period, demand, and assignment, together with the pending Alabama Counterclaim, rebuts any presumption that the deed transfers were fraudulent. Mims, not the Debtor, must prove they were. He has offered only the label "fraudulent."

B. Mims is not the proper claimant for injury to MIMS-IPR's property.

22. The LOC Agreement, the collateral, and the deeds belong to MIMS-IPR, not Mims. The borrower under the LOC Agreement is MIMS-IPR. Verified Petition, supra. The plaintiff challenging the deeds in the Alabama Action is MIMS-IPR.

Mims himself signed his loan correspondence on behalf of "MIMS-IPR, LLC." Doc. 599 at 102.

23. Under Alabama law, which governs the Chilton County real estate and the Alabama Action, members of a limited liability company have "*no interest* in specific limited liability company property," and an injury to that property "is an injury to the LLC" for which "any right to bring a declaratory-judgment action . . . rests with the LLC." (Carey v. Howard, 950 So. 2d 1131, 1135–1136 (Ala. 2006)) Likewise, an owner may not bring an individual action "for an alleged fraudulent transfer of corporate property"; such a suit "must be by or in behalf of the corporation." (Jackson v. Wicks, 139 So. 3d 813, 820–821 (Ala. Civ. App. 2013)) (quoting Alabama Supreme Court authority). Any injury from the alleged deed transfers, clouded titles, or blocked refinancing is MIMS-IPR's, and MIMS-IPR has not filed a claim in this case.

C. The amounts claimed are not debts of the Debtor.

24. The $45,600.00 "Core Deposit Loss" is not a loss from any deed transfer. Mims describes it as a 6% closing fee on "the only tranche received related to the loan." Doc. 599 at 2. The loan was made by Genie LLC to MIMS-IPR, and the fee relates to a 2020 loan agreement, not to the deeds on which the Claim was filed. Mims's own accounting states "Financing received: $0.00," Id. at 3, but his contemporaneous message reports an "incoming wire in the amount of $144,360.00" and refers to "the next tranche." Id. at 102. Whatever its amount, a closing fee charged by a lender on a loan to MIMS-IPR is not a personal debt of the Debtor.

25. The $62,772.83 in legal fees are, by Mims's own description, fees incurred "(Defending Hughes' UCC actions)," that is, opposing the lender's enforcement of its rights under the LOC Agreement. Doc. 599 at 5. Mims identifies no contract or court order making the Debtor liable for those fees. At the September 1, 2026 hearing, the Court directed Mims to explain what he was trying to establish with the legal invoices; the record reflects no further explanation.

26. The $162,154.01 in "Meddling Damages" is a claimed loss of refinance proceeds from a portfolio refinance that Mims says was prevented after titles to properties "were to be refinanced" were clouded. Doc. 599 at 6. Those are MIMS-IPR's properties and MIMS-IPR's refinancing, and the amount is an unliquidated tort theory that depends on the very authority question pending in Alabama.

27. The $21,000.00 for "Undue Hardship" is attributed to the automatic stay that arose when the Debtor filed this bankruptcy case, which Mims says "caused a stay in the case in Alabama." Doc. 599 at 7. The filing of a bankruptcy petition is not a debt owed by the Debtor.

28. Under 11 U.S.C. § 502(b)(1), the Court must disallow a claim to the extent it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." (11 U.S.C.A. § 502 (West)) No component of the Claim is supported by an agreement or legal obligation of the Debtor individually.

D. Mims's fraud, alter-ego, and veil-piercing theories cannot be adjudicated through a claim objection.

29. Relief "for which an adversary complaint is required may not be obtained by filing an objection to claim." Local Rule 3007-1(B) (IL R USBCTCD LR 3007-1) . The Mims Response asserts piercing of the corporate veil, alter ego, Ponzi, and personal tort theories. Doc. 599 at 1. Mims himself acknowledges that some of the damages may "require an adversary proceeding or a separate determination concerning dischargeability." Id. at 6. None of that relief can be obtained by defending a proof of claim.

