**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

**FILED**
**U.S. Bankruptcy Court**
**Central District of Illinois**
11/18/2026 2:23 PM
**Adrienne D. Atkins, Clerk**

**IN RE:**
DAVID CHOATE HUGHES II,
Debtor.

**Case No. 25-70566**
**Chapter 7**
**Judge Mary P. Gorman**

# CLAIMANT LEA MUSE'S RESPONSE IN OPPOSITION TO TRUSTEE'S OBJECTION TO CLAIM NO. 26-2 (DOC. 759) AND ALTERNATIVE REQUEST FOR LEAVE TO SUPPLEMENT THE RECORD

NOW COMES Lea Muse, appearing pro se and solely on her own behalf, and respectfully submits this Response to the Chapter 7 Trustee's Objection to Claim No. 26-2, filed October 20, 2026, as Document 759.

Claimant respectfully opposes the Trustee's request to disallow her claim of $78,319.17 and states the following:

## I. INTRODUCTION

1. Claimant understands the Court's prior direction that the Genie Investments NV, Inc. bankruptcy in Florida should not be relitigated in David Hughes's personal bankruptcy proceeding.
2. Claimant respects that direction and does not ask this Court to determine the liabilities of Genie Investments or resolve the broader financial transactions involving its creditors.
3. Instead, Claimant asks the Court to consider whether David Hughes's own conduct, including his involvement in transfers to entities he controlled, his personal financial dealings, and his alleged misrepresentations or omissions, provides a basis for personal liability for Claimant's financial loss.
4. Claimant recognizes that Hughes's ownership or management of Genie Investments does not, by itself, establish personal liability for Genie's contractual obligations. Her position is that Hughes's individual conduct warrants separate examination.
5. Claimant further recognizes that the evidence discussed below does not, by itself, establish every element of a claim against Hughes. She seeks an opportunity to

supplement the record with evidence concerning his direct conduct, her loss, and the legal basis for personal liability.

## II. RESPONSE TO THE TRUSTEE'S FIRST OBJECTION: WHETHER THE CLAIM IS AGAINST HUGHES PERSONALLY

6. The Trustee states in Document 759 that Claim No. 26-2 appears to concern a debt of Genie Investments rather than a debt owed by David Hughes individually.
7. Claimant acknowledges that the loan agreements underlying the original transaction involved business entities. However, Claimant contends that there are additional circumstances involving Hughes's personal conduct that require consideration before her claim is disallowed in its entirety.
8. Claimant paid $45,000 in prepaid interest in March 2023 in connection with a proposed financing transaction that was never funded. She also incurred additional due-diligence expenses. Her amended claim seeks recovery of $78,319.17, representing her claimed financial loss and interest.
9. Claimant believes that Hughes's involvement in the financial activities surrounding these transactions may support personal liability separate from any contractual obligation of Genie Investments. Claimant does not contend that personal liability arises merely from Hughes's position as an owner or officer.
10. The United States Trustee has already raised significant concerns regarding Hughes's personal financial dealings in this bankruptcy proceeding.
11. In **Adversary Proceeding No. 26-07013**, Document 1, filed May 15, 2026, the United States Trustee alleged in paragraph 35 that Genie Investments, while under Hughes's control and operation, transferred more than $3 million to other entities under Hughes's control.
12. The same complaint, at paragraph 45, specifically identified Zoomeral, Inc. and other businesses among the entities Hughes allegedly **failed to disclose in his personal bankruptcy documents.**
13. In paragraphs 34 through 37, the United States Trustee also raised concerns regarding missing business records, the dissolution of Hughes's businesses, and his inability to explain his financial condition and ordinary personal expenses.
14. These allegations were made in Hughes's own personal bankruptcy proceeding. Claimant references them for the limited purpose of identifying evidence relevant to Hughes's individual conduct.
15. Claimant further seeks to establish whether Hughes personally received or used funds transferred through Zoomeral or related entities, including any funds used for personal living expenses, mortgage payments, or other individual obligations.

16. Claimant does not represent that the existing documents trace her specific payments to Hughes or establish that every transfer involving Zoomeral was improper. These matters require supporting financial records or testimony.

17. Claimant respectfully submits that the allegations concerning Hughes's personal financial activity warrant consideration when determining whether her claim involves only a corporate obligation or potentially includes personal liability.

## III. UNITED STATES TRUSTEE'S COMPLAINT AND THE COURT'S DENIAL OF HUGHES'S DISCHARGE

18. On May 15, 2026, the United States Trustee filed a Complaint Objecting to Hughes's Discharge in Adversary Proceeding No. 26-07013, Document 1.

19. The complaint alleged, among other matters, concealment of assets and accounts, failure to maintain or preserve financial records, incomplete disclosures of business interests, and false statements in bankruptcy filings.

20. On July 15, 2026, this Court entered a Default Judgment in Adversary Proceeding No. 26-07013, Document 12, denying Hughes's discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(2)(B), (a)(3), and (a)(4)(A).

21. The Court's judgment was based on the United States Trustee's complaint and the debtor's failure to answer or otherwise respond as described in the judgment.

22. Claimant understands that the denial of discharge does not automatically establish that Hughes owes Claimant the amount stated in Claim No. 26-2.