E. The St. Louis response is not a response by the claimant.

30. The response filed by Lourndy St. Louis (Doc. 515) asserts a $35,000 claim of St. Louis's own arising from different payments. St. Louis is not the holder of Claim No. 15-1, and nothing in that filing supports Mims's Claim. To the extent St. Louis contends he holds a claim against the Debtor, he has not filed one under his own name in this case, and his response should be given no weight in determining Claim No. 15-1.

## V. CONCLUSION

The Claim asks this Court to treat a contract dispute between Genie Investments, LLC and MIMS-IPR, LLC, and a dispute over deeds that MIMS-IPR is already litigating in Alabama, as a personal debt of the Debtor. The Debtor relied on a written power of attorney and assignment; the validity of that authority is before the Alabama court, and the Debtor does not ask this Court to decide it. The injury claimed belongs, if to anyone, to MIMS-IPR, and none of the claimed amounts is a debt of the Debtor. The Debtor has standing to prosecute this objection because disallowance of the claims under objection will produce a surplus on the Trustee's

own figures, and because, with his discharge denied, any allowed claim will be enforced against him personally. The Debtor therefore requests that the Court enter an order disallowing Claim No. 15-1, as amended, in its entirety.

Reservation regarding sanctions. The Debtor reserves the right to seek relief under Rule 9011. Rule 9011 requires that a motion for sanctions be made separately from any other motion or request and gives the responding party a 21-day period to withdraw or correct the challenged filing. (Fed. R. Bankr. P. 9011) The Debtor therefore does not request that relief in this objection, without prejudice to a separate motion that complies with Rule 9011(c). (Fed. R. Bankr. P. 9011)

Dated: November 17, 2026

Respectfully submitted,

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II
Debtor, pro se
82 Plantation Pointe Road, No. 281
Fairhope, Alabama 36532
Telephone: 217-416-5059
Email: davidchoatehughes@gmail.com

**VERIFICATION**

I declare under penalty of perjury that I have read this Objection and that the factual statements in it are true and correct to the best of my knowledge, information, and belief.

Executed on November 17, 2026.

/s/ David Choate Hughes, II
DAVID CHOATE HUGHES, II

NOTICE OF OBJECTION TO CLAIM

The Debtor has filed an objection to your claim in this bankruptcy case. Your claim may be reduced, modified, or eliminated. Read this notice and the objection carefully and discuss them with your attorney, if you have one.

If you do not want the Court to eliminate or change your claim, you or your attorney must file a written response with the Clerk, United States Bankruptcy Court, 600 East Monroe Street, Room 226, Springfield, Illinois 62701, and serve a copy on the Debtor at the address above, WITHIN 30 DAYS OF THE DATE OF SERVICE OF THIS OBJECTION. If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the expiration of the 30 days.

If a response is timely filed, the Court will set a hearing on the objection and notify you of the date and time, and you or your attorney must attend that hearing. If you or your attorney do not take these steps, the Court may decide that you do not oppose the objection to your claim and may enter an order disallowing your claim without a hearing.

## CERTIFICATE OF SERVICE

I certify that on November 17th, 2026, I served a true and correct copy of **DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 15-1 FILED BY MITCHELL MIMS** electronically through the Court's CM/ECF system upon all parties registered to receive electronic notice and by email at the following addresses:

Allison Walsh, on behalf of IH Mississippi Valley Credit Union:
aew@brookslawfirmpc.com

Dana N. O'Brien, on behalf of LendSure Mortgage Corp.:
dana.obrien@mccalla.com; mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal, on behalf of LendSure Mortgage Corp.:
kinnera.bhoopal@mccalla.com; mccallaecf@ecf.courtdrive.com

Thomas H. Wilson, on behalf of MIMS-IPR LLC and Mitchell Mims:
thw@heplerbroom.com

Gregory D. Latham, on behalf of Michelle Seiler Tucker:
glatham@iplawconsulting.com