23. Nevertheless, these proceedings directly concern Hughes's individual financial conduct and provide a relevant basis for further examination of whether he personally incurred liability to Claimant.

24. Claimant respectfully requests an opportunity to present additional evidence concerning that issue without expanding this proceeding into litigation of the entire Genie Investments bankruptcy.

## IV. RESPONSE TO THE TRUSTEE'S SECOND OBJECTION: DUPLICATION OF CLAIMS

25. The Trustee also objects on the basis that Claim No. 26-2 appears to duplicate amounts claimed by Belle Maison Realty, LLC in the Genie Investments bankruptcy pending in the Middle District of Florida, Case No. 3:24-bk-00496.

26. Claimant acknowledges that both claims arise from the same underlying financing transaction and financial loss.

27. Claimant does not seek to recover the same loss twice.

28. The filing of claims in separate bankruptcy estates was intended to preserve potential recovery against parties that may have different legal obligations arising from the same transaction.

29. Claimant recognizes, however, that Belle Maison Realty, LLC is a separate legal entity and that using personal funds for a business transaction does not automatically establish that the resulting claim belongs to her individually.

30. Claimant seeks an opportunity to provide evidence concerning the source of the payments, the identity of the contracting parties, and the legal ownership of the claim. She also seeks to address whether any claim against Hughes individually is separate from the contractual claim against Genie Investments.

31. To the extent any payment is ultimately recovered on account of the same underlying loss, Claimant does not seek a duplicative recovery and acknowledges that appropriate credits or adjustments may be required.

32. Claimant respectfully requests that the Court permit clarification of these issues before finally disallowing Claim No. 26-2.

## V. REQUEST FOR OPPORTUNITY TO PROVIDE ADDITIONAL EVIDENCE

33. Claimant has participated in the bankruptcy proceedings without legal representation and has attempted to identify the financial transactions relevant to her loss.

34. Claimant is not asking this Court to reopen or adjudicate the Florida Genie Investments bankruptcy. She seeks only to establish whether Hughes's own conduct creates a legally recognized debt owed to her individually.

35. Relevant evidence may include the testimony given by Hughes at his August 15, 2025 meeting of creditors, financial records concerning transfers to and from entities under his control, documents concerning his personal use of those funds, and records demonstrating Claimant's payment and ownership of the asserted claim.

36. Claimant requests a reasonable opportunity to identify and submit relevant evidence and legal support, including evidence addressing the connection between Hughes's individual conduct and Claimant's financial loss.

37. Claimant understands that further evidence must establish more than Hughes's connection to Genie Investments. She must demonstrate a legally sufficient basis for his personal liability and her individual right to recover.

38. Claimant therefore respectfully requests that, if the Court determines the current record is insufficient to allow the claim, it permit Claimant a reasonable opportunity to supplement the record before entering a final order of disallowance.

## VI. REQUEST FOR RELIEF

WHEREFORE, Claimant Lea Muse respectfully requests that this Court:

A. Accept this timely Response opposing the Trustee's Objection to Claim No. 26-2, Document 759;

B. Decline to disallow Claim No. 26-2 solely on the present record without considering Claimant's asserted basis for Hughes's personal liability;

C. If necessary, schedule a hearing at which Claimant may address the Trustee's objections;

D. Alternatively, grant Claimant a reasonable period of 30 additional days, or such other period as the Court finds appropriate, to supplement her response with relevant evidence and legal support concerning Hughes's personal liability and Claimant's ownership of the asserted claim;

E. Permit Claimant to clarify the relationship between Claim No. 26-2 and Belle Maison Realty, LLC's claim in the Genie Investments bankruptcy, including appropriate protection against duplicate recovery; and

F. Grant such other relief as the Court considers fair and appropriate.

Respectfully submitted,

**/s/ Lea Muse**
Lea Muse, Pro Se Claimant
Mailing Address: 1133 E 83rd St.
City, State, ZIP:Chicago, IL 60619
Email: lea.bellerealty@gmail.com
Date: November 18, 2026

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2026, I served a true and correct copy of the foregoing *Claimant Lea Muse's Response in Opposition to Trustee's Objection to Claim No. 26-2 (Doc. 759) and Alternative Request for Leave to Supplement the Record* upon the Chapter 7 Trustee and all other parties required to be served under applicable rules and court orders, by the methods indicated below:

**Robert E. Eggmann, Chapter 7 Trustee**
P.O. Box 168
Columbia, IL 62236

Method of Service: Email

**Other Parties Served (including parties required by Document 759):**

Allison Walsh on behalf of IH Mississippi Valley Credit Union at aew@brookslawfirmpc.com

Dana N. O’Brien on behalf of LendSure Mortgage Corp at dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com

Kinnera Bhoopal on behalf of LendSure Mortgage Corp at kinnera.bhoopal@mccalla.com, mccallaecf@ecf.courtdrive.com

Thomas H. Wilson on behalf of MIMS-IPR LLC and Mitchell Mims at thw@heplerbroom.com
Gregory D. Latham on behalf of

Michelle Seiler Tucker at glatham@iplawconsulting.com

US Trustee at USTPRegion10.PE.ECF@usdoj.gov , james.salina@usdoj.gov

I certify that the information above accurately reflects the service performed.

**/s/ Lea Muse**
Lea Muse, Pro Se Claimant

Date: November 18, 2026