United States Trustee:
USTPRegion10.PE.ECF@usdoj.gov; james.salina@usdoj.gov

Thomas Bushnell Fullerton, on behalf of Aaron R. Cohen, Chapter 7 Trustee of the bankruptcy estate of Genie Investments NV, Inc.:
thomas.fullerton@akerman.com

Robert E. Eggmann, Chapter 7 Trustee:
ree@carmodymacdonald.com

Thomas H. Riske, counsel for Robert E. Eggmann, Chapter 7 Trustee:
thr@carmodymacdonald.com

Foster Group LLC
c/o Jason Cranney, Turner Law LLC: jcranney@gmail.com

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail upon interested parties and all creditors in the above-captioned cause by enclosing the same in an envelope addressed to each party at the addresses disclosed by the pleadings of record, by U.S. Mail with postage fully prepaid, on this 17th day of November 2026 as follows:

David Choate Hughes II
3309 Robbins Rd PMB 160
Springfield, IL 62704

David Hughes ll
1409 E Dove Pl
Casa Grande AZ 85122

New Mount Olive Church
Ferlander Lewis, Pastor
2905 Macfarlane Crescent
Flossmoor, IL 60422-2905

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057

Eastern Account System of
Connecticut, Inc.
3 Corporate Drive, Ste 2
Danbury, CT 06810

North Haven Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real, Ste 400
San Diego, CA 92130

A Complete Home Inspection
110 Velsco Lane
Port Sulphur, LA 70083

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801

Aaron R Cohen in his capacity
as Chapter 7 Trustee
c/o Raye C. Elliott, Esq.
Akerman LLP
401 E Jackson St, Ste 1700
Tampa, FL 33602

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA 71273-1087

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295

All Day Lawn Service LLC
3900 Rochester Rd
Springfield, IL 62712-9125

Ally
PO Box 9222
Old Bethpage, New York 11804

Ally Bank
Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110

American Express Natl Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

AMRODDO Holdings, LLC
625 Woodmont Ave
Berkeley, CA 94708

Another Chance Group Home
54 N Vista Ave
Casa Grande, AZ 85122

Foster Group LLC
322 E 2600 N
Lehi, UT 84043

Garrett Chase Buxton
PO Box 1087
Ruston, LA 71273-1087

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098

Goldman Sachs Bank
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170-6112

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Heliosun, LLC
17792 W Valentine St
Surprise, AZ 85388

Hospitality Growth Capital LLC
264 South River Road, Box 552
Bedford, NH 03110

IH Mississippi Valley CU
2500 River Dr
Moline, IL 61265

IHMVCU
PO Box 1010
Moline, IL 61266

Illinois Department of Revenue
Bankruptcy Section,
PO Box 19035
Springfield, IL 62794-9035

Nutre Leasing LLC
264 South River Road, Box 552
River Road, Bedford, NH 03110

Onsite Lifecare Inc
23 Dora Lane
Holmdel, NJ 07733

Onslow Bay Financial LLC
PO Box 65250
Salt Lake City, UT 84165-0250

Pacer Service Center
P.O. Box 5208
Portland, OR 97208-5208

Quantum3 Group for Mercury
FinancialFirst Bank & Trust
PO Box 788
Kirkland, WA 98083-0788

Relco Industries LLC
Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013

Rolling By The Dozen RV Park
40 Country Road 267
Somerville, TX 77879

Rolling by the Dozen RV Park
PO Box 184
Snook, TX 77878

Rowehl & Russo Properties
237 Floyd Rd
Shirley, NY 11967

S&L Zeppeteli dba SLZ Waste
191 Moonachie Road
Moonachie, NJ 07074

Anvil Construction Inc.
470 N Main St
Brigham City, UT 84302

Archer Capital Investments
Michael Thompson
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065

Autonomous Drone Solutions
2121 Brittmoore 2200
Houston, TX 77043

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801

Braces at Brick, PA
Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
Smithfield, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
Tallulah, LA 71282

Brooklyn Heights LLC
701 N Chestnut St
Tallulah, LA 71282

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619

Internal Revenue Service
P.O. Box 7346
Philadelphia PA 19101-7346

Jennifer R. Dowd
57 Country Place
Springfield, IL 62703

Knut LLC
697 N 740 E
Lehi UT 84043

Latent Wealth Group, LLC
302 N. Abajo Peak Way
Heber City, UT 84032

Lea Muse
1133 E 83rd St.
Chicago, IL 60619

Legacy Land Developers LLC
1651 W 100th St
Chicago, IL 60643-2128

LendSure Mortgage Corp.
Legal Department
12230 World Trade Drive #250
San Diego, CA 92128

Limitless Investment Group
3855 South 500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254

Seiler Tucker Inc.
400 Poydras Street, Ste. 1460
New Orleans, LA 70130

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford NH 03110

Springer Farms Landholdings
325 N 1200 E
American Fork, UT 84003

Sun Coast Entertainment Live
6960 Brescia Way
Orlando, FL 32819

Sunlight Storage LLC
(Doug Daniels)
3344 Bear Canyon Ln
Cedar Hills, UT 84062

Temidayo Adebayo
148 Undercliff Avenue Suite 9
Edgewater, NJ 07020

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group
Don Strickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130

Business Live Global USA LLC
4538 Walnut Ridge Circle
McDonald, PA 15057

Cavalry SPV I, LLC
for Citibank, N.A.
PO Box 4252
Greenwich, CT 06831

Charles Blake Stringer
Nutra-Acres LLC
149 South Shore Drive
Amarillo, TX 79118

Cobb Utilities Inc.
191 Honeysuckle Circle NE
Ranger, GA 54235

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-143

Credit One Bank
PO Box 98873
Las Vegas, NV 89193-8873

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Mercury Card Services
PO Box84064
Columbus, GA 31908

Michael Calvitto,
H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 85065

Mitchell Mims
1627 7th St S
Clanton, AL 35045

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020

Navy Federal
PO Box 3000
Merrifield, VA 22119-3000

TruGreen
1790 Kirby Pkwy Ste 300
Memphis, TN 38138

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019

Wallingford Lodging Partners
Benjamin J. Morris
c/o Foley & Lardner
11988 El Camino Real Ste 400
San Diego, CA 92130

Wells Fargo Bank, N.A.
Wells Fargo Card Services
PO Box 10438
MAC F8235-02F
Des Moines, IA 50306-0438

Wells Fargo Card Services
PO Box 9187
Minneapolis, MN 55480-9920

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672

Darnell Development
1118 N Chinowth
Visalia, CA 93291-2814

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709

Darnell Development LLC
2920 W Main St
Visalia, CA 93291

20Twenty Development, LLC
Bryan Olson
11980 S 1300 W
Riverton, UT 84065

Ayo Agbejimi
112 Lehigh Avenue
Newark, NJ 07112

Another Chance Group Home
c/o Skylar Whitfield
4186 S Spring Dr.
Chandler, AZ 85249

John Michael Cohan
PO Box 6693
Jacksonville, FL 32236

Doug Daniels
c/o Sublight Storage LLC
3344 Bear Canyon LN
Cedar Hills, UT 84062

H&M Essential Services
Michael Calvitto
12103 Floramorgan Lane
Houston, TX 77089

Deborah Lee
c/o Business Live Global USA
4538 Walnut Ridge Circle
McDonald, PA 15057

Lourndy St. Louis
1522 4th Ave
Asbury Park, NJ 07712

Meetoplois LLC
Attn Lisa Butkiewicz
6501 E Greenway Pkwy
#103-218
Scottsdale, AZ 85254

OnSite LifeCare Inc
41 Flatbush Avenue Suite 233
Brooklyn, NY 11217

TnC Nola Holdings LLC
Christopher J Lovett
7718 Benjamin St
New Orleans, LA 70118

/s/ David Choate Hughes II